UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-60331-CR-COHN-SELTZER

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SCOTT W. ROTHSTEIN,

        Defendant(s).
_____/

## ORDER SETTING JURY TRIAL

IT IS HEREBY ORDERED that the above-entitled cause is hereby set for trial before the Honorable James I. Cohn, United States District Judge, United States Courthouse, 299 East Broward Boulevard, Courtroom 203E, Fort Lauderdale, Florida, during the two-week period commencing **January 11, 2010 at 9:00 a.m.**, or as soon thereafter as the case may be called.

IT IS FURTHER ORDERED that a calendar call will be held on **January 6, 2010 at 9:00 a.m.** <u>ALL COUNSEL AND DEFENDANTS MUST BE PRESENT</u>. At the request of the parties, the Court will entertain a change of plea hearing at the calendar call.

**PLEASE NOTE:** **Qualification for Acceptance of Responsibility is jeopardized if an intention to enter a plea of guilty is not announced at or before the calendar call noted above.** *see United States Sentencing Commission Guidelines Manual, §3E1.1 application notes 1(h) and 6 ("[to] qualify under subsection (b)(2) the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.").*

1

1. All requests for Writs Ad Testificandum must be filed not later than fourteen (14) business days prior to the first day of the scheduled trial period to ensure adequate time for processing.

2. Counsel shall submit to the Court in writing any motions in limine regarding trial issues no later than **seven (7) days** prior to calendar call. At calendar call, counsel shall submit to the Court proposed jury instructions with the substantive charges and defenses. Such instructions shall be in typed form and, accompanied by a 3 1/2 inch IBM-formatted disc compatible with WordPerfect. To the extent these instructions are based upon the Eleventh Circuit Pattern Jury Instructions, counsel shall indicate the appropriate 1997 Eleventh Circuit Pattern Jury Instruction upon which their instruction is modeled.

3. All responses to the Standing Discovery Order and/or Local Rule 88.10 shall be provided timely. Noncompliance may result in sanctions. Fed. R. Evid. 404(b) notices shall include a specific factual basis for the evidence sought to be introduced.

4. The government and defense counsel shall strictly comply with Local Rule 88.10 (P), which requires the preparation of a written statement signed by all parties describing discovery material exchanged and agreed upon trial stipulations. The parties will also acknowledge in the written statement that they have thoroughly reviewed this Order.

5. Initial and Supplemental discovery responses provided "out-of-time" shall include a statement in the first paragraph of the response explaining why Criminal Discovery was not complied with in a timely fashion.

6. No later than the beginning of the government's case-in-chief, counsel for the government shall present a list of proposed witnesses and/or exhibits. Counsel for the defendant(s) shall provide

a list of proposed witnesses and/or exhibits at the beginning of the defense case-in-chief or if evidence is submitted during the government's case, at such time evidence is first offered. All exhibits offered into evidence must be pre-labeled in accordance with the proposed exhibit list. Exhibit labels shall include the case number.

7. Counsel are instructed that arrangements for appropriate clothing for Defendants in custody must be made with the Bureau of Prisons at least **seven (7) days** prior to the scheduled trial date.

8. Counsel are further instructed to notify the Court, if an interpreter is required, at least 24 hours prior to any hearing or trial.

9. Any attorney seeking exoneration of a cash bond shall obtain a copy of the form entitled "Motion for Disbursement of Bond" from the clerk of court or file the appropriate motion.

10. If either party seeks to introduce transcript (s) at trial, the moving party shall present a copy to all counsel not less than ten (10) days prior to the scheduled trial date. If a transcript cannot be agreed upon, each party shall produce their own version of the transcript for presentation to the trier of fact. Government counsel shall notify the case agent/client agency of this requirement.

11. Counsel shall reduce all stipulations to writing prior to trial.

12. **All motions shall be accompanied by a written statement certifying that counsel for the moving party has conferred with opposing counsel in a good faith effort to resolve by agreement the subject matter of the motion as required by Local Rule 88.9.**

13. All motions for continuance **must** be in writing and filed with the clerk of the court at least seventy-two (72) hours prior to the calendar call. Please note that motions for continuance will not be favorably considered unless the parties have complied with Local Rule 88.10 (P) which

requires the filing of a written statement describing all discovery material exchanged.

15. If defense counsel anticipates that sentencing hearing will take more than thirty (30) minutes, the courtroom deputy clerk shall be advised not later than five (5) days prior to the hearing.

16. Any defense counsel who has or will represent witnesses, co-defendants, targets, or subjects in this or any other related criminal case shall notify the Court immediately so that a Garcia Hearing can be scheduled to resolve any potential or actual conflicts of interest. It is the desire of the court that all Garcia Hearings be conducted as close to the time of arraignment as possible.

17. The judge who enters the first written order scheduling a case for trial on a date set, has priority over the services of the attorney so scheduled for the date set. Local Rule 16.3 A.4.

It shall be the duty of the attorneys herein set to ensure that no other judge schedules them for a trial that impacts upon or conflicts with the date set forth above. If any counsel receives a written notice of a trial from another judge, in either state or federal court, that in any way conflicts with this trial schedule setting, it is the obligation of that attorney to notify that judge immediately so that the judge may reschedule his or her calendar, thus leaving counsel conflict scheduling free for this case.

DONE AND ORDERED at Fort Lauderdale, Florida, this 2nd day of December 2009.

JAMES I. COHN
United States District Judge

cc: Jeffrey Kaplan, AUSA
Lawrence LaVecchio, AUSA
Paul Schwartz, AUSA
Marc Nurik, Esq
U. S. Marshals Service