UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA,

v.

SCOTT W. ROTHSTEIN,

        Defendant.
_____/

### GOVERNMENT'S EX PARTE MOTION AND MEMORANDUM OF LAW FOR POST-INFORMATION PROTECTIVE ORDER

The United States of America respectfully requests, pursuant to the provisions of 18 U.S.C. § 1963(d)(1)(A), and the provisions 21 U.S.C. § 853(e)(1)(A), that this Court enter a Protective Order to preserve the availability of the property identified for forfeiture in the Information issued on December 1, 2009. In support of this motion the United States submits that:

1.    On December 1, 2009, the defendant, Scott W. Rothstein (hereinafter "ROTHSTEIN"), was charged by way of Information with a RICO conspiracy in violation of 18 U.S.C. §1962(d), with a money laundering conspiracy in violation of 18 U.S.C. §1956(h), with a mail and wire fraud conspiracy in violation of 18 U.S.C. §1349 and with substantive wire fraud in violation of 18 U.S.C. §1343.

2.    The Information also placed defendant on notice that, if convicted, the United States would pursue forfeiture of certain specific assets, and a money judgment, pursuant to the applicable statutes. The assets sought for forfeiture are listed in Exhibit A, attached hereto.

3.    Significant litigation is likely to commence with respect to the assets sought for forfeiture, even though Defendant ROTHSTEIN has consented to the forfeiture of the majority of

-1-

the assets listed in the Information.[1]

4. Indeed, litigation regarding assets named for forfeiture in both the civil case (09-61780-CIV-ZLOCH), and the instant case, has already commenced. For example, in 09-34791-BKC-RBR, Adv. Pro. No. 09-02464-RBR, TD Bank, N.A. has filed a Complaint for Interpleader and Declaratory Relief regarding 38 accounts.[2] In 09-34791-BKC-RBR, Adv. No. 09-02478-RBR, the Chapter 11 Trustee of Rothstein, Rosenfeldt & Adler, P.A. has sought a preliminary injunction and a finding by the Bankruptcy Court, that the assets of defendant, ROTHSTEIN, individually, as well as assets of the various entities controlled by defendant, ROTHSTEIN should become part of the bankruptcy estate of Rothstein, Rosenfeldt & Adler, P.A.[3]

5. Entry of the requested protective order should ensure that the property sought for forfeiture, as listed in the Information, will be available for forfeiture upon conviction of defendant, ROTHSTEIN and so that there will be an orderly presentation of third party claims to the property

---

[1] The defendant's consent is of record in the related civil case, 09-61780-CIV-ZLOCH, Docket Entry 20. The consent, and schedules attached thereto, were prepared prior to the finalization of the charging document, and, as such, does not address all items contained for forfeiture in the civil case or in the instant criminal action. Some of the assets missing from the consent are bank accounts at TD Bank and Gibraltar Bank. Upon information and belief, defendant stands ready to stipulate to the forfeiture of all assets listed in the charging document and civil case, even though those assets were omitted from the consent.

[2] The seven largest accounts at TD Bank, N.A. are named for forfeiture in the instant case, and the civil forfeiture action (09-61780-CIV-ZLOCH) at Bank Accounts (BA9) through (BA15).

[3] The Trustee and his counsel, were unaware of the stipulation by ROTHSTEIN at the time the adversary proceeding was filed. The Trustee and his counsel are currently in discussions with undersigned counsel for the United States regarding how assets not otherwise named for forfeiture, should be handled, and how, if at all, the Trustee should be involved with the assets named for forfeiture.

sought for forfeiture.[4]

6. Pursuant to 18 U.S.C. § 1963(d)(1), the Court is authorized to enter a restraining order or injunction, require the execution of satisfactory performance bond, or take any other action to preserve the availability of property subject to forfeiture for violations of 18 U.S.C. § 1962(d).

7. Pursuant to 21 U.S.C. § 853(e)(1), the Court is authorized to enter a restraining order or injunction, require the execution of satisfactory performance bond, or take any other action to preserve the availability of property subject to forfeiture for violations of 18 U.S.C. § 1956(h),[5] 18 U.S.C. § 1349[6], and 18 U.S.C. § 1343.

8. The charging of ROTHSTEIN by Information, and the attached affidavit of Internal Revenue Service Special Agent Lisa Klitz, verified under penalty of perjury, establish sufficient probable cause for the issuance of the requested protective order.

---

[4] Any third party claims to the subject property may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture and service of notice to all interested parties in accordance with the provisions of federal forfeiture law.

[5] Title 18, United States Code, Section 982(a)(1) provides for forfeiture upon violation of Title 18, United States Code, Sections 1956, 1957 and 1960. Title 18, United States Code, Section 982(b) provides that forfeiture of property under Section 982 is governed by the provisions of Title 21, United States Code, Section 853.

[6] Title 18, United States Code, Section 981(a)(1)(C) provides for forfeiture when certain crimes, or conspiracies to commit those crimes, are concerned. The violations for which such forfeiture is available include offenses constituting specified unlawful activities in 18 U.S.C. § 1956(c)(7). Title 18, United States Code, 1956(c)(7) lists, as an offense, "any act or activity constituting an offense listed in section 1961(1)." A violation of 18 U.S.C. § 1343 is among the offenses set forth in 18 U.S.C. § 1961(1). Title 28, United States Code, Section 2461, allows the "civil" forfeiture provisions of 18 U.S.C. § 981(a)(1)(C) to be utilized in a criminal case. Title 28, United States Code, Section 2461 provides that the procedures set forth in 21 U.S.C. § 853 apply to all stages of a criminal forfeiture proceeding.

**MEMORANDUM OF LAW**

I.   **The Government is Entitled To A Protective Order To Preserve
     The Availability of Forfeitable Assets**

The United States seeks to preserve the status quo of the property listed in the Information by preventing the alienation and dissipation of the property subject to forfeiture. Given the clear Congressional determination that property acquired through illegal activities be forfeited to the United States,[7] it is equally clear that the public interest lies in preserving these properties for forfeiture.

   A.   **There Is Statutory Authority For Forfeiture**

Congress has determined that property involved in, traceable to and acquired through illegal activities shall be forfeited to the United States. Title 18, United States Code, Section 1963 mandates criminal forfeiture to the United States upon conviction of any violation of 18 U.S.C. § 1962 and Title 21, United States Code, Section 853 mandates criminal forfeiture to the United States upon conviction of any violation of 18 U.S.C. § 1956, 18 U.S.C. § 1349 and 18 U.S.C. § 1343.

   B.   **Statutory Mechanisms Provide Pre-Trial Protection For Forfeitable Property**

To preserve forfeitable property pending the conclusion of a trial, the District Court is empowered to restrain the dissipation of property pre-trial. Title 18, United States Code, Section 1963(d)(1) provides, in pertinent part:

   (1)   Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) for forfeiture under this section –

---

[7]Once the property is forfeited, the Attorney General of the United States may restore the forfeited property to victims of the charged crimes. See 18 U.S.C. §§1963(g) and 21 U.S.C. §853("i").

>   (A) upon the filing of an indictment or information charging a violation of section 1962 of this chapter and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section; . .

while Title 21, United States Code, Section 853(e)(1) provides in pertinent part:

>   (1)   Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section –
>
>   >   (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section; . .

Pre-trial restraint of assets has been approved by the United States Supreme Court and the United States Court of Appeals for the Eleventh Circuit. In *United States v. Monsanto*, 491 U.S. 600 (1989), the Supreme Court upheld the pre-trial restraint which prevented the defendant from disposing of his house, his apartment and $35,000 in cash prior to trial. The Supreme Court noted:

>   "[I]t would be odd to conclude that the Government may not restrain property, such as the home and apartment in respondent's possession, based on a finding of probable cause, when we have held that. . ., the Government may restrain persons where there is a finding of probable cause to believe that the accused has committed a serious offense."

*Id*., at 615-16.

In the same year as the *Monsanto* decision, the Eleventh Circuit recognized the right of the United States to seek pre-trial restraint of forfeitable assets:

>   To preserve forfeitable assets for a possible conviction, the district

> court may restrain the defendant from using . . . assets before trial. The restraints may be imposed by way of a restraining order, an injunction, the execution of a performance bond, or a temporary seizure of certain assets which, because of their liquidity, can be readily transferred or hidden.

*United States v. Bissell*, 866 F.2d 1343, 1349 (11th Cir.) *cert denied*, 493 U.S. 849 (1989).

### C.     Third Parties Are Protected Through Pre-Trial Protective Orders

Third parties are barred, under the provisions of 18 U.S.C. § 1963(i) and 21 U.S.C. § 853(k) from intervening in a trial of a criminal case involving forfeiture and are barred from commencing an action at law or equity against the United States concerning the validity of its interest in the property sought for forfeiture.[8] The entry of a restraining order under these circumstances acts to protect and preserve the interests of third parties. Third party claimants are afforded a post-trial hearing in accordance with 18 U.S.C. § 1963(l) and in accordance with 21 U.S.C. §853(n).

### D.     Pre-Trial Protective Orders Issue *Ex Parte* Upon Probable Cause Showing

Once an indictment or information has issued, the court may order such restraints *ex parte*. *United States v. Bissell*, 866 F.2d 1343, 1349 (11th Cir.) *cert denied*, 493 U.S. 849 (1989). No requirement exists for notice or an evidentiary hearing prior to the issuance of a restraining order. *United States v. Monsanto*, 924 F.2d 1186, 1193 (2d Cir. 1991), *cert. denied,* 112 S. Ct. 382 (1982).

A restraining order may issue when there is a determination of probable cause to believe that the property will ultimately be proven forfeitable.   A full-blown hearing is not required. Congress found that requiring the government to have a full blown hearing to meet the standards for obtaining

---

[8] For instance, interpleader actions are precluded by these bars, *see Johnson v. United States*, 2001 WL 1064505, at *2 (N.D. Ill. Sept 13, 2001); *United States v. BCCI Holdings (Luxembourg) S.A. (In re Oppenheimer & Co)*, 1992 WL 44321, at *3 (D.D.C. Feb. 10, 1992), as are actions in bankruptcy proceedings. *See In re: American Basketball League, Inc.*, 317 B.R. 121, 129 (Bkrtcy. N.D. Cal. 2004);  *In re: Smouha*, 136 B.R. 921, 926 (Bkrtcy. S.D.N.Y. 1992).

a regular restraining order would be "quite difficult."

> In addition, these requirements may make pursuing a restraining order inadvisable from the prosecutor's point of view because of the potential for damaging premature disclosure of the government's case and trial strategy and for jeopardizing the safety of witnesses and victims in racketeering and narcotics trafficking case who would be required to testify at the restraining order hearing. [Footnote omitted]. S. Rep. No. 2255 at 196, *reprinted in U.S. Code Cong. & Admin. News* at 3374.

*See also*, *Bissell*, 866 F.2d at 1353; *In Re Protective Order*, 790 F. Supp. 1140 (S.D. Fla. 1992)(J. Highsmith (10-11 months not undue delay).

Probable cause has been established in the Information. As stated in the Senate Report on the Comprehensive Crime Control Act of 1984, "the probable cause established in the indictment or information is, in itself, to be sufficient basis for the issuance of a restraining order." Senate Report No. 225, 98th Cong., 2d. Sess. 203, *reprinted in* 1984 *U.S. Code Congressional and Administrative News*, 3182, 3385. Probable cause that the property will ultimately be proven forfeitable, is further established through the verification of the Special Agent attached hereto.

As the elements required for a Protective Order, pursuant to 18 U.S.C. § 1963(d)(1)(A), and pursuant to 21 U.S.C. § 853(e)(1)(A), have been met, the United States moves for the entry of the attached proposed Order.

**II.     The Terms Of The Order**

The United States requests that the Court enter a protective order immediately restraining, prohibiting, and enjoining defendant, and his agents, servants, employees, attorneys, family members and those persons in active concert or participation with him, and those persons, financial institutions, or entities who have any interest or control over the subject property from attempting or completing any action that would affect the availability, marketability or value of said property,

including but not limited to withdrawing, transferring, selling, assigning, pledging, distributing, encumbering, wasting, secreting or otherwise disposing of, or removing from the jurisdiction of this Court, all or any part of their interest, direct or indirect, in all of the properties identified in Government's Composite Exhibit A.

The United States further requests that appropriately designated agents of the United States be directed to promptly serve a copy of the Court's protective order upon defendant and to give notice of the protective order entered herein to those individuals or institutions in control of, or with an interest, in the assets in question. The United States requests that it be permitted to provide notice of the entry of the protective order through facsimile transmission to such institutions and individuals (other than defendant). To the extent that the protective order is provided to such institutions and individuals, the United States requests that this Court direct that such institutions and individuals, provide, within 20 days of the service of the protective order, information regarding the interest claimed by such institutions or individuals, and to provide other information which may become necessary for the resolution of any issues as to this restraint.

The United States further requests that the protective order remain in full force and effect until further order of this Court.

**WHEREFORE**, based on the foregoing, the United States requests the Court enter the proposed Protective Order submitted herewith, and grant such other relief as is just and lawful.

Respectfully submitted,

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

By:   /s/Alison W. Lehr
ALISON W. LEHR
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 444537
99 N.E. 4th Street - 7th Floor
Miami, Florida   33132
Telephone: (305) 961-9176
Fax: (305) 536-7599
Alison.Lehr@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 6, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

 s/ Alison W. Lehr
ALISON W. LEHR
Assistant United States Attorney