UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA,

v.

SCOTT W. ROTHSTEIN,

        Defendant.

_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
CHAPTER 11 BANKRUPTCY TRUSTEE'S MOTION TO MODIFY
THE PROTECTIVE ORDER AND TO AUTHORIZE TURNOVER OF 8 ACCOUNTS**

The United States of America responds in opposition to the Chapter 11 Bankruptcy Trustee's Motion to Modify the Protective Order and to Authorize the Turnover of 8 RRA[1] Bank Accounts [DE #17]. The "turnover action," which attempts to wrest forfeitable assets out of the criminal case, is prohibited by statute. Moreover, to the extent that the motion seeks the actual turnover of the eight accounts, the United States Marshals cannot perform the turnover because none of the challenged accounts are in the custody and control of the United States. The accounts, all of which are subject to the Protective Order, are either in the control of the Bankruptcy Trustee or are under the custody and control of TD Bank.

In support of its response, the United States respectfully shows unto the Court:

1.      On December 1, 2009, the defendant, Scott W. Rothstein (hereinafter "Rothstein" or "defendant"), was charged by way of Information with a RICO conspiracy in violation of 18 U.S.C. §1962(d), with a money laundering conspiracy in violation of 18 U.S.C. §1956(h), with a mail and

---

[1]"RRA" are the initials assigned to the law firm known as "Rothstein Rosenfeldt Adler." Defendant, Scott W. Rothstein, was the first named partner in the firm.

wire fraud conspiracy in violation of 18 U.S.C. §1349 and with substantive wire fraud in violation of 18 U.S.C. §1343. The Information also placed defendant on notice that, if convicted, the United States would pursue forfeiture of certain specific assets, and a money judgment, pursuant to the applicable statutes.

2. On December 6, 2009, the United States moved for the entry of a Post-Information Protective Order [DE #12], which motion was granted [DE #13]. Thereafter, the United States moved to correct and substitute the attachment to the Protective Order, which motion was also granted [DE ## 15, 16].

3. The Protective Order [DE #13, as modified by DE #16] prohibits, restrains and enjoins, defendant, and his agents, servants, employees, attorneys, family members and those persons in active concert or participation with him, and those persons, financial institutions, or entities who have any interest or control over the property listed in the attachment to the Protective Order, from attempting or completing any action that would affect the availability, marketability or value of said property, including but not limited to withdrawing, transferring, selling, assigning, pledging, distributing, encumbering, wasting, secreting or otherwise disposing of, or removing from the jurisdiction of this Court, all or any part of their interest, direct or indirect, in all of the properties identified in the attachment to the Protective Order.

4. On December 15, 2009, after the Protective Order was entered, the Chapter 11 Bankruptcy Trustee, hereinafter "Trustee," moved to Modify the Protective Order and to Authorize the United States Marshals Service to Turnover 8 RRA Bank Accounts [DE #17].

5. The assets for which the Trustee seeks modification and turnover are the following bank accounts (BA):

(BA2) Gibraltar Bank account 50010085, in the approximate amount of $484,900.68;

(BA3) Gibraltar Bank account 50010093, in the approximate amount of $53,448.51;

(BA4) Gibraltar Bank account 50010053, in the approximate amount of $71,793.06;

(BA5) Gibraltar Bank account 50010014, in the approximate amount of $995,521.42;

(BA9) Toronto Dominion Bank, N.A. account 6860291266 in the name of Rothstein Rosenfeldt Adler, P.A. which, on or about November 11, 2009, contained the approximate amount of $54,021.27;

(BA10) Toronto Dominion Bank, N.A. account 6861011556 in the name of Rothstein Rosenfeldt Adler, P.A. which, on or about November 11, 2009, contained the approximate amount of $10,085.00;

(BA11) Toronto Dominion Bank, N.A. account 6860420923 in the name of Rothstein Rosenfeldt Adler, P.A, Attorney Trust Account 3, which, on or about November 11, 2009, contained the approximate amount of $720,892.08; and

(BA15) Toronto Dominion Bank, N.A. account 6861077714 in the name of Rothstein Rosenfeldt Adler, P.A., which, on or about November 11, 2009, contained the approximate amount of $20,080.00.

6. (BA2) through and including (BA5) are currently under the custody and control of the Chapter 11 Bankruptcy Trustee. They "were closed as of November 10, 2009 and all funds were confirmed transferred on November 11, 2009 to Trustee controlled accounts located at Bank Atlantic." [DE #17, page 5, fn. 3].

7. (BA9) through and including (BA11), as well as (BA15), are currently under the custody and control of Toronto Dominion Bank, N.A., and one of them, (BA11) is subject to an interpleader action [09-20464-BKC-RBR].

8. The Trustee asserts that the Protective Order prevents him from executing his fiduciary duties in whole or in part because:

    a) he needs to perform an accounting, as to monies held in trust [DE #17, ¶11] and as to former employees and trade creditors [DE #17, ¶12]; and must respond to demands for return of funds [DE #17, ¶15];

    b) the assets sought for turnover were assets of the debtor estate, which estate preceded the filing of the criminal case and the issuance of the Protective Order [DE #17, ¶15]; and

    c) he has a duty to convert assets to cash (monetize) and to distribute such assets in accordance with the law [DE #17, ¶15-¶16].

He argues that the Protective Order must be modified and that the accounts must be turned over.

9. The United States asserts that the Trustee is not precluded from performing all of his fiduciary duties, with the exception of distributing the funds from the bank account:

    a) The Trustee can perform an accounting as well as analyze demands for the return of funds without having the Protective Order modified. Upon information and belief, the records of the subject bank accounts, have been provided to the Trustee or someone acting on his behalf;

      b)      The subject bank accounts were replete with "Ponzi" scheme funds. Proceeds of illegal fraud schemes can never legitimately belong to anyone or anything, including a bankruptcy estate. Indeed, under the relation back doctrine, codified in 18 U.S.C. § 1963(c) and 21 U.S.C. § 853(c), title in any asset subject to forfeiture vested in the United States prior to bankruptcy. Therefore, that property is not part of the bankruptcy estate;

      c)      There is no need to monetize assets which are already in cash form; and

      d)      Even if the Protective Order was not in place, the United States Marshals are not in a position to "turn over" the accounts, because they do not have custody of the accounts. (BA2) through (BA5) are currently under the custody and control of the Trustee, having been transferred to the Trustee's accounts at Bank Atlantic; and the other accounts (BA9), (BA10), (BA11) and (BA15) are located at TD Bank.

## MEMORANDUM OF LAW

The Trustee's motion to modify must be denied: the relevant statutes bar intervention and the bank accounts in question are not accounts of the bankruptcy estate based on the relation back doctrine, as they were replete with fraud funds.

**A.**    **The Turnover Action Is Barred By Statute**

Title 18, United States Code, Section 1963 (i) and Title 21, United States Code, Section 853(k)[2] prevent actions by third parties, such as bankruptcy trustees, from challenging the United

---

[2]Title 18, United States Code, Section 1963, contains the forfeiture provisions which apply to racketeering conspiracies in violation of 18 U.S.C. § 1962 such as the one with which Rothstein is charged [DE #1, Count 1] and 21 U.S.C. § 853 contains the forfeiture provisions

-5-

States with respect to the forfeiture, during the time that a criminal case is pending.  The statutes provide, in pertinent part, that except as otherwise allowed during ancillary forfeiture proceedings:

> ...no party claiming an interest in property subject to forfeiture under this section may—
> > (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or
> > (2) commence an action at law ore equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

The Trustee's motion is an intervention in the criminal case, which intervention is barred by 21 U.S.C. § 853(k)(1).  In the alternative, the Trustee's motion for modification and turnover, is tantamount to a turnover action and is barred by 21 U.S.C. § 853(k)(2).

Bankruptcy trustees are barred from demanding turnover of forfeitable assets.  For example, in *In re Global Vending*, 2005 WL 2451763 (Bankr. S.D.Fla. 2005), a bankruptcy trustee brought an adversary action against the United States in the bankruptcy proceedings, demanding turnover of certain items which were subject to criminal forfeiture.  The Bankruptcy Court held that a bankruptcy trustee was "barred from bringing ...[a] turnover action against the United States as mandated by Congress pursuant to 21 U.S.C. § 853(k)."  The court reasoned:

> In enacting Section 853(k), entitled 'Bar on Intervention,' Congress used clear and unambiguous language.  Section 853(k) bars all actions against the United States, including the instant action.  Section 853(k) 'imposes an absolute bar on all suits

---

which apply to the money laundering conspiracy, mail and wire fraud conspiracy, and substantive wire fraud with which Rothstein is also charged [DE #1, Counts 2 through 5]. The language of 18 U.S.C. § 1963 and 21 U.S.C. § 853 are essentially identical, *United States v. Marion*, 562 F.3d 1330 (11th Cir. 2009) and the legislative history of RICO has been used to interpret congressional intent in section 853(n) cases because Congress adopted section 1963(l)'s language when it crafted section 853(n). *See United States v. Douglas*, 55 F.3d 585, 586 n.9 (11th Cir. 1995); *United States v. Bissell*, 866 F.2d 1343, 1348 n. 3 (11th Cir. 1989).

>claiming an interest in forfeitable property unless the action is brought within the confines of an ancillary proceeding.'"

*Id.* at *2, *citing In re The American Basketball League, Inc.*, 317 B.R. 121, 129 (Bankr. N.D. Cal. 2004). *In re Global Vending* sends a clear message that the Trustee cannot intervene and obtain turn over. Rather, to the extent that the Trustee seeks to have assets released from forfeiture, the Trustee must wait for the forfeiture ancillary proceedings. The Trustee's motion should be denied.

**B.    The Bankruptcy Estate Does Not Have Legal Title To Or Interest In The Accounts**

The accounts in question appear to have been funded, in whole or in part, by Ponzi funds. For example, one of the manner and means supposedly used in the Racketeering Conspiracy with which Rothstein is charged states:

>Defendant ROTHSTEIN and other co-conspirators utilized funds allegedly obtained through the "Ponzi" scheme to supplement and support the operation and activities of RRA, to expand RRA by the hiring of additional attorneys and support staff, to fund salaries and bonuses, and to acquire larger and more elaborate office space and equipment in order to enrich the personal wealth of persons employed by and associated with the Enterprise.

[DE #1, ¶30].

There can be no legal title to fraud proceeds. *United States v. Soreide*, 461 F.3d 1351, 1354 (11th Cir. 2006); *United States v. Kennedy*, 201 F.3d 1324, 1328-29 (11th Cir. 2000). Since RRA did not have legal title to the funds in the bank accounts, the bankruptcy estate does not have legal title to the accounts or the funds therein. The bankruptcy estate stands in the shoes of RRA and only has such title as RRA had. *See, United States v. Unit Number 1105, 800 Claughton Island Drive, Miami Fla.*, 2002 WL 33001403 (S.D. Fla. 2002). Therefore, the bankruptcy estate does not have a legal interest in the bank account funds. If the bankruptcy estate has no legal interest in the bank account funds, the bankruptcy estate cannot distribute those funds to creditors of the bankruptcy

estate.  The Protective Order should not be modified, nor should the accounts be "turned over."

**C.      The Relation Back Doctrine Prevents The Bank Accounts From Being Part Of The Bankruptcy Estate**

The bank accounts, although they existed at the time the bankruptcy commenced, are not estate property by virtue of the relation-back doctrine.  The relation back doctrine, as codified in 18 U.S.C. § 1963(c) and 21 U.S.C. § 853(c), is a well-established principle of forfeiture law.  *See Caplin & Drysdale*, 491 U.S. at 627 (citing *United States v. Stowell*, 133 U.S. 1 (1890); S. Rep. No. 98-225, p. 200 & n.27 (1983)); *United States v. Monsanto*, 491 U.S. 600, 613 (1989). Under the relation back doctrine, the Government's interest in forfeitable property vests at the time of the offense giving rise to the forfeiture.  *See* 21 U.S.C. § 853(c) ("All right, title, and interest in [forfeitable] property . . . vests in the United States upon the commission of the act giving rise to forfeiture under this section."); *United States v. Lazarenko*, 476 F.3d 642, 647 (9th Cir. 2007)(under the relation back doctrine, the Government's interest in the property vests at the time that the defendant committed the crime); *United States v. Nava*, 404 F.3d 1119, 1124 (9th Cir. 2005) (Government's interest vested at the onset of drug conspiracy that property facilitated); *United States v. Gilbert*, 244 F.3d 888, 902 n.38 (11th Cir. 2001(Government's interest dates back to time of the act that made the property subject to forfeiture); *United States v. Martinez*, 228 F.3d 587, 590 (5th Cir. 2000) (relation back doctrine vests title to criminal proceeds in Government at time the crime occurs, thus precluding defendant's wife from ever acquiring an interest under community property law).  Because title in any asset subject to forfeiture vested in the United States prior to the bankruptcy, that property is not part of the bankruptcy estate. The bank accounts should not be released from the Protective Order, nor "turned over" to the Bankruptcy Trustee.

## CONCLUSION

WHEREFORE, based on the foregoing, the United States moves that the Court deny the Trustee's motion to modify the protective order and to" turn over" the eight RRA accounts.  It is respectfully requested, should the Court be inclined to grant the Trustee's motion, that the United States be heard.

        Respectfully submitted,

        JEFFREY H. SLOMAN
        ACTING UNITED STATES ATTORNEY

By:   /s/Alison W. Lehr
       ALISON W. LEHR
       ASSISTANT UNITED STATES ATTORNEY
       Fla. Bar No. 444537
       99 N.E. 4th Street - 7th Floor
       Miami, Florida   33132
       Telephone: (305) 961-9176
       Fax: (305) 536-7599
       Alison.Lehr@usdoj.gov

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 23, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

        s/ Alison W. Lehr
        ALISON W. LEHR
        Assistant United States Attorney