UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA,

v.

SCOTT W. ROTHSTEIN,

Defendant.

_____/

## STIPULATION AND SETTLEMENT AGREEMENT

WHEREAS, SCOTT W. ROTHSTEIN, hereinafter also referred to as "defendant," has been charged by way of Information, with violations of 18 U.S.C. §1962(d), 18 U.S.C. §1956(h), 18 U.S.C. §1349 and 18 U.S.C. §1343 [DE #1]; and

WHEREAS, the United States of America has taken action, through seizures and otherwise, to control, protect or restrain, real and personal properties owned in whole or in part by defendant, or in whole or in part by limited liability companies of the defendant; and

WHEREAS, the real and personal properties identified in the Information, the Bill of Particulars and as further identified in Attachment A, hereto, are allegedly proceeds of or were derived from and/or were involved in the crimes with which defendant has been charged; and

WHEREAS, the defendant, whether or not he elects to proceed to trial, is desirous of having those real and personal properties, in Attachment A, hereto, converted to cash or its equivalent, such that the proceeds of the properties can be used for all lawful purposes, including to effectuate restitution of the victims of defendant's alleged criminal activities as may be ordered by this Court; and

Scott W. Rothstein     Marc S. Nurik, Esq.     -1-     AUSA Alison W. Lehr

WHEREAS, the defendant has been authorized by and on behalf of his limited liability companies to forfeit and/or otherwise transfer the limited liability companies and their assets to the United States of America or its duly authorized representative, such that the United States can more effectively dispose of the assets; and

WHEREAS, neither the defendant nor his wholly-owned limited liability companies, wish to challenge the forfeiture or other lawful disposition of the real and personal properties identified in Attachment A; and

WHEREAS, neither the defendant, nor that portion of his partially owned limited liability companies, wish to challenge the forfeiture or other lawful disposition of the real and personal properties identified in Attachment A; and

WHEREAS, the United States and the defendant, in order to resolve the forfeiture allegations and to avoid litigation costs and thereby maximize the proceeds available to the victims of defendant's alleged crimes, hereby agree to enter into this Stipulation and Settlement Agreement, without any admission of fact or law; and

WHEREAS, the United States and the defendant are hereafter also referred to as the "Parties;"

THEREFORE, the defendant and the United States agree as follows:

1.     The defendant consents to the immediate transfer, assignment, forfeiture or other disposition of his right, title and interest, in all properties identified in Attachment A, incorporated by reference, as if fully set forth herein, to the United States of America. Defendant agrees to an interlocutory sale of the properties identified in Attachment A.

_____   _____            _____
Scott W. Rothstein        Marc S. Nurik, Esq.      -2-         AUSA Alison W. Lehr

2.     The Walter Family LLC, Walter Industries, LLC, Judah LLC and the RES Group, LLC, consent to the immediate transfer, assignment, forfeiture or other disposition of their right, title and interest, in all properties identified in Attachment A, incorporated by reference, as if fully set forth herein, to the United States of America. The Walter Family LLC, Walter Industries, LLC, Judah LLC and the RES Group, LLC, agree to an interlocutory sale of the properties identified in Attachment A.

3.     The defendant and his wholly owned limited liability companies, agree and stipulate that they will not file a claim to the properties in this or any action, and agree and stipulate that they will not otherwise impede the United States' efforts to dispose of, forfeit or liquidate, the properties identified in Attachment A, and that they will assist the United States in its efforts to dispose of, forfeit, or liquidate the properties identified in Attachment A.

4.     The United States agrees to use its best efforts to dispose of the properties identified in Attachment A  and to effect the disposal of the properties, or funds derived therefrom, minus expenses, in any manner pursuant to and consistent with the applicable laws of the United States, including restitution.

5.     No person or entity is admitting any fact or any liability by entering into this Agreement, and this Agreement shall in no way be deemed an admission of culpability, liability or guilt on behalf of the defendant or shall in no way constitute a reflection upon the merits of any matter which has been asserted, which may have been asserted, or which may be asserted in the prosecution of defense of matters involving the assets.

6.     The defendant and the United States acknowledge and agree that this Agreement is

_____        _____                    _____
Scott W. Rothstein      Marc S. Nurik, Esq.      -3-         AUSA Alison W. Lehr

governed by the laws of the United States, and that this Court retains jurisdiction to enforce the terms of this Agreement.

7.      No provision of this Agreement may be waived, modified, or amended except by way of written agreement executed by all parties hereto against whom such waiver, modification or amendment is sought to be enforced.

8.      This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute but one instrument.

9.      The parties acknowledge and agree that by entering into this Stipulation and Settlement Agreement, and execution hereof, that nothing contained herein is either intended, nor shall be construed, as a waiver of any privilege, including defendant's right against self-incrimination pursuant to the Fifth Amendment to the United States Constitution.

Respectfully submitted,

SCOTT W. ROTHSTEIN
Defendant

By: _____
      MARC S. NURIK, Esq.

FL Bar No.

Fort Lauderdale, Florida
Tel. 954-610-6949

Email: marc@nuriklaw.com

By _____
   SCOTT W. ROTHSTEIN
   Defendant

JEFFREY H. SLOMAN
UNITED STATES ATTORNEY

By: _____
      ALISON W. LEHR
      Assistant United States Attorney
      FL Bar No. 444537
      99 NE 4th Street
      Miami, Florida 33132-2111
      Tel. (305) 961-9176
      Fax. (305) 536-7599
      Alison.Lehr@usdoj.gov

-4-

## ATTACHMENT A TO STIPULATION AND SETTLEMENT AGREEMENT

**A.     Real Properties ("RP"):**

(RP1)   2307 Castilla Isle, Fort Lauderdale, Florida,  hereafter also referred to as

"Defendant RP1," includes all buildings, improvements, fixtures, attachments and

easements found therein or thereon, and is more particularly described as

Lauderdale Shores Reamen Plat 15-31 B Lot 2 Blk 5 with a Folio Number of 5042

12 13 0210;

(RP2)   2308 Castilla Isle, Fort Lauderdale, Florida, hereafter also referred to as

"Defendant RP2," includes all buildings, improvements, fixtures, attachments and

easements found therein or thereon, and is more particularly described as:

Lauderdale Shores Reamen Plat 15-31 B Lot 2 Blk 4 with a Folio Number of 5042

12 13 0020;

(RP3)   2316 Castilla Isle, Fort Lauderdale, Florida,  hereafter also referred to as

"Defendant RP3," includes all buildings, improvements, fixtures, attachments and

easements found therein or thereon, and is more particularly described as:

Lauderdale Shores Reamen Plat 15-31 B Lot 3 & Lot 4 W ½ Blk 4 with a Folio

Number of 5042 12 13 0030;

(RP4)   30 Isla Bahia Drive, Fort Lauderdale, Florida, hereafter also referred to as

"Defendant RP4," includes all buildings, improvements, fixtures, attachments and

easements found therein or thereon, and is more particularly described as: Isla

Bahia 47-27 B Lot 63 with a Folio Number of 5042 13 16 0640;

(RP5)   29 Isla Bahia Drive, Fort Lauderdale, Florida, hereafter also referred to as

"Defendant RP5," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: Isla Bahia 47-27 B Lot 35 with a Folio Number of 5042 13 16 0360;

(RP6)   350 SE 2nd Street, Unit 2840, Fort Lauderdale, Florida, hereafter also referred to as "Defendant RP6," includes that portion of the condominium,  improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: 350 Las Olas Place Condo Unit 2840 with a Folio Number of 5042 10 AN 1490;

(RP7)   380 Carrington Drive, Weston, Florida, hereafter also referred to as "Defendant RP7," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: Sector 4 North 153-46 B Lot 24 Blk A with a Folio Number of 5039 01 02 0240;

(RP8)   2133 Imperial Point Drive, Fort Lauderdale, Florida, hereafter also referred to as "Defendant RP8," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: Imperial Point 1 Sec 53-44 B Lot 11 Blk 22 with a Folio Number of 4942 12 07 2020;

(RP9)   2627 Castilla Isle, Fort Lauderdale, Florida, hereafter also referred to as "Defendant RP9," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: Lauderdale Shores Reamem Plat 15-31 B Lot 22 Blk 5 with a Folio Number of 5042 12 13 0380;

(RP10) 10630 NW 14th Street, Apt. 110, Plantation, Florida, hereafter also referred to as "Defendant RP10," includes that portion of the condominium/townhome, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: OPTIMA VILLAGE 1-"C" CONDO UNIT 201 BLDG 2 with a Folio Number of 4941 31 AC 0110;

(RP11) 227 Garden Court, Lauderdale by the Sea, Florida, hereafter also referred to as "Defendant RP11," includes that portion of the buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: SILVER SHORES UNIT A 28-39 B POR of Lot 4, BLK 5 DESC AS TO BEG AT SE COR SAID LOT 4, N 79.37 W 37.75, S 79.37, E 35.75 TO POB AKA: UNIT E MARINA VILLAGE TOWNHOMES 227GARDEN with a Folio Number of 4943 18 24 0050;

(RP12) 708 Spangler Boulevard, Bay 1, Hollywood, Florida, hereafter also referred to as "Defendant RP12," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: HARBOR VIEW 10-5 B PORTION OF LOTS 1 & 2 BLK 2 DESC AS COMM 25 S OF NE COR OF LOT 2 ON E/L, W 20.52 ALG S/R/W/L OF ST RD 84, S 15.72 TO POB, S 7.25, E 12.59, S 24.40, W 29.92, N 7.66, W 31.74, N 24.00, E 49.07 TO POB AKA: BAY 1 PORTSIDE with a Folio Number of 5042 23 28 0010;

(RP13) 1012 East Broward Boulevard, Fort Lauderdale, Florida, hereafter also referred to as "Defendant RP13," includes all buildings, improvements, fixtures, attachments

and easements found therein or thereon, and is more particularly described as: BEVERLY HEIGHTS 1-30 B LOT 1 W 100, LOT 2 W 100 BLK 17 with a Folio Number of 5042 11 07 0540;

(RP14) 950 N Federal Highway, Pompano Beach, Florida, hereafter also referred to as "Defendant RP14," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: 31-48-43 S 150 OD FOL DESC, BEG INTER E R/W/L ST RD 5, N TO POB with a Folio Number of 4843 31 00 0401;

(RP15) 350 Las Olas Boulevard, Commercial Unit 2, Fort Lauderdale, Florida, hereafter also referred to as "Defendant RP15," includes all portion of that condominium, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: 350 LAS OLAS PLACE COMM CONDO UNIT CU2 with a Folio Number of 5042 10 AP 0020;

(RP16)  361 SE 9 Lane, Boca Raton, Florida hereafter also referred to as "Defendant RP16," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon;

(RP17) 1198 N Old Dixie Highway, Boca Raton, Florida hereafter also referred to as "Defendant RP17," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon;

(RP18) 1299 N Federal Highway, Boca Raton, Florida hereafter also referred to as "Defendant RP18," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon;

-4-

(RP19) 151 East 58 Street, Apartment 42D, New York, New York hereafter also referred to as "Defendant RP19," includes all portion of that condominium, improvements, fixtures, attachments and easements found therein or thereon;

(RP20)  11 Bluff Hill Cove Farm, Narragansett, Rhode Island hereafter also referred to as "Defendant RP20," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon;

(RP21)   15 Bluff Hill Cove Farm, Narragansett, Rhode Island hereafter also referred to as "Defendant RP21," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon;

(RP22) 353 4 Ave., Unit 12-H, Brooklyn, NY hereafter also referred to as "Defendant RP22," includes all portion of that condominium, improvements, fixtures, attachments and easements found therein or thereon;

(RP23) 290W 11th St #1C, NY, NY hereafter also referred to as "Defendant RP23," includes all portion of that condominium, improvements, fixtures, attachments and easements found therein or thereon; and

(RP24) Versace Mansion/Casa Casuarina-10% Ownership hereafter also referred to as "Defendant RP24," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon;

**B.    Vehicles and Vessels ("VV")**:

(VV1)  1990 Red Ferrari F40 Coupe, VIN: ZFFMN34A5L0087066;

(VV2) 2009 White Bentley Convertible, VIN: SCBDR33W29C059672;

(VV3) 2008 Yellow McLaren Mercedes Benz SLR, VIN: WDDAK76F98M001788;

(VV4) 2007 Black Limousine Ford Expedition, VIN: 1F1FK15557LA59223;

(VV5) 2008 Red Ferrari 430 Spider, VIN: ZFFEW59A380163011;

(VV6) 2007 Silver Rolls Royce Convertible, VIN: SCA1L68557UX23044;

(VV7) 2006 Silver Hummer H1, VIN: 137PH84396E220665;

(VV8) 2008 Cadillac Escalade, VIN: 1GYEC63858R234458;

(VV9) 1967 Red Convertible Corvette, VIN: 194677S104745;

(VV10) 2008 Black Bugatti Veyron EB 16.4, VIN: VF9SA25C28M795153;

(VV11)2008 Blue Rolls Royce Drophead Convertible, VIN: SCA2D68528UX16071;

(VV12) 2006 Red Ferrari F430 Spider, VIN: ZFFEW59A560148863;

(VV13) 2008 Chevrolet Corvette, VIN: 1G1YY26W485120085;

(VV14) 2009 Chevrolet Corvette Z06, VIN: 1G1YZ26E995111923;

(VV15) 2009 Blue Gray Maserati Granturismo Coupe, VIN: ZAMGJ45A090042326;

(VV16) 2009 White Mercedes Benz, VIN WDBSK71F159F49477;

(VV17) 2007 87' Warren, Hull # WAR87777B707;

(VV18) 33' Aquariva, Hull # XFA33R74G405;

(VV19) 2009 11' Yamaha Jet Ski, Hull # YAMA3661I809;

(VV20) 2009 11' Yamaha VS, Hull # YAMA3626I809;

(VV21) 2009 11' Yamaha VS, Hull #YAMA2679G809;

(VV22) 1999 55' Sea Ray 540 Sundancer, SERY001899;

(VV23) 2009 Yamaha Jet Ski, Hull # YAMA4288K809;

(VV 24) 2010 White Lamborghini lp-670sv, VIN: ZHWBU8AHXALA03837;

(VV25) Mercedes Benz S65 VR Byturbo, VIN: WDDEJ79XX8A015189;

(VV26) 2009 RED BMW CONVERTIBLE, VIN: WBALM53529E160836;

(VV27)2009 MERCEDES BENZ SLK 350 CONVRTBL VIN:WDBWK58F19F190779;

**C.      Tangibles ("T")**

(T1)    304 pieces of jewelry, watches, necklaces and earrings seized on or about
         Monday, November 9, 2009 from the residence of Scott and Kimberly Rothstein;

(T2)    16 DuPont Lighters seized on or about Monday, November 9, 2009 from the
         residence of Scott and Kimberly Rothstein;

(T3)    3 pieces sports memorabilia seized on or about Monday, November 9, 2009 from
         the residence of Scott and Kimberly Rothstein;

(T4)    $271,160 in United States currency seized on or about Monday, November 9,
         2009 from the residence of Scott and Kimberly Rothstein;

(T5)    $1,500 in United States currency, seized on about Wednesday, November 4, 2009,
         from the office of Scott W. Rothstein at the law firm of Rothstein, Rosenfeldt and
         Adler, P.A.;

(T6)    $30,000 in American Express Gift Cards to the attention of Scott Rothstein,
         obtained from UPS on or about November 12, 2009;

(T7)    $50,000 in American Express Gift Cards to the attention of Scott Rothstein,
         obtained from UPS on or about November 13, 2009;

(T8)    5 additional watches being turned over to the United States by Les Stracher; and

(T9)    Guitar collection of Scott W. Rothstein, located at the residence of Scott and
         Kimberley Rothstein, valued between $10,000 and $20,000.

### D.      Bank Accounts ("BA")

(BA1)   Fidelity Investments Stock Account, in the name of Scott W. Rothstein, valued at approximately $1,263,780;

(BA2)   Gibraltar Bank account 50010085,  in the approximate amount of $484,900.68;

(BA3)   Gibraltar Bank account 50010093, in the approximate amount of $53,448.51;

(BA4)   Gibraltar Bank account 50010053, in the approximate amount of $71,793.06;

(BA5)   Gibraltar Bank account 50010014, in the approximate amount of $995,521.426;

(BA6)   Bank account 178780211819923220000187 at Banque Populaire, Morocco, in the name of Scott Rothstein, in the approximate amount of $12,000,000;

(BA7)   Bank account at  Banque Populaire, Morocco,  in the name of Ahnick Khalid, up to the amount of $2,000,000;

(BA8)   Bank account at Banque Populaire, Morocco,  in the name of Steve Caputi, up to the amount of $1,000,000;

(BA9)   Toronto Dominion Bank, N.A. account 6860291266 in the name of Rothstein Rosenfeldt Adler, P.A. which, on or about November 11, 2009, contained the approximate amount of $54,021.27;

(BA10) Toronto Dominion Bank, N.A. account 6861011556 in the name of Rothstein Rosenfeldt Adler, P.A. which, on or about November 11, 2009, contained the approximate amount of $10,085.00;

(BA11) Toronto Dominion Bank, N.A. account 6860420923 in the name of Rothstein Rosenfeldt Adler, P.A, Attorney Trust Account 3, which, on or about November 11, 2009, contained the approximate amount of $720,892.08;

(BA12) Toronto Dominion Bank, N.A. account 6860422200 in the name of DJB Financial Holding, which, on or about November 11, 2009, contained the approximate amount of $64,970.00;

(BA13) Toronto Dominion Bank, N.A. account 6860755757 the name of RRA Sports and Entertainment LLC, which, on or about November 11, 2009, contained the approximate amount of $10,490.10;

(BA14) Toronto Dominion Bank, N.A. account 6860755781 in the name of RRA Goal Line Management, LLC, which, on or about November 11, 2009, contained the approximate amount of $25,216.27;

(BA15) Toronto Dominion Bank, N.A. account 6861077714 in the name of Rothstein Rosenfeldt Adler, P.A., which, on or about November 11, 2009, contained the approximate amount of $20,080.00;

(BA16) Toronto Dominion Bank, N.A. account 6861076906 in the name of Rothstein Rosenfeldt Adler PA, Attorney Trust Account, which, on or about November 13, 2009, contained the approximate amount of $23,406.16;

(BA17) Toronto Dominion Bank, N.A. account 6861011614 in the name of Rothstein Rosenfeldt Adler PA, which, on or about November 13, 2009, contained the approximate amount of $14,657.80;

(BA18) Toronto Dominion Bank, N.A. account 6860291274 in the name of Rothstein Rosenfeldt Adler PA, Operating Account, which, on or about November 13, 2009, contained the approximate amount of $28,743.43;

(BA19) Toronto Dominion Bank, N.A. account 6861076922 in the name of Rothstein

Rosenfeldt Adler PA, BIF Account, which, on or about November 13, 2009, contained the approximate amount of $52,749.68;

(BA20) Schwyzer Kantonalbank, account #CH75 0077700530742040 in the name of Jewel Cruises Holding AG, Wollerau, Switzerland;

## E.   Business Interests ("BI")

(BI1)   Stock certificates, if issued, or the beneficial interest in such shares, of 50,000 shares of capital stock, in Gibraltar Private Bank & Trust, a federally chartered stock savings association, purchased in or about September 2009 by GBPT, LLC, a Delaware Limited Liability Company, by its manager, Bahia Property Management, LLC, a Delaware Limited Liability Company, by its co-manager, Scott W. Rothstein;

(BI2)   Scott W. Rothstein's equity interest in QTask;

(BI3)   Scott W. Rothstein's equity interest in Broward Bank of Commerce;

(BI4)   Scott W. Rothstein's equity interest in Bova Ristorante;

(BI5)   Scott W. Rothstein's equity interest in Bova Cucina;

(BI6)   Scott W. Rothstein's equity interest in Bova Prime;

(BI7)   Scott W. Rothstein's equity interest in Café Iguana, Pembroke Pines, Florida;

(BI8)   Scott W. Rothstein's equity interest in Cart Shield USA, LLC;

(BI9)   Scott W. Rothstein's equity interest in Renato Watches;

(BI10) Scott W. Rothstein's equity interest in Edify LLC;

(BI11) Scott W. Rothstein's equity interest in V Georgio Vodka;

(BI12) Scott W. Rothstein's equity interest in Sea Club;

(BI13)  Scott W. Rothstein's equity interest in North Star Mortgage;

(BI14)  Scott W. Rothstein's equity interest in Kip Hunter Marketing;

(BI15)  Scott W. Rothstein's equity interest in RRA Sports and Entertainment, LLC;

(BI16)  Scott W. Rothstein's equity interest in Versace Mansion/Casa Casuarina, including 10 year Operating Agreement with 2 ten year options;

(BI17)  Scott W. Rothstein's equity interest, and licensing rights, in Alternative Biofuel Company;

(BI18)  Scott W. Rothstein's equity interest in RRA Goal Line Management;

(BI19)  Scott W. Rothstein's equity interest in Iron Street Management, LLC;

(BI20)  Scott W. Rothstein's equity interest in, and loan to, Africat Equity IG Decide;

(BI21)  Scott W. Rothstein's equity interest in, and rents derived from 1198 Dixie LLC;

(BI22)  Scott W. Rothstein's equity interest in, and rents derived from 1299 Federal LLC;

(BI23)  Promissory Note by Uniglobe in favor of Scott W. Rothstein;  and

(BI24)  All equity interest held by or on behalf of Scott W. Rothstein, in the following corporations and entities:

  a.  29 Bahia LLC;

  b.  235 GC LLC;

  c.  350 LOP#2840 LLC;

  d.  353 BR LLC;

  e.  10630 #110 LLC;

  f.  708 Spangler LLC;

  g.  1012 Broward LLC;

h.    1198 Dixie LLC;

I.    1299 Federal LLC;

j.    2133 IP LLC;

k.    15158 LLC;

l.    AANG LLC;

m.    AAMG1 LLC;

n.    AAMM Holdings;

o.    ABT Investments LLC;

p.    Advanced Solutions;

q.    Bahia Property Management LLC;

r.    Boat Management LLC;

s.    BOSM Holdings LLC;

t.    BOVA Prime LLC;

u.    BOVA Restaurant Group LLC;

v.    The BOVA Group LLC;

w.    BOVA Smoke LLC;

x.    BOVCU LLC;

y.    BOVRI LLC;

z.    Broward Financial Holdings, Inc.;

aa.    CI07 LLC;

ab.    CI08 LLC;

ac.    CI16 LLC;

ad.     CI27 LLC;

ae.     CSU LLC;

af.     D & D Management & Investment LLC;

ag.     D & S Management and Investment LLC;

ah.     DJB Financial Holdings LLC;

ai.     DYMMU LLC;

aj.     Full Circle Fort Lauderdale LLC;

ak.     Full Circle Trademark Holdings LLC;

al.     GHW1 LLC;

am.     IDNL GEAH LLC;

an.     ILK3 LLC;

ao.     IS Management LLC;

ap.     JRCL LLC;

aq.     Judah LLC;

ar.     Kendall Sports Bar;

as.     Kip Hunter Marketing LLC;

at.     NF Servicing LLC;

au.     NRI 11 LLC;

av.     NRI 15 LLC;

aw.     NS Holdings LLC;

ax.     PRCH LLC;

ay.     PK Adventures LLC;

-13-

az.   PK's Wild Ride Ltd;

ba.   Rothstein Family Foundation;

bb.   RRA Consulting Inc.;

bc.   RRA Goal Line Management LLC;

bd.   RRA Sports and Entertainment LLC;

be.   RSA 11th Street LLC;

bf.   RW Collections LLC;

bg.   S & KEA LLC;

bh.   Scorh LLC;

bi.   Tipp LLC;

bj.   VGS LLC;

bk.   The Walter Family LLC;

bl.   Walter Industries LLC;

bm.   WPBRS LLC;

bn.   WAWW;

bo.   WAWW 2 LLC;

bp.   WAWW 3 LLC;

bq.   WAWW 4 LLC;

br.   WAWW 5 LLC;

bs.   WAWW 6 LLC;

bt.   WAWW 7 LLC;

bu.   WAWW 8 LLC;

-14-

bv.     WAWW 9 LLC;

bw.     WAWW 10 LLC;

bx.     WAWW 11 LLC;

by.     WAWW 12 LLC;

bz.     WAWW 14 LLC;

ca.     WAWW 15 LLC;

cb.     WAWW 16 LLC;

cc.     WAWW 17 LLC;

cd.     WAWW 18 LLC;

ce.     WAWW 19 LLC;

cf.     WAWW 20 LLC;

cg.     WAWW 21 LLC;

ch.     WAWW 22 LLC;

ci.     JB Boca M Holdings LLC;

(BI25)  All interest held by or on behalf of Scott W. Rothstein, in the following

corporations and entities, and assets held by or owed , e.g., rents, to same:

(a)     The 2009 Scott W. Rothstein Revocable Trust;

(b)     REC Group, LLC;

(c)     REN Group, LLC;

(d)     REP Group, LLC;

(e)     RES Group, LLC;

(f)     RET Group, LLC;

-15-

(g)     REV Group, LLC;

(h)     AAMG, LLC;

(i)     BFHI, LLC;

(j)     BFH1, LLC;

(k)     Cartshield USA, LLC;

(l)     CCCN, LLC;

(m)     CCM, LLC;

(n)     Cha Cha Cha, Inc.;

(o)     Fifth Court Financial, LLC;

(p)     GBPT, LLC;

(q)     Iron Street Management, LLC

(r)     JB Boca Holdings, LLC;

(s)     JJ Finance Holdings, LLC;

(t)     JWG Holdings, LLC;

(u)     Luxury Resorts, LLC;

(v)     MLC 350, LLC;

(w)     MRISC, LLC;

(x)     MRI Scan Center, Inc.;

(y)     QT, LLC

(z)     QTask

(aa)    Renato Watches, Inc.

(ab)    Rothstein Family, Ltd.;

(ac)   Sea Club Ocean Resort Hotel, Inc.;

(ad)   SPAC Investments, LLC;

(ae)   TB22 Mario's, Inc.;

(af)   TB22N, LLC

(ag)   TLBN, LLC

(ah)   UG, LLC

(ai)   Uniglobe Environmental Solutions, Inc.;

(aj)   VGS1, LLC

(ak)   V Georgio Spirits, LLC

(al)   WAWW 13, LLC

(am)   Rothstein Rosenfeldt Adler, P.A., located in Florida;

(an)   Rothstein Rosenfeldt Adler, located in Venezuela;

## F.    Contributions ("C")

(C1)   $6,000 in campaign contributions made to Alex Sink and voluntarily offered, and

turned over, to the United States on behalf of Alex Sink;

(C2)   $40,000 in campaign contributions to Republican Party of Florida, "Florida"

account and voluntarily offered, and turned over, to the United States by the

Republican Party of Florida;

(C3)   $10,000 in campaign contributions to Republican Party of Florida,  "Federal"

account and voluntarily offered, and turned over, to the United States by the

Republican Party of Florida;

(C4)   $90,000 in campaign contributions to Republican Party of Florida and voluntarily

offered, and turned over, to the United States by the Republican Party of Florida;

(C5)   $5,000 in campaign contributions to Republican Party of Florida by Rothstein business entity known as WAWW and voluntarily offered, and turned over, to the United States by the Republican Party of Florida;

(C6)   $800,000 Charitable Donation to Joe DiMaggio Children's Hospital, which hospital advised the United States of the donation from the Rothstein Family Foundation for the purpose of facilitating forfeiture;

(C7)   $1,000,000 Charitable Donation to Holy Cross Hospital, which hospital advised the United States of the donation from the Rothstein Family Foundation for the purpose of facilitating forfeiture;

(C8)   $9,600 in campaign contributions to Governor Charlie Crist, voluntarily offered, and turned over, to the United States by the office of Charlie Crist; and

(C9)   All funds voluntarily turned over to the United States (IRS/FBI), since in or about October 28, 2009, in response to publicity regarding Scott W. Rothstein.

**G.   Miscellaneous ("M"):**

(M1)   All premiums paid by or on behalf of Scott W. Rothstein, to Massachusetts Mutual Life Insurance Company, as set forth in 09-61915-CIV-JORDAN (SDFL);

(M2)   American Express rewards points totaling 20,920,701 as of 10/31/09 for account #1MXXXX4822; and

(M3)   All property, other than "funds," including watches and cars, voluntarily turned over to the United States (IRS/FBI) since in or about October 28, 2009 in response to publicity regarding Scott W. Rothstein.

-18-