UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  09-60331-CR-COHN

UNITED STATES OF AMERICA,

v.

SCOTT W. ROTHSTEIN,

          Defendant.

_____/

## GOVERNMENT'S RESPONSE TO COURT'S
## INQUIRY REGARDING PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, responds to the Court's inquiry of January 27, 2010, regarding the anticipated timing of a preliminary order of forfeiture, and submits as follows:

**Procedural Background**

1.      On December 1, 2009, Scott W. Rothstein (hereafter "defendant") was charged by way of Information with five felony violations: a RICO conspiracy, a money laundering conspiracy, a mail/wire fraud conspiracy, and two counts of substantive wire fraud.  The Information further sought the forfeiture of property pursuant to 18 U.S.C. §§ 1963, 982(a)(1) and §981(a)(1)(C) [DE #1].

2.      On December 7, 2009, the Court entered a Protective Order to preserve the availability of the property sought for forfeiture [DE #13].

3.      On January 27, 2010, the defendant plead guilty to the Information and agreed to forfeiture of assets listed in the Information and in the Bill of Particulars for Forfeiture  [DE #69, ¶6].

4.      Defendant's sentencing has been scheduled for May 6, 2010.

## STATEMENT OF APPLICABLE LEGAL AUTHORITY

Before property can be forfeited to the United States, and then distributed equitably to crime victims by the Attorney General[1] in accordance with a district court's restitution order,[2] relevant third party claims must be disposed of, to prevent inadvertent forfeiture of property belonging to someone other than the defendant. The forfeiture statutes at issue in this case, 18 U.S.C. § 1963, 18 U.S.C. § 982(a)(1) and 18 U.S.C. § 981(a)(1)(C), provide a mechanism for third parties to lay claim to criminally forfeited property.

Title 18, United States Code, Section 1963(l) provides in relevant part as follows:

> (2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may ... petition the court for a hearing to adjudicate the validity of his alleged interest in the property...
>
> (6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that –
>
>  (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title or interest was vested in the petitioner rather than the defendant or was  superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture

---

[1]Once the property is forfeited, the Attorney General may restore the forfeited property to victims of the charged crimes.  *See* 18 U.S.C. §1963(g) and 21 U.S.C. § 853( I).

[2]The power to use forfeited property for victim restitution rests solely with the Attorney General.  *See United States v. Bright*, 353 F.3d 1114, 1120-25 (9th Cir. 2004); *United States v. Alalade*, 204 F.3d 536 (4th Cir. 2000); *see also United States v. Herman*, 141 Fed. Appx. 870, 2005 WL 1736113, at *2 (11th Cir. 2005)(identifying *Alalade*, 204 F.3d 536, as "persuasive authority").

> under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

Title 18, United States Code, Section 1963(l).  Substantially identical provisions are found at Title 21, United States Code, Section 853(n).[3]

Thus, the forfeiture statutes allow a third party to defeat the government's claim to forfeited property in one of two narrow ways: (1) by establishing that his/her/its interest is superior to that of the defendant's or (2) by demonstrating that he/she/it was a *bona fide* purchaser of the property for value without reasonable cause to believe that the property was subject to forfeiture at the time of the purchase.  The forfeiture ancillary proceeding is not a liquidation proceeding in which a defendant's assets are distributed among his creditors, *see United States v. Watkins*, 320 F.3d 1274, 1283 (11th Cir. 2003), nor is it one in which third parties can attempt to collect debts a defendant may owe, *see DSI Assoc. LLC v. United States*, 496 F.3d 175, 184 (2d Cir. 2007), or seek relief from the wrongs a defendant may have perpetrated. *See United States v. Lavin*, 942 F.2d 177,187 (3rd Cir. 1991).

While in most cases the United States would submit its Motion for Preliminary Order of Forfeiture shortly after a defendant's guilty plea, thereby commencing the ancillary proceedings, the United States is assessing whether or not it should do so in this particular case. The subject case involves a massive Ponzi scheme wherein the defendant defrauded clients and investors of $1.2 billion. The monies obtained through the scheme were used to fund and operate Rothstein

---

[3]Because the language of 18 U.S.C. §1963 and 21 U.S.C. §853 is "substantially identical", "[c]ases applying one of these analogous statutes have used section 853(n) and section 1963(l) cases interchangeably." *See United States v. Gilbert,* 244 F.3d 888, 907, n. 47 (11th Cir. 2001), *citing United States v. Bissell*, 866 F.2d 1343, 1348 n. 3 (11th Cir. 1989).

Rosenfeldt Adler (RRA), to make contributions to federal, state, and local political candidates, and generous donations to public and private charitable institutions. The money was also used to pay for lavish gifts, including exotic cars, jewelry, boats, cash and bonuses to individuals and members of RRA, to hire local police officers to provide security, and to provide gratuities to high ranking members of police agencies. In addition, the money was used to purchase controlling interests in restaurants and other businesses. Thus, it is anticipated there will be a number of unsecured creditors attempting to claim an interest in the property sought for forfeiture.

It has long been a principal of asset forfeiture law, that an unsecured creditor has no legal interest in forfeited property. *See United States v. Watkins*, 320 F.3d 1279, 1283 (11th Cir. 2003)(preventing unsecured creditor from contesting forfeiture; unsecured creditors cannot be *bona fide* purchasers for value);[4] *see also United States v. One Sixth Share, etc.,* 3326 F.3d 36, 45 (1st Cir. 2003)(explaining why an unsecured creditor of the wrongdoer is not permitted to contest the forfeiture of the wrongdoer's assets: "Congress has provided for justice a different way: it has provided that the government, which stands for all the citizens, may take the criminal's property by

---

[4]The Eleventh Circuit stated: "[w]e agree with the majority view that unsecured or general creditors cannot be considered *bona fide* purchasers for value within the meaning of § 853(n)(6)(B). Specifically, we share the concern expressed by the District of Columbia Circuit that were we to hold otherwise courts adjudicating forfeiture actions 'would be converted into a bankruptcy court[s] and would not be able to grant forfeiture to the government until [they] determined that no general creditor would be unable to satisfy its claim against the defendant...As the *BCCI Holdings* court continued: That result appears patently at odds with the statutory scheme, which directs parties without an interest in specific property to seek relief from the Attorney General, not the court adjudging the forfeiture. The Attorney General has the authority to dispense confiscated funds ' to protect the rights of innocent persons,' and general creditors seem precisely the type of innocent persons Congress had in mind.

*Id.* at 1283 (internal citations omitted).

forfeiture, and has limited those who may assert competing claims."). However, whether an unsecured creditor can satisfy the "legal interest" requirement in Section 853(n)(2) is an issue currently before the Eleventh Circuit Court of Appeals. *See*, *United States v. Ramunno*, 09-10446-DD, appeal from 2009 WL 363910 (N.D. Ga.) and 588 F.Supp.2d 1360 (N.D. Ga. 2008).

In *Ramunno*, the United States seized between $5 and $6 million which was to be used for the *pro rata* restitution of the approximately 90 victims. Over $2 million was in a particular account. One victim was able to trace his $2 million into the particular bank account that received funds from various investors. The victim asked the district court to impose a constructive trust and find his interest in the $2 million was superior to Ramunno's. Correctly ignoring the victim's ability to trace his funds to the bank account,[5] the district court rejected the victim's argument finding, first, that he was an unsecured creditor who had no legal interest in the forfeited property, and second, finding that the imposition of a constructive trust was neither equitable nor fair. Relying on *United States v. Shefton*, 548 F.3d 1360 (11th Cir. 2008), the victim appealed.

It is the government's intent to maximize recovery for the victims, as quickly as possible. The nature of the case and the current state of the law, as described above, causes the United States some concern regarding whether the goals of rapid, maximized recovery to victims of the defendant's crimes, can be accomplished through the forfeiture framework. Unsecured creditors,

---

[5]In *United States v. Eldick*, 223 Fed. Appx. 837, 839-841 (11th Cir. 2007), this Court held that the ability of a fraud victim to trace his losses to the defendant's property makes no difference. To have standing to contest the forfeiture of property in the ancillary proceeding, the claimant must have a present interest in the property, not a former interest traceable back to an investment or other transfer of title.

who may or may not qualify as "victims" of defendant's crimes, will likely attempt to capitalize on the complexity of this case and the perceived opportunities caused by *Ramunno*. These efforts could delay distribution to victims[6] and could potentially result in a substantial depletion of assets from the pool, which assets would otherwise be available to victims on a *pro rata* basis. At the very latest, the United States must decide whether to further pursue forfeiture by the time that sentence is imposed. Fed.R.Crim.P. 32.2(b)(4).

As a method of avoiding protracted litigation within the forfeiture framework, the United States is considering proceeding directly to restitution. The restitution statutes are keenly focused on ensuring that *victims*, as defined by the restitution statutes, receive full and timely restitution.[7] Proceeding directly to restitution, should ensure that all true victims, a subset of the multitude of unsecured creditors which apparently exist in this case, are treated equitably, on a *pro rata* basis. The restitution process may therefore be streamlined and may maximize, and provide for, more rapid recovery by the victims. Once a restitution order is entered at sentencing, the restrained assets can be made available for restitution.

---

[6]Notably, Ramunno was convicted in 2007 yet these funds are not yet available for restitution to victims.

[7]For example, the Mandatory Victims Restitution Act of 1996 ("MVRA") requires that restitution be imposed and that the terms of payment "shall be the shortest time in which full payment can reasonably be made." 18 U.S.C. § 3572(d)(2).

In light of the foregoing, including the United States' responsibilities to victims, the government submits that a preliminary order of forfeiture is not practicable at this time.

Respectfully submitted,

JEFFREY H. SLOMAN
UNITED STATES ATTORNEY

By:   /s/ *Alison W. Lehr*
Alison W. Lehr (FL Bar No.444537)
Assistant United States Attorney
99 NE 4th Street
Miami, FL   33132-2111
Tel. (305) 961-9176
Fax. (305) 536-7599
Alison.Lehr@usdoj.gov

By:   /s/ *Evelyn B. Sheehan*
Evelyn B. Sheehan (FL Bar No.944351)
Assistant United States Attorney
99 NE 4th Street
Miami, FL   33132-2111
Tel. (305) 961-9125
Fax. (305) 536-7599
Evelyn.Sheehan@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 3, 2010, I electronically filed the foregoing United States' Response to Court's Inquiry Regarding Preliminary Order of Forfeiture.

/s/Alison W. Lehr
Alison W. Lehr
Assistant United States Attorney