UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA,

v.

SCOTT W. ROTHSTEIN,

        Defendant.
_____/

### UNITED STATES' MOTION TO PERMIT ENTRY ON LAND

The United States of America, pursuant to 18 U.S.C. § 1963(d)(1) and 21 U.S.C. § 853(e)(1)(A), moves for an order permitting the U.S. Marshals Service ("USMS") or the Internal Revenue Service ("IRS"), or their designees, to enter each of the real properties named for forfeiture in the Information and in the Bill of Particulars for Forfeiture (hereafter the "subject real properties") to determine occupancy and evaluate the interior condition of the properties. In support of its motion, the United States submits as follows:

    1.    On December 1, 2009, the defendant, Scott W. Rothstein (hereinafter "defendant"), was charged by way of Information with a RICO conspiracy in violation of 18 U.S.C. §1962(d), with a money laundering conspiracy in violation of 18 U.S.C. §1956(h), with a mail and wire fraud conspiracy in violation of 18 U.S.C. §1349 and with substantive wire fraud in violation of 18 U.S.C. §1343 [DE 1].

    2.    The Information also placed defendant on notice that, if convicted, the United States would pursue forfeiture of certain specific assets, and a money judgment, pursuant to the applicable statutes. In addition, the defendant was placed on notice that other assets were subject to forfeiture, through a Bill of Particulars for Forfeiture [DE 34].

3.  On December 7, 2009, this Court entered a Protective Order restraining the transfer, alienation, encumbrance or dissipation of the assets [DE 13]. All property owners were required to maintain the condition of the real properties subject to the Order, including timely payment of all mortgage or rent payments, and insurance, utilities, taxes and assessments.

4.  The USMS and the IRS physically served the Protective Order and conducted visual inspections of the exterior of each of the subject real properties, described in Exhibit A, attached hereto. No security concerns were observed at the time of the visual inspections.

5.  On January 27, 2010, the defendant plead guilty to the five count Information. [DE 69]. No forfeiture order has been entered as of this time, and since no exigent circumstances exist, the subject real properties, with one exception,[1] have not been seized.[2]

6.  Some of the subject real properties are occupied. With reference to at least three occupied properties, rents have been collected by Kimberly Rothstein's attorney, Marc Saidel, in a segregated trust account created for that purpose. Any party wishing to remain in any of the subject properties will be required to execute an occupancy agreement with the USMS and the United States.

7.  In order to properly effectuate the meaning and intent of this Court's Protective Order, the United States would request that the USMS, the IRS, or their designees be permitted and

---

[1] Only one property has necessitated immediate attention. The IRS property contractor took administrative custody of the property located at 11 Bluff Hill, in Narragansett, Rhode Island, on December 23, 2009 so the property could be properly winterized to prevent damage.

[2] The United States Supreme Court has held that real property may not be seized, except in exigent circumstances, without giving a property owner notice of the proposed seizure and an opportunity for an adversarial hearing. *See United States v. James Daniel Good Real Property,* 114 S.Ct. 492 (1993). In light of the *James Daniel Good* decision, Department of Justice Policy suggests that properties should be posted, under the admiralty rules, rather than seized. Under this method, the actual "seizure" of the property takes place upon or after forfeiture and after the disposition of third party rights.

directed to do the following on the subject real properties:

      a.      to enter onto the subject real properties, including any curtilage, on one or more occasions during the pendency of this criminal action, for the purpose of identifying occupants and their status on the properties, such information to be compared against information already in possession of the United States;

      b.      to obtain copies of any and all leases, information as to the amount of rent being paid and the amount of rents that have been paid since November 1, 2009, as well as the names and addresses of all persons paying rents and to whom rents, if any, are being paid, such information to be compared against information already in possession of the United States;

      c.      to arrange for the transfer of funds held in trust by Attorney Saidel to the USMS;

      d.      to make any rents due from the subject real properties be paid to the USMS, or its designee, as custodian, pending the final disposition of the criminal forfeiture matters in the instant;

      e.      to enter onto the subject real properties, including any curtilage, on one or more occasions during the pendency of this criminal action, for the purpose of documenting the interior condition of the structure and inspecting for damage, which inspection may include, among other means, still and video photography;

      f.      to enter the real properties, including any curtilage, on one or more occasions during the pendency of this criminal action, for the purpose of conducting an appraisal of the real properties;

      g.      to be accompanied on any such occasion by any appraiser(s) selected by it for the purpose of appraising the condition and value of the subject real properties, which appraisal may include, among other means, still and video photography;

      h.      to be accompanied on any such occasion by any federal, state, and local law

enforcement officers selected by it to ensure the safety of personnel acting under this Court's order; and

  i. to use a lock smith and/or other required force as reasonably deemed necessary to enter unoccupied real property and, in the event that a lock smith and/or force is used, to resecure the property.

## **MEMORANDUM OF LAW**

Pursuant to 18 U.S.C. § 1963(d)(1), and 21 U.S.C. § 853(e)(1), the Court is "authorized to ... take any ... action to preserve the availability of property" subject to forfeiture for violations of 18 U.S.C. §§ 1962(d), 1956(h), 1349 and 1343. The court has jurisdiction to enter orders as provided in the relevant sections regarding property which may be subject to forfeiture or which property has been ordered forfeited. 18 U.S.C. § 1963(j) and 21 U.S.C. § 853(l). The Court can and should enter an order permitting the entry to determine occupancy, to appraise and to inspect the interior condition of the properties and any structures thereon, thereby preserving the value of the property for forfeiture.

The authority for the Court to order the sale of potentially depreciating assets is found primarily in the underlying forfeiture statute and is buttressed by other statutory provisions incorporated therein by reference. Title 21, United States Code, Section 853(j) makes the civil forfeiture provisions of Title 21 applicable to criminal proceedings. The civil forfeiture provisions of Title 21 define the available mechanisms for entry on and appraisal of property named in a forfeiture action. Subsection 985(b)(2) explicitly allows for a writ of entry to be executed "for the purpose of conducting an inspection ... of the property" and further provides that execution of such a writ of entry "shall not be considered a seizure."

Pursuant to these various statutes and Rules, the Court has the authority to enter an order

permitting the entry onto real estate properties that are the subject of a protective order. The value of the subject real properties needs to be preserved for forfeiture and/or for eventual restitution to the victims of the activities charged in the Information. By determining occupancy and conducting interior inspections and appraisals of the subject real properties, the potential dissipation of the value of the assets will be minimized.

## **CONCLUSION**

In view of the foregoing, the United States requests that the Court enter the proposed order permitting entry on land pursuant to 18 U.S.C. § 1963(d) and 21 U.S.C. § 853(e), as said order is required to preserve the value of the assets named for forfeiture, to preserve the amount to be realized from the assets for any contemplated restitution, and is otherwise in the interest of all interested parties, known and unknown, in relation to the forfeited assets.

**WHEREFORE**, based on the foregoing, the United States requests the Court enter the proposed Order Permitting Entry on Land as to each of the subject real properties, and grant such other relief as is just and lawful.

Respectfully submitted,

JEFFREY H. SLOMAN
UNITED STATES ATTORNEY

By:   /s/Alison W. Lehr
ALISON W. LEHR
Assistant United States Attorney
Fla. Bar No. 444537
99 N.E. 4th Street - 7th Floor
Miami, Florida  33132
Telephone: (305) 961-9176
Fax: (305) 536-7599
Alison.Lehr@usdoj.gov

By:   /s/Evelyn B. Sheehan
Evelyn B. Sheehan
Florida Bar No. 944351
Assistant United States Attorney
U.S. Attorney's Office - SDFL
99 Northeast Fourth Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9125
Facsimile: (305) 536-7599
Evelyn.sheehan@usdoj.gov

## **EXHIBIT A**

(RP1)   2307 Castilla Isle, Fort Lauderdale, Florida, including all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as Lauderdale Shores Reamen Plat 15-31 B Lot 2 Blk 5 with a Folio Number of 5042 12 13 0210;

(RP2)   2308 Castilla Isle, Fort Lauderdale, Florida, including all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: Lauderdale Shores Reamen Plat 15-31 B Lot 2 Blk 4 with a Folio Number of 5042 12 13 0020;

(RP3)   2316 Castilla Isle, Fort Lauderdale, Florida, including all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: Lauderdale Shores Reamen Plat 15-31 B Lot 3 & Lot 4 W ½ Blk 4 with a Folio Number of 5042 12 13 0030;

(RP4)   30 Isla Bahia Drive, Fort Lauderdale, Florida, including all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: Isla Bahia 47-27 B Lot 63 with a Folio Number of 5042 13 16 0640;

(RP5)   29 Isla Bahia Drive, Fort Lauderdale, Florida, including all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: Isla Bahia 47-27 B Lot 35 with a Folio Number of 5042 13 16 0360;

(RP6)   350 SE 2nd Street, Unit 2840, Fort Lauderdale, Florida, including that portion of the condominium, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: 350 Las Olas Place Condo Unit 2840 with a Folio Number of 5042 10 AN 1490;

(RP7)   380 Carrington Drive, Weston, Florida, including all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: Sector 4 North 153-46 B Lot 24 Blk A with a Folio Number of 5039 01 02 0240;

(RP8)   2133 Imperial Point Drive, Fort Lauderdale, Florida, including all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: Imperial Point 1 Sec 53-44 B Lot 11 Blk 22 with a Folio Number of 4942 12 07 2020;

(RP9)   2627 Castilla Isle, Fort Lauderdale, Florida, including all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: Lauderdale Shores Reamem Plat 15-31 B Lot 22 Blk 5 with a Folio Number of 5042 12 13 0380;

(RP10) 10630 NW 14th Street, Apt. 110, Plantation, Florida, including that portion of the condominium/townhome, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: OPTIMA VILLAGE 1-"C" CONDO UNIT 201 BLDG 2 with a Folio Number of 4941 31 AC 0110;

(RP11) 227 Garden Court, Lauderdale by the Sea, Florida, including that portion of the buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: SILVER SHORES UNIT A 28-39 B POR of Lot 4, BLK 5 DESC AS TO BEG AT SE COR SAID LOT 4, N 79.37 W 37.75, S 79.37, E 35.75 TO POB AKA: UNIT E MARINA VILLAGE TOWNHOMES 227GARDEN with a Folio Number of 4943 18 24 0050;

(RP12) 708 Spangler Boulevard, Bay 1, Hollywood, Florida, including all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: HARBOR VIEW 10-5 B PORTION OF LOTS 1 & 2 BLK 2 DESC AS COMM 25 S OF NE COR OF LOT 2 ON E/L, W 20.52 ALG S/R/W/L OF ST RD 84, S 15.72 TO POB, S 7.25, E 12.59, S 24.40, W 29.92, N 7.66, W 31.74, N 24.00, E 49.07 TO POB AKA: BAY 1 PORTSIDE with a Folio Number of 5042 23 28 0010;

(RP13) 1012 East Broward Boulevard, Fort Lauderdale, Florida, including all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: BEVERLY HEIGHTS 1-30 B LOT 1 W 100, LOT 2 W 100 BLK 17 with a Folio Number of 5042 11 07 0540;

(RP14) 950 N Federal Highway, Pompano Beach, Florida, including all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: 31-48-43 S 150 OD FOL DESC, BEG INTER E R/W/L ST RD 5, N TO POB with a Folio Number of 4843 31 00 0401;

(RP15) 350 Las Olas Boulevard, Commercial Unit 2, Fort Lauderdale, Florida, including all portion of that condominium, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: 350 LAS OLAS PLACE COMM CONDO UNIT CU2 with a Folio Number of 5042 10 AP 0020;

(RP16) 361 SE 9 Lane, Boca Raton, Florida, including all buildings, improvements, fixtures, attachments and easements found therein or thereon;

(RP17) 1198 N Old Dixie Highway, Boca Raton, Florida, including all buildings, improvements, fixtures, attachments and easements found therein or thereon;

(RP18) 1299 N Federal Highway, Boca Raton, including all buildings, improvements, fixtures, attachments and easements found therein or thereon;

(RP19) 151 East 58 Street, Apartment 42D, New York, New York, including all portion of that condominium, improvements, fixtures, attachments and easements found therein or thereon;

(RP20)  11 Bluff Hill Cove Farm, Narragansett, Rhode Island, including all buildings, improvements, fixtures, attachments and easements found therein or thereon;

(RP21) 15 Bluff Hill Cove Farm, Narragansett, Rhode Island, including all buildings, improvements, fixtures, attachments and easements found therein or thereon;

(RP22) 353 4 Ave., Unit 12-H, Brooklyn, NY, including all portion of that condominium, improvements, fixtures, attachments and easements found therein or thereon;

(RP23) 290W 11th St #1C, NY, NY, including all portion of that condominium, improvements, fixtures, attachments and easements found therein or thereon; and

(RP24) 1116 Ocean Drive, Miami Beach, FL 33139-4609 (Casa Casuarina/Versace Mansion), including all buildings, improvements, fixtures, attachments and easements found therein or thereon.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 3, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By:     */s/ Evelyn B. Sheehan*
           Evelyn B. Sheehan
           Assistant United States Attorney