UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA,

Plaintiff,

v.

SCOTT W. ROTHSTEIN,

Defendant.

_____/

## ORDER DENYING MOTION FOR REFERRAL OF THIRD PARTY CLAIMS and ORDER DENYING MOTION FOR JOINT STATUS CONFERENCE

**THIS CAUSE** is before the Court upon the Chapter 11 Bankruptcy Trustee's

("Trustee") Motion to Refer All Third Party Claims to United States Bankruptcy Court

[DE 88], the Trustee's Motion for Joint Status Conference [DE 89], the Government's

Response to Court's Order to Show Cause [DE 90], the Government's Response in

Opposition to Trustee's Motion to Refer all Third Party Claims to the United States

Bankruptcy Court [DE 94], the Government's Response in Opposition to Trustee's

Motion for Joint Status Conference [DE 95], the Trustee's Notice of Filing TD Bank,

N.A.'s Response in Support of Motion for Joint Status Conference [DE 96], the

Trustee's Reply to the Government's Response to Trustee's Motion to Refer Third

Party Claims to Bankruptcy Court [DE 97], and the Trustee's Reply to the Government's

Response to Trustee's Motion for Joint Status Conference [DE 98] (collectively

"Submissions"). The Court has carefully considered the above Submissions and is

otherwise advised in the premises.

On January 4, 2010, the Court denied without prejudice the Trustee's Motion to

Modify Protective Order in which the Trustee sought modification as to certain bank accounts of Rothstein Rosenfeldt Adler, P.A. ("RRA") frozen by this Court's Protective Order [DE 25]. The Court stated, however, that the motion was premature, and that third-party claims could be filed later in the forfeiture proceeding. The recent Submissions have shed further light on the future procedural status of this case.

The Government has now stated that it is considering foregoing forfeiture proceedings and to proceed solely through restitution. Although criminal forfeiture is optional at the discretion of the Government, restitution is mandatory in sentencing for all convictions of crimes as more particularly set forth in the Mandatory Victims Restitution Act ("MVRA"). 18 U.S.C. § 3663A. Thus, maximization of the amount of restitution and preservation of assets available for restitution is of paramount concern to this Court. As provided in 18 U.S.C. § 3664(f)(1)(A), the amount of restitution is not discretionary. Rather, the amount of restitution shall be for the full amount of each victim's loss as determined by the Court and must be ordered without consideration of the defendant's economic circumstances. Id.

Likewise, the Court may not order restitution without the Government identifying the victims, 18 U.S.C. § 3663A(c)(1)(B), and restitution under MVRA is available only for victims of the "offense of conviction." United States v. Romines, 204 F.3d 1067, 1068 (11th Cir. 2000). To be a "victim" under the MVRA, a party "must have suffered harm that directly and proximately results from the commission" of the defendant's offenses. United States v. Robertson, 493 F.3d 1322, 1334 (11th Cir. 2007). In other words, there must be a direct link between the charged offense and the loss to the

2

victim. <u>United States v. Ledesma</u>, 60 F.3d 750, 750 (11th Cir. 1995). Therefore, to prove that an individual is a victim, the Government must show two things: (1) that a particular loss would not have occurred "but for the conduct underlying the offense of conviction" and (2) that "the causal connection between the conduct and the loss is not too attenuated (either factually or temporally)." <u>Robertson</u>, 493 F.3d at 1334 (quoting <u>United States v. Cutter</u>, 313 F.3d 1, 7 (1st Cir. 2002)). The Government need not show that a defendant's conduct was the sole cause of the loss. <u>Id.</u> ("Whether a person or entity was a victim is a legal conclusion [whereas] proximate cause is a factual finding . . . .").

With respect to non-investor clients of RRA, a determination has not been made at this time whether they would qualify as "victims" of Mr. Rothstein's crimes for purposes of restitution. It has been averred that non-investor clients of RRA maintained funds in certain RRA titled bank accounts. These non-investor clients were not clients of Mr. Rothstein's investment scheme - they merely suffered the misfortune of having their funds commingled with Ponzi funds in the RRA accounts. Normally, third parties, such as the non-investor clients of RRA, could assert their claims in an ancillary proceeding under the criminal forfeiture statute. 21 U.S.C. §853(n). Here, the non-investor RRA clients are precluded at this time from asserting their rights against the RRA titled bank accounts because the Government has elected to not advance its forfeiture claim.[1]

---

[1]     The Government is reluctant to proceed in forfeiture based on the pending appeal of <u>United States v. Ramunno</u>, 588 F.Supp.2d 1360 (N.D. Ga. 2008). However, the Government's concern about the impact of <u>Ramunno</u> on the <u>Rothstein</u>

To the extent that the non-investor client funds are determined not to be "involved in" the criminal activity of Mr. Rothstein, such funds are not subject to forfeiture under 18 U.S.C. §§ 981 and 982. Furthermore, the Eleventh Circuit has held that forfeiture of untainted funds commingled with tainted Ponzi funds is acceptable where "the government establishes that the defendant did so 'to facilitate or disguise his illegal scheme.'" United States v. Seher, 562 F.3d 1344, 1368 (11th Cir. 2009) (quoting United States v. Puche, 350 F.3d 1137, 1153 (11th Cir. 2003)). In light of the hundreds of millions of dollars involved in the Ponzi scheme in this case, it may be difficult for the Government to demonstrate that the substantially lesser amount of non-investor RRA client funds facilitated the money laundering and other fraudulent activities.

The Court recognizes, based on the Government's Response to Court's Order to Show Cause [DE 90], that there may in fact be no non-investor RRA client funds in any of the RRA titled bank accounts that are subject to the Protective Order. Until such a determination is made, it would be premature for this Court to consider a motion to turn over the RRA titled bank accounts or any funds contained therein to the Trustee.[2] The

---

case is misplaced. Ramunno deals with elevating the claim of one investor victim over other investor victims based on the ability to trace an investor's funds to a particular seized account. In contrast, the issue here is whether non-investor RRA client funds in a seized account should be available for restitution to all claimants whether they are investor clients or non-investor clients.

[2] Similarly, until the Court is fully informed of the universe of non-investor client funds subject to this Court's Protective Order, a joint status conference is premature since the Government may demonstrate that there are no non-investor RRA client funds to be administered by the Trustee as part of the bankruptcy estate. All parties are urged to cooperate and coordinate as much as they can with respect to the

4

parties shall, however, confer and exchange records of the subject accounts in an attempt to resolve the issue consistent with this Court's finding.  Should the parties fail to achieve a resolution by March 23, 2010, the burden will be on the Government to establish a nexus between the funds in the protected accounts and the crimes of conviction by filing a brief describing this nexus by March 30, 2010.

Accordingly, it is thereupon

**ORDERED AND ADJUDGED** that the Trustee's Motion to Refer All Third Party Claims to the United States Bankruptcy Court [DE 88] is **DENIED**.

It is **FURTHER ORDERED AND ADJUDGED** that the Trustee's Motion for Joint Status Conference [DE 89] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 16th day of March, 2010.

**JAMES I. COHN**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record on CM/ECF

_____

recovery and eventual distribution of assets.

5