UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA,

v.

SCOTT W. ROTHSTEIN,

Defendant.

_____/

**GOVERNMENT'S EX PARTE MOTION FOR SECOND
POST-INFORMATION PROTECTIVE ORDER**

The United States of America  respectfully requests, pursuant to the provisions of 18 U.S.C.

§ 1963(d)(1)(A), and the provisions 21 U.S.C. § 853(e)(1)(A), that this Court enter a second

Protective Order, which Protective Order encompasses properties listed in a Post-Information Bill

of Particulars for Forfeiture.  In support of this motion the United States submits that:

1.      On December 1, 2009, the defendant, Scott W. Rothstein (hereinafter

"ROTHSTEIN"), was charged by way of Information with a RICO conspiracy in violation of 18

U.S.C. §1962(d), with a money laundering conspiracy in violation of 18 U.S.C. §1956(h), with a

mail and wire fraud conspiracy in violation of  18 U.S.C. §1349 and with substantive wire fraud in

violation of  18 U.S.C. §1343.

2.      The Information also placed defendant on notice that, if convicted, the United States

would pursue forfeiture of certain specific assets, and a money judgment, pursuant to the applicable

statutes.  A non-exclusive list of assets was included in the Information.

3.      The Court entered a Protective Order [DE #13] which has been modified with respect

to the assets encompassed by the Order [DE #16 and DE #65].

-1-

4.      Since the time that the Court entered its Protective Order, the United States filed a Bill of Particulars for Forfeiture, identifying assets which are subject to forfeiture in the event of a conviction [DE #34].

5.      The defendant has entered a guilty plea, and has admitted that the items identified for forfeiture in the Information and the Bill of Particulars are forfeitable and that his interest in those assets are subject to forfeiture and/or restitution [DE #69, ¶¶ 5-6].

6.      Pursuant to 18 U.S.C. § 1963(d)(1),  the Court is authorized to enter a restraining order or injunction, require the execution of satisfactory performance bond, or take any other action to preserve the availability of property subject to forfeiture for violations of 18 U.S.C. § 1962(d).

7.      Pursuant to 21 U.S.C. § 853(e)(1), the Court is authorized to enter a restraining order or injunction, require the execution of satisfactory performance bond, or take any other action to preserve the availability of property subject to forfeiture for violations of 18 U.S.C. § 1956(h),[1] 18 U.S.C. § 1349[2], and 18 U.S.C. § 1343.

8.      The charging of ROTHSTEIN by Information, his entry of a guilty plea consistent

---

[1]Title 18, United States Code, Section 982(a)(1) provides for forfeiture upon violation of Title 18, United States Code, Sections 1956, 1957 and 1960.  Title 18, United States Code, Section 982(b) provides that forfeiture of property under Section 982 is governed by the provisions of Title 21, United States Code, Section 853.

[2]Title 18, United States Code, Section 981(a)(1)(C) provides for forfeiture when certain crimes, or conspiracies to commit those crimes, are concerned.  The violations for which such forfeiture is available include offenses constituting specified unlawful activities in 18 U.S.C. § 1956(c)(7).  Title 18, United States Code, 1956(c)(7) lists, as an offense, "any act or activity constituting an offense listed in section 1961(1)."  A violation of 18 U.S.C. § 1343 is among the offenses set forth in 18 U.S.C. § 1961(1).  Title 28, United States Code, Section 2461, allows the "civil" forfeiture provisions of 18 U.S.C. § 981(a)(1)(C) to be utilized in a criminal case. Title 28, United States Code, Section 2461 provides that the procedures set forth in 21 U.S.C. § 853 apply to all stages of a criminal forfeiture proceeding.

with a Plea Agreement and Factual Proffer,  and the attached affidavit of Internal Revenue Service Special Agent Lisa Klitz, verified under penalty of perjury, establish sufficient probable cause for the issuance of the requested second protective order.

## II.     The Terms Of The Order

The United States requests that the Court enter a second protective order immediately restraining, prohibiting, and enjoining defendant, and his agents, servants, employees, attorneys, family members and those persons in active concert or participation with him, and those persons, financial institutions, or entities who have any interest or control over the subject property from attempting or completing any action that would affect the availability, marketability or value of said property, including but not limited to withdrawing, transferring, selling, assigning, pledging, distributing, encumbering, wasting, secreting or otherwise disposing of, or removing from the jurisdiction of this Court, all or any part of their interest, direct or indirect, in all of the properties identified in Government's Bill of Particulars for Forfeiture, attached as Exhibit A.

The United States further requests that appropriately designated agents of the United States be directed to give notice of the second protective order entered herein to those individuals or institutions in control of, or with  an interest, in the assets in question.  The United States requests that it be permitted to provide  notice of the entry of the protective order through facsimile transmission to such institutions and individuals (other than defendant).  To the extent that the protective order is provided to such institutions and individuals, the United States requests that this Court direct that such institutions and individuals, provide, within 20 days of the service of the protective order, information regarding the interest claimed by such institutions or individuals, and to provide other information which may become necessary for the resolution of any issues as to this

restraint.

The United States further requests that the second protective order remain in full force and effect until further order of this Court.

**WHEREFORE**, based on the foregoing, the United States requests the Court enter the proposed Second Protective Order submitted herewith, and grant such other relief as is just and lawful.

Respectfully submitted,

JEFFREY H. SLOMAN
UNITED STATES ATTORNEY


By:   /s/Alison W. Lehr
ALISON W. LEHR
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 444537
99 N.E. 4th Street - 7th Floor
Miami, Florida   33132
Telephone: (305) 961-9176
Fax: (305) 536-7599
Alison.Lehr@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 29, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ Alison W. Lehr
ALISON W. LEHR
Assistant United States Attorney