UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60331-CR-Cohn

UNITED STATES OF AMERICA,

v.

SCOTT W. ROTHSTEIN,

    Defendant.
_____/

**ORDER SETTING DEADLINE FOR FILING PRELIMINARY ORDER
FOR FORFEITURE UNDER FED. R. CRIM. P. 32.2 AND
GRANTING IN PART AND DEFERRING IN PART GOVERNMENT'S
MOTION FOR SECOND POST-INFORMATION PROTECTIVE ORDER**

**THIS CAUSE** is before the Court upon the Government's Ex Parte Motion for Second Post-Information Protective Order (the "Motion") [DE 100]. The Court has reviewed the Motion, the Chapter 11 Trustee's response in opposition [DE 101], the Government's reply [DE 105] and is otherwise advised in the premises.

On December 7, 2009, the Court entered a Protective Order [DE 13] to preserve the availability of the property sought for forfeiture and identified in the Information. On January 10, 2010, the Government filed a First Bill of Particulars as to Forfeiture [DE 34] wherein it identified additional assets for forfeiture. On January 27, 2010, Defendant pled guilty to the Information and agreed to the forfeiture of all of the assets identified for forfeiture in the Information and the Bill of Particulars [DE 69, ¶6]. The Court scheduled sentencing for May 6, 2010.

## I. FORFEITURE PROCEEDING

The Government has represented to this Court and most recently, before the United States Bankruptcy Court, that it has not yet decided whether to pursue forfeiture. On March 26, 2010, the Government stated at a status conference held before Bankruptcy Judge Ray:

> The United States has not made an affirmative decision regarding whether to pursue forfeiture of any or all of the assets at this time. The absolute last date at which we can do that under law is the sentencing order.

Transcript of March 26, 2010 Hearing [DE 103, p. 12].

In spite of the Government's refusal to submit a preliminary order of forfeiture, the Government has repeatedly used the forfeiture statutes to prevent third parties such as the Chapter 11 Trustee from intervening and asserting their rights to RRA bank accounts subject to the Protective Order. For example, in its March 5, 2010 opposition to the Chapter 11 Trustee's motion to refer third party claims to the Bankruptcy Court, the Government argued:

> until forfeiture ancillary proceedings are initiated, all third parties are prohibited from intervening in the case to claim an interest in forfeitable property. 18 U.S.C. §1963(i); 21 U.S.C. §853(k). The Bankruptcy Trustee's actions are specifically barred by statute [DE #23, pp. 5-7]. "Section 853(k) imposes an *absolute bar* on all suits claiming an interest in forfeitable property unless the action is brought within the confines of an ancillary proceeding." In re Global Vending, 2005 WL 2451763 at *2 (Bankr. S.D. Fla. 2005)(emphasis added).

Government's Response in Opposition to Chapter 11 Bankruptcy Trustee's Motion to Refer All Third Party Claims to the United States Bankruptcy Court [DE 94, p. 8].

The ancillary procedure by which a third party can assert its interest in forfeitable assets was enacted in recognition of the "potential hardships inflicted by

criminal forfeiture statutes on third parties who must wait until after the government legally seizes an asset before it can test the legitimacy of their own claims." United States v. Kramer, 912 F.2d 1257, 1260 (11th Cir. 1990).

In the present case, the Chapter 11 Trustee has consistently advocated its interest in the RRA bank accounts subject to the Protective Order since its December 15, 2009 motion to modify the Protective Order seeking turnover of these accounts [DE 17]. To date, the Chapter 11 Trustee has been unable to challenge the scope of the Protective Order or be afforded an opportunity to assert third party claims to certain bank accounts. The Government's delay in filing a preliminary order of forfeiture has undermined the primary purpose of Fed. R. Crim. P. 32.2 to "enable third parties to assert their interests in an ancillary proceeding prior to the entry of criminal judgment and sentencing." United States v. Marion, 562 F.3d 1330, 1338 (11th Cir. 2009).

Not only has the Government's delay in deciding whether to pursue forfeiture been a burden on the Chapter 11 Trustee, it has also made it difficult for this Court to carry out its mandated role in forfeiture proceedings under Fed. R. Crim. P. 32.2. This rule states that, "[a]s soon as practical after ... a plea of guilty ... is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture" and "[i]f the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture." Fed. R. Crim. P. 32.2(b)(1)(A) and (b)(2)(A) (emphasis added).

Mr. Rothstein pled guilty on January 27, 2010. Almost three months has now elapsed without a preliminary order of forfeiture. A three month delay can hardly be

3

considered "prompt" action. Thus, the Government has failed to submit a preliminary order of forfeiture in compliance with Fed. R. Crim. P. 32.2.

## II. MOTION FOR SECOND PROTECTIVE ORDER

The pending motion for a second protective order essentially seeks to amend the original Protective Order. The Court has issued orders requesting the Government to establish its right to the forfeiture of certain RRA titled bank accounts in the Protective Order that the Chapter 11 Trustee has asserted an interest [DE's 99 and 104]. The Government's brief [DE 102] regarding the nexus between the funds contained in the bank accounts and the crimes of conviction left certain questions of the Court unanswered and as of April 13, 2010, the Government has only filed a partial response [DE 110] to the Court's order to show cause.

The Government's present motion seeks restraint over additional bank accounts (designated therein as BA 16-20) and other properties. Although the Government has filed the motion as an ex parte motion, the Chapter 11 Trustee has filed an objection. In its response, the Chapter 11 Trustee asserts that the bank accounts "are titled in the name of Rothstein Rosenfeldt and Adler, P.A." and that "[t]hese accounts do not belong to Scott Rothstein; they were property of the debtor, RRA, and are now property of the bankruptcy estate." Response, p. 4 [DE 101]. The Court concludes that it will only grant the Government's Motion as to the assets designated as Business Interests and Miscellaneous and reserves ruling on amending the Protective Order to add additional bank accounts pending the Government establishing a nexus between the funds

4

contained in the bank accounts and the crimes of conviction.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Government shall submit a preliminary order of forfeiture by no later than 2:00 p.m. on Monday, April 19, 2010, or otherwise be barred from seeking an order of forfeiture; and

2. The Motion shall be granted in part and deferred in part whereby:

    (a) The Protective Order shall be amended to include the assets designated as Business Interests and Miscellaneous in Exhibit A to the Motion [DE 100-1]; and

    (b) The Court reserves ruling on amending the Protective Order to add the additional bank accounts (designated as BA 16, 17, 18, 19 and 20 in Exhibit A to the Motion [DE 100-1]) pending the Government establishing a nexus between the funds contained in the bank accounts and the crimes of conviction.

**DONE AND ORDERED** in the Chambers in Fort Lauderdale, Broward County, Florida, on this 13th day of April, 2010.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided:
Counsel on record on CM/ECF