UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA,

v.

SCOTT W. ROTHSTEIN,

Defendant.
_____/

## PRELIMINARY ORDER OF FORFEITURE AND JUDGMENT

THIS CAUSE is before the Court upon motion of the United States for entry of a preliminary order of forfeiture and judgment. Being fully advised in the premises, this Court finds:

1.      On or about December 1, 2009, the United States Attorney for the Southern District of Florida charged defendant, SCOTT W. ROTHSTEIN (hereinafter "defendant"), by way of Information, with violations of 18 U.S.C. §1962(d), 18 U.S.C. §1956(h), 18 U.S.C. §1349 and 18 U.S.C. §1343 [DE #1].

2.      The Information further advised defendant that forfeiture of certain properties, and a forfeiture money judgment would be sought, pursuant to 18 U.S.C. §§1963, 982(a)(1) and 981(a)(1)(C).

3.      A Bill of Particulars for Forfeiture was filed by the United States on or about January 4, 2010, which Bill of Particulars identified additional property subject to forfeiture [DE #34].

4.      The defendant entered into a pre-plea Stipulation and Settlement Agreement in which he agreed to the forfeiture of all of his right, title and interest in all of the property set forth in the Information, the Bill of Particulars and in the pre-plea Stipulation and Settlement Agreement [DE

#66-1].

5.     On January 27, 2010, the defendant entered a plea of guilty to all of the charges

contained in the Information, acknowledged that he had entered into a pre-plea Stipulation and

Settlement Agreement, agreed that the properties identified in the Information and the Bill of

Particulars were acquired in violation of the law and/or used in violation of the law and agreed that

the properties were forfeitable pursuant to Title 18, United States Code, Sections 1963, 982(a)(1)

and/or 981(a)(1)(C) [DE #69]. Specifically, the defendant proffered that the properties identified

> were properly sought for forfeiture because the defendant acquired or maintained an
> interest therein or were derived from proceeds obtained directly and indirectly
> through the commission of the ... racketeering activity...were involved in and/or were
> traceable to the money laundering activity ... and that such properties were also the
> proceeds of or were derived from the mail and wire fraud activity...

[DE #69, pp. 14-15].

6.     The properties identified as subject to forfeiture in this case are specifically set forth

in the attached Exhibit A.

7.     The nexus between the crimes of conviction and the properties identified as subject

to forfeiture has been established.

8.     The amount of a forfeiture money judgment has been established.

Accordingly, based upon the evidence of record, upon motion of the United States and for

good cause shown, it is hereby

**ORDERED** that:

1. A forfeiture money judgment in the amount of $1,200,000,000.00 is entered against the

defendant, SCOTT W. ROTHSTEIN pursuant to Fed.R.Crim.P. 32.2(b). The proceeds obtained

from all properties seized and forfeited pursuant to this Order, minus the ordinary and necessary

expenses incurred by the United States to protect the interests of the United States or third parties, shall be applied to the defendant's money judgment.  It is further

**ORDERED and ADJUDGED** that:

2.      All right, title and interest of defendant, SCOTT W. ROTHSTEIN, in the property set forth in Exhibit A (hereinafter "forfeited property"), is hereby forfeited to the United States of America, pursuant to 18 U.S.C. §1963 and/or 18 U.S.C. § 982(a)(1) and/or 18 U.S.C. § 981(a)(1)(C).

3.      Agents of the Internal Revenue Service, or the United States Marshal, or any other duly authorized law enforcement official, shall seize and take custody of the forfeited property pursuant to 18 U.S.C. §1963(e) and 21 U.S.C. §853(g).  To the extent that the forfeited property is real property or a business interest, agents of the Internal Revenue Service, or the United States Marshal, or any other duly authorized law enforcement official, may seize and take custody of the forfeited property, pursuant to 18 U.S.C. §1963(e) and 21 U.S.C. §853(g).

4.      The United States shall publish notice of this Order in accordance with Federal Rule of Criminal Procedure 32.2(b)(6), and to the extent practicable, provide direct written notice to any known potential claimant. The United States shall state in the notice that any person, other than the defendant, having or claiming a legal interest in the property ordered forfeited by this Order, must file a petition with the Court within thirty (30) days of the final publication of the notice or receipt of actual notice, whichever is earlier; that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; that the petition shall be signed by the petitioner under penalty of perjury, shall set forth the nature and extent of petitioner's right, title and interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, and shall set forth any additional facts supporting the petitioner's claims and the

relief sought.

5.      Upon adjudication of all third-party interests, if any, this Court will enter a Final

Order of Forfeiture, pursuant to 18 U.S.C. §1963(l) and 21 U.S.C. § 853(n), in which all interests

will be addressed.  If no claims or petitions are filed within  thirty (30) days of the final publication

or receipt of actual notice, whichever is earlier,  then, pursuant to 18 U.S.C. §1963(l)(7) and 21

U.S.C. § 853(n)(7), this Order shall be deemed a final order of forfeiture, and the Internal Revenue

Service or the United States Marshal, or any other duly authorized law enforcement official, shall

dispose of the property forfeited hereunder according to law.

6.      Pursuant to Fed.R.Crim.P. 32.2(b)(4), this Order of forfeiture shall become final as

to the defendant upon entry and shall be made a part of the sentence.

7.      The United States may at any time move, pursuant to Fed. R.Crim. P. 32.2(e)(1), to

amend this Order to include property that is subject to forfeiture that was located and identified after

the entry of this Order; or is substitute property that qualifies for forfeiture under an applicable

statute, having a value not to exceed $1,200,000,000.00 to satisfy the money judgment, in whole or

in part.

8.      The United States District Court shall retain jurisdiction in this case for the purpose

of enforcing this Order.

**DONE AND ORDERED,** in Chambers, at Fort Lauderdale, Florida this _19TH_ day of April,

2010.

James J. Cohn

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

4

## ATTACHMENT A TO PRELIMINARY ORDER OF FORFEITURE

**A.     Real Properties ("RP"):**

(RP1)  2307 Castilla Isle, Fort Lauderdale, Florida,  hereafter also referred to as "Defendant RP1," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as Lauderdale Shores Reamen Plat 15-31 B Lot 2 Blk 5 with a Folio Number of 5042 12 13 0210;

(RP2)  2308 Castilla Isle, Fort Lauderdale, Florida, hereafter also referred to as "Defendant RP2," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: Lauderdale Shores Reamen Plat 15-31 B Lot 2 Blk 4 with a Folio Number of 5042 12 13 0020;

(RP3)  2316 Castilla Isle, Fort Lauderdale, Florida,  hereafter also referred to as "Defendant RP3," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: Lauderdale Shores Reamen Plat 15-31 B Lot 3 & Lot 4 W ½ Blk 4 with a Folio Number of 5042 12 13 0030;

(RP4)  30 Isla Bahia Drive, Fort Lauderdale, Florida, hereafter also referred to as "Defendant RP4," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: Isla Bahia 47-27 B Lot 63 with a Folio Number of 5042 13 16 0640;

(RP5)  29 Isla Bahia Drive, Fort Lauderdale, Florida, hereafter also referred to as

-1-

"Defendant RP5," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: Isla Bahia 47-27 B Lot 35 with a Folio Number of 5042 13 16 0360;

(RP6)   350 SE 2nd Street, Unit 2840, Fort Lauderdale, Florida, hereafter also referred to as "Defendant RP6," includes that portion of the condominium, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: 350 Las Olas Place Condo Unit 2840 with a Folio Number of 5042 10 AN 1490;

(RP7)   380 Carrington Drive, Weston, Florida, hereafter also referred to as "Defendant RP7," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: Sector 4 North 153-46 B Lot 24 Blk A with a Folio Number of 5039 01 02 0240;

(RP8)   2133 Imperial Point Drive, Fort Lauderdale, Florida, hereafter also referred to as "Defendant RP8," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: Imperial Point 1 Sec 53-44 B Lot 11 Blk 22 with a Folio Number of 4942 12 07 2020;

(RP9)   2627 Castilla Isle, Fort Lauderdale, Florida, hereafter also referred to as "Defendant RP9," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: Lauderdale Shores Reamem Plat 15-31 B Lot 22 Blk 5 with a Folio Number of 5042 12 13 0380;

(RP10) 10630 NW 14th Street, Apt. 110, Plantation, Florida, hereafter also referred to as "Defendant RP10," includes that portion of the condominium/townhome, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: OPTIMA VILLAGE 1-"C" CONDO UNIT 201 BLDG 2 with a Folio Number of 4941 31 AC 0110;

(RP11) 227 Garden Court, Lauderdale by the Sea, Florida, hereafter also referred to as "Defendant RP11," includes that portion of the buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: SILVER SHORES UNIT A 28-39 B POR of Lot 4, BLK 5 DESC AS TO BEG AT SE COR SAID LOT 4, N 79.37 W 37.75, S 79.37, E 35.75 TO POB AKA: UNIT E MARINA VILLAGE TOWNHOMES 227GARDEN with a Folio Number of 4943 18 24 0050;

(RP12) 708 Spangler Boulevard, Bay 1, Hollywood, Florida, hereafter also referred to as "Defendant RP12," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as: HARBOR VIEW 10-5 B PORTION OF LOTS 1 & 2 BLK 2 DESC AS COMM 25 S OF NE COR OF LOT 2 ON E/L, W 20.52 ALG S/R/W/L OF ST RD 84, S 15.72 TO POB, S 7.25, E 12.59, S 24.40, W 29.92, N 7.66, W 31.74, N 24.00, E 49.07 TO POB AKA: BAY 1 PORTSIDE with a Folio Number of 5042 23 28 0010;

(RP13) 1012 East Broward Boulevard, Fort Lauderdale, Florida, hereafter also referred to as "Defendant RP13," includes all buildings, improvements, fixtures, attachments

-3-

and easements found therein or thereon, and is more particularly described as:

BEVERLY HEIGHTS 1-30 B LOT 1 W 100, LOT 2 W 100 BLK 17 with a Folio

Number of 5042 11 07 0540;

(RP14) 950 N Federal Highway, Pompano Beach, Florida, hereafter also referred to as

"Defendant RP14," includes all buildings, improvements, fixtures, attachments

and easements found therein or thereon, and is more particularly described as: 31-

48-43 S 150 OD FOL DESC, BEG INTER E R/W/L ST RD 5, N TO POB with a

Folio Number of 4843 31 00 0401;

(RP15) 350 SE 2nd Street, Commercial Unit 2, Fort Lauderdale, Florida, hereafter also

referred to as "Defendant RP15," includes all portion of that condominium,

improvements, fixtures, attachments and easements found therein or thereon, and

is more particularly described as: 350 LAS OLAS PLACE COMM CONDO

UNIT CU2 with a Folio Number of 5042 10 AP 0020;

(RP16)  361 SE 9 Lane, Boca Raton, Florida hereafter also referred to as "Defendant

RP16," includes all buildings, improvements, fixtures, attachments and easements

found therein or thereon more particularly described as Lot 5, Mizner Lake

Estates, P.U.D.;

(RP17) 1198 N Old Dixie Highway, Boca Raton, Florida hereafter also referred to as

"Defendant RP17," includes all buildings, improvements, fixtures, attachments

and easements found therein or thereon;

(RP18) 1299 N Federal Highway, Boca Raton, Florida hereafter also referred to as

"Defendant RP18," includes all buildings, improvements, fixtures, attachments

-4-

and easements found therein or thereon;

(RP19) 151 East 58 Street, Apartment 42D, New York, New York hereafter also referred to as "Defendant RP19," includes all portion of that condominium, improvements, fixtures, attachments and easements found therein or thereon;

(RP20) 11 Bluff Hill Cove Farm, Narragansett, Rhode Island hereafter also referred to as "Defendant RP20," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon;

(RP21) 15 Bluff Hill Cove Farm, Narragansett, Rhode Island hereafter also referred to as "Defendant RP21," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon;

(RP22) 353 4 Ave., Unit 12-H, Brooklyn, NY hereafter also referred to as "Defendant RP22," includes all portion of that condominium, improvements, fixtures, attachments and easements found therein or thereon;

(RP23) 290W 11th St #1C, NY, NY hereafter also referred to as "Defendant RP23," includes all portion of that condominium, improvements, fixtures, attachments and easements found therein or thereon; and

(RP24) Versace Mansion/Casa Casuarina-10% Ownership hereafter also referred to as "Defendant RP24," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon more particularly described as 1116 Ocean Drive, Miami Beach, FL Folio Number 02-3234-008-0310;

**B.      Vehicles and Vessels ("VV"):**

(VV1) 1990 Red Ferrari F40 Coupe, VIN: ZFFMN34A5L0087066;

(VV2) 2009 White Bentley Convertible, VIN: SCBDR33W29C059672;

(VV3) 2008 Yellow McLaren Mercedes Benz SLR, VIN: WDDAK76F98M001788;

(VV4) 2007 Black Limousine Ford Expedition, VIN: 1F1FK15557LA59223;

(VV5) 2008 Red Ferrari 430 Spider, VIN: ZFFEW59A380163011;

(VV6) 2007 Silver Rolls Royce Convertible, VIN: SCA1L68557UX23044;

(VV7) 2006 Silver Hummer H1, VIN: 137PH84396E220665;

(VV8) 2008 Cadillac Escalade, VIN: 1GYEC63858R234458;

(VV9) 1967 Red Convertible Corvette, VIN: 194677S104745;

(VV10) 2008 Black Bugatti Veyron EB 16.4, VIN: VF9SA25C28M795153;

(VV11) 2008 Blue Rolls Royce Drophead Convertible, VIN: SCA2D68528UX16071;

(VV12) 2006 Red Ferrari F430 Spider, VIN: ZFFEW59A560148863;

(VV13) 2008 Chevrolet Corvette, VIN: 1G1YY26W485120085;

(VV14) 2009 Chevrolet Corvette Z06, VIN: 1G1YZ26E995111923;

(VV15) 2009 Blue Gray Maserati Granturismo Coupe, VIN: ZAMGJ45A090042326;

(VV16) 2009 White Mercedes Benz, VIN WDBSK71F59F149477;

(VV17) 2007 87' Warren, Hull # WAR87777B707;

(VV18) 33' Aquariva, Hull # XFA33R74G405;

(VV19) 2009 11' Yamaha Jet Ski, Hull # YAMA3661I809;

(VV20) 2009 11' Yamaha VS, Hull # YAMA3626I809;

(VV21) 2009 11' Yamaha VS, Hull #YAMA2679G809;

(VV22) 1999 55' Sea Ray 540 Sundancer, SERY0500I899;

(VV23) 2009 Yamaha Jet Ski, Hull # YAMA4288K809;

(VV 24) 2010 White Lamborghini lp-670sv, VIN: ZHWBU8AHXALA03837;

(VV25) Mercedes Benz S65 VR Byturbo, VIN: WDDEJ79XX8A015189;

(VV26) 2009 RED BMW CONVERTIBLE, VIN: WBALM53529E160836;

(VV27)2009 MERCEDES BENZ SLK 350 CONVRTBL VIN:WDBWK58F19F190779;

**C.      Tangibles ("T")**

(T1)    Approximately 304 pieces of jewelry, watches, necklaces and earrings seized on or about Monday, November 9, 2009 from the residence of Scott and Kimberly Rothstein;

(T2)    16 DuPont Lighters seized on or about Monday, November 9, 2009 from the residence of Scott and Kimberly Rothstein;

(T3)    3 pieces sports memorabilia seized on or about Monday, November 9, 2009 from the residence of Scott and Kimberly Rothstein;

(T4)    $271,160 in United States currency seized on or about Monday, November 9, 2009 from the residence of Scott and Kimberly Rothstein;

(T5)    $1,500 in United States currency, seized on about Wednesday, November 4, 2009, from the office of Scott W. Rothstein at the law firm of Rothstein, Rosenfeldt and Adler, P.A.;

(T6)    $30,000 in American Express Gift Cards to the attention of Scott Rothstein, obtained from UPS on or about November 12, 2009;

(T7)    $50,000 in American Express Gift Cards to the attention of Scott Rothstein, obtained from UPS on or about November 13, 2009;

(T8)    5 additional watches being turned over to the United States by Les Stracher; and

(T9)   Guitar collection of Scott W. Rothstein, located at the residence of Scott and Kimberley Rothstein, valued between $10,000 and $20,000.

## D.   Bank Accounts ("BA")

(BA1)  Fidelity Investments Stock Account, in the name of Scott W. Rothstein, valued at approximately $1,263,780, in the actual amount of $1,270,302.32;

(BA2)  Gibraltar Bank account 50010085,  in the approximate amount of $484,900.68;

(BA3)  Gibraltar Bank account 50010093, in the approximate amount of $53,448.51;

(BA4)  Gibraltar Bank account 50011253, in the approximate amount of $71,793.06;

(BA5)  Gibraltar Bank account 50015214, in the approximate amount of $995,521.42;

(BA6)  Bank account 178780211819923220000187 at Banque Populaire, Morocco, in the name of Scott Rothstein, in the approximate amount of $12,000,000 up to the amount of $16,000,000;

(BA7)  Bank account at  Banque Populaire, Morocco,  in the name of Ahnick Khalid, up to the amount of $2,000,000;

(BA8)  Bank account at Banque Populaire, Morocco,  in the name of Steve Caputi, up to the amount of $1,000,000;

(BA9)  Toronto Dominion Bank, N.A. account 6860291266 in the name of Rothstein Rosenfeldt Adler, P.A. which, on or about November 11, 2009, contained the approximate amount of $54,021.27;

(BA10) Toronto Dominion Bank, N.A. account 6861011556 in the name of Rothstein Rosenfeldt Adler, P.A. which, on or about November 11, 2009, contained the approximate amount of $10,085.00;

(BA11) Toronto Dominion Bank, N.A. account 6860420923 in the name of Rothstein Rosenfeldt Adler, P.A, Attorney Trust Account 3, which, on or about November 11, 2009, contained the approximate amount of $720,892.08;

(BA12) Toronto Dominion Bank, N.A. account 6860422200 in the name of DJB Financial Holding, which, on or about November 11, 2009, contained the approximate amount of $64,970.00;

(BA13) Toronto Dominion Bank, N.A. account 6860755757 the name of RRA Sports and Entertainment LLC, which, on or about November 11, 2009, contained the approximate amount of $10,490.10;

(BA14) Toronto Dominion Bank, N.A. account 6860755781 in the name of RRA Goal Line Management, LLC, which, on or about November 11, 2009, contained the approximate amount of $25,216.27;

(BA15) Toronto Dominion Bank, N.A. account 6861077714 in the name of Rothstein Rosenfeldt Adler, P.A., which, on or about November 11, 2009, contained the approximate amount of $20,080.00;

(BA16) Toronto Dominion Bank, N.A. account 6861076906 in the name of Rothstein Rosenfeldt Adler PA, Attorney Trust Account, which, on or about November 13, 2009, contained the approximate amount of $23,406.16;

(BA17) Toronto Dominion Bank, N.A. account 6861011614 in the name of Rothstein Rosenfeldt Adler PA, which, on or about November 13, 2009, contained the approximate amount of $14,657.80;

(BA18) Toronto Dominion Bank, N.A. account 6860291274 in the name of Rothstein

-9-

Rosenfeldt Adler PA, Operating Account, which, on or about November 13, 2009, contained the approximate amount of $28,743.43;

(BA19) Toronto Dominion Bank, N.A. account 6861076922 in the name of Rothstein Rosenfeldt Adler PA, BIF Account, which, on or about November 13, 2009, contained the approximate amount of $52,749.68;

(BA20) Schwyzer Kantonalbank, account #CH75 0077700530742040 in the name of Jewel Cruises Holding AG, Wollerau, Switzerland;

**E.     Business Interests ("BI")**

(BI1)   Stock certificates, if issued, or the beneficial interest in such shares, of 50,000 shares of capital stock, in Gibraltar Private Bank & Trust, a federally chartered stock savings association, purchased in or about September 2009 by GBPT, LLC, a Delaware Limited Liability Company, by its manager, Bahia Property Management, LLC, a Delaware Limited Liability Company, by its co-manager, Scott W. Rothstein;

(BI2)   Scott W. Rothstein's equity interest in QTask;

(BI3)   Scott W. Rothstein's equity interest in Broward Bank of Commerce;

(BI4)   Scott W. Rothstein's equity interest in Bova Ristorante;

(BI5)   Scott W. Rothstein's equity interest in Bova Cucina;

(BI6)   Scott W. Rothstein's equity interest in Bova Prime;

(BI7)   Scott W. Rothstein's equity interest in Café Iguana, Pembroke Pines, Florida;

(BI8)   Scott W. Rothstein's equity interest in Cart Shield USA, LLC;

(BI9)   Scott W. Rothstein's equity interest in Renato Watches;

-10-

(BI10) Scott W. Rothstein's equity interest in Edify LLC;

(BI11) Scott W. Rothstein's equity interest in V Georgio Vodka;

(BI12) Scott W. Rothstein's equity interest in Sea Club Ocean Resort Hotel, LLC;

(BI13) Scott W. Rothstein's equity interest in North Star Mortgage;

(BI14) Scott W. Rothstein's equity interest in Kip Hunter Marketing;

(BI15) Scott W. Rothstein's equity interest in RRA Sports and Entertainment, LLC;

(BI16) Scott W. Rothstein's equity interest in Versace Mansion/Casa Casuarina,

      including 10 year Operating Agreement with 2 ten year options;

(BI17) Scott W. Rothstein's equity interest, and licensing rights, in Alternative Biofuel

      Technologies, Inc.;

(BI18) Scott W. Rothstein's equity interest in RRA Goal Line Management;

(BI19) Scott W. Rothstein's equity interest in Iron Street Management, LLC;

(BI20) Scott W. Rothstein's equity interest in, and loan to, Africat Equity IG Decide;

(BI21) Scott W. Rothstein's equity interest in, and rents derived from 1198 Dixie LLC;

(BI22) Scott W. Rothstein's equity interest in, and rents derived from 1299 Federal LLC;

(BI23)  Promissory Note by Uniglobe in favor of Scott W. Rothstein;  and

(BI24) All equity interest held by or on behalf of Scott W. Rothstein, in the following

      corporations and entities:

      a.      29 Bahia LLC;

      b.      235 GC LLC;

      c.      350 LOP#2840 LLC;

      d.      353 BR LLC;

e.      10630 #110 LLC;

f.      708 Spangler LLC;

g.      1012 Broward LLC;

h.      1198 Dixie LLC;

I.      1299 Federal LLC;

j.      2133 IP LLC;

k.      15158 LLC;

l.      AANG LLC;

m.      AAMG1 LLC;

n.      AAMM Holdings;

o.      ABT Investments LLC;

p.      Advanced Solutions;

q.      Bahia Property Management LLC;

r.      Boat Management LLC;

s.      BOSM Holdings LLC;

t.      BOVA Prime LLC;

u.      BOVA Restaurant Group LLC;

v.      The BOVA Group LLC;

w.      BOVA Smoke LLC;

x.      BOVCU LLC;

y.      BOVRI LLC;

z.      Broward Financial Holdings, Inc.;

aa.     CI07 LLC;

ab.     CI08 LLC;

ac.     CI16 LLC;

ad.     CI27 LLC;

ae.     CSU LLC;

af.     D & D Management & Investment LLC;

ag.     D & S Management and Investment LLC;

ah.     DJB Financial Holdings LLC;

ai.     DYMMU LLC;

aj.     Full Circle Fort Lauderdale LLC;

ak.     Full Circle Trademark Holdings LLC;

al.     GHW1 LLC;

am.     IDNL GEAH LLC;

an.     ILK3 LLC;

ao.     IS Management LLC;

ap.     JRCL LLC;

aq.     Judah LLC;

ar.     Kendall Sports Bar;

as.     Kip Hunter Marketing LLC;

at.     NF Servicing LLC;

au.     NRI 11 LLC;

av.     NRI 15 LLC;

aw.    NS Holdings LLC;

ax.    PRCH LLC;

ay.    PK Adventures LLC;

az.    PK's Wild Ride Ltd;

ba.    Rothstein Family Foundation;

bb.    RRA Consulting Inc.;

bc.    RRA Goal Line Management LLC;

bd.    RRA Sports and Entertainment LLC;

be.    RSA 11th Street LLC;

bf.    RW Collections LLC;

bg.    S & KEA LLC;

bh.    Scorh LLC;

bi.    Tipp LLC;

bj.    VGS LLC;

bk.    The Walter Family LLC;

bl.    Walter Industries LLC;

bm.    WPBRS LLC;

bn.    WAWW;

bo.    WAWW 2 LLC;

bp.    WAWW 3 LLC;

bq.    WAWW 4 LLC;

br.    WAWW 5 LLC;

bs.     WAWW 6 LLC;

bt.     WAWW 7 LLC;

bu.     WAWW 8 LLC;

bv.     WAWW 9 LLC;

bw.     WAWW 10 LLC;

bx.     WAWW 11 LLC;

by.     WAWW 12 LLC;

bz.     WAWW 14 LLC;

ca.     WAWW 15 LLC;

cb.     WAWW 16 LLC;

cc.     WAWW 17 LLC;

cd.     WAWW 18 LLC;

ce.     WAWW 19 LLC;

cf.     WAWW 20 LLC;

cg.     WAWW 21 LLC;

ch.     WAWW 22 LLC;

ci.     JB Boca M Holdings LLC;

(BI25) All interest held by or on behalf of Scott W. Rothstein, in the following

corporations and entities, and assets held by or owed , e.g., rents, to same:

(a)     The 2009 Scott W. Rothstein Revocable Trust;

(b)     REC Group, LLC;

(c)     REN Group, LLC;

-15-

(d)     REP Group, LLC;

(e)     RES Group, LLC;

(f)     RET Group, LLC;

(g)     REV Group, LLC;

(h)     AAMG, LLC;

(i)     BFHI, LLC;

(j)     BFH1, LLC;

(k)     Cartshield USA, LLC;

(l)     CCCN, LLC;

(m)     CCM, LLC;

(n)     Cha Cha Cha, Inc.;

(o)     Fifth Court Financial, LLC;

(p)     GBPT, LLC;

(q)     Iron Street Management, LLC

(r)     JB Boca Holdings, LLC;

(s)     JJ Finance Holdings, LLC;

(t)     JWG Holdings, LLC;

(u)     Luxury Resorts, LLC;

(v)     MLC 350, LLC;

(w)     MRISC, LLC;

(x)     MRI Scan Center, Inc.;

(y)     QT, LLC

(z)     QTask

(aa)    Renato Watches, Inc.

(ab)    Rothstein Family, Ltd.;

(ac)    Sea Club Ocean Resort Hotel, Inc.;

(ad)    SPAC Investments, LLC;

(ae)    TB22 Mario's, Inc.;

(af)    TB22N, LLC;

(ag)    TLBN, LLC;

(ah)    UG, LLC;

(ai)    Uniglobe Environmental Solutions, Inc.;

(aj)    VGS1, LLC;

(ak)    V Georgio Spirits, LLC;

(al)    WAWW 13, LLC;

(am)    Rothstein Rosenfeldt Adler, P.A., located in Florida; and

(an)    Rothstein Rosenfeldt Adler, located in Venezuela;

**F.     Contributions ("C")**

(C1)    $6,000 in campaign contributions made to Alex Sink and voluntarily offered, and

        turned over, to the United States on behalf of Alex Sink;

(C2)    $40,000 in campaign contributions to Republican Party of Florida, "Florida"

        account and voluntarily offered, and turned over, to the United States by the

        Republican Party of Florida;

(C3)    $10,000 in campaign contributions to Republican Party of Florida,  "Federal"

account and voluntarily offered, and turned over, to the United States by the

Republican Party of Florida;

(C4) $90,000 in campaign contributions to Republican Party of Florida and voluntarily

offered, and turned over, to the United States by the Republican Party of Florida;

(C5) $5,000 in campaign contributions to Republican Party of Florida by Rothstein

business entity known as WAWW  and voluntarily offered, and turned over, to the

United States by the Republican Party of Florida;

(C6) $800,000 Charitable Donation to Joe DiMaggio Children's Hospital, which

hospital advised the United States of the donation from the Rothstein Family

Foundation for the purpose of facilitating forfeiture;

(C7) $1,000,000 Charitable Donation to Holy Cross Hospital, which hospital advised

the United States of the donation from the Rothstein Family Foundation for the

purpose of facilitating forfeiture;

(C8) $9,600 in campaign contributions to Governor Charlie Crist,  voluntarily offered,

and turned over, to the United States by the office of Charlie Crist; and

(C9) All funds voluntarily turned over to the United States (IRS/FBI), since in or about

October 28, 2009,  in response to publicity regarding Scott W. Rothstein,

including $5,000 from "CAKK."

**G.** **Miscellaneous ("M"):**

(M1) All premiums paid by or on behalf of Scott W. Rothstein, to Massachusetts

Mutual Life Insurance Company, as set forth in 09-61915-CIV-JORDAN (SDFL);

(M2) American Express rewards points totaling 20,920,701 as of 10/31/09 for account

#1MXXXX4822; and

(M3)  All property, other than "funds," including watches and cars, voluntarily turned over to the United States (IRS/FBI) since in or about October 28, 2009 in response to publicity regarding Scott W. Rothstein, including watches turned over by "JH" and "MBF."