UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

UNITED STATES OF AMERICA

v.                                        Case No. 09-60331-CR-COHN

SCOTT W. ROTHSTEIN
_____/

## CHAPTER 11 TRUSTEE'S VERIFIED CLAIMS AND PETITION FOR ADJUDICATION OF INTERESTS

Petitioner, Herbert Stettin ("Stettin" or "Trustee"), as the Chapter 11 Trustee of Rothstein Rosenfeldt Adler P.A. ("RRA"), pursuant to 18 U.S.C. §1963(l), 21 U.S.C. §853(n)(3) and Fed. R. Crim. P. 32.3(c), asserts a legal interest in properties that have been made subject to forfeiture pursuant to the Preliminary Order of Forfeiture entered by this Court [D.E.134] and hereby petitions the Court for a hearing to adjudicate the validity of his interests.[1]

## PRELIMINARY STATEMENT

This is a petition to establish the right, title or interest of the Chapter 11 Trustee on behalf of the bankruptcy estate of RRA in various assets that have been sought for forfeiture. The RRA bankruptcy case was commenced on November 10, 2009. *See In re: Rothstein Rosenfeldt Adler P.A.*, 09-34791-RBR (Bankr. S.D. Fla. 2009)(the "Bankruptcy Case"). On November 25, 2009, the Bankruptcy Court approved the selection of Stettin as the Chapter 11 Trustee and assigned him the difficult task of marshaling and monetizing the assets of RRA. [Bankruptcy Case D.E. 55] Over 350 proofs of claim have been filed to date with the Bankruptcy Court seeking recovery from the RRA estate. These claims have a current face value of over $469,000,000.

---

[1] The Trustee reserves the right to amend or supplement the claims made herein upon the discovery of new information.

2793089-5
5/23/10 4:28 PM

These claims include over $453,106,963.71 of known investor claims and $16,674,128.99 of known non-investor claims.[2]

As part of his statutory duties, the Trustee must identify all assets of the bankruptcy estate and take affirmative steps to recover all such assets for the benefit of all creditors of the estate, including the victims of the defendant's crimes. The assets to which the Trustee claims an interest as property of the estate consist of property titled in the name of RRA or properties that were purchased with funds fraudulently diverted from RRA's accounts. As Scott Rothstein was at all material times an officer and director of RRA and owed a confidential and fiduciary relationship to RRA, the Trustee has a right to recover any and all assets obtained with RRA's funds.

Absent the government's intervening forfeiture action, Stettin would have already carried out his fiduciary obligations and pursued avoidance actions ("clawback claims") to recover any transfers from RRA that were used to purchase the assets subject to forfeiture. After recovering and monetizing any assets or recoveries Stettin must distribute the proceeds derived from any recovered assets to all creditors who have filed a cognizable claim in the bankruptcy proceeding subject to priorities set forth in the Bankruptcy Code.

In furtherance of his fiduciary duties to the creditors of RRA, which include both Ponzi victims and law firm creditors, Stettin petitions this Court to release from the scope of the Preliminary Order of Forfeiture those assets listed below, as they are rightfully property of the RRA bankruptcy estate and should be administered in accordance with the Bankruptcy Code. Accordingly, the Trustee asserts the following claims:

---

[2] The Trustee has not yet scrutinized the claims that have been filed in the Bankruptcy Case. The Trustee reserves the right to object to any claim for any basis provided for by applicable law.

## CLAIMS TO THE RRA BANK ACCOUNTS

1.  The Trustee asserts a legal interest in the following bank accounts and all funds contained in these accounts at the date of seizure (collectively, the "RRA Accounts"):

| Asset Name in D.E. 134 | Description | Amount on Deposit At Time of Seizure According to [D.E. 134] |
|---|---|---|
| BA2 | Gibraltar Bank account 50010085 | $484,900.68 |
| BA3 | Gibraltar Bank account 50010093 | $53,448.51 |
| BA4 | Gibraltar Bank account 50011253 | $71,793.06 |
| BA5 | Gibraltar Bank account 50015214 | $53,448.51 |
| BA9 | Toronto Dominion Bank, N.A. 6860291266 | $995,521.42 |
| BA10 | Toronto Dominion Bank, N.A. 6861011556 | $10,085.00 |
| BA11 | Toronto Dominion Bank, N.A. 6860420923 | $720,892.08 |
| BA15 | Toronto Dominion Bank, N.A. 6861077714 | $20,080.00 |
| BA16 | Toronto Dominion Bank, N.A. 6861076906 | $23,406.16 |
| BA17 | Toronto Dominion Bank, N.A. 6861011614 | $14,657.80 |
| BA18 | Toronto Dominion Bank, N.A. 6860291274 | $28,743.43 |
| BA19 | Toronto Dominion Bank, N.A. 6861076922 | $52,749.68 |

2.  All of the RRA Accounts were opened in the name of RRA. RRA is and always has been the sole owner of each of the RRA Accounts. Title to each of the RRA Accounts is and has at all times since its creation been vested in RRA. Rothstein never had any right title or interest in the RRA Accounts. Accordingly, RRA and not Rothstein, is the vested 100% owner of the RRA

Accounts. The Trustee is entitled to an order amending the Preliminary Order of Forfeiture [D.E. 134] to delete the RRA Accounts from it because all of the right, title, and interest to the RRA Accounts was vested in RRA rather than the criminal defendant.

3. All funds in the RRA Accounts presumptively belong to the account owner RRA at the time of their deposit. All right, title and interest in the funds in the RRA Accounts therefore was vested in RRA, and not Rothstein. The Trustee is entitled to an order amending the Preliminary Order of Forfeiture [D.E. 134] to delete the RRA Accounts from it because all right, title, and interest to the funds in the RRA Accounts was always vested in RRA and never vested in the criminal defendant.

## CLAIM TO SCHWYZER KANTONALBANK #CH75 "BA20"

4. The funds that were deposited in Switzerland at Schwyzer Kantonalbank No. CH75 were derived from a series of transfers from two of the RRA Accounts that contained commingled funds of both Ponzi scheme investors and non-investor clients of RRA (BA2 and BA18). The money in the RRA Accounts presumptively belonged to RRA. In violation of his fiduciary duties to RRA, Rothstein improperly transferred funds from RRA's accounts to Schwyzer Kantonalbank No. CH75 in Switzerland totaling $2,328,000 between December 20, 2007 and December 9, 2008.

5. The Trustee has a legal interest, superior to Rothstein's, as the beneficiary of a constructive trust impressed upon the funds in BA20 in the amount of $2,328,000. This legal interest arose at the time that Rothstein improperly diverted RRA funds from the RRA Accounts. As a result, the Trustee is entitled to an order amending the Preliminary Order of Forfeiture [D.E. 134] to delete BA20 from the schedule of assets and directing the return of the sum of $2,328,000 from BA20 to the Trustee.

## CLAIMS TO VEHICLES AND VESSELS ("VV")

6.      The following listed vehicles and vessels ("VV Group I") were purchased with funds directly traceable to the RRA Gibraltar Operating Account (BA2), which contained commingled investor and non-investor funds.

| Asset Name in D.E. 134 | Description | Amount of Bankruptcy Estate's Interest |
|---|---|---|
| VV1 | 1990 Red Ferrari F40 Coupe | 100% |
| VV2 | 2009 White Bentley Convertible | 100% |
| VV4 | 2007 Black Limousine Ford Expedition | 100% |
| VV7 | 2006 Silver Hummer H1 | 100% |
| VV8 | 2008 Cadillac Escalade | 100% |
| VV11 | 2008 Blue Rolls Royce Drophead Convertible | 100% |
| VV12 | 2006 Red Ferrari F430 Spider | 100% |
| VV13 | 2008 Chevrolet Corvette | 100% |
| VV15 | 2009 Blue Gray Maserati Granturismo Coupe | 100% |
| VV20 | 2009 11' Yamaha Jet Ski | 100% |
| VV21 | 2009 11' Yamaha VS | 100% |
| VV25 | Mercedes Benzs S65 VR Byturbo | 100% |
| VV26 | 2009 Red BMW Convertible | 100% |
| VV27 | 2009 Mercedes Benz SLK 350 Convertible | 100% |

7.      The following listed vehicles and vessels ("VV Group II") were purchased with funds directly traceable to the RRA TD Operating Account (BA18), which contained commingled investor and non-investor funds

| Asset Name in D.E. 134 | Description | Amount of Bankruptcy Estate's Interest |
|---|---|---|
| VV5 | 2008 Red Ferrari 430 Spider | 100% |
| VV10 | 2008 Black Bugatti Veyron EB 16.4 | 100% |
| VV14 | 2009 Chevrolet Corvette Z06 | 100% |

8.      Rothstein violated his fiduciary duty to RRA by causing funds from the RRA Accounts to be used for the purchase of the assets in VV Group I and VV Group II.  The Trustee has a legal interest superior to Rothstein's as the beneficiary of a constructive trust which exists as to each and every asset in VV Group I and VV Group II.  This legal interest arose at the time the RRA funds were improperly diverted from the RRA Accounts.  As a result, the Trustee is entitled to an order amending the Preliminary Order of Forfeiture [D.E. 134] to delete the VV Group I and VV Group II assets from the schedule of assets and directing the return all of the assets in VV Group I and VV Group II or the proceeds from their sale to the Trustee.

## CLAIMS TO REAL PROPERTY ("RP")

9.   The Trustee asserts an interest in the following real properties (collectively, the "Real Properties"):

| Asset Name in D.E. 134 | Description | Amount of Bankruptcy Estate's Interest |
|:---:|:---:|:---:|
| RP1 | 2307 Castilla Isle, Ft. Lauderdale, Fl | $524,168.49 and any appreciation |
| RP2 | 2308 Castilla Isle, Ft. Lauderdale, Fl | $357,825.47 and any appreciation |
| RP3 | 2316 Castilla Isle, Ft. Lauderdale, Fl | $362,532.92 and any appreciation |
| RP4 | 30 Isla Bahia Drive, Ft. Lauderdale, Fl | $1,559,000.00 and any appreciation |
| RP5 | 29 Isla Bahia Drive, Ft. Lauderdale, Fl | $4,003,583.85 and any appreciation |
| RP6 | 350 SE 2nd St., Unit 2840, Ft. Lauderdale, Fl | $434,533.24 and any appreciation |
| RP7 | 380 Carrington Drive, Weston, Fl | $234,935.27 and any appreciation |
| RP8 | 2133 Imperial Point Dr, Ft. Lauderdale, Fl | $507,012.95 and any appreciation |
| RP9 | 2627 Castilla Isle, Ft. Lauderdale, Fl | $251,236.14 and any appreciation |

| | | |
|---|---|---|
| RP10 | 10630 NW 4th St. Apt.110, Plantation, Fl | $265,009.08 and any appreciation |
| RP11 | 227 Garden Court, Lauderdale by the Sea, Fl | $723,987.23 and any appreciation |
| RP12 | 708 Spangler, Blvd, Bay 1, Hollywood, Fl | $615,540.76 and any appreciation |
| RP13 | 1012 E. Broward Blvd, Ft. Lauderdale, Fl | $1,309,670.99 and any appreciation |
| RP15 | 350 SE 2nd St., Commercial Unit 2, Ft. Lauderdale, Fl | $2,700,000.00 and any appreciation |
| RP16 | 361 SE 9 Lane, Boca Raton, Fl | $7,156,617.40 and any appreciation |
| RP17 & RP18 | 1198 & 1299 N. Dixie Hwy, Boca Raton, Fl | $2,800,000.00 and any appreciation |
| RP19 | 151 E. 58 St., Apt. 42D, New York, NY | $5,638,336.22 and any appreciation |
| RP20 | 11 Bluff Hill Cove Farm, Narragansett, RI | $2,565,218.02 and any appreciation |
| RP21 | 15 Bluff Hill Cove Farm, Narragansett, RI | $1,166,268.68 and any appreciation |
| RP23 | 290 W 11th St., #1C, New York, NY | $475,000.00 and any appreciation |

10. The Real Properties were purchased in whole or in part with funds directly traceable to the RRA Accounts and other RRA accounts that are not listed for forfeiture in the Preliminary Order of Forfeiture [D.E.134]. Rothstein violated his fiduciary duty to RRA by causing funds from the RRA accounts to be used in the purchase of the Real Properties. The Trustee has a legal interest in the properties for an amount equivalent to the full amount transferred out of the RRA accounts to purchase or acquire the Real Properties and any gain realized therefrom. Therefore, the Trustee has a legal interest superior to Rothstein's as the beneficiary of a constructive trust or as the holder of an equitable lien impressed upon each of the Real Properties to the extent that RRA's monies were used to purchase or acquire the real property. This legal interest arose at the time the RRA funds were improperly diverted from the RRA accounts. As a result, the Trustee is entitled to an order amending the Preliminary Order of Forfeiture [D.E. 134] to delete the Real

Properties from it and directing the return of the Real Properties or the proceeds from their sale to the Trustee.

11. Additionally, by operation of law, under 11 U.S.C. §544(a)(3), a bankruptcy trustee is invested with all of the rights and powers of a *bona fide* purchaser of any real property in which the debtor has an interest as of the Petition Date, without regard to any knowledge of the Trustee. Thus to the extent the government takes the position that Scott Rothstein had any interest in the real properties, the Trustee, by statute, occupies the role of a *bona fide* purchaser for value, as of November 10, 2009, giving the Trustee by operation of law an entitlement to the real property under 18 U.S.C. §1963(l)(6)(B) and 21 U.S.C § 853(n)(6)(B), without regard to the Trustee's knowledge of any of the underlying facts. By reason of this interest the Trustee is entitled to an order amending the Preliminary Order of Forfeiture [D.E. 134] to delete the Real Properties from it and directing the return the Real Properties or the proceeds from their sale to the Trustee.

## CLAIMS TO BUSINESS INTERESTS ("BI")

12. The Trustee asserts a legal interest in the following business interests (collectively, the "Business Interests"):

| Asset Name in D.E. 134 "BI" | Description | Amount of Bankruptcy Estate's Interest |
|---|---|---|
| BI1 and BI25(p) | Gibraltar Stock/ Shares | $5,000,000.00 |
| BI2 and BI25(z) | Qtask | $7,410,000.00 |
| BI3 and BI25(j) | Broward Bank of Commerce | $500,000.00 |
| BI4, BI24(u) BI24(y) | Bova Ristorante | $468,761.91 |
| BI5 and BI24(x) | Bova Cucina | $535,695.53 |
| BI6 and BI24(t) | Bova Prime | $2,815,758.66 |
| BI7 and BI24(ar) | Café Iguana/ Kendall Sports Bar | $1,189,189.62 |
| BI8, BI24(ae) and BI25(k) | Cart Shield USA, LLC | $50,000.00 |
| BI9, BI24(bf), and BI25(aa) | Renato Watches | 100% |
| BI10 | Edify | 100% |
| BI11, BI24(bj) and | V. Giorgio Vodka/ Spirits | $1,063,748.00 |

| | | |
|---|---|---|
| BI25(ak) | | |
| BI12, BI24(bg), BI24(bh) and BI25(ac) | Sea Club Ocean Resort Hotel, Inc. | $6,500,000.00 |
| BI14, BI24(an) and BI124(as) | Kip Hunter Marketing, LLC | $1,061,248.45 |
| BI15 and BI24(bd) | RRA Sports & Entertainment, LLC | $34,534.98 |
| BI16 and BI25(h) | Versace Mansion/Casa Casuarina | $640,650.02 |
| BI19 and BI25(q) | Iron Street Management | $1,542,865.92 |
| BI20 and BI124(cf) | Africat | $450,832.00 |
| BI22 | Rent from Weliky Car Wash | $237,847.43 |
| BI24(a) | 29 Isla Bahia Dr., Ft. Lauderdale, FL – ("RP5") | $4,000,000 |
| BI24(b) | 227 Garden Court, Lauderdale by the Sea, Florida ("RP11") | $723,987.23 |
| BI24(c) and BI25(v) | 350 S.E. 2nd St. Unit 2840, Ft. Lauderdale, Florida ("RP6") | $434,533.24 |
| BI24(e) | 10630 NW 14 Street, #110 Plantation, Florida ("RP10") | $265,009.08 |
| BI24(f) | 708 Spangler Boulevard Bay 1, Hollywood, Florida ("RP12") | $615,540.76 |
| BI24(g) | 1012 E. Broward Blvd., Ft. Lauderdale, Florida ("RP13") | $1,309,420.92 |
| BI21, BI24(h) and BI24(cc) | 1198 Dixie Highway, Palm Beach County ("RP17 & RP18") | $2,800,000 |
| BI24(i) | 1299 Federal Highway, Palm Beach County ("RP17 & RP18") | $2,800,000 |
| BI24(j) and BI24(ce) | 2133 Imperial Point Drive, Ft. Lauderdale, FL ("RP8") | $506,817.45 |
| BI24(k) | 151 E. 58th St. Apt. 42 D, New York NY, 10022 – ("RP19") | $5,438,111.36 |
| BI24(n) | AAMM | $11,571,840.00 |
| BI24(o) | ABT Investments | 100% of interest |
| BI24(p) | Advanced Funds | $5,000.00 |
| BI24(r) | Boat Management LLC | $108,777.00 |

| | | |
|---|---|---|
| BI24(s) | 350 Las Olas Place, Unit CU-2, Fort Lauderdale, FL (Condo) – ("RP15") | $2,609,416.15 |
| BI24(v) | BOVA Group, LLC | $68,000.00 |
| BI24(w) | BOVA Smoke, LLC | $117,700.00 |
| BI24(aa) | 2307 Castilla Isle, Ft. Lauderdale, Florida ("RP1") | $524,168.49 |
| BI24(ab) | 2308 Castilla Isle, Ft. Lauderdale, Florida ("RP2") | $357,825.47 |
| BI24(ac) | 2316 Castilla Isle, Ft. Lauderdale, Florida ("RP3") | $362,532.92 |
| BI24(ad) | 2627 Castilla Isle, Ft. Lauderdale Florida ("RP9") | $251,236.14 |
| BI24(af) | D & D Management and Investments, LLC | $236,000.00 |
| BI24(ah) | DJB Financial Holdings, LLC | $1,380,000.00 |
| BI24(am) and BI25(u) | Luxury Resorts, LLC | $2,125,000 |
| BI24(ap) and BI24(bp) | Jewel River Cruise Lines *See* Claim to BA20 Above. | $4,350,000.00 |
| BI24(at) and BI24(aw) | 50% NF Servicing, LLC | 100% interest |
| BI24(au) | 11 Bluff Hill Cove Farm Rd., Narragansett, Rhode Island ("RP20") | $ 2,565,218.02 |
| BI24(av) | 15 Bluff Hill Cove Farm Rd., Narragansett, Rhode Island ("RP21") | $1,166,268.68 |
| BI24(ax) | PRCH, LLC | $37,307.66 |
| BI24(ba) and BI25(ab) | Rothstein Family Foundation, LLC | $2,670,000.00 |
| BI24(be) | 290 W. 11th St. Apt 1 C, New York, NY ("RP23") | $475,000 |
| BI24(bi) | Tangible and Intangible Personal Property | 100% interest |
| BI24(bn) | WAWW, LLC | $298,550.00 |
| BI24(bo) | WAWW2, LLC ("VV5, VV6 and VV11"). | 100% interest |
| BI24(bq) | WAWW4, LLC | 100% interest |
| BI24(br) | WAWW5, LLC | 100% interest |
| BI24(bs) | WAWW6, LLC | 100% interest |
| BI24(bt) | WAWW7, LLC | 100% interest |
| BI24(bu) | 3 Africat Hulls | $1,809,332.00 |

| BI24(bu) | WAWW8, LLC | 100% interest |
| --- | --- | --- |
| BI24(bv) | WAWW9, LLC | 100% interest |
| BI24(bw) | WAWW10, LLC | 100% interest |
| BI24(bx) | WAWW11 ("VV12") | 100% interest |
| BI24(by) | WAWW12, LLC | 100% interest |
| BI24(bz) | WAWW14, LLC | 100% interest |
| BI24(ca) | WAWW15, LLC ("VV8") | 100% interest |
| BI24(cb) | WAWW16, LLC | 100% interest |
| BI25(n) | Cha Cha Cha, Inc. | $255,731.52 |
| BI25(o) | Fifth Court Financial LLC | 100% interest |
| BI25(af) | TB22N Mario's, Inc. | $30,400.00 |
| BI25(an) | Rothstein Rosenfeldt Adler, P.A. in Venezuela | $100% |

13. The Business Interests were purchased or funded in whole or in part with funds directly traceable to the RRA Accounts and other RRA accounts that are not listed for forfeiture in the Preliminary Order of Forfeiture [D.E.134]. Rothstein violated his fiduciary duty to RRA by causing funds from the RRA accounts to be used for the purchase or funding of the Business Interests. The Trustee has a legal interest superior to Rothstein's as the beneficiary of a constructive trust to be impressed upon each of the Business Interests. The Trustee has a legal interest in the Business Interests for an amount equivalent to the full amount transferred out of the RRA accounts to purchase or acquire the Business Interests. This legal interest arose at the time the RRA funds were improperly diverted from the RRA accounts. As a result, the Trustee is entitled to an order amending the Preliminary Order of Forfeiture [D.E. 134] to delete the Business Interests from it and directing the return of the Business Interests or the proceeds from their sale to the Trustee.

## CLAIMS TO TANGIBLE INTERESTS

14. The Trustee asserts a legal interest in the following assets (collectively, the "Tangible Interests"):

| Asset Name in D.E. 134 "T" | Description | Amount of Bankruptcy Estate's Interest |
|---|---|---|
| T1 | 304 Pieces of Jewelry | 100% |
| T2 | 16 Dupont Lighters | 100% |
| T6 | $30,000 American Express Gift Cards | $30,000 |
| T7 | $50,000 American Express Gift Cards | $50,000 |
| T8 | 5 additional watches | 100% |

15. The Tangible Interests were purchased or funded in whole or in part with funds directly traceable to the RRA Accounts and other RRA accounts that are not listed for forfeiture in the Preliminary Order of Forfeiture [D.E.134]. Rothstein violated his fiduciary duty to RRA by causing funds from the RRA accounts to be used in the purchase or funding of the Tangible Interests. The Trustee has a legal interest superior to Rothstein's as the beneficiary of a constructive trust to be impressed upon each of the Tangible Interests. The Trustee has a legal interest in the Tangible Interests for an amount equivalent to the full amount transferred out of the RRA accounts to purchase or acquire the Tangible Interests. This legal interest arose at the time the RRA funds were improperly diverted from the RRA accounts. As a result of this interest the Trustee is entitled to an order amending the Preliminary Order of Forfeiture [D.E. 134] to delete the Tangible Interests from it and directing the return of the Tangible Interests or the proceeds from their sale to the Trustee.

## CLAIMS TO CONTRIBUTION INTERESTS

16. The Trustee asserts a legal interest in the following assets (collectively, the "Contribution Interests"):

| Asset Name in D.E. 134 "C" | Description | Amount of Bankruptcy Estate's Interest |
|---|---|---|
| C1 | $6,000 for Alex Sink | $6,000 |
| C2 | $40,000 Republican Party of Florida | $40,000 |
| C3 | $10,000 Republican Party of Florida "Federal" | $10,000 |
| C4 | $90,000 Republican Party of Florida | $90,000 |
| C5 | $5,000 Republican Party of Florida | $5,000 |
| C6 | $800,000 Joe DiMaggio Children's Hospital | $800,000 |
| C7 | $1,000,000 Holy Cross Hospital | $1,000,000 |
| C8 | $9,600 Gov. Charlie Crist | $9,600 |
| C9 | Funds turned over in response to publicity | 100% |

17. The Contribution Interests were funded in whole or in part with funds directly traceable to the RRA Accounts and other RRA accounts that are not listed for forfeiture in the Preliminary Order of Forfeiture [D.E.134]. Rothstein violated his fiduciary duty to RRA by causing funds from the RRA accounts to be used in the purchase or funding of the Contribution Interests. The Trustee has a legal interest superior to Rothstein's as the beneficiary of a constructive trust to be impressed upon each of the Contribution Interests. The Trustee has a legal interest in the Contribution Interests for an amount equivalent to the full amount transferred out of the RRA accounts to fund the Contribution Interests. This legal interest arose at the time the RRA funds were improperly diverted from the RRA accounts. As a result, the Trustee is entitled to an order amending the Preliminary Order of Forfeiture [D.E. 134] to delete the Contribution Interests from it and directing the return of Contribution Interests or the proceeds that have been returned to the government relating to the Contribution Interests to the Trustee.

## CLAIMS TO MISCELLANEOUS INTERESTS

18. The Trustee asserts a legal interest in the following assets (collectively, the "Miscellaneous Interests"):

| Asset Name in D.E. 134 "M" | Description | Amount of Bankruptcy Estate's Interest |
|---|---|---|
| M1 | All Premiums paid to Mutual Life Insurance Co. | $544,600.00 |
| M2 | American Express Reward Points Totaling $20,920,701 | 100% |
| M3 | Property in response to publicity, including watches | 100% |

19. The Miscellaneous Interests were purchased or funded in whole or in part with funds directly traceable to the RRA Accounts and other RRA accounts that are not listed for forfeiture in the Preliminary Order of Forfeiture [D.E.134]. Rothstein violated his fiduciary duty to RRA by causing funds from the RRA accounts to be used in the purchase or funding of the Miscellaneous Interests. The Trustee has a legal interest superior to Rothstein's as the beneficiary of the constructive trust to be impressed upon each of the Miscellaneous Interests. The Trustee has a legal interest in the Miscellaneous Interests for an amount equivalent to the full amount transferred out of the RRA accounts to purchase or acquire the Miscellaneous Interests. This legal interest arose at the time the RRA funds were improperly diverted from the RRA accounts. As a result, the Trustee is entitled to an order amending the Preliminary Order of Forfeiture [D.E. 134] to delete the Miscellaneous Interests from it and directing the return of the Miscellaneous Interests or the proceeds from their sale to the Trustee.

**WHEREFORE**, Petitioner, Herbert Stettin, as Chapter 11 Trustee of Rothstein Rosenfeldt Adler P.A. ("RRA") requests that this Court amend the Preliminary Order of Forfeiture [D.E. 134] to delete all of the foregoing assets from it and directing the return of all of

the foregoing assets or their proceeds to the Bankruptcy Estate and for such other relief as the Court deems just and proper.

Respectfully Submitted,

BERGER SINGERMAN, P.A.
*Counsel for Chapter 11 Trustee*
200 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: */s/ Paul Steven Singerman*
 Paul Steven Singerman
 singerman@bergersingerman.com
 Florida Bar No. 378860
 Sharon Kegerreis
 skegerreis@bergersingerman.com
 Florida Bar No. 852732
 Isaac Marcushamer
 imarcushamer@bergersingerman.com
 Florida Bar No. 0060373

## VERIFICATION

Under penalty of perjury, I, Herbert Stettin, as Chapter 11 Trustee, declare that I have read and reviewed the foregoing Notice of Claims and Verified Petition for Adjudication of Interests I verify that the foregoing is true and correct.

*[signature]*

Herbert Stettin, the Chapter 11 Trustee of Rothstein Rosenfeldt Adler P.A.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via Regular U.S. Mail, postage prepaid, fax, email and/or overnight delivery upon all parties on the attached Service List this 24th day of May, 2010.

                                                 */s/ Paul Steven Singerman*
                                                 Paul Steven Singerman

**SERVICE LIST**

Marc S. Nurik
Law Offices of Marc S Nurik
1 E Broward Boulevard, Suite 700
Fort Lauderdale, FL 33301
954-745-5849
Fax: 954-745-3556
Email: marc@nuriklaw.com

Alison Whitney Lehr
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9176
Fax: 536-7599
Email: Alison.Lehr@usdoj.gov

Evelyn Baltodano-Sheehan
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9125
Email: evelyn.sheehan@usdoj.gov

Lawrence D. LaVecchio
United States Attorney's Office
500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33394
954-356-7255
Fax: 954-356-7230
Email: lawrence.lavecchio@usdoj.gov

Paul Schwartz
United States Attorney's Office
500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33301-3002
954-356-7255
Fax: 356-7230
Email: paul.schwartz@usdoj.gov

Jeffrey Kaplan
United States Attorney's Office
500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33301-3002
954-356-7255X3515
Fax: 356-7336
Email: jeffrey.kaplan@usdoj.gov


Fred Haddad, Esq.
1 Financial Plaza
Suite 2612
Fort Lauderdale, FL 33394
Email: Dee@FredHaddadLaw.com

Seth Michael Lehrman, Esq.
Farmer, Jaffe, Weissing, Edwards, Fistos &
Lehrman, P.L.
425 N. Andrews Ave.
Suite 2
Fort Lauderdale, FL 33301
Email: seth@pathtojustice.com