UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60331-CR-COHN

UNITED STATES OF AMERICA

v.

SCOTT W. ROTHSTEIN,

        Defendant.

_____/

**UNITED STATES' SENTENCING MEMORANDUM
REGARDING FORFEITURE AND RESTITUTION**

The United States of America hereby submits its sentencing memorandum regarding the anticipated forfeiture aspects of this case for the Court's consideration.

A.    <u>Forfeiture Must Be Pronounced As Part Of The Sentence And Included In The Judgment</u>

The Court has already entered a Preliminary Order of Forfeiture and Judgment [DE #134]. However, the Court must announce the forfeiture as part of the sentence and must include the forfeiture order in the judgment.  Federal Rule of Criminal Procedure 32.2(b)(4)(B) provides, in pertinent part:

> The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing.  The court must also include the forfeiture order, directly or by reference, in the judgment...

Therefore, in addition to describing whatever period of incarceration, fines, and special assessments may be imposed as the sentence for defendant Rothstein, the Court should include forfeiture in accordance with Fed.R.Crim.P. 32.2(b)(4)(B).

B.    <u>Ancillary Proceedings Are Not Part Of Sentencing</u>

Although numerous third parties have already filed petitions seeking to have the Court amend its Preliminary Order of Forfeiture, the ancillary forfeiture proceedings do not delay the

imposition of the forfeiture portion of defendant's sentence.  The forfeiture was final as to the defendant upon entry [DE #134, p. 4, ¶6] in accordance with Fed.R.Crim.P. 32.2(b)(4)(A). However, the order of forfeiture "remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c)." Fed.R.Crim.P. 32.2(b)(4)(A).

C.      Restitution Proceedings

In accordance with 18 U.S.C. § 3664(d)(5), the United States hereby notifies the Court that the victims' losses are not specifically ascertainable at this time.  It is therefore requested that the Court set a separate schedule "for the final determination of the victim's losses, not to exceed 90 days after sentencing." 18 U.S.C. § 3664(d)(5).

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:     /s/ *Alison W. Lehr*
        Alison W. Lehr (FL Bar No.444537)
        Assistant United States Attorney
        99 NE 4th Street
        Miami, FL   33132-2111
        Tel. (305) 961-9176
        Fax. (305) 536-7599
        Alison.Lehr@usdoj.gov

By:     /s/ *Evelyn B. Sheehan*
        Evelyn B. Sheehan (FL Bar No.944351)
        Assistant United States Attorney
        99 NE 4th Street
        Miami, FL   33132-2111
        Tel. (305) 961-9125
        Fax. (305) 536-7599
        Evelyn.Sheehan@usdoj.gov

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on May 26, 2010, I electronically filed the foregoing United States' Sentencing Memorandum Regarding Forfeiture and Restitution.

                                                 /s/Alison W. Lehr
                                               Alison W. Lehr
                                               Assistant United States Attorney