UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

UNITED STATES OF AMERICA

v.                                            Case No. 09-60331-CR-COHN

SCOTT W. ROTHSTEIN
_____/

### CHAPTER 11 TRUSTEE'S MOTION FOR PROTECTIVE ORDER

Petitioner, Herbert Stettin ("Stettin" or "Trustee"), as the Chapter 11 Trustee of Rothstein Rosenfeldt Adler P.A. ("RRA"), moves this Court for a protective order that would permit the Trustee to maintain certain funds derived from the RRA operating and trust accounts at Gibraltar Bank in his accounts until such time as this Court may determine whether such funds are properly subject to forfeiture either because (1) the funds held by the Trustee were not on deposit at Gibraltar Bank at the time to accounts were seized and subject to forfeiture or (2) the government failed to establish a sufficient nexus between any the funds held in the RRA accounts and any underlying criminal offense to support the forfeitures of the funds held in these accounts.

### FACTUAL BACKGROUND

This dispute centers around the government's attempt to seize funds held at one time in four accounts at Gibraltar Bank by the RRA law firm. On May 21, 2010, a U.S. Marshal served the undersigned counsel for the Trustee with the attached letter (Exhibit A) demanding that the Trustee turn over certain funds in his possession. The government asserts that the Trustee is required to turn over funds transferred from the Gibraltar accounts and now lawfully held in the Trustee's accounts at Regions Bank that were never subject to seizure or forfeiture. These accounts were opened by the Trustee for the explicit purpose of marshaling monies that belong to

the bankruptcy estate. Notwithstanding the fact that no order has been entered by this Court that would restrain or forfeit the Trustee's accounts, the government maintains that the Trustee has a duty to turn over funds from these accounts to the U.S. Marshal. The government further threatens to seek sanctions against the Trustee and his counsel unless the Trustee turns over these funds by May 28, 2010.[1]

Since November 4, 2009, Herbert Stettin has been the court appointed steward of RRA. He was first appointed receiver by Broward Circuit Court Judge Jeffery Streitfeld. *See Rosenfeldt v. Rothstein*, No.09-059301 (Fla. 19th Cir. Ct. Nov. 4. 2009). After the RRA bankruptcy was commenced on November 10, 2009, Stettin was selected to act as the Bankruptcy Trustee by the United States Trustee (a division of the Department of Justice) and approved by Bankruptcy Judge Raymond B. Ray. *See In re Rothstein Rosenfeldt Adler P.A.*, No. 09-34791-RBR (Bankr. S.D. Fla. Nov. 20, 2009) [D.E. 35 & 55]. Stettin has at all times complied with the fiduciary duties that accompany being a court appointed trustee. Both Judge Ray and Judge Streitfeld tasked Stettin with the responsibility of maximizing and protecting the assets of RRA and distributing them fairly to RRA's creditors, including the victims of Rothstein's crimes.

Once he was appointed as receiver on November 4, 2009, Stettin took control of all of the assets of RRA. On November 11, 2009, Stettin removed all funds from RRA's four operating and trust accounts at Gibraltar Bank and consolidated the funds in two accounts at Bank Atlantic. On December 17, 2009, pursuant to the requirements of the Bankruptcy Code (*see* 11 U.S.C. section 345) that require all trustees to maintain their accounts at approved depository institutions, Stettin transferred the funds to accounts at Regions Bank as Bank Atlantic was then not an approved

---

[1] It is an open question whether the government may even seek sanctions before this Court without first obtaining leave of the Bankruptcy Court under the *Barton* Doctrine. *See Barton v. Barbour*, 104 U.S. 126 (1886).

depository institution. As of November 11, 2009 – the date upon which Stettin lawfully removed the balances from the Gibraltar accounts – the government had not filed any civil or criminal forfeiture action that would in any way restrain the accounts or restrict the movement of the funds they contained.

It was not until November 27, 2009 that the government first made the Gibraltar bank accounts subject to forfeiture. On that date, the government filed an Amended Verified Complaint for Forfeiture *in rem* [D.E. 19] listing the four Gibraltar accounts among other properties in a civil forfeiture action entitled *USA v. Various Real Properties*, 09-61780-WJZ.[2] The government did not physically seize these accounts until December 17, 2009, when civil seizure warrants were formally served on Gibraltar Bank. Before the civil forfeiture action was commenced and long before the accounts were seized, however, the Trustee had already lawfully removed all funds the accounts once contained. Accordingly, at the time the government seized the Gibraltar accounts, it exercised no control or restraint over funds on deposit because there were none. In effect, it seized bank accounts that were empty.

Although the government lists in its forfeiture action the account balances prior to the seizure of the Gibraltar accounts, the funds subject to forfeiture are plainly limited to the funds actually in the accounts at the time they were seized. The government, however, continued to misstate the account balances in all its subsequent forfeiture submissions. In the information filed against Scott Rothstein on December 1,2009, the government incorporated the same Gibraltar accounts (BA2-BA5) in its criminal forfeiture allegations, incorrectly stating the balances in the

---

[2] These accounts are designated as BA2, BA3, BA4 and BA5 but erroneously listed under the wrong account numbers in the civil forfeiture case. The government lists the balances for these accounts in the civil forfeiture action as $117,032.76, $53,448.51, $71,793.06, and $995, 521.42 respectively.

accounts in the approximate amounts of $484,900.68, $53,448.51, $71,793.06 and $995,521.426. The government then sought to preserve the accounts for forfeiture as well as other properties and moved for a Post-Information Protective Order [D.E 12], which this Court then entered on December 13, 2009 [D.E. 13]. The Protective Order again erroneously listed the account balances in the Gibraltar accounts and prohibited any person, financial institution or other entity "who have any interest or control over the subject property listed in Exhibit A" from taking any action that would affect the value of any asset. Plainly, the Trustee has not violated the Protective Order as he withdrew no funds from the Gibraltar accounts *after* the Protective Order was entered.

Although the assets listed in the Protective Order were limited to the accounts themselves, the Trustee has voluntarily held all funds withdrawn from the Gibraltar accounts intact awaiting further order of this Court concerning the proper disposition of the funds. Indeed, the Trustee has reached agreement with the U.S. Marshal concerning the exact balances held in each of the Gibraltar accounts prior to the transfers (amounts that were misstated in the government's forfeiture pleadings) and all details concerning the transfer of the funds to the Trustee's accounts. The Trustee has also offered to maintain these account balances until such time as this Court has had an opportunity to address whether the government has any entitlement to these funds. The government has rejected the Trustee's offer and demands the turn over of the funds by May 28, 2010. Undersigned counsel contacted AUSA Alison Lehr concerning the position of the government in respect to the Trustee's Motion for Protective Order. Ms. Lehr stated that the government opposes the relief sought and reiterated the demand for turnover by May 28, 2010.

The Preliminary Order of Forfeiture [D.E. 134] functions as the operative pleading for the commencement of ancillary forfeiture proceedings. By its precise terms, it subjects to forfeiture "all right, title and interest of defendant SCOTT W. ROTHSTEIN in the property set forth in

Exhibit A." Exhibit A specifically includes the four bank accounts at Gibraltar Bank (BA2-BA5) identified by their account number and the approximate balances. The approximate balances listed in the Preliminary Order of Forfeiture, however, do not match the amounts actually seized by the government at the time seizure warrants were served on these accounts. The Trustee asserts that the government is entitled to forfeit only the funds that were on deposit at the time the seizure warrant was executed against the accounts.[3] The Trustee has attempted without success to explain to the government that his responsibilities to the Bankruptcy Court require a court order before he can simply relinquish funds held in a fiduciary capacity for the benefit of the estate. For this reason, the Trustee respectfully seeks a Protective Order that will maintain the *status quo* by allowing the Trustee to maintain custody and control of the funds derived from the four Gibraltar accounts until such time as this Court may determine whether such funds are properly subject to forfeiture. The Trustee respectfully requests that the Protective Order make clear that neither he nor his counsel has any legal obligation to turn over the funds in question to the government pending a determination as to whether the are properly subject to forfeiture.

## ARGUMENT

It is axiomatic that the government may only forfeit that property that is explicitly identified in the Preliminary Order of Forfeiture. Having subjected a bank account to seizure through the execution of a seizure warrant, the government is limited in any subsequent forfeiture action to those funds remaining in the account at the time it was seized. A forfeiture order which

---

[3] With respect to the Gibraltar accounts as well as all other bank accounts held by RRA, the Bankruptcy Trustee has also filed the M*otion to Amend Preliminary Order of Forfeiture And For Return of RRA Bank Accounts* with this Court seeking the release of all the RRA bank accounts. [D.E.186]. In that motion, the Trustee has taken the position that the government has failed to show the requisite nexus between Rothstein's criminal activities and the commingled funds that were held in RRA's accounts. The Court has not yet ruled on this motion.

subjects a bank account to forfeiture does not make all funds that may have passed through the account at some point in time subject to forfeiture, but only those funds on account when the seizure warrant is executed. Should the government determine that funds transferred prior to seizure may also be forfeitable, it is incumbent on the government to seek additional process to seize any transferred funds that may be in a different account or in the possession of a third person. *See* 21 U.S.C. § 853(c).  Should the government seek to amend the Preliminary Order of Forfeiture to include the funds now held in the Trustee's accounts at Regions Bank, the Trustee respectfully requests an opportunity to be heard before his accounts may be seized and an evidentiary hearing at which the government would be held to its burden to establish the requisite nexus to the funds on deposit in the Trustee's accounts at Regions Bank.  There is no legal authority that would permit the government to demand the return of funds, subject to the threat of a contempt action, that had been lawfully transferred from an account that the government later subjected to forfeiture.

A preliminary order of forfeiture authorizes the Attorney General to seize only "**the specific** property subject to forfeiture." Fed. R. Crim. P. 32.2(b)(3)(emphasis added).  Here, that specifically identified property is the Gibraltar accounts themselves.  The Trustee is not in possession of the Gibraltar accounts and has not refused to turn them over as the government alleges.  Instead, the Trustee lawfully took possession of certain RRA funds before the government's forfeiture action began.  Having lawfully removed the funds from the Gibraltar accounts before they were seized or subjected to forfeiture, the Trustee is under no legal obligation to turn these funds over to the U.S. Marshal.

The Trustee, as his status as a court appointed official requires, has safely kept any funds that may be subject to a lawful court order.  Out of an abundance of caution and the risk that the

government would seek to hold a court appointed official and his counsel in contempt, the Trustee requests that this Court enter a protective order permitting the Trustee to maintain and safeguard funds equivalent to the actual balances transferred by the Trustee from the Gibraltar accounts (as verified and confirmed through the U.S. Marshal) until all pending issues regarding the RRA accounts are resolved, including any appeals.

**WHEREFORE**, Petitioner, Herbert Stettin, as Chapter 11 Trustee of Rothstein Rosenfeldt Adler P.A. ("RRA") requests that this Court enter a protective order permitting the Trustee to continue to maintain and safeguard funds equivalent to the actual balances transferred by the Trustee from the Gibraltar accounts until all pending issues before this Court regarding the RRA accounts are resolved and for such other relief as the Court deems just and proper.

Respectfully Submitted,

BERGER SINGERMAN, P.A.
*Counsel for Chapter 11 Trustee*
200 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: /s/ Paul Steven Singerman
  Paul Steven Singerman
  singerman@bergersingerman.com
  Florida Bar No. 378860
  Sharon Kegerreis
  skegerreis@bergersingerman.com
  Florida Bar No. 852732
  Isaac Marcushamer
  imarcushamer@bergersingerman.com
  Florida Bar No. 0060373

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via Regular U.S. Mail, postage prepaid, fax, email and/or overnight delivery upon all parties on the attached Service List this 27th day of May, 2010.

                                                */s/ Paul Steven Singerman*
                                                Paul Steven Singerman



U.S. Department of Justice

*United States Attorney*
*Southern District of Florida*

99 N.E. 4 Street
Miami, FL 33132
(305) 961-9176

May 21, 2010

Paul Steven Singerman, Esq.             VIA HAND-DELIVERY
Berger Singerman
200 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131-5308

Re:   United States v. Rothstein, 09-60331-CR-COHN

Dear Mr. Singerman:

      This letter is a follow-up to the electronic mail sent by you this morning, advising Norman Hylton, of the United States Marshals, that the Chapter 11 Bankruptcy Trustee is declining to honor the Court's Preliminary Order of Forfeiture in that it is declining to turn over the Gibraltar accounts (as transferred into Bank Atlantic accounts), to the United States. The reason cited for your refusal to comply with the Preliminary Order of Forfeiture is that you have a pending motion regarding the release of these and other bank accounts from the Preliminary Order of Forfeiture. The Preliminary Order of Forfeiture specifically orders that "[a]gents of the Internal Revenue Service, or the United States Marshal, or any other duly authorized law enforcement official, *shall* (emphasis supplied) seize and take custody of the forfeited property pursuant to 18 U.S.C. §1963(e) and 21 U.S.C. §853(g)." DE #134, p. 3, ¶3.

      The pendency of your motion [DE #186] before the District Court is not a reason to prevent law enforcement agents from executing an Order of the District Court. Therefore, please comply with the United States Marshal's request for the turnover of the relevant accounts. Please be advised that if turnover of the accounts is not made by close of business on Friday, May 28, 2010, that the United States will seek appropriate remedies, including but not limited to a Motion to Enforce the Court's Order or a Motion to Show Cause.



Thank you very much for your prompt attention to this matter.

                                    Sincerely,

                                    WIFREDO A. FERRER
                                    UNITED STATES ATTORNEY

By:       *Alison W. Lehr*
                                    ALISON W. LEHR
                                    ASSISTANT U.S. ATTORNEY
                                    FLA. BAR NO. 444537
                                    99 N.E. 4TH STREET
                                    MIAMI, FLORIDA 33132
                                    TEL: (305)961-9176
                                    FAX: (305)536-7599

**SERVICE LIST**

Marc S. Nurik
Law Offices of Marc S Nurik
1 E Broward Boulevard, Suite 700
Fort Lauderdale, FL 33301
954-745-5849
Fax: 954-745-3556
Email: marc@nuriklaw.com

Alison Whitney Lehr
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9176
Fax: 536-7599
Email: Alison.Lehr@usdoj.gov

Evelyn Baltodano-Sheehan
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9125
Email: evelyn.sheehan@usdoj.gov

Lawrence D. LaVecchio
United States Attorney's Office
500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33394
954-356-7255
Fax: 954-356-7230
Email: lawrence.lavecchio@usdoj.gov

Paul Schwartz
United States Attorney's Office
500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33301-3002
954-356-7255
Fax: 356-7230
Email: paul.schwartz@usdoj.gov

Jeffrey Kaplan
United States Attorney's Office
500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33301-3002
954-356-7255X3515
Fax: 356-7336
Email: jeffrey.kaplan@usdoj.gov


Fred Haddad, Esq.
1 Financial Plaza
Suite 2612
Fort Lauderdale, FL 33394
Email: Dee@FredHaddadLaw.com

Seth Michael Lehrman, Esq.
Farmer, Jaffe, Weissing, Edwards, Fistos &
Lehrman, P.L.
425 N. Andrews Ave.
Suite 2
Fort Lauderdale, FL 33301
Email: seth@pathtojustice.com