UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA,

v.

SCOTT W. ROTHSTEIN,

        Defendant.

_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
CHAPTER 11 BANKRUPTCY TRUSTEE'S MOTION
<u>FOR PROTECTIVE ORDER</u>**

The United States of America  responds in opposition to the Chapter 11 Bankruptcy

Trustee's Motion For Protective Order, hereafter "the motion." [DE #219]. The Chapter 11

Bankruptcy Trustee (hereafter "Bankruptcy Trustee") seeks protection from the execution of process

against forfeitable funds transferred from four accounts at Gibraltar Bank, hereafter "the subject

accounts."  The Bankruptcy Trustee bases his request for protection on the alleged improper

identification of the accounts and amounts subject to forfeiture and based on the assertion that the

forfeitability of the accounts has not been properly established.  The Bankruptcy Trustee's motion

is without merit.  Not only was the Bankruptcy Trustee on notice that the subject accounts and funds

derived from them are forfeitable but the Bankruptcy Trustee cannot reject execution of a duly

issued Court Order based on his belief that the Court ruled in error.  Accordingly, the motion must

be denied.

In support of its response, the United States respectfully shows unto the Court:

**Relevant Procedural History**

        1.      At all times relevant to these proceedings, the Bankruptcy Trustee has been aware

of the United States' interest in assets owned or controlled by or on behalf of Scott W. Rothstein, hereafter "defendant."  For example, the Bankruptcy Trustee was aware that the United States executed search warrants at the Rothstein Rosenfeldt and Adler, P.A. law firm, hereafter "RRA," in early November 2009 and obtained bank account and other information at that time.

2.      In November 2009, the United States formally sought civil forfeiture of certain assets including the subject accounts.[1] [09-61780-CIV-ZLOCH, DE #14, p. 15; DE #19, p. 17]. The United States subsequently dismissed the subject accounts from the civil forfeiture action without prejudice [DE 09-61780-CIV-ZLOCH, DE #27], after they were identified as forfeitable in the Information filed against  defendant on December 1, 2009.  [DE #1, p. 25].

3.      On December 7, 2009, the Court entered a Protective Order that encompassed these accounts. [DE #13, p. 7].  Gibraltar Bank was served with the Protective Order.  At the time of service, the United States was not informed that the funds had been transferred.

4.      On or about December 7, 2009, the Bankruptcy Trustee was placed on notice of the Protective Order.  Thereafter, on December 15, 2009, the Bankruptcy Trustee moved to Amend the Protective Order and for the Turnover of 8 RRA Accounts, including the subject accounts [DE #17]. In a footnote contained within the Motion to Amend the Protective Order and for Turnover, the Bankruptcy Trustee mentioned that the subject accounts had been transferred to Bank Atlantic. [DE

_____

[1] The subject accounts were identified in the Amended Verified Complaint for Forfeiture in Rem as follows with bank balance information as of November 1, 2009:

(BA2)  Gibraltar Bank account 5001008510 [sic], in the name of WAWW 3 LLC, in the approximate amount of $117,032.76;
(BA3) Gibraltar Bank account 5001009310 [sic], in the approximate amount of $53,448.51;
(BA4) Gibraltar Bank account 5001005310 [sic], in the approximate amount of $71,793.06;
(BA5) Gibraltar Bank account 5001001410 [sic], in the approximate amount of $995,521.426.

#17, p. 5, n.3].

5.      The defendant entered a guilty plea on January 27, 2010 and agreed to the forfeiture of his right, title and interest in the subject accounts. [DE #69, ¶6].

6.      On April 19, 2010, the Court entered a Preliminary Order of Forfeiture, finding in pertinent part, that: "[t]he nexus between the crimes of conviction and the properties identified as subject to forfeiture has been established." [DE #134, p. 2, ¶7].  The subject accounts are identified for forfeiture in the Preliminary Order of Forfeiture.

7.      In early May, 2010, the United States Marshals Service attempted to execute process on the subject accounts by serving Gibraltar Bank. Gibraltar Bank advised the United States as to the proper account numbers, account balances as of November 10, 2009, and advised that the account balances had been wired on November 10, 2009, as follows:

(BA2)  Gibraltar Bank account 50010085[2] had $484,900.88[3] as of November 10, 2009 which balance was transferred to Bank Atlantic account 0065074427-RRA Herbert Stettin as Receiver (Operating);

(BA3)  Gibraltar Bank account 50010093[4], had $255.16[5] as of November 10, 2009 which balance was transferred to Bank Atlantic account 0065074427-RRA Herbert Stettin as Receiver (Operating);

---

[2]  This account number is correctly listed in the Preliminary Order of Forfeiture.

[3]  This amount differs by twenty cents from the amount listed in the Preliminary Order of Forfeiture, $484,900.68.

[4]  This account number is correctly listed in the Preliminary Order of Forfeiture.

[5]  This amount differs from the amount listed in the Preliminary Order of Forfeiture, $53,448.51.  The amount listed in the Preliminary Order of Forfeiture was the account balance as of November 1, 2009.

(BA4)   Gibraltar Bank account 50012053,[6] had $71,793.06[7] as of November 10, 2009 which

balance was transferred to Bank Atlantic account 0065074450-RRA Herbert Stettin

as Receiver (IOTA); and

(BA5)   Gibraltar Bank account 50015214,[8]  had $947,091.83[9] as of November 10, 2009

which balance was transferred to Bank Atlantic account 0065074450-RRA Herbert

Stettin as Receiver (IOTA).

8.      The total amount of funds wired from Gibraltar Bank to Bank Atlantic, at the behest

of the Bankruptcy Trustee was $1,504,040.93.

9.      The accounts at Bank Atlantic were transferred to Regions Bank on December 17,

2009, after the entry of this Court's Protective Order. [DE #219, p.2].  Although the transfer was

purportedly done to comply with the Bankruptcy Code [DE #219], the Bankruptcy Trustee did not

seek this Court's approval nor did he notify undersigned counsel of the transfer.

10.     Subsequent to its contacts with Gibraltar Bank, the United States Marshals Service

approached the Bankruptcy Trustee seeking to execute the Preliminary Order of Forfeiture.  After

verifying the amounts and the accounts in question, the Bankruptcy Trustee refused to turn over the

---

[6] This account number differs slightly from the account number listed in the Preliminary Order of Forfeiture, 50011253.  However, as more fully discussed below, the account was readily identifiable. *See United States v. Libretti*, 28 Fed.Appx. 754, 758 (10th Cir. 2001)(numerical error in final order of forfeiture was sufficiently precise to provide notice required by due process).

[7] This amount is the same amount listed in the Preliminary Order of Forfeiture.

[8] This account number is the same account number listed in the Preliminary Order of Forfeiture.

[9] This amount differs from the amount listed in the Preliminary Order of Forfeiture, $995,521.42, which was the account balance as of November 1, 2009.

proceeds from the subject accounts based on the pending litigation with respect to the accounts, specifically referring to the Bankruptcy Trustee's Motion to Amend the Preliminary Order of Forfeiture [DE #186].

11.     Undersigned counsel served a demand letter upon the Bankruptcy Trustee requiring turnover of the forfeited funds by close of business on May 28, 2010.  In response, the Bankruptcy Trustee filed the instant motion for protective order [DE #219].

## MEMORANDUM

The Bankruptcy Trustee, long on notice of the United States' forfeiture claims against the subject accounts, suggests he can properly ignore this Court's Preliminary Order of Forfeiture and that he is entitled to a protective order,  because no nexus has been established so that the accounts are not properly subject to forfeiture and because the accounts and amounts are not properly named within the forfeiture order.  To the extent the Bankruptcy Trustee seeks protection from compliance with the Preliminary Order of Forfeiture based on his challenge to the underlying forfeitability of the subject accounts, such protection should be denied since it is well established that a third party petitioner cannot challenge a Court's underlying forfeiture determination.[10]  To the extent the Bankruptcy Trustee is alleging he is unable to comply with the Court's Order because the accounts and balances are improperly identified, no protective order is necessary.  Instead, the United States requests that the Court modify the Preliminary Order of Forfeiture, *nunc pro tunc*, to properly reflect the bank, account numbers and  balances in question so that the Bankruptcy Trustee can comply with the execution of process.

---

[10]*See* United States' Response in Opposition to Chapter 11 Bankruptcy Trustee's Motion to Amend Preliminary Order of Forfeiture and for Return of RRA Bank Accounts [DE #218], which is incorporated herein, by reference.

A.      **The Bankruptcy Trustee, On Notice That The "Gibraltar Bank" Accounts and Funds Transferred From Them Are Forfeitable, And Having Continuously Referred To The Accounts Using The Gibraltar Bank Name, Cannot Obtain A Protective Order Enabling Him To Hide Behind The Technicality That He Transferred Funds To Regions Bank**

From the time that the Bankruptcy Trustee initially made an appearance in this case, the Bankruptcy Trustee has explicitly acknowledged Court authority over the subject accounts. Indeed, the Bankruptcy Trustee applied to this Court seeking that the Court order the turnover of the subject accounts, and others, in his Motion to Modify Protective Order and to Authorize The United States Marshals Service to Turnover 8 RRA Bank Accounts [DE #17].   In his Motion to Amend Preliminary Order of Forfeiture and for Return of RRA Bank Accounts filed on May 17, 2010 [DE #186], the Bankruptcy Trustee sought the return of RRA bank accounts, including the subject accounts, and made no distinction regarding the current location of the accounts or the amounts named for forfeiture.  Further, as recently as May 24, 2010 in his Verified Claims and Petition for Adjudication of Interests, the Bankruptcy Trustee described the accounts that he is seeking to have returned, using the Gibraltar Bank name. [DE #192, p.3].

These filings stand in stark contrast to the motion for protective order, which is filled with repeated and unnecessary allegations that the United States improperly used the "Gibraltar" name and incorrectly identified the balances contained within the Gibraltar accounts. [DE #219, pp. 3-5]. There is no question that despite the alleged errors in the Preliminary Order of Forfeiture (use of "incorrect" bank name, use of November 1 instead of November 10, 2009 account balance information), the Order provided sufficient notice to the Bankruptcy Trustee that the funds he transferred out of Gibraltar Bank were subject to criminal forfeiture.  Indeed, the Bankruptcy Trustee, in his Motion for Protective Order, represents that he "has voluntarily held all funds

withdrawn from the Gibraltar accounts intact awaiting further order of this Court concerning the proper disposition of the funds." [DE #219, p.4].

To the extent the Bankruptcy Trustee is claiming he cannot relinquish the funds transferred from the subject accounts to Regions Bank without further Court Order, the Court can easily address the Bankruptcy Trustee's concerns.  The Court can correct the items listed for forfeiture at BA2, BA3, BA4 and BA5 by replacing the language in the Preliminary Order of Forfeiture at BA2, BA3, BA4 and BA5 as follows: "Funds, in the approximate amount of  $1,504,040.93,  transferred from "RRA" Gibraltar Bank accounts  on or about November 10, 2009 by Bankruptcy Receiver to Bank Atlantic and thereafter transferred by Bankruptcy Trustee on or about December 17, 2009 to Regions Bank."[11] In the alternative, the Court can require the Bankruptcy Trustee to identify the account numbers and balances held by the Bankruptcy Trustee at Regions Bank.[12]

The $1,504,040.93 is forfeitable.  The Bankruptcy Trustee is not entitled to a protective order preventing the turnover of those funds to the United States merely because those funds have been moved or because he rejects established case law that prevents him from challenging the Court's

---

[11]Any corrections to the Preliminary Order of Forfeiture should be performed, *nunc pro tunc*. *See United States v. BCCI Holdings (Luxembourg), S.A.*, 1992 WL 34142 (D.D.C. January 31, 1992)(where entities holding assets not correctly referred to, Court amends all past incorrect references to entities, as of the date of the initial order). *See also United States v. Odom,* 2008 WL 2037669 (S.D. Miss. 2008) (Court entered Order of Forfeiture and Nunc Pro Tunc Amendments); *Dudley v. United States*, 320 F. Supp. 456 (N.D.Ga. 1970) (legal orders may properly be executed even though omission is furnished nunc pro tunc and may properly be considered effective as of true date); *Hammond Hotel & Improvement Co. v. Chicago Title & Trust Co.*, 55 F.2d 168 (7th Cir. 1931) (where order actually entered fails because of mistake or omission, correction may properly be made through nunc pro tunc order).

[12]The Bankruptcy Trustee has not identified the account names, numbers and balances held at Regions Bank.  Instead, he has indicated that he will "maintain and safeguard funds *equivalent to the actual balances* transferred by the Trustee from Gibraltar accounts..." [DE #219, p.7].

determination of forfeitability.  His motion for a protective order must be denied.

**B.      There Is No Authority That Entitles The Bankruptcy Trustee To Frustrate A Validly Issued Court Order And Obtain A Protective Order In The Process**

The Bankruptcy Trustee seeks "a protective order permitting the Trustee to maintain and safeguard funds equivalent to the actual balances transferred by the Trustee from the Gibraltar accounts (as verified and confirmed through the U.S. Marshal) until all pending issues regarding the RRA accounts are resolved, including any appeals." [DE #219, p.7].  It is no surprise that the Bankruptcy Trustee cites no authority for his request.  There is none.  The motion should be denied.

As an initial matter, the relevant statutes 18 U.S.C. §1963(e) and 21 U.S.C. § 853(g) do not provide for a third party to take protective action against a court's preliminary order of forfeiture: a third party's remedy is the ability to demonstrate ownership within the ancillary proceeding, thereby causing the modification of the preliminary order of forfeiture and the return of the property to the third party.  The statutes specifically allow the United States, not third parties such as the Bankruptcy Trustee, to take action to protect the property ordered forfeited.  *See* 18 U.S.C. §1963(e) and 21 U.S.C. § 853(g) ("Following entry of an order declaring the property forfeited, the court may, *upon application of the United States*, enter such appropriate restraining orders or injunctions ... or take any other action to protect the interest of the United States in the property ordered forfeited.")(Emphasis added).  The relevant statutes direct that "the court *shall* authorize the Attorney General *to seize* all property ordered forfeited upon such terms and conditions as the court shall deem proper." *Id.*  (Emphasis supplied).  These statutory provisions are reflected in Fed.R.Crim.P. 32.2(b)(3) which provides, in pertinent part: "The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture..."

Here, the United States in its Motion for Preliminary Order of Forfeiture requested the physical seizure of tangible assets, including the subject accounts.  The Court granted the United States' motion and ordered the physical seizure of tangible property: "Agents of the Internal Revenue Service, or the United States Marshal, or any other duly authorized law enforcement official, *shall* seize and take custody of the forfeited property pursuant to 18 U.S.C. §1963(e) and 21 U.S.C. § 853(g)." [DE #134, p. 3, ¶3].  A Preliminary Order of Forfeiture enables the United States to marshal assets for ultimate forfeiture pending the resolution of either ancillary proceedings or appeals. *See United States v. Kennedy*, 201 F.3d 1324, 1326 n.5 (11th Cir. 2000)("Preliminary forfeiture orders...are primarily used to enable the Government to marshal the defendant's assets subject to forfeiture.") and "...is properly executed when a Deputy U.S. Marshal, as the Attorney General's designee, 'seizes,' *i.e.*, takes possession of, the property identified in the order." *Jebril v. Pettit*, 2007 WL 1017600 *4 (E.D. Mich. March 30, 2007).

A court order directing physical seizure is something that simply cannot be refused or ignored.  A third  parties' ability to refuse compliance with forfeiture orders, despite an alleged "good faith" justification not only frustrates a court's order but seriously undermines the United States' duty to marshal forfeited assets. *See United States v. McCorkle*, 2000 WL 133759 *31-35 (M.D. Fla., Jan. 14, 2000)("Bailey's refusal to relinquish the funds frustrated the execution of the district court's seizure order." His alleged "good faith" belief in the non-forfeitability of assets did not provide Bailey with a defense for failure to comply with lawful process).

Here, despite protestations to the contrary, the Bankruptcy Trustee has refused to comply with an Order of this Court. [Compare DE #219, p. 6 "The Trustee...has not refused to turn them over as the government alleges with DE #219, p. 6, "The Trustee is under no legal obligation to turn

these funds over to the U.S. Marshal."].   Whatever beliefs the Bankruptcy Trustee may harbor regarding the bankruptcy estate's purported entitlement to the subject accounts, do not excuse the Bankruptcy Trustee's failure to comply with this Court's Order.

## CONCLUSION

There is no doubt that the Gibraltar accounts and funds contained in them were found to be forfeitable by this Court.  The Bankruptcy Trustee is not entitled to ignore a Court Order nor is he entitled to a protective order during the ancillary proceedings or any resulting appeals while he waits and hopes for the Court to rule in his favor. To the extent the Bankruptcy Trustee cannot comply with the Preliminary Order of Forfeiture because of the names and account balances listed therein, the Preliminary Order of Forfeiture should be corrected, *nunc pro tunc*, so that process can be executed against those funds, wherever located.

WHEREFORE, based on the foregoing, the United States urges that the Court deny the Bankruptcy Trustee's Motion for Protective Order, modify the Preliminary Order of Forfeiture *nunc pro tunc*, to reflect proper identifying information, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:      /s/ *Alison W. Lehr*
Alison W. Lehr (FL Bar No.444537)
Assistant United States Attorney
99 NE 4th Street
Miami, FL   33132-2111
Tel. (305) 961-9176
Fax. (305) 536-7599
Alison.Lehr@usdoj.gov

By:     /s/ *Evelyn B. Sheehan*
        Evelyn B. Sheehan (FL Bar No.944351)
        Assistant United States Attorney
        99 NE 4th Street
        Miami, FL   33132-2111
        Tel. (305) 961-9125
        Fax. (305) 536-7599
        Evelyn.Sheehan@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 4, 2010, I electronically filed the foregoing United

States' Response in Opposition to Chapter 11 Bankruptcy Trustee's Motion for Protective Order.

/s/*Alison W. Lehr*
Alison W. Lehr
Assistant United States Attorney