UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60331-CR-COHN

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SCOTT W. ROTHSTEIN,

        Defendant.
_____/

**SENTENCING STATEMENT OF VICTIMS**
**COQUINA INVESTMENTS & EMESS CAPITAL**

Pursuant to Title 18, United States Code, Section 3771(a)(4), victims Coquina Investments ("Coquina") and Emess Capital LLC ("Emess"), respectfully state the following:

According to the Defendant, he deserves leniency, in part, due to his "exemplary" post-offense conduct. Defendant's Memorandum [DE 272] at 15. In sum, his counsel reports that "Rothstein has remained steadfastly committed to the task of helping to ensure that every 'legitimate' investor be repaid." Defendant's Memorandum at 2. That statement is inaccurate and misleading.

The Court should be aware that while Rothstein may have cooperated with "some" victims and with the bankruptcy trustee,[1] through his counsel he has refused to cooperate with other victims of his fraud. Most of the victims were entirely unaware of this "cooperation," which apparently was

---

[1] *See* Defendant's Memorandum at 14.

given in secret.[2]  As such, the nature and substance of the alleged cooperation has been concealed from the majority of the legitimate victims of the Rothstein fraud.  The reason for this untoward behavior is unknown, but it is undoubtedly at odds with helping to ensure that all of his victims are repaid.

Both Coquina Investments and Emess Capital are victims of Rothstein's enormous fraudulent scheme.  Each has recently filed racketeering lawsuits in this Court against Rothstein and TD Bank, N.A.  *See Coquina Investments v. Rothstein & TD Bank, N.A.*, Case No. 10-60786-CIV-COOKE and *Emess Capital v. Rothstein & TD Bank, N.A.*, Case No. 10-60882-CIV-LENARD; copies of the complaints are attached as exhibits 1 and 2 respectively (without attachments).  More than two months ago, while preparing these lawsuits, undersigned counsel asked Mr. Nurik if the Defendant would assist Coquina and Emess in their efforts to recover their losses.  Our request for assistance from the Defendant was met with silence and refusal.

Secondly, it appears that Rothstein intends to defend the civil lawsuits filed against him.  Rothstein's response to Coquina's complaint was due to be filed by June 4, 2009.  However, his counsel's office recently contacted the undersigned requesting an extension of time in which to file a response to the complaint.  As a matter of professional courtesy, we did not object.  But, had we known then as we do now that Rothstein would seek a benefit from the Court for having cooperated with victims of his fraud, we would not have agreed to the extension.

Certainly, the Defendant has every right to defend against Coquina's lawsuit, or any other one for that matter.  However, we respectfully submit that such actions are inconsistent with the task

---

[2] With the exception of Mr. Scherer, no other member of the creditors committee in the RRA bankruptcy has received any assistance whatsoever from the Defendant.

Page -3-

of righting the series of very great wrongs the Defendant has perpetrated upon Coquina, Emess and his other fraud victims.

In contrast to his assertions to this Court, the Defendant has failed to assist or cooperate with the majority of his victims in their efforts to recoup their losses. Instead, for unknown reasons, he has chosen to cooperate with a select few. Not knowing the nature or extent of the Defendant's cooperation to date, we offer no opinion as to whether it merits any degree of recognition by this Court. However, we do object to the Defendant's suggestion that he has done everything in his power to help his victims recover their losses. He clearly has not.

## Conclusion

We respectfully suggest that, to the extent that the Court is considering leniency of any kind, that the Court refrain from such a sentence reduction unless and until the Defendant actually makes good on his promise to assist all of his legitimate victims recover their losses.

Dated: June 8, 2010

Respectfully submitted,

MANDEL & MANDEL LLP
169 East Flagler Street, Suite 1200
Miami, Florida 33131
Telephone: 305.374.7771
Facsimile: 305.374.7776
dmandel@mandel-law.com

By: /s/ David S. Mandel
DAVID S. MANDEL
Fla. Bar No. 38040

*Attorneys for Victims Coquina Investments and Emess Capital, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via CM/ECF this 8th day of June, 2010.

/s/ David S. Mandel