UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case No.: 09-CR-60331-COHN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SCOTT W. ROTHSTEIN

    Defendant.

_____/

## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ROTHSTEIN ROSENFELDT ADLER, P.A.'S MOTION FOR PERMISSION TO SEEK DISCOVERY

Petitioner, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ROTHSTEIN ROSENFELDT ADLER, P.A. ("Petitioner"), moves the Court, pursuant to the Court's *Scheduling Order* [D.E. 276], to permit Petitioner to take discovery regarding factual issues raised by the Verified Petition of Interest filed by the Official Committee of Unsecured Creditors of Rothstein Rosenfeld Adler, P.A. (D.E. 270). In support of this Motion, the Petitioner states as follows:

The Court's *Scheduling Order* [D.E. 276] provides that any third-party claimant listed in the order "that wishes to seek discovery in aid of its third party claim must file a motion for permission to seek discovery which shows that discovery is necessary or desirable to resolve factual issues." The discovery that Petitioners seek, as described below, is both necessary and desirable.

The Petitioner, on behalf of all victims of Rothstein Rosenfeld Adler ("RRA"), has made a viable claim as to all properties and assets listed in Attachment A to the Preliminary Order of Forfeiture [D.E. 134] (collectively, the "Properties"). The Committee claims that RRA's victim

creditors have a valid pro-rata constructive trust over the Properties which gives them an interest in the Properties superior to that of Scott Rothstein.[1]

Petitioner's pro-rata constructive trust claim is predicated on the ability to demonstrate that the Properties at issue were purchased with monies fraudulently obtained from the collective group of Ponzi victims that the Petitioner represents pursuant to its statutory mandate. As noted in its Verified Petition, although Rothstein's victims are unable to prove that the Properties were purchased solely with their individual funds, Petitioner believes that collectively, all victims of Rothstein's crimes can trace the aggregate of their monies into all of the Properties and that the Properties were purchased by Rothstein solely with victims' money.[2] In order to demonstrate this, Petitioner requires discovery from the United States, the bankruptcy trustee, and third parties showing that the Properties were purchased or acquired directly or indirectly with the proceeds fraudulently obtained from the victims of Rothstein's Ponzi scheme. Such discovery includes all documents, spreadsheets, charts, and analyses evidencing the source of funds for the purchase or acquisition of each of the Properties, including all relevant information from which a tracing analysis can be conducted.

Further, in order to prove its claim, Petitioner will also seek to take depositions of Scott Rothstein, Debra Villegas and others who managed Rothstein and RRA finances. Moreover, Petitioner will request copies of whatever discovery in relation to this forfeiture proceeding is

---

[1] The Eleventh Circuit in *United States v. Ramunno*, 599 F.3d 1269 (11th Cir. 2010) recognized the possibility of a pro-rata constructive trust. Concerned with the unfairness of elevating one victim creditor's claim over the claims of similarly situated victim creditors, the court reasoned that if the constructive trust were limited to a party's pro-rata share of the forfeited assets, "... the potential unfairness to the other fraud victims would appear to be eliminated." *Id* at fn. 3. Ultimately, the *Ramunno* court did not reach the issue of whether to employ a pro-rata constructive trust approach in the case before it as none of the parties had requested this relief. A pro-rata constructive trust has also been recognized under Florida law in *Dodd v. Schimpf*, 419 So.2d 644, 664, fn. 4, (Fla. 3d DCA 1982) (citing Scott on Trusts, 3rd Ed., § 519).

[2] The concept of a collective constructive trust in the context of forfeiture proceedings was employed by the court in *United States v. $2,350,000.00 In Lieu of One Parcel of Property Located at 895 Lake Avenue Greenwich, Connecticut*, 2010 WL 1688824 (D. Conn.). In that case, the court permitted multiple parties to pool their claims in order to defeat forfeiture through a collective constructive trust.

2

Case 0:09-cr-60331-JIC   Document 302   Entered on FLSD Docket 06/11/2010   Page 3 of 4
*United States of America v. Scott W. Rothstein.*
Case No.: 09-cr-60331

provided by the United States, the bankruptcy trustee, and any other petitioner to any other party or petitioner in this matter.

The Federal Rules of Criminal Procedure provide that the Court may permit discovery in ancillary proceedings. Fed.R. Crim. P. 32.2(c)(1)(B). The Petitioner's claim raises complex factual issues that will require the above discovery for resolution. The factual and legal issues include the legal and beneficial ownership of the Properties, the source of the funds used to purchase each of the Properties, and the relationship between those funds and the underlying criminal activity. Petitioner is entitled to take discovery in the ancillary proceedings to support its claim.

WHEREFORE, Petitioner respectfully requests the Court to permit it to seek the discovery as set forth above and to grant such further relief as is just and proper.

Respectfully submitted,

**AKERMAN, SENTERFITT**
Counsel for the Official Committee of
Unsecured Creditors of Rothstein
Rosenfeldt Adler, P.A.
Las Olas Centre II – Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Telephone No.: (954)463-2700
Facsimile No.: (954)463-2224

By: __/s/ Michael I. Goldberg__
MICHAEL I. GOLDBERG
Florida Bar No. 886602

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of June, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and therefore the foregoing has been furnished via the Court's CM/ECF system to all electronic filing participants

3

in this case. In addition, a copy of the foregoing was sent via U.S. Mail to Alison W. Lehr, Assistant U.S. Attorney, 99 N.E. 4th Street, Miami, FL 33132.

By: /s/ Michael I. Goldberg