UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA

v.

SCOTT W. ROTHSTEIN

_____/

### ORDER DENYING BANKRUPTCY TRUSTEE'S MOTION TO AMEND PRELIMINARY ORDER OF FORFEITURE AND FOR RETURN OF RRA BANK ACCOUNTS

**THIS CAUSE** is before the Court on the Chapter 11 Bankruptcy Trustee's Motion to Amend Preliminary Order of Forfeiture and for Return of RRA Bank Accounts [DE 186] ("Motion to Amend").  The Court has carefully reviewed the Motion to Amend, the Government's Response in Opposition [DE 218] ("Response"), the Chapter 11 Bankruptcy Trustee's Reply to the Government's Response in Opposition to Trustee's Motion to Amend Preliminary Order of Forfeiture [DE 264] ("Reply"), heard argument of counsel in open court, and is otherwise advised in the premises.

### I. BACKGROUND

On April 19, 2010, the Court entered a Preliminary Order of Forfeiture [DE 134].  The Preliminary Order of Forfeiture includes, among other things, several bank accounts held by the now-defunct law firm, Rothstein, Rosenfeldt, and Adler, P.A. ("the RRA Accounts").  In the Preliminary Order of Forfeiture, the Court found that "[t]he nexus between the crimes of conviction and the properties identified as subject to forfeiture has been established."  Id. at 2.

Herbert Stettin, the Chapter 11 Trustee of Rothstein Rosenfeldt Adler, P.A. ("Trustee"), contends that the Court erred when it determined that the Government proved the requisite nexus. Accordingly, the Trustee has moved the Court to amend its Preliminary Order of Forfeiture and for return of the RRA Accounts. See generally Motion to Amend. The Government, however, maintains that the Trustee has no standing to move for such relief. See generally Response.

## II. DISCUSSION

### A. Motion to Amend Preliminary Order of Forfeiture

Essentially, the Motion to Amend is a motion for reconsideration filed by a third party. Cf. Reply at 11 n.6. The Government contends that the Trustee, as a third party, has no standing to directly challenge the Preliminary Order of Forfeiture. Furthermore, the Government and the Trustee vigorously dispute whether the Trustee has standing to ever challenge the Court's Preliminary Order of Forfeiture.[1]

Title 21 U.S.C. § 853(n) provides third party petitioners with an opportunity to prove that title was vested in the petitioner rather than the defendant, that they have a superior interest in forfeited property to that of the criminal defendant at the time of the commission of the acts giving rise to forfeiture, or that they are bona fide purchasers for value. Indeed, the Trustee has availed himself of that procedure by filing a third party claim in this case. See DE 192. Notwithstanding, the Trustee seeks to assert its

---

[1] To the extent the Government contends that a third party never has standing to challenge a Court's nexus determination, see Response at 4 ("The limited scope of the ancillary proceedings does not allow a challenge to the underlying forfeiture determination made by the Court."), the Court need not address that contention to resolve the Motion to Amend.

interest in forfeited property outside of an ancillary proceeding.² See generally Motion to Amend.

A review of the Motion to Amend reveals that the Trustee incorrectly equates a procedural inability to challenge directly the Court's Preliminary Order of Forfeiture via a motion to amend with a perceived inability to prove it is the owner of property forfeited to the Government.³ The Court recognizes that the Trustee may be unsatisfied with the sequence of events contemplated in the forfeiture statute (i.e., an ancillary proceeding that occurs after forfeiture). Nonetheless, because the statutory framework provides for ancillary proceedings, the Court finds that the Trustee has not been deprived of an opportunity to assert its right to forfeited property.⁴

The Trustee, however, may not assert that right outside the statutory mechanism designed for third parties to assert such rights.⁵ See United States v. Andrews, 530

---

² The Court recognizes that the Trustee seeks not only to prove it has a superior right in forfeited property to that of the criminal defendant, but also to challenge the Court's underlying determination of forfeitability. Either way, the Trustee ultimately seeks the same thing: return of the RRA Accounts.

³ The Trustee maintains that "[t]o the extent that other courts have declined to recognize the standing of a third party claimant to challenge the factual basis for the forfeiture of its property, the Trustee submits that such courts have failed to consider the constitutional implications of their rulings." Reply at 3. For the reasons articulated in this Order, the Court will reach the merits of Trustee's contention only in an ancillary proceeding.

⁴ The Trustee maintains that "[d]enying the Trustee an opportunity to be heard *prior* to the deprivation of property creates a violation of constitutional dimensions." Reply at 4 (emphasis added). The Trustee cites no authority for that proposition.

⁵ To support its Motion to Amend, the Trustee relies heavily on United States v. Farley, 919 F. Supp. 276, 278 (S.D. Ohio 1996), for the proposition that a third party can challenge a nexus determination. In Farley, however, the issue arose in the

3

F.3d 1232, 1236 (10th Cir. 2008) ("[A] third party has no right to challenge [directly] the preliminary order's finding of forfeitability; rather, the third party is given an opportunity during the ancillary proceeding to assert any ownership interest that would require amendment of the order."); see also United States v. Muckle, No. 3:06-cr-41 (CAR), – F. Supp. 2d –, 2010 WL 1740835, at *3 (M.D. Ga. Apr. 28, 2010) ("Because the ancillary proceeding affords the exclusive opportunity for third parties to assert any ownership interest that would require amendment of a preliminary order of forfeiture, 'a third party has no right to challenge [directly] the preliminary order's finding of forfeitability.'" (quoting Andrews)); Chaim v. United States, Civil Action No. 09-5426 (MF), – F. Supp. 2d –, 2010 WL 767174, at *11 (D.N.J. Mar. 3, 2010) (quoting Andrews).  In other words, regardless of whether the Trustee has substantive standing to assert its right in forfeited property, the Trustee lacks procedural standing to attack the Preliminary Order of Forfeiture via a motion for reconsideration.  The Court, therefore, will deny the Motion to Amend.[6]

---

context of a § 853(n) claim.  919 F. Supp. at 278-79.  Thus, the court in Farley did not determine that a third-party claimant had procedural standing to move the court to reconsider its order of forfeiture outside of a § 853(n) claim.  See id.  Farley, therefore, does not support the Trustee's argument that he should be able to challenge, via a motion for reconsideration, the Court's Forfeiture Order.  See id.  As noted above, the Court will not determine at this time whether a third party can challenge the Court's nexus determination in the ancillary proceeding.

     [6]    The Trustee relies on United States v. Foley, 258 Fed. App'x 246, 247 (11th Cir. 2007), for the proposition that a third party has standing to assert its rights to forfeited property.  In Foley, however, the third party claimant asserted its right via a § 853(n) claim.  Thus, like Farley, Foley does not support the Trustee's argument.  The Trustee also relies on Libretti v. United States, 516 U.S. 29 (1995), but in Libretti, the criminal defendant, rather than a third party, sought to challenge the order of forfeiture.  Libretti, therefore, is also inapposite to the motion at bar.

### B. Motion to Return RRA Accounts

Alternatively, the Trustee contends that Rule 41(g) provides a mechanism by which the Trustee may challenge the Forfeiture Order.[7] Specifically, the Trustee maintains that "[u]nder the government's interpretation of the forfeiture process . . ., the Trustee never has the ability in the ancillary proceeding to contest the factual basis for the forfeiture." Reply at 11.  The Trustee further characterizes the Government's position as follows: "[W]hile the government asserts that ancillary proceedings are sufficient to protect the Trustee's interests, it simultaneously declares that the Trustee may never litigate the issue of whether the property was properly subject to forfeiture in the first place." Id.  The Trustee then asserts that "[i]t makes no difference to the Trustee whether this proceeding is labeled a Rule 41(g) hearing or is viewed as part of a Section 853(n) ancillary proceeding." Id. at 12.  Only five sentences later, however, the Trustee asserts that "this Court should use its equitable powers and hold an evidentiary hearing pursuant to Rule 41(g)." Id.

As the Trustee points out in its Reply, "[r]elief under Rule 41(g) is appropriate where a party has suffered an unlawful deprivation of property *and no adequate remedy at law exists*." Id. at 11 (emphasis added).  Here, the Trustee has not shown that he

---

[7] Federal Rule of Criminal Procedure 41(g) provides as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

lacks an adequate remedy at law.  The Court, in the ancillary proceeding, will adjudicate the validity of the Trustee's alleged interest in the RRA Accounts.  See 21 U.S.C. § 853(n)(2); cf. United States v. Porchay, 533 F.3d 704, 709 (8th Cir. 2008) (affirming district court's decision to convert third-party claimant's Rule 41(g) claim into a § 853(n) claim because claimant was not a criminal defendant).  If the Trustee can prove in the ancillary proceeding, as he so vigorously contends in his Motion to Amend, that the Trustee has a right superior to that of the Government in the RRA Accounts, then the Court will amend the Preliminary Order of Forfeiture.  If the Trustee prevails, surely he will not contend that he lacked an adequate legal remedy.  If, on the other hand, the Court prohibits the Trustee from challenging the forefeitability of the RRA Accounts and the Trustee fails to prove an interest in the RRA Accounts superior to that of the Government, then the Trustee may file a Rule 41(g) claim.  Meanwhile, the Court will deny the Rule 41(g) motion as premature.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that the Chapter 11 Bankruptcy Trustee's Motion to Amend Preliminary Order of Forfeiture and for Return of RRA Bank Accounts [DE 186] is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 11th day of June, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record.