UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA

      Plaintiff,

v.

SCOTT W. ROTHSTEIN

      Defendant.

_____/

IN RE THIRD PARTY CLAIM FILED BY

CHAPTER 11 TRUSTEE OF
ROTHSTEIN ROSENFELDT ADLER, P.A.,

      Petitioner.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART UNITED STATES' MOTION TO DISMISS CHAPTER 11 TRUSTEE'S VERIFIED CLAIMS AND PETITION

**THIS CAUSE** is before the Court on the United States' Motion to Dismiss

Chapter 11 Trustee's Verified Claims and Petition [DE 310] ("Motion to Dismiss").  The

Court has carefully reviewed the Motion to Dismiss, the Trustee's Response in

Opposition to Government's Motion to Dismiss [DE 344] ("Opposition"), the United

States' Reply [DE 385], has heard argument of counsel in open court on the record,

and is otherwise advised in the premises.

      The Motion to Dismiss concerns the sufficiency of a third party claimant's verified

petition in the largest Ponzi scheme ever perpetrated in South Florida.  The third party

claimant seeks to recover property subject to a preliminary order of forfeiture.  The

United States contends that the Court should dismiss the verified petition for two reasons: (1) the claimant lacks standing because he has failed to allege a legal interest in the forfeited property and (2) the claimant does not have an interest in the forfeited property that was superior to the defendant's interest in the property at the time of the predicate crimes.

The Court holds that the third party claimant has standing because he has alleged a vested interest in some of the forfeited property and a constructive trust as to the rest of the forfeited property. The Court also holds, as a matter of equity, that the third party claimant is not entitled to a constructive trust and therefore cannot recover property where the claimant asserts a constructive trust as his only legal interest in the property. Accordingly, for the reasons set forth below, the Court will grant in part and deny in part the Motion to Dismiss.

## I. BACKGROUND

On December 1, 2009, the United States, by way of Information, charged Defendant Scott Rothstein ("Rothstein") with RICO, money laundering, and mail and wire fraud conspiracies in violation of 18 U.S.C. §§ 1962(d), 1956(h), and 1349, and with substantive wire fraud in violation of 18 U.S.C. § 1343. See DE 1. The Information also contained criminal forfeiture allegations. Id.

On January 27, 2010, Rothstein pled guilty to all of the charges contained in the Information. Rothstein also agreed to forfeit his right in the properties described in the Information and the Bill of Particulars. See DE 69 at 3. Thus, on April 19, 2010, the Court entered a Preliminary Order of Forfeiture [DE 134]. The Preliminary Order of Forfeiture forfeited all of Rothstein's right, title and interest in all property involved in the

2

RICO and money laundering conspiracies and all property derived from the mail and wire fraud offenses. See id.

On May 24, 2010, the Chapter 11 Trustee of Rothstein Rosenfeldt Adler, P.A. ("RRA") timely submitted his Verified Claims and Petition for Adjudication of Interests to specific assets listed in the Preliminary Order of Forfeiture. DE 192 ("Petition"). In his Petition, the Trustee claims rights to several categories of forfeited properties: 1) assets owned by and titled in the name of RRA; 2) assets acquired with improperly diverted RRA funds; and 3) certain real properties.[1]

## II. DISCUSSION

### A. Legal Standard

Congress codified the criminal forfeiture statute at 21 U.S.C. § 853. The statute provides, in relevant part, as follows:

> Any person convicted of a violation of this subchapter . . . shall forfeit to the United States, irrespective of any provision of State law--
>
> > (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; [and]

---

[1]   The forfeited assets are listed in the Preliminary Order of Forfeiture. The first category of assets (i.e., assets allegedly owned by and titled in the name of RRA) in which the Trustee claims a legal interest include the following: BA2, BA3, BA4, BA5, BA9, BA10, BA11, BA15, BA16, BA17, BA18, and BA19 (collectively "the RRA Accounts"). The second category of assets (i.e., assets acquired with improperly diverted RRA funds and hereafter referred to collectively as "the Miscellaneous Properties") includes various vehicles and vessels, dozens of business interests, jewelry, lighters, watches, gift cards, charitable and political contributions, insurance premiums, American Express Reward Points, "property in response to publicity," and BA 20, a bank account also known as Schwyzer Kantonalbank No. CH75. The third category of assets (i.e., certain real properties) include the following: RP1, RP2, RP3, RP4, RP5, RP6, RP7, RP8, RP9, RP10, RP11, RP12, RP13, RP15, RP16, RP17, RP18, RP19, RP20, RP21, RP23 (collectively "the Real Properties").

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation[.]

21 U.S.C. § 853(a)(1)-(2). Section 853(n) then sets forth the procedures by which a

third party may assert its interest in forfeited property. The section states, in relevant

part, as follows:

(2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

(3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

. . .

(6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that--

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

the court shall amend the order of forfeiture in accordance with its determination.

Id. § 853(n)(2)-(3), (6).

4

Furthermore, under Rule 32.2 of the Federal Rules of Criminal Procedure, a

motion to dismiss a third party petition in a forfeiture proceeding is treated like a motion

to dismiss a civil complaint under Rule 12(b) of the Federal Rules of Civil Procedure.

See Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004); see also United States

v. Marion, 562 F.3d 1330, 1342 (11th Cir. 2009) (citing Fed. R. Civ. P. 12(b) to resolve

motion to dismiss verified petition in criminal forfeiture).  Accordingly, for purposes of a

motion to dismiss a third party's petition, "the facts set forth in the petition are assumed

to be true."  Fed. R. Crim. P. 32.2(c)(1)(A).

### B. The Trustee Has Alleged a Legal Interest in the RRA Accounts

The United States contends that the facts alleged in the Petition are insufficient

as a matter of law to establish the Trustee's standing to assert an interest in the RRA

Accounts.  Motion to Dismiss at 5-6.  In particular, the United States argues that the

Trustee has failed to demonstrate – as required by section 853(n)(2) – that he has a

"legal interest" in specific forfeited property. Id. at 6.

According to the United States, the Trustee lacks standing to challenge the

forfeiture of the RRA Accounts because "[e]ven though the accounts are titled in the

name of RRA, the Trustee is still bound by section 853(n)(2), and must establish that he

has a present 'legal interest' in the funds in the accounts at the time of the seizure." Id.

The United States submits that the legal interest requirement "presents an

insurmountable problem for the Trustee because title to property subject to forfeiture

vests in the government as of the date of the predicate criminal act, even if a

bankruptcy estate is created prior to the entry of a final order of forfeiture." Id. The

United States then adds, "because fraud proceeds cannot exist before the commission

of the underlying offense, Section 853(n)(6)(A) cannot be used to challenge the

forfeiture." Id. at 7. Although the United States does not expound on these statements,

the statements themselves make two assumptions that do not hold up to scrutiny.[2]

First, the United States' position requires the Court to find that even if RRA had a

legal right in the RRA Accounts that preceded the commission of the crime, the Trustee

did not. See id. The Court cannot make such a finding. The Bankruptcy Code

provides that a bankruptcy estate – and therefore the Trustee – takes "all legal or

---

[2]    To support its arguments, the United States cites United States v. Foley,
258 Fed. App'x 246 (11th Cir. 2007). According to the government, in Foley, "[t]he
United States sought the dismissal of the trustee's claim and the District Court entered
judgment in favor of the United States. . . . [T]he Court of Appeals affirmed the District
Court and concluded that the trustee failed to carry his burden of proof." Motion to
Dismiss at 7.  The United States characterization of Foley is technically correct. The
record in Foley, however, is perplexing.
      In Foley, a district court entered a preliminary order of forfeiture in a criminal
case and a bankruptcy trustee filed a third party claim pursuant to 21 U.S.C. § 853.
See Motion to Dismiss at 4, United States v. Foley, Case No. 04-CR-60107 (S.D. Fla.
July 13, 2005) (DE 299).  Thereafter, the United States filed a motion to dismiss the
trustee's petition. See id.  The district court then authorized the trustee to take
discovery. See United States v. Foley, Case No. 04-CR-60107 (S.D. Fla. Sept. 27,
2005) (DE 322).  After completing discovery, the trustee filed a motion for summary
judgment. See Motion for Summary Judgment, United States v. Foley, Case No. 04-
CR-60107 (S.D. Fla. April 25, 2006) (DE 403).  Subsequent to the filing of the motion
for summary judgment, the district court granted the United States' motion to dismiss
because it concluded, pursuant to the so-called "relation-back doctrine," that the third
party claimant had no standing to assert a claim. See United States v. Foley, Case No.
04-CR-60107, 2006 WL 6598110, at *1 (S.D. Fla. Apr. 24, 2006). The Eleventh Circuit
affirmed the district court's decision. See United States v. Foley, 258 Fed. App'x 246,
247 (11th Cir. 2007).
      The Eleventh Circuit, however, affirmed on evidentiary grounds. See id. ("We
have carefully examined the record on appeal. We readily conclude that the trustee
has failed to carry its burden of proof."). Because the Eleventh Circuit determined that
the third party claimant failed to prove that the district court should have amended
its order of forfeiture, Foley is not instructive to the Court's analysis here. Regardless,
Foley is an unpublished decision and therefore not binding on this Court. See 11th Cir.
R. 36.2 ("Unpublished opinions are not considered binding precedent, but they may be
cited as persuasive authority.").

equitable interests of the debtor in property as of the commencement of the case." 11

U.S.C. § 541(a)(1). As of the commencement of the bankruptcy case, according to the

allegations in the Petition, RRA had a legal right in the RRA Accounts. See Petition at 3

("RRA is and always has been the sole owner of each of the RRA Accounts.").

Because RRA had a legal right in the RRA Accounts, the Trustee, pursuant to 11

U.S.C. § 541(a)(1), now has a legal right in the RRA Accounts.

Second, the United States' position requires the Court to find that no third party

can ever have a legal interest in property that became the proceeds of crime. The

Court recognizes that in United States v. Eldick, 223 Fed. App'x 837, 840 (11th Cir.

2007), the Eleventh Circuit found that "no third party could ever have an interest in the

proceeds of the crime that is superior to that of the government's."[3] However, the

United States has misconstrued the import of Eldick.

There is a difference between forfeited property that ultimately becomes the

proceeds of crime and property that is the proceeds of crime (i.e., would not exist "but

for" the crime). Stolen money, for example, becomes the proceeds of crime. Money

generated from illegal activity is the proceeds of crime.

Thus, the pronouncement that "no third party [can] ever have an interest in the

proceeds of the crime that is superior to that of the government's[,]" is merely a

---

[3]     Eldick is also an unpublished decision and therefore not binding on this
Court. See 11th Cir. R. 36.2 ("Unpublished opinions are not considered binding
precedent, but they may be cited as persuasive authority."). Regardless, in Eldick, the
Eleventh Circuit reached the conclusion that "no third party could ever have an interest
in the proceeds of the crime that is superior to that of the government's," by looking to
the following language from 21 U.S.C. § 853(c): "[a]ll right, title, and interest in
[forfeitable] property . . . of this section vests in the United States upon the commission
of the act giving rise to forfeiture under this section." See 223 Fed. App'x at 840.

corollary of the forfeiture statute's mandate that a petitioner can prevail in an § 853(n)(6)(A) proceeding upon demonstrating that he had a superior interest in the property that existed at the time of the act giving rise to the forfeiture. In other words, one cannot prevail in a § 853(n)(6)(A) proceeding unless the forfeited property existed prior to the commission of the act that gave rise to the forfeiture.[4] However, one can have a superior interest in forfeited property that became proceeds of crime provided he had an interest in the forfeited property when the crime was committed. Otherwise, a person who can demonstrate pre-existing ownership of forfeited property could not recover property that is undisputedly his. Such a result is manifestly unjust and cannot be the law.

Consequently, the United States' position must be that RRA, and by extension the Trustee, cannot prevail in an ancillary proceeding to recover <u>investor</u> funds because the Trustee had no interest in investor funds at the time of the commission of the act that gave rise to the forfeiture of such funds. Assuming *arguendo* that the Trustee had no interest in the investors' funds contained within the RRA Accounts at the time of the commission of the act that gave rise to their forfeiture, that does not mean that the Trustee has <u>no</u> interest in the funds contained within the RRA Accounts. To the contrary, because the forfeited funds came from accounts titled in RRA's name, the Trustee has an interest in the funds. <u>See In re Int'l Pharm. & Discount II, Inc.</u>, 443 F.3d 767, 771 (11th Cir. 2005) (concluding that "funds in a debtor's account are generally

---

<sup>4</sup>    The Court notes that petitioners who obtained their title after the commission of the crime can recover forfeited property provided they are bona fide purchasers for value pursuant to 853(n)(6)(B).

presumed to be the debtor's property."). Whether the Trustee has a superior interest and can prevail in an ancillary proceeding has nothing to do with standing.[5]

More importantly, the Trustee alleges that "[a]ll of the RRA Accounts were opened in the name of RRA [and that] RRA is and always has been the sole owner of each of the RRA Accounts." Petition at 3. The Trustee further alleges that "[t]itle to each of the RRA Accounts is and has at all times since its creation been vested in RRA." Id. (emphasis added). Because the Trustee alleges that he is the title owner of the RRA Accounts, the Trustee has adequately pled that he has a "legal interest" in the RRA Accounts. Accordingly, because the Trustee has alleged that he has a "legal interest" in the RRA Accounts, the Court finds that the Trustee has satisfied § 853(n)(2)'s standing requirement to challenge the forfeiture of the RRA Accounts.[6]

---

[5]     The United States cited in its Motion to Dismiss an Eighth Circuit case that underlines this point. In United States v. Timley, 507 F.3d 1125, 1129-30 (8th Cir. 2007), the Eighth Circuit stated as follows:

> Many courts have conflated § 853(n)(2) with § 853(n)(6). This is incorrect, as § 853(n)(6), by its language "after the hearing," assumes that a claimant has standing to petition for an ancillary hearing. A more accurate reading treats § 853(n)(2) as requiring an initial showing of a "legal interest" to obtain an ancillary hearing and § 853(n)(6) as requiring a showing of a "superior legal interest" to prevail at the hearing.

Id.

[6]     In its Motion to Dismiss, the United States also argues that the Court should dismiss the Trustee's Petition as it pertains to the RRA Accounts because "Trustee's Petition fails to state how much, if any, of the funds contained in the RRA Accounts at the time of the seizure derived from legitimate RRA business activity." Motion to Dismiss at 7. As demonstrated above, however, the Trustee adequately alleges that he has a legal interest in all of the RRA Accounts. Whether the Trustee can prove that all, or any, "of the funds contained in the RRA Accounts at the time of the seizure derived from legitimate RRA business activity" is an evidentiary matter to be resolved at the hearing.

## C. The Trustee Has Adequately Pled that He Can Prevail as a Matter of Law with Repect to the RRA Accounts

As discussed above, the United States contends that as soon as investors deposited money into RRA Accounts, such funds instantly became the proceeds of fraud. The United States further contends that "because title to property subject to forfeiture vests in the government <u>as of the date of the predicate criminal act</u> [and] because fraud proceeds cannot exist before the commission of the underlying offense, Section 853(n)(6)(A) cannot be used to challenge the forfeiture." Motion to Dismiss at 6-7 (emphasis in original). Although the United States makes those statements to support its argument that the Trustee lacks standing to challenge the forfeiture of the RRA accounts in an ancillary proceeding, the point is more relevant to the Trustee's ability to prevail at an ancillary proceeding. Regardless, the Court finds the United States' position unpersuasive.

To prevail in an ancillary proceeding, the third party claimant need not show that its interest in forfeited property is superior to the government's. Rather, to prevail in an ancillary proceeding, the Trustee needs to show that he "has a legal right, title, or

---

Additionally, the United States argues for the first time in its Reply that "[t]o the extent the Trustee claims an interest in all [assets other than RRA legitimate income], on behalf of RRA's non-investor clients, Ponzi victims, and/or other creditors, Trustee does <u>not</u> have standing to assert claims that belong to third parties." Reply at 3 (emphasis in original). Ostensibly, the United States construes the Trustee's claims to assert claims that belong to third parties because the Petition alleges that 350 proofs of claim have been filed in RRA's bankruptcy case. See <u>id.</u> at 2. The Petition, however, does not purport to assert claims on behalf of investors, non-investors, or other creditors. Rather, as discussed above, the Trustee alleges that its legal interest in the RRA Accounts and any property that was purchased with money improperly diverted from those accounts, derives from RRA's ownership of the RRA Accounts. Because the Court is limited to the allegations in the Petition, the Court rejects the United States' argument.

interest in the [RRA Accounts], and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest . . . was superior to any right, title, or interest of the <u>defendant</u> at the time of the commission of the acts which gave rise to the forfeiture of the property." 21 U.S.C. § 853(n)(6)(A) (emphasis added).

At first glance, it may appear – pursuant to § 853(c) – that the United States and the criminal defendant have indistinguishable title to forfeited property at the time of the commission of the act that gave rise to the forfeiture. However, § 853(c) presumes that the property vested in the United States is forfeitable. <u>See</u> <u>id.</u> § 853(c) ("All right, title, and interest in property described in subsection (a) of this section [i.e., forfeitable property] vests in the United States upon the commission of the act giving rise to forfeiture under this section.").

In an ancillary proceeding, a third party claimant has an opportunity to prove that seized property is <u>not</u> forfeitable. <u>See</u> <u>id.</u> § 853(n)(6)(A) (providing a third party claimant with an opportunity to show the forfeiture is "invalid"). Thus, § 853(c) may "vest" title in the United States retroactively to the date of the commission of the crime, but the United States' title to forfeited property cannot possibly "vest" in any incontestible way until the property is deemed permanently forfeited. Property is not deemed permanently forfeited until third party claimants have had an opportunity to challenge the forfeiture. <u>See</u> <u>id.</u> § 853(n)(7) ("Following the court's disposition of all petitions filed under this subsection . . . the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee.").

11

Section 853(n)(6)(A) provides a means by which a third party claimant can show

that forfeited property should not have been forfeited in the first instance:

> If . . . the court determines that the petitioner has established by a
> preponderance of the evidence that – (A) the petitioner has a legal right,
> title, or interest in the property, and such right, title, or interest renders the
> order of forfeiture invalid in whole or in part because the right, title, or
> interest was vested in the petitioner rather than the defendant or was
> superior to any right, title, or interest of the defendant at the time of the
> commission of the acts which gave rise to the forfeiture of the property
> under this section . . . the court shall amend the order of forfeiture in
> accordance with its determination.

21 U.S.C. § 853(n)(6)(A).  Therefore, the statute provides that if a petitioner can prove

by a preponderance of the evidence that (1) the petitioner has some interest in forfeited

property and (2) that the defendant had an inferior interest (e.g., no interest) in forfeited

property at the time of the commission of the acts which gave rise to the forfeiture of the

property, then the petitioner has effectively challenged the forfeiture.  Cf. United States

v. Shefton, 548 F.3d 1360, 1364 (11th Cir. 2008) ("[W]hether the [petioner's] interest in

the Forfeited Property is superior and thus renders the forfeiture order invalid under

§ 853(n)(6) is a matter of federal law." (emphasis added)).  Likewise, if a petitioner can

prove by a preponderance of the evidence that he had an interest that was "vested" in

himself rather than the defendant, the forfeiture is rendered "invalid."  See 21 U.S.C.

§ 853(n)(6)(A).[7]

---

[7]     If a petitioner proves that a criminal defendant had no interest in forfeited
property, the petitioner has necessarily proven that the forfeited property is not "any of
the [defendant's] property used, or intended to be used, in any manner or part, to
commit, or to facilitate the commission of [the crime giving rise to forfeiture.]"  Cf. 21
U.S.C. § 853(a)(2).  Nevertheless, the Court acknowledges that the showing a
petitioner must make under 21 U.S.C. § 853(n)(6)(A) does not perfectly parallel the
showing that the United States must make to have property deemed forfeitable in the
first instance.  The Court also recognizes that proving a superior right, title, or interest in

To rule otherwise would mean that the United States could bootstrap the "vested" title it obtains pursuant to 21 U.S.C. § 853(c) in a way that renders third party claimants incapable of ever prevailing in an ancillary proceeding pursuant to § 853(n)(6)(A). If a third party claimant could never prevail in an ancillary proceeding pursuant to § 853(n)(6)(A), then § 853(n)(6)(A) is meaningless.  Surely this was not Congress' intent.  After all, no word in a statute, let alone an entire statutory provision, should be deemed superfluous.  See Market Co. v. Hoffman, 101 U.S. 112, 115 (1879) ("[A] statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.") (internal

---

forfeited property to that of the criminal defendant "at the time of the commission of the acts which gave rise to the forfeiture of the property" is arguably more burdensome than proving that forfeited property was not "property constituting, or derived from, any proceeds the [criminal defendant] obtained, directly or indirectly, as the result of such violation[.]" Compare 21 U.S.C. § 853(n)(6)(A), with 21 U.S.C. § 853(a)(1).

Nevertheless, to the extent the showing a petitioner must make under 21 U.S.C. § 853(n)(6)(B) is more burdensome than the showing a petitioner would make to demonstrate that the property was not forfeitable under 21 U.S.C. § 853(a)(1), petitioners are bound by the framework created by Congress.  Moreover, it is not impossible for a petitioner to make the arguably more burdensome showing.  The framework created by the forfeiture statute – wherein the United States, with judicial oversight, may seize property that appears to be forfeitable and then provide third parties with an opportunity to make their claims to the seized property – provides petitioners with a meaningful opportunity to be heard.

The Court, therefore, is unpersuaded by the argument that requiring a petitioner to prove by a preponderance of the evidence his own legal interest in the forfeited property imposes an unfair, and arguably unconstitutional, burden on the petitioner. After all, as discussed at length above, a petitioner who cannot demonstrate a legal interest in forfeited property does not even have standing to challenge the forfeiture. See 21 U.S.C. § 853(n)(2); see also United States v. Timley, 507 F.3d 1125, 1129-30 (8th Cir. 2007).  More practically speaking, a petitioner who cannot demonstrate even a minimal interest in forfeited property should not be heard to complain if property not subject to forfeiture was improperly forfeited to the United States.  Accordingly, the Court does not find the framework created by Congress amounts to a deprivation of due process.

quotations omitted); see also United States v. Menasche, 348 U.S. 528, 538-39 (1955) ("It is our duty to give effect, if possible, to every clause and word of a statute." (citations omitted) (internal quotation marks omitted)); Williams v. Taylor, 529 U.S. 362, 404 (2000) (describing this rule as a "cardinal principle of statutory construction").

Indeed, an investor could allege that at the time of the commission of the act that gave rise to the forfeiture of his money (i.e., Rothstein's fraud), the investor became the beneficiary of a constructive trust impressed on "the proceeds of fraud." As discussed more fully below, a constructive trust can constitute a superior interest under § 853(n)(6)(A). See section D.1., infra. Whether the Court decides that principles of equity and fairness warrant a constructive trust is a separate matter. See section D.3., infra.

Besides, the Trustee has not alleged that any of the RRA Accounts contain only investor funds.[8] Presumably, non-investor funds (e.g., net income, non-investor clients' monies) were not proceeds of crime when they were deposited into the RRA Accounts. Consequently, the Trustee has alleged an interest in the RRA Accounts that may be "superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture." 21 U.S.C. § 853(n)(6)(A).

Moreover, the Trustee alleges that "all right, title, and interest to the RRA Accounts was vested in RRA rather than the criminal defendant." Petition at 4. If the Trustee can prove that RRA had a vested interest in the forfeited property at the time of

---

[8]     In the Petition, the Trustee alleges that two of the twelve RRA Accounts contain both investor and non-investor funds. See Petition at 4-5. The Petition makes no allegation regarding the contents of the remaining RRA Accounts.

the commission of the act that gave rise to the forfeiture, the Trustee may prevail in an

ancillary proceeding pursuant to 21 U.S.C. § 853(n)(6)(A).  This "vested interest"

showing does not require the Trustee to prove that he had an interest in the RRA

Accounts that was superior to the defendant's interest in the RRA Accounts at the time

of the commission of the act that gave rise to the forfeiture of the RRA Accounts.[9]  The

---

[9]        According to the Eleventh Circuit, "section 853(n)(6) protects only two classes of petitioners, those whose legal interests in the property were superior to the defendant['s] at the time the interest of the United States vested through the commission of an act giving rise to forfeiture and bona fide purchasers for value without knowledge of the forfeitability of the defendant's assets."  United States v. Watkins, 320 F.3d 1279, 1282 (11th Cir. 2003) (internal quotations omitted); see also United States v. Eldick, 223 Fed. App'x 837, 839 (11th Cir. 2007) ("Under section 853, standing to challenge the government's forfeiture is achieved in one of two ways.  The claimant must either have a legal right, title, or interest in the property subject to forfeiture that is superior to that of the government, or be a bonafide purchaser for value.").   The undersigned respectfully disagrees with this proposition.  Section 853(n)(6) states, in its entirety, as follows:

> If, after the [ancillary] hearing, the court determines that the petitioner has established by a preponderance of the evidence that-
>
> > (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> > (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(6).  The plain language of § 853(n)(6)(A) appears to protect two classes of petitioners: (1) Petitioners who had a "legal right, title, or interest in property [that] was vested in the petitioner rather than the defendant . . . at the time of the

Court, therefore, will deny the Motion to Dismiss as it pertains to the RRA Accounts.

## D. The Trustee Has Failed to Adequately Plead that He Can Prevail as a Matter of Law with Respect to the Miscellaneous Properties

### 1. A Constructive Trust Can Be a Superior Legal Interest

According to the Eleventh Circuit, "section 853(n)(6) protects only two classes of petitioners, those whose legal interests in the property were superior to the defendant['s] at the time the interest of the United States vested through the commission of an act giving rise to forfeiture and bona fide purchasers for value without knowledge of the forfeitability of the defendant's assets." United States v. Watkins, 320 F.3d 1279, 1282 (11th Cir. 2003) (internal quotations omitted); see also United States v. Eldick, 223 Fed. App'x 837, 839 (11th Cir. 2007).[10] The Trustee does not allege that he is a bona fide purchaser for value of the Miscellaneous Properties. If, however, the Trustee adequately alleges in the Petition that he has a "legal right, title, or interest in property [that] was superior to any right, title, or interest of the defendant . . . at the time of the commission of the acts which gave rise to the forfeiture of the" Miscellaneous Properties, he may survive the Motion to Dismiss. See 21 U.S.C. § 853(n)(6)(A).

---

commission of the acts which gave rise to the forfeiture of the property under this section[;]" and (2) Petitioners who had a "legal right, title, or interest in property [that] was superior to any right, title, or interest of the defendant . . . at the time of the commission of the acts which gave rise to the forfeiture of the property under this section." The plain language of § 853(n)(6)(B) protects petitioners who are "bona fide purchaser[s] for value of the right, title, or interest in the property and [were] at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section." Thus, § 853(n) seems to protect not two, but three classes of petitioners. Cf. United States v. Farley, 919 F. Supp. 276, 278 (S.D. Ohio 1996) (recognizing three ways to prevail in a § 853(n) ancillary proceeding).

[10]     As discussed at length in footnote 9, the undersigned respectfully disagrees with this proposition.

The Eleventh Circuit recently held that "a constructive trust can serve as a superior legal interest under section 853(n)(6)(A) and thus can serve as grounds for invalidating a criminal forfeiture." United States v. Shefton, 548 F.3d 1360, 1366 (11th Cir. 2008). "'The constructive trust, a creature of equity, is the formula through which the conscience of equity finds expression.'" United States v. Ramunno, 599 F.3d 1269, 1273 (11th Cir. 2010) (quoting Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc., 14 F.3d 1507, 1518 (11th Cir. 1994) (internal quotation omitted)). Whether the Trustee is entitled to a constructive trust is a matter of state law. Id. at 1274 (citing United States v. Fleet, 498 F.3d 1225, 1231 (11th Cir. 2007)); see also Shefton, 548 F.3d at 1364. Here, Florida provides the applicable state law.

Under Florida law, the "elements of a constructive trust are: (1) a confidential relationship, by which (2) one acquires an advantage he should not, in equity and good conscience retain." Bender v. Centrust Mortgage Corp., 51 F.3d 1027, 1030 (11th Cir. 1995); Williams v. Dep't of Health & Rehabilitative Servs., 522 So. 2d 951, 954 (Fla. Dist. Ct. App. 1988). A constructive trust prevents the unjust enrichment of a culpable party and restores to the beneficiary of the trust the original interest that was wrongfully taken. See Bender, 51 F.3d at 1029; see also Wadlington v. Edwards, 92 So. 2d 629, 631 (Fla. 1957) ("[A] constructive trust is a relationship adjudicated to exist by a court of equity based on particular factual situations created by one or the other of the parties. . . . The trust is 'constructed' by equity to prevent an unjust enrichment of one person at the expense of another as the result of fraud, undue influence, abuse of confidence or mistake in the transaction that originates the problem.").

Ordinarily, the trust *res* must be specific and identifiable. See Arduin v.

17

McGeorge, 595 So. 2d 203, 204 (Fla. Dist. Ct. App. 1992). Notwithstanding, a court may impose a constructive trust where funds have been converted into another type of asset and the claimant can trace and identify the transaction in which the conversion occurred. See id. Furthermore, under Florida law, "a constructive trust arises as a matter of law when the facts giving rise to the fraud occur." In re Gen. Coffee Corp., 828 F.2d 699, 702 (11th Cir. 1987).

Whether the Trustee's interest in forfeited property is superior and "thus renders the forfeiture order invalid under 853(n)(6) is a matter of federal law." Shefton, 548 F.3d at 1364. Despite the Eleventh Circuit's recent holding in Shefton that "a constructive trust can serve as a superior legal interest," id. at 1366, the United States argues that the Trustee cannot have a superior legal right or interest in the Miscellaneous Properties. The United States maintains that the Trustee's interest cannot be superior to that of the criminal defendant's at the time of the commission of the acts which gave rise to the forfeiture because "title to property subject to forfeiture vests in the government as of the date of the predicate criminal act." Motion to Dismiss at 6.

As discussed at length above, see section C, supra, the Court acknowledges that property subject to forfeiture vests in the government as of the date of the predicate criminal act. Cf. Eldick, 223 Fed. App'x at 840-41 ("This conclusion is supported by § 853(c) of the forfeiture statute, which provides that '[a]ll right, title, and interest in [forfeitable] property . . . of this section vests in the United States upon the commission of the act giving rise to forfeiture under this section.'"). An ancillary proceeding, however, may reveal that forfeited property is not subject to forfeiture.

Accordingly, if the Trustee can prove by a preponderance of the evidence that he had "a legal right, title, or interest" in forfeited property that "was superior to any right, title, or interest of [Rothstein] at the time of the commission of [Rothstein's crime] the court shall amend the order of forfeiture in accordance with its determination." 21 U.S.C. § 853(n)(6)(A). With that principle in mind, the Court turns to the allegations in the Trustee's Petition as they pertain to the Miscellaneous Properties.

### 2. The Trustee Has Adequately Alleged the Elements of a Constructive Trust

The Trustee alleges that "Scott Rothstein was at all material times an officer and director of RRA and owed a confidential and fiduciary relationship to RRA." Petition at 2. Also, the Trustee alleges that the Miscellaneous Properties were acquired with funds directly traceable to RRA accounts. Id. at 4-5, 11-13. The Trustee further alleges that "Rothstein violated his fiduciary duty to RRA by causing funds from the RRA Accounts to be used [to acquire the Miscellaneous Properties]." Id. at 6, 11-13; see also id. at 4. Thus, the Trustee contends that he "has a legal interest superior to Rothstein's as the beneficiary of a constructive trust which exists as to" the Miscellaneous Properties. Id. at 6, 11-13; see also id. at 4. Additionally, the Trustee alleges that his "legal interest arose at the time the RRA funds were improperly diverted from the RRA Accounts." Id.

Based on the allegations in the Petition, it becomes apparent that Rothstein enjoyed a confidential relationship with RRA. See Petition at 2 ("Scott Rothstein was at all material times an officer and director of RRA and owed a confidential and fiduciary relationship to RRA."). Based on the allegations in the Petition, it also becomes apparent that Rothstein's confidential relationship with RRA allowed him to obtain money he was not entitled to and thereby acquire "an advantage he should not, in

19

equity and good conscience retain." See id. at 4-14 ("Rothstein violated his fiduciary duty to RRA by causing funds from the RRA Accounts to be used for the purchase [of the Miscellaneous Properties].").  Consequently, the Trustee has adequately alleged the elements of a constructive trust over the Miscellaneous Properties. See Bender, 51 F.3d at 1030.

### 3. Principles of Equity Do Not Allow the Court to Deem the Trustee the Beneficiary of a Constructive Trust

The United States argues that even if the Trustee has adequately pled the elements of a constructive trust under Florida law, the Court should not impose a constructive trust. Motion to Dismiss at 10. The United States advances three reasons for its position. See id. at 10-11. First, the United States maintains that the Court should not impose a constructive trust on behalf of the Trustee because it would work to the disadvantage of other parties who are similarly situated. Id. Second, the United States asserts that the Court should not impose a constructive trust, which is an equitable remedy, because the Trustee has an adequate remedy at law. Id. Third, the United States contends that because the assets have been forfeited to the United States and will be distributed to victims "in as equitable a manner as possible," the Court need not impose a constructive trust. Id.

Regarding the United States' first reason, the Trustee agrees that the Court should treat similarly situated parties in the same manner. Opposition at 10-11(citing United States v. Ramunno, 599 F.3d 1269, 1274 (11th Cir. 2010)). The Trustee, however, disputes that he is similarly situated to any other party. Id. at 11. Unlike any other party, the Trustee has represented that he intends to distribute the forfeited

property to "all of the creditors of [RRA]." Id. The Court, therefore, is unconvinced that the Trustee is similarly situated to any other party. Because the Court is unconvinced that the Trustee is similarly situated to any other party, the Court rejects the United States' first reason why the Trustee is not entitled to a constructive trust.

Regarding the United States' second reason, the Court agrees that if an interested party has an adequate remedy at law, the Court should not afford that party an equitable remedy. Cf. Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc., 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) ("It is well settled in Florida that . . . an equitable remedy [is[ not available where there is an adequate legal remedy."). Moreover, the United States has convinced the Court that the Trustee has an adequate remedy at law.

At the hearing on the Motion to Dismiss, the United States unequivocally represented that the United States will use all forfeited property, less administrative costs, to reimburse qualified victims through restitution. The United States further represented that this Court will have judicial oversight of the restitution process, including a means by which the Court may review objections filed by any party that disagrees with the United States' proposed distribution of forfeited property. Consequently, at this point in the proceedings, it appears that the restitution process provides the Trustee with an adequate remedy at law.[11] Because the Trustee has an

---

[11] But see United States v. Shefton, 548 F.3d 1360, 1365 (11th Cir. 2008) ("Given that § 853(i)(1) leaves to the government, which holds the forfeited property, full and unreviewable discretion as to whether it will release some or all of it, § 853(i)(1) remission is certainly not as complete or effectual as the equitable relief of a constructive trust.").

adequate remedy at law, the Court will not deem the Trustee the beneficiary of a constructive trust over the Miscellaneous Properties.

Furthermore, even if the Trustee does not have an adequate remedy at law, as a matter of equity, the Court finds that the Trustee is not entitled to a constructive trust impressed on the Miscellaneous Properties. See Ramunno, 599 F.3d at 1274 (affirming dismissal as a matter of law because, under Georgia law, principles of fairness and equity did not support constructive trust). Indeed, even if the Trustee can prove by a preponderance of the evidence that he can trace purely non-investor funds to the Miscellaneous Properties (a scenario that seems highly unlikely, if not impossible), the Court still must determine that equitable principles warrant the imposition of a constructive trust. See Ryan v. Lobo De Gonzalez, 921 So. 2d 572, 578 (Fla. 2005) (Cantero, J., dissenting) (concluding under Florida law that "[a] constructive trust has been described as 'one raised by equity in respect of property which has been acquired by fraud, or where, though acquired originally without fraud, it is against equity that it should be retained by him who holds it.'").

Here, scores of RRA's clients, investors and non-investors alike, deposited millions of dollars into RRA Accounts. Scott Rothstein, because of his unique position within RRA, stole those clients' money. Indeed, Rothstein had unfettered access to RRA's bank accounts and raided them at will. It would be patently inequitable to return that money to RRA's estate when it can be returned directly to the clients and qualified investors. The Court, therefore, will not deem the Trustee as the beneficiary of a constructive trust over the Miscellaneous Properties.

22

### E. The Real Properties

The United States maintains that "[t]he real properties claimed by Trustee were purchased by the Defendant with the fraud proceeds generated by him or with proceeds traceable to the fraud proceeds." Motion to Dismiss at 8. The United States further maintains that "[t]itle to property subject to forfeiture vests in the United States as of the date of the predicate criminal act." Id. Therefore, the United States argues, as of the date of the commencement of RRA's bankruptcy case, RRA had no interest in the real properties. Id.

For the reasons discussed at length above, the Court rejects the argument that the United States can bootstrap its "vested" title in forfeitable property in a way that makes it impossible for third party claimants to ever prevail in an ancillary proceeding. Additionally, the United States overlooks the Trustee's allegations that he had a legal interest in the Real Properties at the time of the commission of the acts which gave rise to the forfeiture of the Real Properties. See Petition at 7 ("[T]he Trustee has a legal interest superior to Rothstein's as the beneficiary of a constructive trust or as the holder of an equitable lien impressed upon each of the Real Properties to the extent that RRA's monies were used to purchase or acquire the real property." (emphasis added)).[12]  Nonetheless, for the reasons stated above, the Court finds that the Trustee has an adequate legal remedy and that principles of equity and fairness do not warrant

---

[12]      To the extent the United States maintains that the Trustee's legal interest is distinct from RRA's legal interest, for the reasons stated in section B.1., the Court rejects the United States' argument. See supra, section B (citing 11 U.S.C. § 541(a)(1)). Whether the Trustee can prove entitlement to a constructive trust at an evidentiary hearing is a separate matter.

the imposition of a constructive trust. The Court, therefore, will not impress on the Real Properties a constructive trust in favor of the Trustee.

The Trustee, however, advances an alternative argument with respect to the Real Properties. The Trustee submits that "by operation of law, under 11 U.S.C. § 544(a)(3), a bankruptcy trustee is invested with all of the rights and powers of a bona fide purchaser of any real property in which the debtor has an interest as of the Petition Date, without regard to any knowledge of the Trustee."[13] Petition at 8. The Trustee therefore contends that "to the extent the government takes the position that Scott Rothstein had any interest in the real properties, the Trustee, by statute, occupies the role of a *bona fide* purchaser for value." Id. The Trustee's argument is unpersuasive.

First, the Trustee's argument appears to merge the debtor's identity with Rothstein's identity. The debtor, however, is RRA. Thus, the Trustee does not take Rothstein's interest in the property.

Second, to the extent the Trustee attempts to use his alleged constructive trust as an interest in real property as of the commencement of RRA's bankruptcy case that is sufficient to confer bona fide purchaser status for purposes of 21 U.S.C. § 853(n)(6)(B), the Trustee cites only one case that even contemplates such a result.

---

[13]   11 U.S.C. § 544(a)(3) states, in relevant part, the following:

> The trustee shall have, as of the commencement of the case . . . the rights and powers of . . . a bona fide purchaser of real property . . . from the debtor . . . that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Id.

In <u>In re WinPar Hospitality Chattanooga, LLC</u>, 404 B.R. 291, 298 (Bankr. E.D. Tenn. 2009), however, the court did not grant a trustee bona fide purchaser status for purposes of an ancillary proceeding in a criminal forfeiture case due to a debtor's alleged entitlement to a constructive trust over real property. Rather, in dicta, the court merely acknowledged that "[u]nder 18 U.S.C. §§ 982(a)(6)(B) and 983(d), the trustee will have the opportunity in both civil and criminal forfeiture cases to prove that he is an innocent owner of the fund in question by showing that he is a bona fide purchaser, and he may well argue that 11 U.S.C. § 544(a)(3) gives him that status."). Notably, <u>In re WinPar Hospitality Chattanooga, LLC</u> was a bankruptcy case, not a criminal case, and the bankruptcy court did not contemplate a constructive trust or its interplay with bona fide purchaser status under 21 U.S.C. § 853(n)(6)(B). <u>See id.</u>

In the absence of case law that supports such an argument, the undersigned declines to find that the criminal forfeiture statute authorizes, or even contemplated, a debtor converting a constructive trust over real property into bona fide purchaser status via the bankruptcy code that can then be used to prevail in an ancillary proceeding in a criminal case. Furthermore, the Court has already determined that principles of equity cut against granting the Trustee a constructive trust. The Court, therefore, rejects the Trustee's argument. Consequently, the Court finds that the Trustee cannot prevail in its claim to the Real Properties.

### III. CONCLUSION

For the reasons stated above, it is **ORDERED AND ADJUDGED** that the United States' Motion to Dismiss Chapter 11 Trustee's Verified Claims and Petition [DE 310] is **GRANTED IN PART AND DENIED IN PART**.

The Trustee has adequately pled a claim to only the RRA Accounts. Because the Trustee has failed to adequately plead his claim to the Miscellaneous Properties or the Real Properties, the Court dismisses the portions of the Chapter 11 Trustee's Verified Claims and Petition that pertain to any property other than the RRA Accounts.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of July, 2010.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to counsel of record.

26