UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA

 Plaintiff,

v.

SCOTT W. ROTHSTEIN

 Defendant.
_____/

IN RE THIRD PARTY CLAIMS FILED BY

THIRTY-FIVE FORMER RRA
NON-INVESTOR CLIENTS

 Petitioners.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART THE UNITED STATES' MOTION TO DISMISS VERIFIED PETITIONS OF THIRTY-FIVE FORMER RRA NON-INVESTOR CLIENTS

**THIS CAUSE** is before the Court on the United States' Motion to Dismiss Verified Petitions of Thirty-Five Non-Investor Clients [DE 312] ("Motion to Dismiss"). The Court has carefully reviewed the Motion to Dismiss, all of the parties' submissions, and is otherwise advised in the premises.

The Motion to Dismiss concerns the sufficiency of third party claimants' verified petitions to recover property forfeited to the United States in the largest Ponzi scheme ever perpetrated in South Florida. The United States contends that the Court should dismiss the verified petitions because the claimants have failed to allege a legal interest in the forfeited property and therefore lack standing.

The Court holds that the third party claimants have standing because they have alleged an interest in some of the forfeited property. The Court also holds, as a matter of equity, that the third party claimants are not entitled to a constructive trust and therefore cannot recover property where the claimants assert a constructive trust as their only legal interest in the property. Accordingly, for the reasons set forth below, the Court will grant in part and deny in part the Motion to Dismiss.

## I. BACKGROUND

On December 1, 2009, the United States, by way of Information, charged Defendant Scott Rothstein ("Rothstein") with RICO, money laundering, and mail and wire fraud conspiracies in violation of 18 U.S.C. §§ 1962(d), 1956(h), and 1349, and with substantive wire fraud in violation of 18 U.S.C. § 1343. See DE 1. The Information also contained criminal forfeiture allegations. Id.

On January 27, 2010, Rothstein pled guilty to all of the charges contained in the Information. Rothstein also agreed to forfeit his right in the properties described in the Information and the Bill of Particulars. See DE 69 at 3. Thus, on April 19, 2010, the Court entered a Preliminary Order of Forfeiture [DE 134]. The Preliminary Order of Forfeiture forfeited all of Rothstein's right, title and interest in all property involved in the RICO and money laundering conspiracies and all property derived from the mail and wire fraud offenses. See id.

On May 14, 2010, and May 17, 2010, thirty-five clients (collectively "the Clients" or "the Petitioners") of Rothstein Rosenfeldt Adler, P.A. ("RRA") timely submitted verified petitions to assert their claims to property listed in the Preliminary Order of Forfeiture. See DE's 146-177 and 183-185 (collectively "Petitions"). Specifically, the

Petitions allege that "[a]ttorneys employed by RRA represented [the Clients] in a personal injury claim or lawsuit that resulted in a settlement." See, e.g., DE 146 at 2. The Petitions claim an interest in two of RRA's IOTA legal service trust accounts ("the Accounts") listed in the Preliminary Order of Forfeiture.[1] See, e.g., id. The Clients also allege that they possess "an interest in any other forfeited property which was acquired, in whole or in part, through the misappropriation or theft of [the Clients'] trust monies." See, e.g., id.

## II. DISCUSSION

### A. Legal Standard

Congress codified the criminal forfeiture statute at 21 U.S.C. § 853. The statute provides, in relevant part, as follows:

> (2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.
>
> (3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.
>
> . . .

---

[1] Specifically, the Accounts include Toronto Dominion Bank, N.A. account 68604720923 in the name of Rothstein Rosenfeldt Adler, P.A., Attorney Trust Account 3, which, on or about November 11, 2009, contained the approximate amount of $720,892.08 ("BA 11") and Toronto Dominion Bank, N.A. account 6861076906 in the name of Rothstein Rosenfeldt Adler, P.A., Attorney Trust Account, which, on or about November 13, 2009, contained the approximate amount of $23,406.16 ("BA 16").

(6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that--

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(2)-(3), (6).

Furthermore, under Rule 32.2 of the Federal Rules of Criminal Procedure, a motion to dismiss a third party petition in a forfeiture proceeding is treated like a motion to dismiss a civil complaint under Rule 12(b) of the Federal Rules of Civil Procedure. See Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004); see also United States v. Marion, 562 F.3d 1330, 1342 (11th Cir. 2009) (citing Fed. R. Civ. P. 12(b) to resolve motion to dismiss verified petition in criminal forfeiture). Accordingly, for purposes of a motion to dismiss a third party's petition, "the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A).

### B. The Clients Have Asserted a Legal Interest in the Accounts

The Petitioners allege that RRA held their money in trust. The United States therefore argues that the Petitioners, "like any other third party who voluntarily transfers his property to the defendant in a business transaction, surrender title to the property when the transaction is complete[.]" Motion to Dismiss at 7. According to the United

4

States, "[t]o have standing to contest the forfeiture of property in [an] ancillary proceeding, the claimant must have a present interest in the property, not a former interest traceable back to an investment or other transfer of title." Id. (citing United States v. Eldick, 223 Fed. App'x 837, 839 (11th Cir. 2007)).[2] Thus, the United States contends, the Petitioners lack standing to contest the forfeiture. Id.

The Petitioners, however, have not alleged that they voluntarily transferred their property to the defendant in a business transaction. Indeed, the Petitioners never allege that they transferred their interest in their settlement monies to anyone. To the contrary, the Petitioners plainly allege that RRA held their money in trust. Thus, pursuant to well-established law, Petitioners retained their ownership of the property held in trust. See R. Regulating Fla. Bar 5-1.1-1.2; see also In re Scanlon, 239 F.3d 1195, 1197-98 (11th Cir. 2001) ("Under Florida law, 'legal title to property placed in an escrow account remains with the grantor until the occurrence of the condition specified in the escrow agreement.'" (citation omitted)); In re Rothstein Rosenfeldt Adler, P.A., Bankruptcy No. 09-34791-BKC-RBR, 2010 WL 2301240, at *3 (Bankr. S.D. Fla. June 4, 2010). Petitioners, therefore, have alleged a legal interest in the Accounts.

**C. Petitioners Have Not Alleged a Legal Interest in Any Other Forfeited Property**

In the Motion to Dismiss, the United States asserts that the Court should not deem the Clients the beneficiaries of a constructive trust impressed on forfeited property. The Clients do not plead entitlement to a constructive trust in their Petitions.

---

[2] Eldick is an unpublished decision and therefore not binding on this Court. See 11th Cir. R. 36.2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

The Clients do, however, argue their right to a constructive trust in their opposition to the Motion to Dismiss.

"'The constructive trust, a creature of equity, is the formula through which the conscience of equity finds expression.'" United States v. Ramunno, 599 F.3d 1269, 1273 (11th Cir. 2010) (quoting Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc., 14 F.3d 1507, 1518 (11th Cir. 1994) (internal quotation omitted)). Whether the Trustee is entitled to a constructive trust is a matter of state law. Id. at 1274 (citing United States v. Fleet, 498 F.3d 1225, 1231 (11th Cir. 2007)); see also Shefton, 548 F.3d at 1364. Here, Florida provides the applicable state law.

Under Florida law, the "elements of a constructive trust are: (1) a confidential relationship, by which (2) one acquires an advantage he should not, in equity and good conscience retain." Bender v. Centrust Mortgage Corp., 51 F.3d 1027, 1030 (11th Cir. 1995); Williams v. Dep't of Health & Rehabilitative Servs., 522 So. 2d 951, 954 (Fla. Dist. Ct. App. 1988). A constructive trust prevents the unjust enrichment of a culpable party and restores to the beneficiary of the trust the original interest that was wrongfully taken. See Bender, 51 F.3d at 1029; see also Wadlington v. Edwards, 92 So. 2d 629, 631 (Fla. 1957) ("[A] constructive trust is a relationship adjudicated to exist by a court of equity based on particular factual situations created by one or the other of the parties. . . . The trust is 'constructed' by equity to prevent an unjust enrichment of one person at the expense of another as the result of fraud, undue influence, abuse of confidence or mistake in the transaction that originates the problem."). Furthermore, under Florida law, "a constructive trust arises as a matter of law when the facts giving rise to the fraud occur." In re Gen. Coffee Corp., 828 F.2d 699, 702 (11th Cir. 1987).

Ordinarily, the trust *res* must be specific and identifiable. See Arduin v. McGeorge, 595 So. 2d 203, 204 (Fla. Dist. Ct. App. 1992). Notwithstanding, a court may impose a constructive trust where funds have been converted into another type of asset and the claimant can trace and identify the transaction in which the conversion occurred. See id. Furthermore, under Florida law, "a constructive trust arises as a matter of law when the facts giving rise to the fraud occur." In re Gen. Coffee Corp., 828 F.2d 699, 702 (11th Cir. 1987).

Here, the Petitioners have not alleged that they can trace their monies to any forfeited property other than the Accounts. Rather, the Petitions allege only that the Petitioners "possess an interest in any other forfeited property which was acquired, in whole or in part, through the misappropriation or theft of Petitioner[s'] client trust monies." See, e.g., DE 146 at 2. Petitioners, therefore, have not adequately pled entitlement to a constructive trust.

Moreover, the Court should not impose a constructive trust on behalf of the Petitioners because it would work to the disadvantage of other parties who are similarly situated. See United States v. Ramunno, 599 F.3d 1269, 1274 (11th Cir. 2010). In other words, because the Petitioners have not alleged that they represent all non-investor victims or even all non-investor clients who had money in RRA's trust accounts, if the Court deems the Petitioners the beneficiaries of a constructive trust impressed on all of the forfeited property purchased in part with their funds, other non-investor victims will be disadvantaged. For example, there may be victims who, in an effort to avoid incurring significant litigation costs, have chosen to await the fair distribution of forfeited property through the restitution process. Indeed, the United States has indicated that

thirty-seven unsecured creditors are seeking restitution, but not seeking forfeiture. Thus, if the Court deems the Petitioners the beneficiaries of a constructive trust impressed on the forfeited property, then similarly situated non-investor victims may be left with no recovery.

Additionally, the Court should not impose a constructive trust, which is an equitable remedy, because the Petitioners have an adequate remedy at law.  Id.; cf. Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc., 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) ("It is well settled in Florida that . . . an equitable remedy [is] not available where there is an adequate legal remedy.").  Here, the United States has convinced the Court that the Petitioners have an adequate remedy at law.

On July 9, 2010, at a hearing on the United States' Motion to Dismiss Chapter 11 Trustee's Verified Claims and Petition [DE 310], the United States unequivocally represented that the United States will use all forfeited property, less administrative costs, to reimburse qualified victims through restitution.  The United States further represented that this Court will have judicial oversight of the restitution process, including a means by which the Court may review objections filed by any party that disagrees with the United States' proposed distribution of forfeited property. Consequently, at this point in the proceedings, it appears that the restitution process provides the Petitioners with an adequate remedy at law.[3]  Because the Petitioners

---

[3] But see United States v. Shefton, 548 F.3d 1360, 1365 (11th Cir. 2008) ("Given that § 853(i)(1) leaves to the government, which holds the forfeited property, full and unreviewable discretion as to whether it will release some or all of it, § 853(i)(1) remission is certainly not as complete or effectual as the equitable relief of a constructive trust.").

have an adequate remedy at law, the Court will not deem the Petitioners the beneficiaries of a constructive trust.

## III. CONCLUSION

For the reasons stated above, it is **ORDERED AND ADJUDGED** that the United States' Motion to Dismiss Verified Petitions of Thirty-Five Non-Investor Clients [DE 312] is **GRANTED IN PART AND DENIED IN PART**.  The Petitioners have alleged a legal interest in the funds contained within BA 11 and BA 16.  The Court therefore denies the Motion to Dismiss as it pertains to the Petitioners' claims to the funds in the Accounts.  However, because the Court finds that the Petitioners are not entitled to a constructive trust, the Court grants the United States' Motion to Dismiss the Petitioners' claims to any forfeited property other than the Accounts.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of July, 2010.

_____
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to counsel of record.