UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA

    Plaintiff,

v.

SCOTT W. ROTHSTEIN

    Defendant.
_____/

IN RE THIRD PARTY CLAIMS FILED BY

RUBIN AND SHARON VINE,

    Petitioners.
_____/

## ORDER DENYING UNITED STATES' MOTION TO DISMISS VERIFIED PETITION OF RUBIN AND SHARON VINE

**THIS CAUSE** is before the Court on the United States' Motion to Dismiss Verified Petition of Rubin and Sharon Vine [DE 311] ("Motion to Dismiss"). The Court has carefully reviewed the Motion to Dismiss, the Response in Opposition [DE 336], the United States' Reply [DE 388], and is otherwise advised in the premises.

### I. BACKGROUND

On December 1, 2009, the United States, by way of Information, charged Defendant Scott Rothstein ("Rothstein") with RICO, money laundering, and mail and wire fraud conspiracies in violation of 18 U.S.C. §§ 1962(d), 1956(h), and 1349, and with substantive wire fraud in violation of 18 U.S.C. § 1343. See DE 1. The Information also contained criminal forfeiture allegations. Id.

On January 27, 2010, Defendant pled guilty to all of the charges contained in the Information. Defendant also agreed that the properties described in the Information and the Bill of Particulars were acquired in connection with the offenses charged. Thus, on April 19, 2010, the Court entered a Preliminary Order of Forfeiture [DE 134]. The Preliminary Order of Forfeiture forfeited all of Defendant's right, title and interest in all property involved in the RICO and money laundering conspiracies and all property derived from the mail and wire fraud offenses. Among other assets, the Preliminary Order of Forfeiture listed the "Toronto Dominion Bank, N.A. Account #6860420923 in the name of Rothstein Rosenfeldt Adler, P.A., Attorney trust Account 3, which, on or about November 11, 2009, contained the approximate amount of $720,892.08." (hereafter "the Account"). See Attachment to Preliminary Order of Forfeiture at 9.

On May 26, 2010, Petitioners Rubin and Sharon Vine (collectively "the Vines") filed their Verified Petition Claiming Ownership of Funds Held in IOTA Account #6860420923 [DE 206] ("Petition"). The Petition alleges that the Vines wired $1,080,000.00 into the Account ("the Funds"). Id. at 1. The Petition further alleges that "[t]he purpose of the wire transfer was in contemplation of an investment regarding the purchase of a structured settlement." Id. Notwithstanding, the Vines maintain that they "never received or executed any documents to consummate the investment and the Funds were to be held in Trust pending further instructions." Id. at 1-2.

Thus, the Petition claims entitlement to the funds in the Account. See Petition at 2 ("The Vines claim to be rightful owner with legal right, title or interest of all such funds in the Account and any funds directly traceable to such funds held by TD Bank, N.A."). Likewise, the Vines allege that their interest in the Account is superior to Rothstein's

interest in the Account at the time of the commission of the act that gave rise to the forfeiture of the Account. See id. ("The Vines assert their right, title, or interest is superior to any right, title or interest of Defendant Rothstein at the time of the commission of any of his wrongful acts which gave rise to the forfeiture as the Funds were deposited by the Vines in a law firm Trust Account for them and the Vines never consummated any investment thus Rothstein never had a right or vested interest in such Funds or to utilize such funds in his criminal enterprise."). Essentially, the Vines allege that they intended their funds to be kept in an RRA trust account and never transferred their legal title, right or interest to Rothstein. See id. at 2-3.

Nonetheless, the United States argues that the Court should dismiss the Petition "because the facts alleged in the petitions are insufficient as a matter of law to satisfy the standing requirements of 21 U.S.C. § 853(n)(2)." Motion to Dismiss at 1. Specifically, the United States argues that the Vines, as victims of fraud, cannot recover the Funds if they voluntarily transferred the Funds to the criminal defendant. See id. at 7. The United States also argues that the Court should not deem the Vines the beneficiaries of a constructive trust impressed on the Funds. See id. at 8.

## II. DISCUSSION

### A. Legal Standard

Congress codified the criminal forfeiture statute at 21 U.S.C. § 853. The statute provides, in relevant part, as follows:

> (2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the

property. The hearing shall be held before the court alone, without a jury.

(3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

. . .

(6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that--

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

the court shall amend the order of forfeiture in accordance with its determination.

Id. § 853(n)(2)-(3), (6).

Furthermore, under Rule 32.2 of the Federal Rules of Criminal Procedure, a motion to dismiss a third party petition in a forfeiture proceeding is treated like a motion to dismiss a civil complaint under Rule 12(b) of the Federal Rules of Civil Procedure. See Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004); see also United States v. Marion, 562 F.3d 1330, 1342 (11th Cir. 2009) (citing Fed. R. Civ. P. 12(b) to resolve motion to dismiss verified petition in criminal forfeiture). Accordingly, for purposes of a motion to dismiss a third party's petition, "the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A).

### B. The Vines Have Alleged a Legal Interest in Forfeited Property

The Vines allege that RRA held their money in trust. Petition at 2. Specifically, the Vines contend that because the Account was a law firm's trust account, title to the Funds never passed to Rothstein. Id. at 3 (citing Rule 5-1.1 of the Rules Regulating the Florida Bar; Kenet v. Bailey, 679 So. 2d 348, 351 (Fla. Dist. Ct. App. 1996)). Nonetheless, the United States argues that the Vines are fraud victims. See Motion to Dismiss at 6.

> According to the United States,
>
> [f]raud victims, like any other third party who voluntarily transfers his property to the defendant in a business transaction, surrender title to the property when the transaction is complete; as a result, they acquire an interest in a fund generally or as an unsecured debt owed by the defendant with no greater interest in any particular asset than any other creditor may have.

Id. at 7 (citing United States v. Eldick, 223 Fed. App'x 837, 840 (11th Cir. 2007)). The United States therefore asserts that "[t]he fact that Petitioners allege that their investment monies were deposited into the forfeited Account does not afford them standing." Id. at 6.[1]

The Vines, however, have not alleged that they voluntarily transferred their property to Rothstein. To the contrary, as set forth above, the Vines maintain that they retained title to their funds at all times. See Petition at 2-3 ("The Vines claim of

---

[1] In Eldick, the petitioner did not allege that he retained title to forfeited property. Eldick, 223 Fed. App'x at 840. Instead, the petitioner in Eldick conceded that the criminal defendant tricked him into transferring to the defendant the title to his property. See id. Here, however, the Vines allege that they retained title to the Funds. Eldick, therefore, does not aid the United States' position in the Motion to Dismiss.

ownership of the funds is based on the fact that the funds were deposited in the Account to be held in Trust for the Vines and remained the Vines['] funds as a matter of law."); see also R. Regulating Fla. Bar 5-1.1-1.2; In re Scanlon, 239 F.3d 1195, 1197-98 (11th Cir. 2001) ("Under Florida law, 'legal title to property placed in an escrow account remains with the grantor until the occurrence of the condition specified in the escrow agreement.'" (citation omitted)); In re Rothstein Rosenfeldt Adler, P.A., Bankruptcy No. 09-34791-BKC-RBR, 2010 WL 2301240, at *3 (Bankr. S.D. Fla. June 4, 2010). The Vines, therefore, have alleged a legal interest in the Account.[2]

Because the Court finds the Vines have alleged that they retained legal title to the Funds, the Court need not address any arguments pertaining to constructive trusts.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that the United States' Motion to Dismiss Verified Petition of Rubin and Sharon Vine [DE 311] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of July, 2010.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

---

[2] According to the United States, the mere fact "that Petitioners allege that [the Funds] were deposited into the . . . Account does not afford them standing." Motion to Dismiss at 6. The Vines, however, have alleged not only that the Funds were deposited into the Account, but that their money was "to be held in trust for them." See Petition at 2. In other words, the Vines allege not only that their money ended up in an account designated as a trust account, but that they agreed with Rothstein that they had not yet transferred the money to him. At this stage, the Court's ruling is based only on the Vines' allegations. At a trial on the merits, however, the Vines must prove by a preponderance of the evidence that they did not divest themselves of the Funds.