UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA

    Plaintiff,

v.

SCOTT W. ROTHSTEIN

    Defendant.
_____/

IN RE THIRD PARTY CLAIMS FILED BY

TODD D. SNYDER,

    Petitioner.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART UNITED STATES' MOTION TO DISMISS VERIFIED PETITION OF TODD D. SNYDER

**THIS CAUSE** is before the Court on the United States' Motion to Dismiss Verified Petition of Todd D. Snyder [DE 330] ("Motion to Dismiss"). The Court has carefully reviewed the Motion to Dismiss, the Response in Opposition [DE 353], the United States' Reply [DE 388], and is otherwise advised in the premises.

### I. BACKGROUND

On December 1, 2009, the United States, by way of Information, charged Defendant Scott Rothstein ("Rothstein") with RICO, money laundering, and mail and wire fraud conspiracies in violation of 18 U.S.C. §§ 1962(d), 1956(h), and 1349, and with substantive wire fraud in violation of 18 U.S.C. § 1343. See DE 1. The Information also contained criminal forfeiture allegations. Id.

On January 27, 2010, Defendant pled guilty to all of the charges contained in the Information. Defendant also agreed that the properties described in the Information and the Bill of Particulars were acquired in connection with the offenses charged. Thus, on April 19, 2010, the Court entered a Preliminary Order of Forfeiture [DE 134]. The Preliminary Order of Forfeiture forfeited all of Defendant's right, title and interest in all property involved in the RICO and money laundering conspiracies and all property derived from the mail and wire fraud offenses. Among other assets, the Preliminary Order of Forfeiture listed the "Toronto Dominion Bank, N.A. Account #6860420923 in the name of Rothstein Rosenfeldt Adler, P.A., Attorney trust Account 3, which, on or about November 11, 2009, contained the approximate amount of $720,892.08." (hereafter "the Account"). See Attachment to Preliminary Order of Forfeiture at 9.

On June 8, 2010, Petitioner Todd D. Snyder ("Snyder") filed his Verified Petition of Interest in Forfeited Property [DE 281] ("Petition"). The Petition alleges that Snyder transferred $2,160,000.00 into the Account ("the Funds"). Id. at 1. The Petition further alleges that the Funds "were intended by Snyder to be kept separate from RRA's property, [Rothstein's] property, and the property of other RRA clients or third-parties." Id. at 2. Snyder alleges that the Funds "were to be used 'for a transaction involving Mr. Snyder.'" Id. Snyder, however, maintains that "[n]o agreement between Snyder and Rothstein was ever reached with regard to the specific purpose to which [the Snyder Funds] were to be applied." Id.

Thus, the Petition claims entitlement to the Funds. See Petition at 3 ("Snyder is the rightful owner with legal right, title or interest of funds held within [the Account], which are traceable to the [Funds], along with all other forfeited funds or property

2

traceable to the [Funds]."). Likewise, Snyder alleges that his interest in the Account is superior to Rothstein's interest in the Account at the time of the commission of the act that gave rise to the forfeiture of the Account. See id. ("[S]ince Rothstein and Snyder never reached an agreement, Rothstein never had a right or vested interest in the Snyder Trust Funds, nor did Snyder ever authorize Rothstein to utilize the Snyder Trust Funds in furtherance of any enterprise (criminal or otherwise), following Snyder's October 23, 2009, wire transfer of the funds into [the Account].").

Nonetheless, the United States argues that the Court should dismiss the Petition "because the facts alleged in the petitions are insufficient as a matter of law to satisfy the standing requirements of 21 U.S.C. § 853(n)(2)." Motion to Dismiss at 4. Specifically, the United States argues that Snyder, as a victim of fraud, cannot recover the Funds if he voluntarily transferred them to the criminal defendant. Id. The United States also argues that the Court should not deem Snyder the beneficiary of a constructive trust or a pro rata constructive trust impressed on forfeited property. See id. at 11.

The Court holds that Snyder has standing to assert an interest in the Funds because he alleges that RRA held the Funds in a trust account. However, the Court also holds, as a matter of equity, that Snyder is not entitled to a constructive trust or a pro rata constructive trust. Because Snyder is not entitled to a constructive trust, Snyder cannot prevail in an ancillary proceeding to recover forfeited property where his only interest in the property is a constructive trust. Accordingly, for the reasons set forth below, the Court will grant in part and deny in part the Motion to Dismiss.

## II. DISCUSSION

### A. Legal Standard

Congress codified the criminal forfeiture statute at 21 U.S.C. § 853. The statute provides, in relevant part, as follows:

> (2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.
>
> (3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.
>
> . . .
>
> (6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that--
>
>> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>>
>> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

Id. § 853(n)(2)-(3), (6).

Furthermore, under Rule 32.2 of the Federal Rules of Criminal Procedure, a motion to dismiss a third party petition in a forfeiture proceeding is treated like a motion to dismiss a civil complaint under Rule 12(b) of the Federal Rules of Civil Procedure. See Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004); see also United States v. Marion, 562 F.3d 1330, 1342 (11th Cir. 2009) (citing Fed. R. Civ. P. 12(b) to resolve motion to dismiss verified petition in criminal forfeiture).  Accordingly, for purposes of a motion to dismiss a third party's petition, "the facts set forth in the petition are assumed to be true."  Fed. R. Crim. P. 32.2(c)(1)(A).

### B. Snyder Has Alleged a Legal Interest in the Funds

Snyder alleges that RRA held his money in trust.  Petition at 2.  Specifically, Snyder contends that because the Account was a law firm's trust account, title to the Funds never passed to Rothstein.  Id. at 4-5 (citing Rule 5-1.1 of the Rules Regulating the Florida Bar; Kenet v. Bailey, 679 So. 2d 348, 351 (Fla. Dist. Ct. App. 1996)). Nonetheless, the United States argues that Snyder is a fraud victim.  See Motion to Dismiss at 6.

According to the United States, "[f]raud victims who voluntarily transfer their property to a defendant retain no interest in the property transferred: they are unsecured creditors without standing to contest the forfeiture of the defendant's property in the ancillary proceeding."  Id. (citing United States v. Eldick, 223 Fed. App'x 837, 840 (11th Cir. 2007)).  The United States therefore asserts that Snyder "cannot file a claim in the ancillary proceeding."  Id. at 8.

In Eldick, the petitioner did not allege that he retained title to forfeited property. See Eldick, 223 Fed. App'x at 840.  Rather, the petitioner in Eldick conceded that the

5

criminal defendant tricked him into transferring to the defendant the title to his property. See id. Here, however, Snyder alleges that he retained title to the Funds at all times. See Petition at 4-5; see also R. Regulating Fla. Bar 5-1.1-1.2; In re Scanlon, 239 F.3d 1195, 1197-98 (11th Cir. 2001) ("Under Florida law, 'legal title to property placed in an escrow account remains with the grantor until the occurrence of the condition specified in the escrow agreement.'" (citation omitted)); In re Rothstein Rosenfeldt Adler, P.A., Bankruptcy No. 09-34791-BKC-RBR, 2010 WL 2301240, at *3 (Bankr. S.D. Fla. June 4, 2010). Snyder, therefore, has alleged a legal interest in the Funds.

### C. Snyder Is Not Entitled to a Constructive Trust

Snyder asserts entitlement to a constructive trust or a pro rata constructive trust impressed on properties acquired with the Funds. Petition at 8. "'The constructive trust, a creature of equity, is the formula through which the conscience of equity finds expression.'" United States v. Ramunno, 599 F.3d 1269, 1273 (11th Cir. 2010) (quoting Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc., 14 F.3d 1507, 1518 (11th Cir. 1994) (internal quotation omitted)). Whether the Trustee is entitled to a constructive trust is a matter of state law. Id. at 1274 (citing United States v. Fleet, 498 F.3d 1225, 1231 (11th Cir. 2007)); see also Shefton, 548 F.3d at 1364. Here, Florida provides the applicable state law.

Under Florida law, the "elements of a constructive trust are: (1) a confidential relationship, by which (2) one acquires an advantage he should not, in equity and good conscience retain." Bender v. Centrust Mortgage Corp., 51 F.3d 1027, 1030 (11th Cir. 1995); Williams v. Dep't of Health & Rehabilitative Servs., 522 So. 2d 951, 954 (Fla. Dist. Ct. App. 1988). A constructive trust prevents the unjust enrichment of a culpable

party and restores to the beneficiary of the trust the original interest that was wrongfully taken. See Bender, 51 F.3d at 1029; see also Wadlington v. Edwards, 92 So. 2d 629, 631 (Fla. 1957) ("[A] constructive trust is a relationship adjudicated to exist by a court of equity based on particular factual situations created by one or the other of the parties. . . . The trust is 'constructed' by equity to prevent an unjust enrichment of one person at the expense of another as the result of fraud, undue influence, abuse of confidence or mistake in the transaction that originates the problem."). Furthermore, under Florida law, "a constructive trust arises as a matter of law when the facts giving rise to the fraud occur." In re Gen. Coffee Corp., 828 F.2d 699, 702 (11th Cir. 1987).

Ordinarily, the trust *res* must be specific and identifiable. See Arduin v. McGeorge, 595 So. 2d 203, 204 (Fla. Dist. Ct. App. 1992). Notwithstanding, a court may impose a constructive trust where funds have been converted into another type of asset and the claimant can trace and identify the transaction in which the conversion occurred. See id. Furthermore, under Florida law, "a constructive trust arises as a matter of law when the facts giving rise to the fraud occur." In re Gen. Coffee Corp., 828 F.2d 699, 702 (11th Cir. 1987).

Here, Snyder has not alleged that he can trace the Funds to any specific forfeited property or identify the transaction in which the conversion occurred. Snyder, therefore, has not adequately pled entitlement to a constructive trust. Moreover, the Court should not impose a constructive trust on behalf of Snyder because it would work to the disadvantage of other parties who are similarly situated. See United States v. Ramunno, 599 F.3d 1269, 1274 (11th Cir. 2010) ("The only difference between [the Petitioner] and the other victims is that he was defrauded last. This distinction should

not dictate that he receive more of the forfeited assets than the other victims of the fraud."). Also, there may be victims who, in an effort to avoid incurring significant litigation costs, have chosen to await the fair distribution of forfeited property through the restitution process. Indeed, the United States has indicated that thirty-seven unsecured creditors are seeking restitution, but not seeking forfeiture. Thus, if the Court deems Snyder the beneficiary of a constructive trust impressed on forfeited property, or even the beneficiary of a pro-rata constructive trust, then similarly situated victims who have not filed verified petitions may be left with no recovery.

Additionally, the Court should not impose a constructive trust, which is an equitable remedy, because Snyder has an adequate remedy at law. Cf. Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc., 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) ("It is well settled in Florida that . . . an equitable remedy [is] not available where there is an adequate legal remedy."). Here, the United States has convinced the Court that Snyder has an adequate remedy at law.

On July 9, 2010, at a hearing on the United States' Motion to Dismiss Chapter 11 Trustee's Verified Claims and Petition [DE 310], the United States unequivocally represented that the United States will use all forfeited property, less administrative costs, to reimburse qualified victims through restitution. The United States further represented that this Court will have judicial oversight of the restitution process, including a means by which the Court may review objections filed by any party that disagrees with the United States' proposed distribution of forfeited property. Consequently, at this point in the proceedings, it appears that the restitution process

8

provides Snyder with an adequate remedy at law.[1]  Because Snyder has an adequate remedy at law, the Court will not deem Snyder the beneficiary of a constructive trust.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that the United States' Motion to Dismiss Verified Petition of Todd D. Snyder [DE 330] is **GRANTED IN PART AND DENIED IN PART**.  To the extent Snyder asserts a legal interest in the Funds, the Motion to Dismiss is **DENIED**.  However, to the extent Snyder asserts an interest in any other forfeited property, the Motion to Dismiss is **GRANTED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of July, 2010.

_____
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to counsel of record.

---

[1] But see United States v. Shefton, 548 F.3d 1360, 1365 (11th Cir. 2008) ("Given that § 853(i)(1) leaves to the government, which holds the forfeited property, full and unreviewable discretion as to whether it will release some or all of it, § 853(i)(1) remission is certainly not as complete or effectual as the equitable relief of a constructive trust.").