UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA

    Plaintiff,

v.

SCOTT W. ROTHSTEIN

    Defendant.
_____/

IN RE THIRD PARTY CLAIMS FILED BY

KIMBERLY A. ROTHSTEIN,

    Petitioner.
_____/

## ORDER DENYING UNITED STATES' MOTION TO DISMISS VERIFIED PETITION OF KIMBERLY A. ROTHSTEIN AND GRANTING KIMBERLY A. ROTHSTEIN'S MOTION FOR DISCOVERY

**THIS CAUSE** is before the Court on the United States' Motion to Dismiss Verified Petition of Kimberly A. Rothstein [DE 345] ("Motion to Dismiss") and Petitioner Kimberly A. Rothstein's Motion for Discovery [DE 347]. The Court has carefully reviewed the Motion to Dismiss, Petitioner Kimberly A. Rothstein's Response to Government's Motion to Dismiss Verified Petition [DE 375], the Motion for Discovery, all of the parties' submissions, and is otherwise advised in the premises.[1]

### I. BACKGROUND

On December 1, 2009, the United States, by way of Information, charged Defendant Scott Rothstein ("Rothstein") with RICO, money laundering, and mail and

---

[1] The United States has not filed a reply in support of its Motion to Dismiss and the time for filing a reply has passed.

wire fraud conspiracies in violation of 18 U.S.C. §§ 1962(d), 1956(h), and 1349, and with substantive wire fraud in violation of 18 U.S.C. § 1343. See DE 1. The Information also contained criminal forfeiture allegations. Id.

On January 27, 2010, Rothstein pled guilty to all of the charges contained in the Information. Rothstein also agreed to forfeit his right in the properties described in the Information and the Bill of Particulars. See DE 69 at 3. Thus, on April 19, 2010, the Court entered a Preliminary Order of Forfeiture [DE 134]. The Preliminary Order of Forfeiture forfeited all of Rothstein's right, title and interest in all property involved in the RICO and money laundering conspiracies and all property derived from the mail and wire fraud offenses. See id. Among other assets, the Preliminary Order of Forfeiture listed "[a]pproximately 304 pieces of jewelry, watches, necklaces and earrings seized on or about Monday, November 9, 2009, from the residence of Scott and Kimberly Rothstein" (the "Forfeited Jewelry"). Preliminary Order of Forfeiture at 11.

On June 18, 2010, Kimberly A. Rothstein ("Petitioner") filed a verified petition that asserted an interest in forfeited property. See DE 325 ("Petition"). Petitioner alleges that "[b]eginning as early as approximately 2004, and continuing until in or about 2005, but prior to committing the criminal acts for which he now stands convicted and sentenced, defendant Rothstein gave Petitioner certain items of jewelry and other gifts based on their personal friendship and relationship." Id. at 1. Petitioner further alleges that "[i]ncluded among [the Forfeited Jewelry] were certain items that had been given to Petitioner as gifts by defendant Rothstein prior to the criminal acts giving rise to the charges and forfeiture in this case." Id. at 2. Petitioner therefore submits that "under applicable law, Petitioner is the sole owner of the items she received as gifts from

defendant Rothstein prior to the criminal acts for which he stands convicted." Id. Accordingly, she alleges, "Petitioner's legal interest in those items is superior to that of defendant Rothstein and the United States." Id.

The United States argues that the Court should dismiss the Petition because "it does not comport with the statutory parameters prescribed by 21 U.S.C. 853(n)(3)." Motion to Dismiss at 1. Specifically, the United States maintains that Petitioner "states her interest in a conclusory manner and does not specifically identify the jewelry or gifts she is claiming." Id. at 5. The Court disagrees. Accordingly, for the reasons set forth below, the Court will deny the Motion to Dismiss.

## II. DISCUSSION

### A. Legal Standard

Congress codified the criminal forfeiture statute at 21 U.S.C. § 853. The statute provides, in relevant part, as follows:

> (2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.
>
> (3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.
>
> . . .
>
> (6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that--
>
> (A) the petitioner has a legal right, title, or interest in the property, and

> such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(2)-(3), (6).

Furthermore, under Rule 32.2 of the Federal Rules of Criminal Procedure, a motion to dismiss a third party petition in a forfeiture proceeding is treated like a motion to dismiss a civil complaint under Rule 12(b) of the Federal Rules of Civil Procedure. See Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004); see also United States v. Marion, 562 F.3d 1330, 1342 (11th Cir. 2009) (citing Fed. R. Civ. P. 12(b) to resolve motion to dismiss verified petition in criminal forfeiture). Accordingly, for purposes of a motion to dismiss a third party's petition, "the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A).

### B. Petitioner Adequately Sets Forth Her Legal Interest in Forfeited Property

The United States contends that "a claimant with [an] interest in [forfeited] property must do more than state that interest in a conclusory fashion, as Petitioner has done here." Motion to Dismiss at 5. Generally speaking, the Court agrees. Here, however, the Preliminary Order of Forfeiture describes the Forfeited Jewelry in only the most general, conclusory terms.

Consequently, Petitioner has described how and when she acquired the legal

4

interest she asserts. Furthermore, Petitioner has identified the particular item in the Preliminary Order of Forfeiture (i.e., the Forfeited Jewelry) to which she claims an interest. Based on the scant information provided in the Preliminary Order of Forfeiture, Petitioner cannot reasonably be expected to state her interest in the Forfeited Jewelry in more specific terms. In other words, the Court finds that Petitioner has satisfied the requirements of 21 U.S.C. § 853(n)(3) and therefore has adequately alleged a claim.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that the United States' Motion to Dismiss Verified Petition of Kimberly A. Rothstein [DE 345] is **DENIED**.

It is **FURTHER ORDERED AND ADJUDGED** that Petitioner Kimberly A. Rothstein's Motion for Discovery [DE 347] is **GRANTED**. The United States shall respond to Petitioner's discovery requests no later than July 30, 2010.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of July, 2010.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to counsel of record.