UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA

    Plaintiff,

v.

SCOTT W. ROTHSTEIN

    Defendant.
_____/

IN RE THIRD PARTY CLAIMS FILED BY

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
ROTHSTEIN ROSENFELDT ADLER, P.A.,

and

TWENTY-THREE PONZI SCHEME
INVESTORS,

    Petitioners.
_____/

### ORDER GRANTING UNITED STATES' MOTION TO DISMISS VERIFIED PETITIONS OF TWENTY-THREE PONZI SCHEME INVESTORS AND OF THE OFFICIAL COMMITTEE OF THE UNSECURED CREDITORS OF ROTHSTEIN ROSENFELDT ADLER, P.A.

**THIS CAUSE** is before the Court on the United States' Motion to Dismiss Verified Petitions of Twenty-Three Ponzi Scheme Investors and of the Official Committee of the Unsecured Creditors of Rothstein Rosenfeldt Adler, P.A. [DE 322] ("Motion to Dismiss"). The Court has carefully reviewed the Motion to Dismiss, all of the parties' submissions, and is otherwise advised in the premises.

The Motion to Dismiss concerns the sufficiency of third party claimants' verified petitions to recover property forfeited to the United States in the largest Ponzi scheme ever perpetrated in South Florida. The United States contends that the Court should dismiss the verified petitions for two reasons: (1) the claimants lack standing because they have failed to allege a legal interest in the forfeited property and (2) the claimants do not have an interest in the forfeited property that was superior to the defendant's interest in the property at the time of the predicate crimes.

## I. BACKGROUND

On December 1, 2009, the United States, by way of Information, charged Defendant Scott Rothstein ("Rothstein") with RICO, money laundering, and mail and wire fraud conspiracies in violation of 18 U.S.C. §§ 1962(d), 1956(h), and 1349, and with substantive wire fraud in violation of 18 U.S.C. § 1343. See DE 1. The Information also contained criminal forfeiture allegations. Id.

On January 27, 2010, Rothstein pled guilty to all of the charges contained in the Information. Rothstein also agreed to forfeit his right in the properties described in the Information and the Bill of Particulars. See DE 69 at 3. Thus, on April 19, 2010, the Court entered a Preliminary Order of Forfeiture [DE 134]. The Preliminary Order of Forfeiture forfeited all of Rothstein's right, title and interest in all property involved in the RICO and money laundering conspiracies and all property derived from the mail and wire fraud offenses. See id.

Between June 1, 2010, and June 4, 2010, twenty-three Ponzi scheme investors (collectively "Investors") timely submitted verified petitions that claim an interest in all of the properties listed in the Preliminary Order of Forfeiture. See DE's 230-33, 239, 242-

45, 250-52, 254-63, and 267 (collectively "Investors' Petitions"). Similarly, on June 4, 2010, the Unsecured Creditors Committee of Rothstein Rosenfeldt Adler, P.A. ("Committee") timely submitted its verified petition. DE 270 ("Committee's Petition"). The Committee's Petition, filed on behalf of all victims and creditors of RRA, also asserts an interest in all of the properties listed in the Preliminary Order of Forfeiture. See id.

## II. DISCUSSION

### A. Legal Standard

Congress codified the criminal forfeiture statute at 21 U.S.C. § 853. The statute provides, in relevant part, as follows:

> (2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.
>
> (3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.
>
> . . .
>
> (6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that--
>
> > (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(2)-(3), (6).

Furthermore, under Rule 32.2 of the Federal Rules of Criminal Procedure, a motion to dismiss a third party petition in a forfeiture proceeding is treated like a motion to dismiss a civil complaint under Rule 12(b) of the Federal Rules of Civil Procedure. See Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004); see also United States v. Marion, 562 F.3d 1330, 1342 (11th Cir. 2009) (citing Fed. R. Civ. P. 12(b) to resolve motion to dismiss verified petition in criminal forfeiture). Accordingly, for purposes of a motion to dismiss a third party's petition, "the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A).

### B. A Constructive Trust Constitutes a Legal Interest in Forfeited Property

The United States contends that the facts alleged in the Investors' Petitions are insufficient as a matter of law to establish the Investors' standing to assert an interest in the forfeited property. Motion to Dismiss at 6-7. In particular, the United States argues that the Investors have failed to demonstrate – as required by section 853(n)(2) – that they have a "legal interest" in specific forfeited property. Id. at 6.

The Investors all allege that they transferred money into Rothstein controlled accounts at RRA. The Investors concede, however, that they cannot trace their money to the forfeited properties. Consequently, the Investors claim entitlement to a constructive trust or equitable lien impressed on the forfeited properties.

According to the United States, the Investors lack standing to challenge the forfeiture because "[f]raud victims who voluntarily transfer their property to a defendant retain no interest in the property transferred: they are unsecured creditors without standing to contest the forfeiture of the defendant's property in the ancillary proceeding." Motion to Dismiss at 7 (citing United States v. Eldick, 223 Fed. App'x 837, 839 (11th Cir. 2007)).[1] The United States thus contends that "[a] person who transfers his title to another without retaining any legal interest in the property has no standing to object when the property is later forfeited from the transferee. Id. at 8 (citing Eldick, 223 Fed. App'x at 839).

The Court recognizes that in Eldick the Eleventh Circuit found that "[a] fraud victim who voluntarily transfers property to the defendant has a cause of action in tort against the defendant but has no greater interest in the forfeited property than does any other general creditor." Eldick, 223 Fed. App'x at 840. Furthermore, the Eleventh Circuit has held that an unsecured creditor "does not have an interest in forfeitable properties that is superior to that of the government's." Id. (citing United States v. Watkins, 320 F.3d 1279, 1283-84 (11th Cir. 2003)). However, the Eleventh Circuit issued its rulings in Eldick and Watkins before United States v. Shefton, 548 F.3d 1360, 1366 (11th Cir. 2008).

In Shefton, the Eleventh Circuit held that "a constructive trust can serve as a superior legal interest under section 853(n)(6)(A) and thus can serve as grounds for

---

[1] Eldick is an unpublished decision and therefore not binding on this Court. See 11th Cir. R. 36.2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

5

invalidating a criminal forfeiture." Shefton, 548 F.3d at 1366. Here, the Investors allege that their legal interest in the forfeited properties is a pro-rata constructive trust impressed on the properties. Accordingly, if the Court finds that the Investors have alleged entitlement to a constructive trust, then they have alleged a legal interest in the forfeited properties.

**C. The Investors Are Not Entitled to a Constructive Trust in Forfeited Properties**

"'The constructive trust, a creature of equity, is the formula through which the conscience of equity finds expression.'" United States v. Ramunno, 599 F.3d 1269, 1273 (11th Cir. 2010) (quoting Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc., 14 F.3d 1507, 1518 (11th Cir. 1994) (internal quotation omitted)). Whether the Investors are entitled to a constructive trust is a matter of state law. Id. at 1274 (citing United States v. Fleet, 498 F.3d 1225, 1231 (11th Cir. 2007)); see also Shefton, 548 F.3d at 1364. Here, Florida provides the applicable state law.

Under Florida law, the "elements of a constructive trust are: (1) a confidential relationship, by which (2) one acquires an advantage he should not, in equity and good conscience retain." Bender v. Centrust Mortgage Corp., 51 F.3d 1027, 1030 (11th Cir. 1995); Williams v. Dep't of Health & Rehabilitative Servs., 522 So. 2d 951, 954 (Fla. Dist. Ct. App. 1988). A constructive trust prevents the unjust enrichment of a culpable party and restores to the beneficiary of the trust the original interest that was wrongfully taken. See Bender, 51 F.3d at 1029; see also Wadlington v. Edwards, 92 So. 2d 629, 631 (Fla. 1957) ("[A] constructive trust is a relationship adjudicated to exist by a court of equity based on particular factual situations created by one or the other of the parties. . . . The trust is 'constructed' by equity to prevent an unjust enrichment of one person

at the expense of another as the result of fraud, undue influence, abuse of confidence or mistake in the transaction that originates the problem."). Furthermore, under Florida law, "a constructive trust arises as a matter of law when the facts giving rise to the fraud occur." In re Gen. Coffee Corp., 828 F.2d 699, 702 (11th Cir. 1987).

Ordinarily, the trust *res* must be specific and identifiable. See Arduin v. McGeorge, 595 So. 2d 203, 204 (Fla. Dist. Ct. App. 1992). Notwithstanding, a court may impose a constructive trust where funds have been converted into another type of asset and the claimant can trace and identify the transaction in which the conversion occurred. See id. Furthermore, under Florida law, "a constructive trust arises as a matter of law when the facts giving rise to the fraud occur." In re Gen. Coffee Corp., 828 F.2d 699, 702 (11th Cir. 1987).

Here, the Investors have not alleged that they can trace their monies to any forfeited property other than the Accounts. Indeed, the Investors concede they cannot. See, e.g., DE 230 at 3 ("[Petitioner] is unable to individually trace its monies into all of the Properties in this forfeiture proceeding[.]"); DE 232 at 3 (same); DE 242 at 3 (same). Rather, the Investors allege only that "all victims of Rothstein's crimes can trace the aggregate of their monies into all of the Properties." See, e.g., DE 234 at 3; DE 254 at 3. Investors, therefore, have not adequately pled entitlement to a constructive trust.

Moreover, the Court should not impose a constructive trust on behalf of the Investors because it would work to the disadvantage of other parties who are similarly situated. See United States v. Ramunno, 599 F.3d 1269, 1274 (11th Cir. 2010). In other words, because the Investors have not alleged that they represent all victims, if the Court deems the Investors the beneficiaries of a constructive trust, or even of a pro-

rata constructive trust, impressed on all of the forfeited property, other victims will be disadvantaged.  For example, there may be victims who, in an effort to avoid incurring significant litigation costs, have chosen to await the fair distribution of forfeited property through the restitution process.  Indeed, the United States has indicated that thirty-seven unsecured creditors are seeking restitution, but not seeking forfeiture.  Thus, if the Court deems the Investors the beneficiaries of a constructive trust impressed on the forfeited property, then similarly situated victims may be left with no recovery.

Additionally, the Court should not impose a constructive trust, which is an equitable remedy, because the Investors have an adequate remedy at law.  Cf. Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc., 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) ("It is well settled in Florida that . . . an equitable remedy [is] not available where there is an adequate legal remedy.").  Here, the United States has convinced the Court that the Investors have an adequate remedy at law.

On July 9, 2010, at a hearing on the United States' Motion to Dismiss Chapter 11 Trustee's Verified Claims and Petition [DE 310], the United States unequivocally represented that the United States will use all forfeited property, less administrative costs, to reimburse qualified victims through restitution.  The United States further represented that this Court will have judicial oversight of the restitution process, including a means by which the Court may review objections filed by any party that disagrees with the United States' proposed distribution of forfeited property.  Consequently, at this point in the proceedings, it appears that the restitution process provides the Investors with an adequate remedy at law.  But see United States v. Shefton, 548 F.3d 1360, 1365 (11th Cir. 2008)  ("Given that § 853(i)(1) leaves to the

government, which holds the forfeited property, full and unreviewable discretion as to whether it will release some or all of it, § 853(i)(1) remission is certainly not as complete or effectual as the equitable relief of a constructive trust."). Because the Investors have an adequate remedy at law, the Court will not deem the Investors the beneficiaries of a constructive trust.

### D. The Committee Has No Standing to Assert Claims that Belong to Third Parties

The United States argues that the Committee lacks standing to assert a claim to forfeited property. The United States contends that the Committee lacks standing for two reasons: (1) the Committee cannot assert claims that belong to third parties; and (2) the Committee represents only unsecured creditors and therefore cannot have a legal interest in forfeited property that is superior to the government's.

Regarding the first reason, the United States maintains that "half of the unsecured creditors who actually form the [Committee] have filed their own petitions in these ancillary proceedings and at least half have submitted questionnaires to the FBI so they can be considered for inclusion in the Court's restitution order." DE 390 at 3. The United States adds that "at least three of the unsecured creditor-victims on the [Committee] are also vigorously pursuing civil claims against a variety of parties in federal and state courts throughout the Southern District of Florida." Id. Moreover, dozens of unsecured creditors have commenced their own ancillary proceedings and dozens more have elected to file restitution requests directly with the Federal Bureau of Investigation rather than file verified petitions with this Court. See id. at 4. Thus, "at the very least," the United States argues, the Committee's claim is "duplicative of the claims filed by the unsecured creditors in the ancillary proceedings to date." Id.

Furthermore, the United States asserts that "[n]one of these unsecured creditors have delegated their claim to the [Committee]." Id. (citing E.F. Hutton & Co. v. Hadley, 901 F.2d 979, 985 (11th Cir. 1990) (recognizing that prudential considerations prohibit courts from allowing a litigant to assert a third party's rights)). Because the Committee itself has suffered no injury and seeks to advance only claims that belong to various unsecured creditors who have not been hindered in their efforts to assert their claims, the United States maintains that the Committee lacks standing.

The Committee responds that it has associational standing to assert claims on behalf of unsecured creditors of RRA. See DE 421 at 2. According to the Committee, "[a]ll that is required [to have associational standing] is that an entity act 'in a representational capacity' in bringing claims that are 'central to the [entity]'s purpose of protecting and enhancing' those it represents." Id. at 3 (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 345 (1977). Thus, the Committee contends, because the Committee was established by statute (i.e., the Bankruptcy Code) to protect the rights of unsecured creditors, the Committee has associational standing to assert claims belonging to individual unsecured creditors.

The only provision of the Bankruptcy Code that explicitly authorizes a committee to engage in litigation is limited to bankruptcy proceedings. Indeed, 11 U.S.C. § 1109(b) provides that "[a] party in interest, including . . . a creditors' committee . . . may raise and may appear and be heard on any issue in a case under this chapter. Id. (emphasis added). The United States submits that the phrase "in a case under this chapter," indicates that a committee of unsecured creditors has standing to litigate issues on behalf of unsecured creditors only within a bankruptcy proceeding. See DE

432 at 4. The Court agrees.

The language of § 1109(b) is unequivocal. The Bankruptcy Code does not authorize a creditors' committee to prosecute claims brought outside of bankruptcy cases. Furthermore, the Committee cites no authority wherein an official committee authorized by the Bankruptcy Code asserted claims in a criminal forfeiture proceeding. Consequently, the Court finds the Committee lacks standing to assert a § 853(n) claim on behalf of RRA's unsecured creditors.

### E. Even if the Committee Had Associational Standing to Assert Claims on Behalf of Unsecured Creditors, the Committee Has No Legal Interest in Forfeited Property

Even if the Committee had standing to assert a § 853(n) claim on behalf of RRA's unsecured creditors, the Committee's only alleged interest in forfeited property is a constructive trust. The Court, as discussed at length above, finds that it should not impose a constructive trust on forfeited property in this case because third party claimants in this criminal forfeiture proceeding have an adequate legal remedy. See section II.C., supra. Thus, the Court will not deem the Committee the beneficiary of a constructive trust impressed on the forfeited property. Because the Court will not deem the Committee the beneficiary of a constructive trust, and the Committee has alleged no other legal interest in forfeited property, the Committee cannot prevail as a matter of law under 21 U.S.C. § 853(n).

11

## III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that the United States' Motion to Dismiss Verified Petitions of Twenty-Three Ponzi Scheme Investors and of the Official Committee of the Unsecured Creditors of Rothstein Rosenfeldt Adler, P.A. [DE 322] is **GRANTED**. The following verified petitions are dismissed: DE's 230-33, 239, 242-45, 250-52, 254-63, 267, and 270.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of July, 2010.

_____
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to counsel of record.