UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA

    Plaintiff,

v.

SCOTT W. ROTHSTEIN

    Defendant.
_____/

IN RE THIRD PARTY CLAIMS FILED BY

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
ROTHSTEIN ROSENFELDT ADLER, P.A.,

    Petitioner.
_____/

## ORDER DENYING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court on the Official Committee of Unsecured Creditors of Rothstein Rosenfeldt Adler, P.A.'s Motion for Reconsideration of the Order Dated July 26, 2010 [DE 480] ("Motion for Reconsideration"). The Court has carefully reviewed the Motion for Reconsideration and is otherwise advised in the premises.[1]

On July 26, 2010, the Court entered an Order wherein it stated that "the Committee lacks standing to assert a § 853(n) claim on behalf of RRA's unsecured creditors." DE 452 at 11. The Official Committee of Unsecured Creditors of Rothstein Rosenfeldt Adler, P.A.'s ("the Committee") requests that the Court "reconsider whether its finding that the Committee does not have standing to assert a claim pursuant to [11

---

[1] No response to the Motion for Reconsideration has been filed and the time for filing a response has passed.

U.S.C. §] 1109(b) is correct, and whether the Committee has such standing pursuant to [11 U.S.C. §] 1103(c)(5)." Motion for Reconsideration at 3. In support of its Motion for Reconsideration, the Committee relies heavily on Official Committee of Unsecured Creditors of WorldCom, Inc. v. S.E.C., 467 F.3d 73 (2d Cir. 2006). See Motion for Reconsideration at 3.

WorldCom provides the Court with limited guidance, for it deals only with an unsecured creditors committee's standing to appeal a decision where the committee was not a party to the underlying proceeding. See WorldCom, 467 F.3d at 80. WorldCom does not address whether § 1105(c)(5) confers an unsecured creditors committee with standing for purposes of asserting a claim to forfeited property pursuant to 21 U.S.C. § 853(n). Moreover, in WorldCom, the Second Circuit concluded that "[t]here is, in short, a serious question regarding what legal action, if any, the Committee is authorized by statute to pursue outside of the bankruptcy court." WorldCom, 467 F.3d at 80. Indeed, the Second Circuit explicitly declined to "resolve the question of the Committee's statutory authority." Id. at 81. The Committee, therefore, has provided the Court with no authority for the proposition that an official committee of unsecured creditors has standing to assert a legal right, title, or interest in property forfeited pursuant to the criminal forfeiture statute.

Furthermore, the Committee claims that a constructive trust impressed on all forfeited property is the legal interest it seeks to assert. In the Court's order granting the United States' motion to dismiss the Committee's verified petition, the Court determined that even if the bankruptcy code gives the Committee standing to assert an interest in forfeited property, the Committee is not entitled to a constructive trust imposed on the forfeited property. See DE 452 at 11; see also United States v.

2

Ramunno, 599 F.3d 1269, 1274 (11th Cir. 2010) (affirming dismissal as a matter of law because principles of fairness and equity did not support constructive trust); Ryan v. Lobo De Gonzalez, 921 So. 2d 572, 578 (Fla. 2005) (Cantero, J., dissenting) (concluding under Florida law that "[a] constructive trust has been described as 'one raised by equity in respect of property which has been acquired by fraud, or where, though acquired originally without fraud, it is against equity that it should be retained by him who holds it.'").

Ordinarily, the *res* of a trust must be specific and identifiable. See Arduin v. McGeorge, 595 So. 2d 203, 204 (Fla. Dist. Ct. App. 1992). Notwithstanding, a court may impose a constructive trust where funds have been converted into another type of asset and the claimant can trace and identify the transaction in which the conversion occurred. See id. Because the Committee represents all unsecured creditors of Rothstein Rosenfeldt Adler, P.A. ("RRA"), the Committee cannot trace its constituency's property into the property it seeks. For example, with regard to trade creditors, the Official Committee cannot possibly trace any monies into any property because such creditors never transferred any money to RRA. Stated differently, to the extent the Committee represents creditors other than clients who had funds deposited into RRA trust accounts and investors, such creditors cannot, even collectively, "trace and identify the transaction in which the conversion occurred." Arduin, 595 So. 2d at 204.

Additionally, the Court should not impose a constructive trust on behalf of a party if it would work to the disadvantage of other parties who are similarly situated. See Ramunno, 599 F.3d 1269 at 1274. Likewise, based on equitable principles, the Court finds that it should not impose a constructive trust on forfeited property if it requires the Court to treat dissimilarly situated parties in the same way. Presumably, not all of

RRA's unsecured creditors are qualified victims of the criminal defendant's fraud. Consequently, if the Court were to adopt the Committee's position, most of the property seized by the United States would be removed from the Preliminary Order of Forfeiture and the qualified victims of the criminal defendant's fraud would receive less than they otherwise would through restitution. The Court finds such an outcome inequitable. Because the outcome would be inequitable, the Court finds the Committee is not entitled to the imposition of a constructive trust impressed on forfeited property. Because the Committee is not entitled to the imposition of a constructive trust, and the Committee has alleged no other legal right, title, or interest in forfeited property, the Committee has no standing to prosecute a claim pursuant to 21 U.S.C. § 853(n).

Accordingly, it is

**ORDERED AND ADJUDGED** that the Official Committee of Unsecured Creditors of Rothstein Rosenfeldt Adler, P.A.'s Motion for Reconsideration of the Order Dated July 26, 2010 [DE 480] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of August, 2010.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to counsel of record.