UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA

      Plaintiff,

v.

SCOTT W. ROTHSTEIN

      Defendant.

_____/

IN RE THIRD PARTY CLAIMS FILED BY

CHAPTER 11 TRUSTEE OF
ROTHSTEIN ROSENFELDT ADLER, P.A.,

      Petitioner.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART UNITED STATES' MOTION FOR PARTIAL RECONSIDERATION

**THIS CAUSE** is before the Court on the United States' Motion for Partial Reconsideration of Order re: 21 U.S.C. § 853(n) Claims [DE 609] ("Motion for Reconsideration"). The Court has carefully considered the Motion for Reconsideration, the Trustee's response [DE 619], the United States' reply [DE 624], the Trustee's sur-reply [DE 631], and is otherwise advised in the premises.

### I. BACKGROUND

On December 1, 2009, the United States, by way of Information, charged Defendant Scott Rothstein ("Rothstein") with RICO, money laundering, and mail and wire fraud conspiracies in violation of 18 U.S.C. §§ 1962(d), 1956(h), and 1349, and with substantive wire fraud in violation of 18 U.S.C. § 1343. See DE 1. The Information

also contained criminal forfeiture allegations.  Id.

On January 27, 2010, Rothstein pled guilty to all of the charges contained in the Information.  Rothstein also agreed to forfeit his right in the properties described in the Information and the Bill of Particulars.  See DE 69 at 3.  Thus, on April 19, 2010, the Court entered a Preliminary Order of Forfeiture [DE 134].  The Preliminary Order of Forfeiture forfeited all of Rothstein's right, title and interest in all property involved in the RICO and money laundering conspiracies and all property derived from the mail and wire fraud offenses.  See id.

On May 24, 2010, the Chapter 11 Trustee of Rothstein Rosenfeldt Adler, P.A. ("RRA") timely submitted his Verified Claims and Petition for Adjudication of Interests to specific assets listed in the Preliminary Order of Forfeiture.  DE 192 ("Petition").  On August 16, 17, and 20, 2010, the Court conducted an evidentiary hearing on various verified petitions including the Trustee's Petition.  After the evidentiary hearing, the Court made several determinations.  See DE 579.  Among other things, the Court determined that the Trustee had proved by a preponderance of the evidence that he had a superior interest to that of the criminal defendant in three forfeited bank accounts: BA 2, BA 3, and BA 5.  See id. at 17-20.

In its Motion for Reconsideration, the United States submits that the Court erred in finding that the Trustee "proved by a preponderance of the evidence that he had a superior interest to that of [the criminal defendant] at the time of the commission of the acts giving rise to the forfeiture to the remaining funds in BA 2, BA 3, and BA 5." Motion at 1.  Specifically, the United States contends that the Trustee failed to demonstrate by a preponderance of the evidence that the funds in BA 2 and BA 3 were

2

derived from legitimate business income. Id. at 2. The United States further asserts

that the Trustee lacks standing to claim the balance of the funds remaining in BA 5

because BA 5 is an IOTA trust account. Id. at 7.

## II. DISCUSSION

### A. Legal Standard

Congress codified the criminal forfeiture statute at 21 U.S.C. § 853. The statute

provides, in relevant part, as follows:

> Any person convicted of a violation of this subchapter . . . shall forfeit to
> the United States, irrespective of any provision of State law--
>
> > (1) any property constituting, or derived from, any proceeds the person
> > obtained, directly or indirectly, as the result of such violation; [and]
> >
> > (2) any of the person's property used, or intended to be used, in any
> > manner or part, to commit, or to facilitate the commission of, such
> > violation[.]

21 U.S.C. § 853(a)(1)-(2). Section 853(n) then sets forth the procedures by which a

third party may assert its interest in forfeited property. The section states, in relevant

part, as follows:

> (2) Any person, other than the defendant, asserting a legal interest in
> property which has been ordered forfeited to the United States pursuant
> to this section may, within thirty days of the final publication of notice or
> his receipt of notice under paragraph (1), whichever is earlier, petition the
> court for a hearing to adjudicate the validity of his alleged interest in the
> property. The hearing shall be held before the court alone, without a jury.
>
> (3) The petition shall be signed by the petitioner under penalty of perjury
> and shall set forth the nature and extent of the petitioner's right, title, or
> interest in the property, the time and circumstances of the petitioner's
> acquisition of the right, title, or interest in the property, any additional facts
> supporting the petitioner's claim, and the relief sought.
>
> . . .

3

(6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that--

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

the court shall amend the order of forfeiture in accordance with its determination.

Id. § 853(n)(2)-(3), (6).

## B. Bank Account 2

On August 25, 2010, the Court entered an order wherein it determined that the Trustee had "proven by a preponderance of the evidence that it had a superior interest than Rothstein in BA 2 at the time of the commission of the act(s) that gave rise to the forfeiture of BA 2." DE 579 at 17.  Specifically, the Trustee proved that RRA was the title owner of BA 2.  Because RRA was the title owner of BA 2, the Court presumed that RRA was the owner of the funds in BA 2.  Furthermore, because RRA was the title owner of BA 2, and the funds in BA 2 appeared to come from a source other than the criminal defendant, the Court determined that RRA's interest in BA 2 was superior to the interest the criminal defendant had in BA 2.  See id. at 18.

The United States, however, correctly asserts that a third party claimant cannot prove a superior interest in the proceeds of fraud.  Cf. United States v. Eldick, 223 Fed. App'x 837, 840 (11th Cir. 2007).  Upon reconsideration of the evidence, the

4

undersigned finds that the contents of BA 2 at the time of seizure were more likely than not the proceeds of fraud. Because the contents of BA 2 were most likely the proceeds of fraud, the Trustee cannot claim a superior interest in BA 2.

Specifically, the evidence produced at the hearing in August 2010 shows the following: (1) BA 4 was a trust fund comprised almost entirely of fraud proceeds; (2) RRA made a $500,000 transfer from BA 4 to BA 2 on October 27, 2009; (3) before RRA made the $500,000 transfer from BA 4 to BA 2, BA 2 contained only $38,515.29; (4) RRA made a $500,000 transfer from BA 2 to Stuart Rosenfeldt's personal bank account on October 28, 2009; (5) only nine days later, on November 6, 2009, Stuart Rosenfeldt transferred $500,000 from his personal account back to BA 2; and (6) funds transferred into BA 2 from Rosenfeldt's personal account were the only funds in BA 2 at the time BA 2 was seized.[1]

In other words, the evidence shows that the two transfers between RRA and Rosenfeldt involved the same two bank accounts, involved an identical amount of money, and occurred in very close temporal proximity to one another. Furthermore, Rothstein's fraud was exposed between the time Rosenfeldt received the money from RRA and the time he transferred the same exact amount of money back to RRA. The Court therefore makes the reasonable inference that the $500,000 Stuart Rosenfeldt transferred to BA 2 on November 6, 2009, was the return of the fraud proceeds that RRA had transferred to him on October 27, 2009. To conclude otherwise defies logic and common sense.

---

[1]     The evidence showed that BA 2 contained only $60.07 when Stuart Rosenfeldt deposited the $500,000 in BA 2 on November 6, 2009.

As set forth above, 21 U.S.C. § 853(n) provides that the burden of proof is on the third party claimant to prove that it has a superior interest in forfeited property. <u>See</u> <u>United States v. Foley</u>, 258 Fed. App'x 246 (11th Cir. 2007). The Court, however, finds that it is more likely than not that the funds in BA 2 were the proceeds of fraud. Furthermore, the Court finds as a matter of law that a third party claimant can never have a superior interest in the proceeds of fraud. <u>See</u> <u>United States v. Eldick</u>, 223 Fed. App'x 837, 840 (11th Cir. 2007). The Court therefore concludes that the Trustee has failed to carry his burden of proof to prevail in its § 853(n)(6) claim as it pertains to BA 2. Consequently, the Court will grant the Motion for Reconsideration as it pertains to BA 2 to correct clear error.

### C. Bank Account 3

The evidence shows that before Stuart Rosenfeldt deposited $500,000 in BA 2 on November 6, 2009, BA 3 had a negative balance. Subsequent to Rosenfeldt's $500,000 deposit into BA 2, funds from BA 2 were transferred to BA 3. As with BA 2, the Court initially concluded that the Trustee had proved a superior interest in BA 3 because RRA is the title owner of BA 3 and the money in BA 3 appeared to come from a source other than the criminal defendant (i.e., the funds in BA 3 came from Stuart Rosenfeldt). <u>See</u> DE 579 at 18. Upon reconsideration, however, as demonstrated above, the Court finds that the funds that came from Stuart Rosenfeldt were more likely than not the proceeds of fraud. Thus, for the same reasons articulated above, the Court concludes that the Trustee has failed to carry his burden of proof to prevail in his § 853(n)(6) claim as it pertains to BA 3. Consequently, the Court will grant the Motion for Reconsideration as it pertains to BA 3 to correct clear error.

### D. Bank Account 5

The United States "respectfully submits the Court erred when it awarded the

RRA Trustee the remaining non-investor trust funds, $93,504.50, in BA 5." DE 609 at

7.  Specifically, the United States contends that the Trustee cannot prevail in its claim to

BA 5 because BA 5 was an IOTA trust account that contained client funds.  See id.

Stated differently, the United States argues that because the corpus of the trust does

not belong to the Trustee, the Trustee has no standing to assert an interest in the trust

corpus.  See id.  The Court disagrees.  See Nat'l Council on Compensation Ins., Inc. v.

Am. Int'l Group, Inc., 2009 WL 2588902, at *5 (N.D. Ill. Aug. 20, 2009) ("Trustees have

Article III standing to assert claims arising out of damage to trust property.") (citing

Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 462 (1980)).

To prevail on his claim to the remaining funds in BA 5, the Trustee need not

prove that he has a superior interest to that of the trust beneficiaries.  Rather, the

Trustee needed to prove that he had a superior interest in the BA 5 than Scott

Rothstein had in BA 5 at the time of the commission of the act that gave rise to the

forfeiture of BA 5.  As the title owner of BA 5, and the trustee of the funds in BA 5, RRA

had a superior interest in BA 5 than Rothstein had in BA 5.  Indeed, Rothstein had no

interest in BA 5.  Furthermore, unlike with BA 2 and BA 3, the evidence does not show

that the funds in BA 5 were proceeds of fraud.

Notwithstanding, the United States argues that "expressly excluded from the

[bankruptcy] estate is any '[p]roperty in which the debtor holds, as of the

commencement of the case, only legal title and not an equitable interest . . . .'" DE 609

at 8-9 (quoting 11 U.S.C. § 541(d)).  Even if true, the United States offers no authority

7

for the proposition that a trustee lacks standing to assert an interest in forfeited property where the trustee has legal interest in the property.  In other words, the funds in BA 5 may not be property of RRA's bankruptcy estate, but that does not signify that the Trustee lacks standing to pursue the funds in BA 5 in a criminal forfeiture proceeding. The undersigned concluded that because RRA was the title owner of BA 5, the Trustee has standing to assert an interest in BA 5.  The United States has not presented any law that indicates that ruling was clear error or manifestly unjust.  Consequently, the Court will deny the Motion for Reconsideration as it pertains to BA 5.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that the United States' Motion for Partial Reconsideration of Order re: 21 U.S.C. § 853(n) Claims [DE 609] is hereby **GRANTED IN PART AND DENIED IN PART**.  As to BA 2 and BA 3, the Motion for Reconsideration is **GRANTED**.  Accordingly, BA 2 and BA 3 remain subject to the order of forfeiture.  As to BA 5, the Motion for Reconsideration is **DENIED**.  Accordingly, $93,504.50 in BA 5 shall be transferred to the Trustee in conformance with the Court's prior Order re: 21 U.S.C. § 853(n) Claims [DE 579].

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of October, 2010.

_____
JAMES J. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to counsel of record.

8