UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA,

v.

SCOTT W. ROTHSTEIN,

Defendant.
_____/

## FIRST FINAL ORDER OF FORFEITURE

**THIS CAUSE** is before the Court on the United States' Motion for First Final

Order of Forfeiture [DE 700] ("Motion").  The Court has considered the Motion and is

otherwise advised in the premises.

1.      On April 19, 2010, this Court entered a Preliminary Order of Forfeiture and

Judgment wherein it forfeited the interest of Scott W. Rothstein (hereinafter "Defendant"

or "Rothstein") in the property identified on Exhibit A attached therein to the United

States (hereinafter the "preliminarily forfeited property") and entered a money judgment

against Defendant in the amount of $1.2 billion.  See DE 134.

2.      In accordance with 21 U.S.C. § 853(n) and 18 U.S.C. § 1963(l),[1] notice of

forfeiture was published on May 5, 2010. Proof of Publication was filed with the Clerk of

the Court on June 6, 2010.  DE 275.

3.      Also in accordance with 21 U.S.C. § 853(n), direct written notice of

forfeiture was provided to all persons and entities known to have an alleged interest in

the preliminarily forfeited property.

---

[1]      The forfeiture provisions of 18 U.S.C. § 1963(l) parallel the provisions of
21 U.S.C. § 853(n) and are applicable to the RICO forfeiture ordered, in part, by the
Court in this case.  For ease of reference, only the provisions of 21 U.S.C. § 853(n) are
addressed herein.

## Verified Petitions

4.      Verified petitions were filed by a number of Petitioners against some or all of the preliminarily forfeited property.  A list of the verified petitions is attached as Exhibit A to the United States' Motion and is incorporated herein.  See DE 700-1.

5.      The verified petitions fall into three categories:

   a. verified petitions wherein a petitioner's interest was recognized in whole or in part by the United States;

   b. verified petitions that were withdrawn or dismissed in whole or in part; and

   c. verified petitions that were granted in whole or in part.[2]

## Stipulation and Settlement Agreements Resulting in the Dismissal of Assets

6.      On July 27, 2010, the Court entered an Order Approving Stipulation and Settlement Agreements Between the United States and Certain Third Party Petitioners and For Leave to Dismiss Certain Assets From the Preliminary Order of Forfeiture. DE 457.  Pursuant to the Order, the following preliminarily forfeited properties were dismissed from the Preliminary Order of Forfeiture:

   a. real properties identified as RP1, RP2, RP3, and RP9 at DE 134, pp. 5,6 [DE 457];

---

[2]      The Court hereby recognizes the interest of Branch Banking & Trust Company, Sea Club Ocean Resort Hotel, Inc., Renato Watches, Inc. and MAF Family, LLC as set forth in their respective Verified Petitions [DE's 188, 223, 224, 265]. Further, the Court recognizes the interest of Domenick Tonacchio, Barry Lipsitz, D&D Management & Investment, LLC ("D&D"), and D&S Management & Investment, LLC ("D&S") in D&D (BI 124af) and D&S (BI 124ag) as set forth in their Verified Petition [DE 327]. The Court hereby dismisses the interest of Domenick Tonacchio, Barry Lipsitz, D&D, and D&S in 950 N. Federal Highway, Pompano Beach, Florida (RP 14) as moot since RP 14 was dismissed from the Preliminary Order of Forfeiture on September 24, 2010 [DE 618]. The Court also dismisses the interest of Solar Air Inc. in 2308 Castilla Isle, Fort Lauderdale, Florida (RP 2) as moot since RP 2 was dismissed from the Preliminary Order of Forfeiture on July 27, 2010 [DE 457].

    b. one vehicle identified as VV11 at DE 134, p. 10 [DE 457];

    c. American Express Reward Points identified as M2 at DE 134, pp. 22, 23 [DE 457];

    d. eight watches comprising part of the jewelry identified as T1 at DE 134, p. 11 [DE 457]; and

    e. equity interest in Rothstein Family Ltd. identified as B125(ab) at DE 134, p.21 [DE 457].

In addition, the Court entered Orders approving Stipulation and Settlement Agreements between the United States and the following third party petitioners: Kimberly A. Rothstein [DE 552], VRLP1, LLC [DE 630], Wachovia Bank [DE 618], and Regions Bank [DE 597], which resulted in the dismissal of certain assets from the Preliminary Order of Forfeiture.  Pursuant to the Orders, the following preliminarily forfeited properties were dismissed from the Preliminary Order of Forfeiture:

    f. six items of jewelry comprising part of the jewelry identified as T1 at DE 134, p. 11 [DE 552, Ex. A];

    g. real property identified as RP5 at DE 134, pp. 5,6 [DE 630];

    h. real property identified as RP14 at DE 134, p. 8 [DE 618]; and

    i. the sum of $2,195,051.00, identified as part of BA18 at DE 134. pp. 13,14 [DE 597].

## Real Properties

7.    After publication and direct written notice was provided, a number of verified petitions and/or claims were filed against some or all of the real properties identified for forfeiture in the Preliminary Order of Forfeiture.  As all claims have been addressed by the Court or through stipulation of the parties, and in accordance with 21 U.S.C. § 853(n)(7), the United States shall have clear title to the following real properties subject to the pertinent claim(s), if any, recognized below:

3

8. **30 Isla Bahia Drive, Fort Lauderdale, Florida 33316 ("RP04")**

    a. RP04 is titled in the name of Scott Rothstein and Kimberly Rothstein.

    b. A copy of the Preliminary Order of Forfeiture was sent via Certified

Mail, Return Receipt Requested, to the following persons and entities:

        i. Marc Nurik, Esq.,
        counsel for Scott Rothstein;
        Law Office of Marc S. Nurik
        1 E. Broward Blvd., Suite 700
        Fort Lauderdale, Florida 33301;

        ii. Frank A. Rubino, Esq.,
        counsel for Kimberly Rothstein;
        Law Office of Frank A. Rubino, Esq., P.A.
        1001 Brickell Bay Drive, Suite 2206
        Miami, FL 33131;

        iii. Robert W. Stickney, P.A.,
        counsel for Debra Villegas;
        Post Office Box 2448
        Fort Lauderdale, Florida 33303;

        iv. Gatemasters;
        1601 NW 15 Avenue
        Fort Lauderdale, FL 33309;

        v. St. Moritz Security Services, Inc.;
        c/o Lori Weaver
        4616 Clairton Blvd.
        Pittsburgh, PA 15236;

        vi. Live Wire Electric, Inc.;
        Joseph Toms, President
        4024 NE 5 Avenue
        Fort Lauderdale, FL 33334; and

        vii. Michael Wall Plumbing Services, Inc.;
        3030 SW 22nd Street
        Fort Lauderdale, FL 33312.

    c. The above-referenced persons and entities did not petition the Court

for a hearing to adjudicate the validity of their alleged interest in the property as

required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to

adjudicate the validity of their alleged interest in the property has expired.  Thus, the above-referenced entities' and persons' interest in RP04 is extinguished.

d.  In addition, a copy of the Preliminary Order of Forfeiture was sent to Rodney T. Sarkela (mortgage holder).  Rodney T. Sarkela filed a Notice of Claim and Verified Petition on June 4, 2010.  DE 271.  The United States acknowledges and agrees to pay Rodney T. Sarkela the outstanding principal due in the amount of $4,380,751.23 plus interest at the rate of 7% per annum from October 1, 2009, until paid; late fees in the amount of $1,480.30 per month from October 1, 2009, until paid; and $28,171.30 for insurance advances.  DE 700 at 5.

e.  Finally, the United States acknowledges and agrees to pay the Broward County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.  Id.

9.    **350 SE 2nd Street, #2840, Fort Lauderdale, Florida ("RP06")**

a.  RP06 is titled in the name of 350 LOP 2840 LLC, a Delaware limited liability company.

b.  350 LOP 2840 LLC was served with a copy of the Preliminary Order of Forfeiture by hand delivery to the Delaware Secretary of State.

c.  The above-referenced entity did not petition the Court for a hearing to adjudicate the validity of its alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of its alleged interest in the property has expired.  Thus, the above-referenced entity's interest in RP06 is extinguished.

d.  In addition, a copy of the Preliminary Order of Forfeiture was sent to

350 Las Olas Place Condominium Association. 350 Las Olas Place Condominium

Association filed a Notice of Claim and Verified Petition on May 28, 2010. DE 221. The

United States acknowledged and agreed to pay 350 Las Olas Place Condominium

Association as set forth in the Stipulation and Settlement Agreement entered into

between the United States and 350 Las Olas Place Condominium Association [DE

665], and as approved by the Court [DE 669].

    e. Finally, the United States acknowledges and agrees to pay the

Broward County Tax Collector all outstanding ad valorem taxes, assessments, and

liens, if any, accrued up to the date of the entry of the final order of forfeiture, together

with any interest accrued thereon. DE 700 at 6.

    10.   **380 Carrington Drive, Weston, Florida 33326 ("RP07")**

    a. RP07 is titled in the name of Debra Villegas.

    b. A copy of the Preliminary Order of Forfeiture was sent via Certified

Mail, Return Receipt Requested, to the following person and entity:

> i. Robert W. Stickney, P.A.,
> counsel for Debra Villegas;
> Post Office Box 2448
> Fort Lauderdale, Florida 33303; and
>
> ii. DJ Capital Club, LLC;
> William R. Scherer, Jr.
> Conrad & Scherer, LLP
> P.O. Box 14723
> Fort Lauderdale, FL 33302.

    c. The above-referenced person and entity did not petition the Court for a

hearing to adjudicate the validity of their alleged interest in the property as required by

21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the

validity of their alleged interest in the property has expired. Thus, the above-referenced

person's and entity's interest in RP07 is extinguished.

6

d. Moreover, Debra Villegas consented to the forfeiture of her right, title and interest in RP07 in *United States v. Debra Villegas*, Case No. 10-60126-Cr-WJZ [DE 23-1, Case No. 10-60126-Cr-WJZ]. With the approval of the Department of Justice, and, in accordance with the Final Order of Forfeiture entered in the *Villegas* case, the net proceeds from the sale of RP07 will be processed under and for the benefit of the victims in the instant case, who are the same victims as in the *Villegas* case. DE 42, Case No. 10-60126-Cr-WJZ.

e. In addition, a copy of the Preliminary Order of Forfeiture was sent to D3 Capital Club, LLC. D3 Capital Club, LLC filed a Notice of Claim and Verified Petition on June 1, 2010. DE 231. The Court dismissed the Petition of D3 Capital Club, LLC on July 26, 2010. DE 452.

f. Finally, the United States acknowledges and agrees to pay the Broward County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon. DE 700 at 7.

11. **2133 Imperial Point Drive, Fort Lauderdale, Florida 33308 ("RP08")**

a. RP08 is titled in the name of 2133 IP LLC, a Delaware limited liability company.

b. 2133 IP LLC was served with a copy of the Preliminary Order of Forfeiture by hand delivery to the Delaware Secretary of State.

c. In addition, a copy of the Preliminary Order of Forfeiture was sent via Certified Mail, Return Receipt Requested, to DJ Capital Club, LLC; William R. Scherer, Jr., Conrad & Scherer, LLP, Counsel for DJ Capital Club, LLC; P.O. Box 14723, Fort Lauderdale, FL 33302.

d. The above-referenced entities did not petition the Court for a hearing

to adjudicate the validity of their alleged interest in the property as required by

21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the

validity of their alleged interest in the property has expired. Thus, the above-referenced

entities' interest in RP08 is extinguished.

 e. Moreover, a copy of the Preliminary Order of Forfeiture was sent to D3

Capital Club, LLC. D3 Capital Club, LLC filed a Notice of Claim and Verified Petition on

June 1, 2010. DE 231. The Court dismissed the Petition of D3 Capital Club, LLC on

July 26, 2010. DE 452.

 f. Finally, the United States acknowledges and agrees to pay the Broward

County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any,

accrued up to the date of the entry of the final order of forfeiture, together with any

interest accrued thereon. DE 700 at 8.

 12. **10630 NW 14th Street, Apt. 110, Plantation, Florida 33322 ("RP10")**

 a. RP10 is titled in the name of Scott Rothstein.

 b. A copy of the Preliminary Order of Forfeiture was sent via Certified

Mail, Return Receipt Requested, to the following persons:

> i. Marc Nurik, Esq.,
> counsel for Scott Rothstein;
> Law Office of Marc S. Nurik
> 1 E. Broward Blvd., Suite 700
> Fort Lauderdale, Florida 33301; and
>
> ii. Frank A. Rubino, Esq.,
> counsel for Kimberly Rothstein;
> Law Office of Frank A. Rubino, Esq., P.A.
> 1001 Brickell Bay Drive, Suite 2206
> Miami, FL 33131.

 c. The above-referenced persons did not petition the Court for a hearing

to adjudicate the validity of their alleged interest in the property as required by

21 U.S.C. § 853(n),  and the time for petitioning the Court for a hearing to adjudicate

the validity of their alleged interest in the property has expired.  Thus, the above-

referenced persons' interest in RP10 is extinguished.

        d. In addition, a copy of the Preliminary Order of Forfeiture was sent to

Optima Village 1 Condominium Association.  Optima Village 1 Condominium

Association filed an Amended Notice of Claim and Verified Petition on May 19, 2010.

DE 216.  The United States acknowledged and agreed to pay Optima Village 1

Condominium Association as set forth in the Stipulation and Settlement Agreement

entered into between the United States and Optima Village 1 Condominium

Association, DE 664, and as approved by the Court.  DE 670.

        e. Finally, the United States acknowledges and agrees to pay the

Broward County Tax Collector all outstanding ad valorem taxes, assessments, and

liens, if any, accrued up to the date of the entry of the final order of forfeiture, together

with any interest accrued thereon.  DE 700 at 9.

    13.   **227 Garden Court, Lauderdale by Sea, Florida 33308 ("RP11")**

        a. RP11 is titled in the name of 235 GC LLC, a Delaware limited liability

company.

        b. 235 GC LLC was served with a copy of the Preliminary Order of

Forfeiture by hand delivery to the Delaware Secretary of State.

        c. In addition, a copy of the Preliminary Order of Forfeiture was sent via

Certified Mail, Return Receipt Requested, to the following entity:

                i. DJ Capital Club, LLC;
                William R. Scherer, Jr.

> Conrad & Scherer, LLP,
> Counsel for DJ Capital Club, LLC
> P.O. Box 14723
> Fort Lauderdale, FL 33302.

d. The above-referenced entity did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired. Thus, the above-referenced entity's interest in RP11 is extinguished.

e. In addition, a copy of the Preliminary Order of Forfeiture was sent to D3 Capital Club, LLC. D3 Capital Club, LLC filed a Notice of Claim and Verified Petition on June 1, 2010. DE 231. The District Court dismissed the Petition of D3 Capital Club, LLC on July 26, 2010. DE 452.

f. Moreover, a copy of the Preliminary Order of Forfeiture was delivered to Marina Village Townhomes. The United States acknowledges and agrees to pay the outstanding association fees and interest. DE 700 at 9.

g. Finally, the United States acknowledges and agrees to pay the Broward County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon. Id. at 10.

14. **1012 East Broward Blvd, Fort Lauderdale, Florida 33301 ("RP13")**

a. RP13 is titled in the name of 1012 Broward LLC, a Delaware limited liability company.

b. 1012 Broward LLC was served with a copy of the Preliminary Order of Forfeiture by hand delivery to the Delaware Secretary of State.

c. In addition, a copy of the Preliminary Order of Forfeiture was sent via

Certified Mail, Return Receipt Requested, to the following entities:

> i. Wegener Enterprises, Inc.;
> 3184 N.E. 12th Avenue
> Fort Lauderdale, FL 33334;
>
> ii. Live Wire Electric, Inc.;
> Joseph Toms, President
> 4024 NE 5 Avenue
> Fort Lauderdale, FL 33334; and
>
> iii. All City Construction Services, LLC;
> 6960 NW 47th Place
> Lauderhill, FL 33319.

d. The above-referenced entities did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired. Thus, the above-referenced entities' interest in RP13 is extinguished.

e. Finally, the United States acknowledges and agrees to pay the Broward County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon. DE 700 at 10.

15. **1198 N. Old Dixie Highway, Boca Raton, Florida 33431 (" RP17")**

a. RP17 is titled in the name of 1198 Dixie LLC, a Delaware limited liability company.

b. 1198 Dixie LLC was served with a copy of the Preliminary Order of Forfeiture by hand delivery to the Delaware Secretary of State.

c. In addition, a copy of the Preliminary Order of Forfeiture was sent via Certified Mail, Return Receipt Requested, to the following entities and person:

i. Abaco Electric of South Florida, Inc.;
400 Cypress Dr # 6
Tequesta, FL 33469;

ii. Clark Construction Service, Inc.;
3735 Shares Place
Riviera Beach, FL 33404;

iii. Dean Lavallee;
4425 Military Trail, Suite 208
Jupiter, FL 33458;

iv. Michael Wall Plumbing Services, Inc.;
3030 SW 22nd Street
Fort Lauderdale, FL 33312;

v. TLKRJ, LLC;
Christina M. Kitterman, Esq.
Christina M. Kitterman, PA
100 SE 3rd Ave., Suite 1300
Fort Lauderdale, FL 33394; and

vi. V Giorgio Spirits;
1095 Shotgun Road
Sunrise, FL 33326.

d. The above-referenced entities and persons did not petition the Court

for a hearing to adjudicate the validity of their alleged interest in the property as

required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to

adjudicate the validity of their alleged interest in the property has expired. Thus, the

above-referenced entities' and person's interest in RP17 is extinguished.

e. In addition, a copy of the Preliminary Order of Forfeiture was sent to .

Athan Charles Prakas. Athan Charles Prakas filed a Notice of Claim and Verified

Petition on June 14, 2010. DE 317. The United States recognizes the claim of Athan

Charles Prakas as set forth in the Notice of Claim and Verified Petition. DE 700 at 12.

f. Furthermore, a copy of the Preliminary Order of Forfeiture was sent to

Park Avenue BBQ & Grille of East Boca Raton, LLC. Park Avenue BBQ & Grille of

East Boca Raton, LLC filed a Notice of Claim and Verified Petition on June 2, 2010.

DE 237.  The United States recognizes the claim of Park Avenue BBQ & Grille of East

Boca Raton, LLC as set forth in the Notice of Claim and Verified Petition.  DE 700 at

12.

       g.  Finally, the United States acknowledged and agreed to pay the Palm

Beach County Tax Collector all outstanding ad valorem taxes, assessments, and liens,

if any, accrued up to the date of the entry of the final order of forfeiture, together with

any interest accrued thereon, as set forth in the Stipulation and Settlement Agreement

entered into between the United States and the Palm Beach County Tax Collector, DE

694, and as approved by the Court.  DE 697.

    16.  **151 East 58th Street, Apt. 42D, New York, New York 10022 ("RP19")**

       a.  RP19 is titled in the name of 15158 LLC, a Delaware limited liability

company.

       b.  15158 LLC was served with a copy of the Preliminary Order of

Forfeiture by hand delivery to the Delaware Secretary of State.

       c.  In addition, a copy of the Preliminary Order of Forfeiture was sent via

Certified Mail, Return Receipt Requested, to the following entity and persons:

> i. Marc Nurik, Esq.,
> counsel for Scott Rothstein;
> Law Office of Marc S. Nurik
> 1 E. Broward Blvd., Suite 700
> Fort Lauderdale, Florida 33301;
>
> ii. Frank A. Rubino, Esq.,
> counsel for Kimberly Rothstein;
> Law Office of Frank A. Rubino, Esq., P.A.
> 1001 Brickell Bay Drive, Suite 2206
> Miami, FL 33131; and

iii. RRA Sports & Entertainment
c/o Johnny Williams Jr., Managing Partner
ProMotion Sports & Entertainment, LLC
2100 W. Cypress Creek Road
Ft. Lauderdale, FL 33309.

d.  The above-referenced entities and person did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired. Thus, the above-referenced entities and person's interest in RP19 is extinguished.

e.  In addition, a copy of the Preliminary Order of Forfeiture was sent to The Residential Board of Managers of Beacon Court Condominium. The Residential Board of Managers of Beacon Court Condominium filed a Notice of Claim and Verified Petition on June 8, 2010. DE 285. The United States acknowledged and agreed to pay The Residential Board of Managers of Beacon Court Condominium as set forth in the Stipulation and Settlement Agreement entered into between the United States and The Residential Board of Managers of Beacon Court Condominium, DE 695, and as approved by the Court. DE 697.

f.  Finally, the United States acknowledges and agrees to pay the New York County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon. DE 700 at 13.

17.    **11 Bluff Hill Cove Farm, Narragansett, Rhode Island 02882 ("RP20")**

a.  RP20 is titled in the name of NRI 11, LLC, a Delaware limited liability company.

b.  NRI 11, LLC, a Delaware limited liability company, was served with a

14

copy of the Preliminary Order of Forfeiture by hand delivery to the Delaware Secretary

of State.

        c.  In addition, a copy of the Preliminary Order of Forfeiture was sent via

Certified Mail, Return Receipt Requested, to the following persons:

> i. Marc Nurik, Esq.,
> counsel for Scott Rothstein;
> Law Office of Marc S. Nurik
> 1 E. Broward Blvd., Suite 700
> Fort Lauderdale, Florida 33301;

> ii. Frank A. Rubino, Esq.,
> counsel for Kimberly Rothstein;
> Law Office of Frank A. Rubino, Esq., P.A.,
> 1001 Brickell Bay Drive, Suite 2206
> Miami, FL 33131; and

> iii. Michael Posner
> 56 Maple Street
> Warwick, RI 02888.

        d.  The above-referenced persons did not petition the Court for a hearing

to adjudicate the validity of their alleged interest in the property as required by 21

U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the

validity of their alleged interest in the property has expired.  Thus, the above-referenced

persons' interest in RP20 is extinguished.

        e.  Finally, the United States acknowledged and agreed to pay the Town

of Narragansett all outstanding ad valorem taxes, assessments, and liens, if any,

accrued up to the date of the entry of the final order of forfeiture, together with any

interest accrued thereon, as set forth in the Stipulation and Settlement Agreement

entered into between the United States and the Town of Narragansett, DE 644, and as

approved by the Court.  DE 647.

18.   **15 Bluff Hill Cove Farm, Narragansett, Rhode Island 02882 ("RP21")**

a.  RP21 is titled in the name of NRI 15, LLC, a Delaware limited liability company.

b.  NRI 15, LLC, a Delaware limited liability company, was served with a copy of the Preliminary Order of Forfeiture by hand delivery to the Delaware Secretary of State.

c.  In addition, a copy of the Preliminary Order of Forfeiture was sent via Certified Mail, Return Receipt Requested, to the following persons:

> i. Marc Nurik, Esq.,
> counsel for Scott Rothstein;
> Law Office of Marc S. Nurik
> 1 E. Broward Blvd., Suite 700
> Fort Lauderdale, Florida 33301;

> ii. Frank A. Rubino, Esq.,
> counsel for Kimberly Rothstein;
> Law Office of Frank A. Rubino, Esq., P.A.
> 1001 Brickell Bay Drive, Suite 2206
> Miami, FL 33131; and

> iii. Michael Posner
> 56 Maple Street
> Warwick, RI 02888.

d.  The above-referenced persons did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired.  Thus, the above-referenced persons' interest in RP21 is extinguished.

e.  In addition, a copy of the Preliminary Order of Forfeiture was sent to Michael Kent.  Michael Kent filed a Notice of Claim and Verified Petition on June 16, 2010.  DE 321.  The United States acknowledges and agrees to pay Michael Kent the

16

outstanding principal due in the amount of $1,489,009.03; plus interest at the rate of 7% per annum from February 25, 2009, until paid; and subject to verification, costs and/or protective advances, including insurance payments, reasonably and appropriately made by Michael Kent to protect his interest in RP21. DE 700 at 15.

      f. Finally, the United States acknowledged and agreed to pay the Town of Narragansett all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon, as set forth in the Stipulation and Settlement Agreement entered into between the United States and the Town of Narragansett, DE 644, and as approved by the Court. DE 647.

    19.   **353 4th Avenue, Unit 12-H, Brooklyn, New York 11215 ("RP22")**

      a. RP22 is titled in the name of 353BR LLC, a Delaware limited liability company.

      b. 353BR LLC was served with a copy of the Preliminary Order of Forfeiture by hand delivery to the Delaware Secretary of State.

      c. In addition, a copy of the Preliminary Order of Forfeiture was sent via Certified Mail, Return Receipt Requested, to the following entity and person:

          i. Advanced Plumbing and Heating;
          4901 First Avenue, Suite 118
          Brooklyn, NY 11232; and

          ii. Michael Kent
          One Turks Head Place, Suite 1200
          Providence, RI 02903.

      d. The above-referenced entity and person did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the

validity of their alleged interest in the property has expired.  Thus, the above-referenced

entity's and person's interest in RP22 is extinguished.

   e.  Moreover, a copy of the Preliminary Order of Forfeiture was delivered

to Goldin Management, Inc., Managing Agent for Novo Condominium Association.  The

United States acknowledges and agrees to pay Novo Condominium Association the

unpaid common charges for RP22 which, as of May 11, 2010, were $5,227.23, and

which accrue at the rate of $461.32 per month, until paid.  DE 700 at 16.

   f.  Finally, the United States acknowledges and agrees to pay the New

York County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if

any, accrued up to the date of the entry of the final order of forfeiture, together with any

interest accrued thereon.  Id.

20. **All those shares of capital stock in Bleecker & 11th Owners Corporate attributable to, and the proprietary lease for, Apartment 1C, 290 W. 11th Street, New York, New York 10014, which are held in the name of Russell and Katie Adler ("RP23")**

   a.  RP23 is titled in the name of Bleecker & 11th Owners Corporate.

   b.  A copy of the Preliminary Order of Forfeiture was sent via Certified

Mail, Return Receipt Requested, to the following entity and person:

     i. Phyllis Bean;
     9660 Falls of Neuse Road
     Suite 138, # 125
     Raleigh, NC 27615; and
     290 West 11th Street, 1C
     New York, NY 10014; and

     ii. RSA 11th Street, LLC
     615 So. Dupont Highway
     Dover, DE 19901.

   c.  The above-referenced entity and person did not petition the Court for a

hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired. Thus, the above-referenced entity's and person's interest in RP23 is extinguished.

d. In addition, a copy of the Preliminary Order of Forfeiture was sent to Russell & Katie Adler. Russell Adler and Katie Adler filed Notices of Claim and Verified Petition on May 17, 2010. DE 179 & 180. The United States and Russell and Katie Adler entered into a Stipulation and Settlement Agreement in which the Adlers relinquished their interest in RP23, DE 632, that was approved by the Court, DE 636.

e. In addition, the United States acknowledges and agrees to pay Bleecker & 11th Owners Corporate, the unpaid common charges for RP23 which as of December 15, 2010, are $9,391.60, and which accrue at a rate of $699.60 per month, until paid, in accordance with the Stipulation and Settlement Agreement entered into between the United States and Bleecker & 11th Owners Corporate. DE 698.

f. Finally, the United States acknowledges and agrees to pay the New York County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon. DE 700 at 18.

21. All other real properties not specifically addressed herein above, but identified for forfeiture in the Preliminary Order of Forfeiture, will be addressed under a separate final order of forfeiture.

## Vehicles and Vessels

22. After publication and direct written notice was provided, a number of

verified petitions and/or claims were filed against some or all of the vehicles and vessels identified for forfeiture in the Preliminary Order of Forfeiture. As all claims have been addressed by the Court or through stipulation of the parties, and in accordance with 21 U.S.C. § 853(n)(7), the United States shall have clear title in the vehicles and vessels identified below or the proceeds derived from the sale therefrom:

(VV1) 1990 Red Ferrari F40 Coupe, VIN: ZFFMN34A5L0087066;

(VV2) 2009 White Bentley Convertible, VIN: SCBDR33W29C059672;

(VV3) 2008 Yellow McLaren Mercedes Benz SLR,

VIN: WDDAK76F98M001788;

(VV4) 2007 Black Limousine Ford Expedition, VIN: 1F1FK15557LA59223;

(VV5) 2008 Red Ferrari 430 Spider, VIN: ZFFEW59A380163011;

(VV6) 2007 Silver Rolls Royce Convertible, VIN: SCA1L68557UX23044;

(VV7) 2006 Silver Hummer H1, VIN: 137PH84396E220665;

(VV8) 2008 Cadillac Escalade, VIN: 1GYEC63858R234458;

(VV9) 1967 Red Convertible Corvette, VIN: 194677S104745;

(VV10) 2008 Black Bugatti Veyron EB 16.4, VIN: VF9SA25C28M795153;

(VV12) 2006 Red Ferrari F430 Spider, VIN: ZFFEW59A560148863;

(VV13) 2008 Chevrolet Corvette, VIN: 1G1YY26W485120085;

(VV15) 2009 Blue Gray Maserati Granturismo Coupe,

VIN: ZAMGJ45A090042326;

(VV16) 2009 White Mercedes Benz, VIN WDBSK71F59F149477;

(VV17) 2007 87' Warren, Hull # WAR87777B707;

(VV18) 33' Aquariva, Hull # XFA33R74G405;

(VV19) 2009 11' Yamaha Jet Ski, Hull # YAMA3661I809;

(VV20) 2009 11' Yamaha VS, Hull # YAMA3626I809;

(VV21) 2009 11' Yamaha VS, Hull #YAMA2679G809;

(VV22) 1999 55' Sea Ray 540 Sundancer, SERY0500I899;

(VV23) 2009 Yamaha Jet Ski, Hull # YAMA4288K809; and

(VV 24) 2010 White Lamborghini lp-670sv, VIN: ZHWBU8AHXALA03837.

After deducting the costs and expenses of the sale of VV1-VV10, VV12, VV15, and VV17-VV24, and the outstanding liens having been paid, the net proceeds from the sale of these vehicles and vessels, is approximately $5,620,012.00.

23.     Upon further review of the records and other related information considered with respect to Rothstein's interest in the preliminarily forfeited vehicles and vessels, the United States has determined that VV25 (Mercedes Benz S65 VR Byturbo, VIN: WDDEJ79XX8A015189) should not be forfeited and should be dismissed from the Preliminary Order of Forfeiture.  DE 700 at 24.

24.     VV14, VV26 and VV27 will be addressed under a separate final order of forfeiture. Id.

### Tangibles

25.     After publication and direct written notice was provided, a number of verified petitions and/or claims were filed against some or all of the tangibles identified for forfeiture in the Preliminary Order of Forfeiture.  As all claims have been addressed by the Court or through stipulation of the parties,  and in accordance with 21 U.S.C. § 853(n)(7), the United States shall have clear title in the tangibles identified below:

(T1)    Approximately 304 pieces of jewelry, watches, necklaces and earrings; with the exception of eight watches identified in DE 457 and six items of jewelry identified in DE 552, Ex. A, which were dismissed from the Preliminary Order of Forfeiture pursuant to

21

Court Orders [DE 457, 552, Ex. A];

(T2)   16 DuPont Lighters;

(T3)   3 pieces sports memorabilia;

(T4)   $271,160 in United States currency;

(T5)   $1,500 in United States currency;

(T6)   Approximately $29,900 in American Express Gift Cards [DE 446-1, p. 2 ¶ D];

(T7)   $50,000 in American Express Gift Cards;

(T8)   5 additional watches turned over to the United States by Les Stracher; and

(T9)   Guitar collection of Scott W. Rothstein.

## **Bank Accounts**

26.   After publication and direct written notice was provided, a number of verified petitions and/or claims were filed against some or all of the bank accounts identified for forfeiture in the Preliminary Order of Forfeiture. As all claims have been addressed by the Court or through stipulation of the parties, and in accordance with 21 U.S.C. § 853(n)(7), the United States shall have clear title to the funds contained in or derived from the following accounts:

a. approximately $1,270,302.32 contained in or derived from (BA1) Fidelity Investments Stock Account, in the name of Scott W. Rothstein;

b. up to the amount of $16,000,000.00 contained in or derived from (BA6) bank account 178780211819923220000187 at Banque Populaire, Morocco, in the name of Scott Rothstein;

c. up to the amount of $2,000,000.00 contained in or derived from (BA7) a bank account at Banque Populaire, Morocco, in the name of Ahnick Khalid;

    d. up to the amount of $1,000,000.00 contained in or derived from (BA8) a bank account at Banque Populaire, Morocco, in the name of Steve Caputi;

    e. approximately $64,970.00 contained in or derived from (BA12) Toronto Dominion Bank, N.A. account 6860422200 in the name of DJB Financial Holding;

    f. approximately $11,887.60 contained in or derived from (BA13) Toronto Dominion Bank, N.A. account 6860755757 in the name of RRA Sports and Entertainment LLC;

    g. approximately $25,216.27 contained in or derived from (BA14) Toronto Dominion Bank, N.A. account 6860755781 in the name of RRA Goal Line Management, LLC;

    h. approximately $2,835,449.01 contained in or derived from (BA 18) Toronto Dominion Bank, N.A. account 6860291274 in the name of Rothstein Rosenfeldt Adler, P.A., Operating Account;[3] and

    i. funds contained in or derived from (BA20) Schwyzer Kantonalbank account #CH75 0077700530742040 in the name of Jewel Cruises Holding AG, Wollerau, Switzerland.

27.    On August 16, 17, and 20, 2010, evidentiary hearings took place in connection with the Verified Petitions of Thirty-Five Non-Investor Clients [DE's 146-77, 183-85], Chapter 11 Trustee [DE 192], Rubin and Sharon Vine [DE 206], NF Servicing,

---

[3]    On July 14, 2010, the Preliminary Order of Forfeiture was "modified *nunc pro tunc* [so] the description of item BA 18 [in] Attachment 'A' to the Preliminary Order of Forfeiture . . . include[s] the following language at the end of the assets' description: including the approximately $3,920,833.35 in funds transferred from account 1274 by TD Bank in October 2009 and redeposited by TD Bank in November 2009, into a general ledger account held at TD Bank[.]" DE 416. Pursuant to the aforementioned clarification order, TD Bank turned over to the United States $3,920,833.35. DE 491. Thereafter, TD Bank discovered that $1,109,666.66, had been transferred from account 1274 into another general ledger account held at TD Bank. Accordingly, and pursuant to the Court's Order on the Motion for Clarification, TD Bank turned over the additional $1,109,666.66 to the United States. DE 534. Pursuant to the Court's Order Approving Stipulation and Settlement Agreement entered into between the United States and Regions Bank, the sum of $2,195,051.00 was dismissed from the Preliminary Order of Forfeiture and is to be turned over to Regions Bank. DE 597. The amount set forth in ¶ 29.h. is the amount to which the United States shall have clear title. For the amount awarded separately to the RRA Chapter 11 Trustee, see ¶ 35.j.

LLC [DE 266], Edward J. Morse, Carol A. Morse and Morse Operations [DE 279] and

Todd D. Snyder [DE 281].

28.     On August 25, 2010, the Court entered an Order Re: 21 U.S.C. § 853(n)

Claims [DE 579]. With regard to the Verified Petitions of the Thirty-Five Non-Investor

Clients [DE 146-77 and 183-85], Rubin and Sharon Vine [DE 206], NF Servicing, LLC

[DE 266], Edward J. Morse, Carol A. Morse and Morse Operations [DE 279] and Todd

D. Snyder [DE 281] (hereinafter collectively the "non-investor Petitioners"), the Court

found the non-investor Petitioners had proven by a preponderance of the evidence that

they had a superior interest to that of the Defendant at the time of the acts that gave

rise to the forfeiture in certain amounts contained in or derived from the following bank

accounts:

> a. $28,085.16 contained in or derived from (BA04) Gibraltar
> Bank account 50012053 and $4,221.52 contained in or
> derived from (BA11) Toronto Dominion Bank, N.A. account
> 6860420923 shall not be forfeited and shall be transferred to
> Edward J. Morse, Carol A. Morse and Morse Operations
> [DE 279];
>
> b. $213,335.28 contained in or derived from (BA11) Toronto
> Dominion Bank, N.A. account 6860420923 shall not be
> forfeited and shall be transferred to Rubin and Sharon Vine
> [DE 206];
>
> c. $213,335.28 contained in or derived from (BA11) Toronto
> Dominion Bank, N.A. account 6860420923 shall not be
> forfeited and shall be transferred to Todd D. Snyder
> [DE 281];
>
> d. $68,798.30 contained in or derived from (BA05) Gibraltar
> Bank account 50015214 shall not be forfeited and shall be
> transferred to NF Servicing, LLC [DE 266];
>
> e. $10,000.00 contained in or derived from (BA5) Gibraltar
> Bank account 50015214 shall not be forfeited and shall be
> transferred to Hirbod Samsam [DE 147];

f. $109,945.93 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Brian Korinko [DE 148];

g. $10,000.00 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Mitchell Delgado [DE 149];

h. $10,000.00 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Diana Garcia [DE 152];

i. $2,839.85 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Juan Frometa [DE 154];

j. $61,689.96 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Marla Jacobson [DE 156];

k. $99,992.23 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Robert Rozett [DE 157];

l. $60,000.00 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Kenneth & Annette Valdespino [DE 159];

m. $2,500.00 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Richard Litsky [DE 160];

n. $340.00 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Iris Altman [DE 161];

o. $5,000.00 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Lorenzo Fagan [DE 162];

p. $7,147.00 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Alissa Mauro [DE 163];

q. $3,000.00 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Shebella Edwards Oliver [DE 164];

r. $2,099.67 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Judith Hy [DE 166];

s. $22,500.00 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Myranda Keough [DE 167];

t. $50,000.00 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to William Rundell [DE 168];

u. $7,500.00 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Carmen Teresa Espina [DE 169];

v. $82,704.41 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Mercedes Zota [DE 171];

w. $3,000.00 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Delores Schneider [DE 172];

x. $88,017.37 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to John Figueroa [DE 173];

y. $37,541.31 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Tim Davis [DE 174];

z. $6,228.30 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Brian A. Baudrit [DE 175];

aa. $9,954.00 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Judith Mencke & Frank Garza [DE 177];

bb. $10,000.00 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Maria Prunskis [DE 183]; and

cc. $82,789.00 contained in or derived from (BA5) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Warren Sapp [DE 184].

26

29.     In connection with the Chapter 11 Trustee's claim as to the bank accounts in the name of Rothstein Rosenfeldt Adler, P.A. [DE 192], the Court initially found the Chapter 11 Trustee had proven by a preponderance of the evidence that he had a superior interest to that of the Defendant at the time of the acts that gave rise to the forfeiture as to certain amounts in BA2, BA3, BA5, BA9, BA15 and BA18. See Order Re: 21 U.S.C. § 853(n) Claims [DE 579].

30.     However, on September 8, 2010, the United States filed a Motion for Partial Reconsideration of Order Re: 21 U.S.C. § 853(n) Claims [DE 609] with regard to the Court's finding that the Chapter 11 Trustee had an interest in BA2, BA3, and BA5.

31.     After full briefing, on October 14, 2010, the Court entered an Order Granting in Part and Denying in Part the United States' Motion for Partial Reconsideration. DE 637. In the Order, the Court "finds that it is more likely than not that the funds in BA2 [and BA3] were the proceeds of fraud. Furthermore, the Court finds as a matter of law that a third party claimant can never have a superior interest in the proceeds of fraud. (Internal citations omitted). The Court therefore concludes that the Trustee has failed to carry his burden of proof to prevail in its § 853(n)(6) claim as it pertains to BA2 [and BA3]." Id. at 6. As to BA5, the Court found that "the funds in BA5 may not be property of RRA's bankruptcy estate, but that does not signify that the Trustee lacks standing to pursue the funds in BA5 in a criminal forfeiture proceeding. The [Court] concluded that because RRA was the title owner of BA5, the Trustee has standing to assert an interest in BA5 . . . . Accordingly, $93,504.50 in BA5 shall be transferred to the Trustee in conformance with the Court's prior Order re: 21 U.S.C. § 853(n) Claims." Id. at 8.

32.     In all, pursuant to the Order Re: 21 U.S.C. § 853(n) Claims [DE 579] and

the Order Granting in Part and Denying in Part the United States' Motion for Partial

Reconsideration [DE 637], the Court found that:

a. approximately $484,900.88 contained in or derived from (BA02) Gibraltar Bank account 50010085 is forfeited to the United States;

b. approximately $255.16 contained in or derived from (BA03) Gibraltar Bank account 50010093 is forfeited to the United States;

c. approximately $43,707.90 contained in or derived from (BA04) Gibraltar Bank account 50012053 is forfeited to the United States;

d. approximately $93,504.50 contained in or derived from (BA05) Gibraltar Bank account 50015214 shall not be forfeited and shall be transferred to Herbert Stettin, Chapter 11 Trustee of Rothstein Rosenfeldt Adler, P.A.;

e. approximately $54,021.27 contained in or derived from (BA09) Toronto Dominion Bank, N.A. account 6860291266 shall not be forfeited and shall be transferred to Herbert Stettin, Chapter 11 Trustee of Rothstein Rosenfeldt Adler, P.A.;

f. approximately $250,085.00 contained in or derived from (BA10) Toronto Dominion Bank, N.A. account 6861011556 is forfeited to the United States;

g. approximately $20,080.00 contained in or derived from (BA15) Toronto Dominion Bank, N.A. account 6861077714 shall not be forfeited and shall be transferred to Herbert Stettin, Chapter 11 Trustee of Rothstein Rosenfeldt Adler, P.A.;

h. approximately $23,406.16 contained in or derived from (BA16) Toronto Dominion Bank, N.A. account 6861076906 is forfeited to the United States;

i. approximately $14,657.80 contained in or derived from (BA17) Toronto Dominion Bank, N.A. account 6861011614 is forfeited to the United States;

j. approximately $28,497.07 contained in or derived from (BA18) Toronto Dominion Bank, N.A. account 6860291274 shall not be forfeited and shall be transferred to Herbert

Stettin, Chapter 11 Trustee of Rothstein Rosenfeldt Adler,
P.A.; and

k. approximately $52,749.68 contained in or derived from
(BA19) Toronto Dominion Bank, N.A. account 6861076922
is forfeited to the United States.[4]

## Business Interests

33.     After publication and direct written notice was provided, a number of

verified petitions and/or claims were filed against certain business interests identified for

forfeiture in the Preliminary Order of Forfeiture.  As all claims have been addressed by

the Court or stipulation of the parties, and in accordance with 21 U.S.C. § 853(n)(7), the

United States shall have clear title to Scott W. Rothstein's interest in the following:

   (BI1)   Stock certificates, if issued, or the beneficial interest
           in such shares, of 50,000 shares of capital stock, in
           Gibraltar Private Bank & Trust, a federally chartered
           stock savings association, purchased in or about
           September 2009 by GBPT, LLC, a Delaware limited
           liability company, by its manager, Bahia Property
           Management, LLC, a Delaware limited liability
           company, by its co-manager, Scott W. Rothstein;

   (BI3)   Broward Bank of Commerce;

   (BI7)   Café Iguana, Pembroke Pines, Florida;

   (BI9)   Renato Watches;

   (BI10)  Edify LLC;

   (BI12)  Sea Club Ocean Resort Hotel, LLC;

   (BI15)  RRA Sports & Entertainment, LLC;

   (BI19)  Iron Street Management, LLC;

   (BI21)  1198 Dixie LLC;

---

[4]     The United States reserves the right to seek a stay of the disbursement of
funds in the event of an appeal.

(BI24)   All equity interest held by or on behalf of Scott W. Rothstein, in the following corporations and entities:

b.      235 GC LLC;

c.      350 LOP#2840 LLC;

d.      353 BR LLC;

f.      708 Spangler LLC;

g.      1012 Broward LLC;

h.      1198 Dixie LLC;

j.      2133 IP LLC;

k.      15158 LLC;

z.      Broward Financial Holdings, Inc.;

ah.     DJB Financial Holdings LLC;

ar.     Kendall Sports Bar;

au.     NRI 11 LLC;

av.     NRI 15 LLC;

bd.     RRA Sports and Entertainment, LLC;

be.     RSA 11th Street;

bf.     RW Collections LLC;

bh.     Scorh LLC;

bm.     WPBRS, LLC;

bq.     WAWW 4 LLC;

bu.     WAWW 8 LLC;

bv.     WAWW9 LLC;

bw.     WAWW10 LLC;

bx.     WAWW 11, LLC;

     by.    WAWW 12, LLC;

     bz.    WAWW 14, LLC;

     cc.    WAWW17 LLC; and

     ce.    WAWW19 LLC.

(BI25)    All interest held by or on behalf of Scott W. Rothstein, in the following corporations and entities, and assets held by or owed, e.g., rents, to same:

     (o)    Fifth Court Financial, LLC;

     (p)    GBPT LLC;

     (q)    Iron Street Management, LLC;

     (aa)    Renato Watches, Inc.; and

     (ac)    Sea Club Ocean Resort Hotel, Inc.

34.    Upon further review of the records and other related information considered with respect to Rothstein's interest in the preliminarily forfeited business interests, the United States has determined that Rothstein's business interest in the following entities should not be forfeited and should be dismissed from the Preliminary Order of Forfeiture:

    (B14) Bova Ristorante;

    (B15) Bova Cucina;

    (B16) Bova Prime;

    (BI24) All equity interest held by or on behalf of Scott W. Rothstein, in the following corporations and entities:

     a. 29 Bahia LLC;

     l.  AANG LLC;

     q. Bahia Property Management LLC;

     r. Boat Management LLC;

t. BOVA Prime LLC;

u. BOVA Restaurant Group LLC;

v. The BOVA Group LLC;

w. BOVA Smoke LLC;

x. BOVCU LLC;

y. BOVRI LLC;

ai. DYMMU, LLC;

aj. Full Circle Fort Lauderdale LLC;

ak. Full Circle Trademark Holdings LLC;

al. GHW1 LLC;

ap. JRCL, LLC;

ay. PK Adventures LLC;

az. PK's Wild Ride Ltd.;

ba. Rothstein Family Foundation;

bg. S & KEA, LLC;

bi. Tipp LLC;

bk. Walter Family , LLC;

bl. Walter Industries, LLC;

bo. WAWW 2 LLC;

br. WAWW 5 LLC;

bs. WAWW 6 LLC;

bt. WAWW 7 LLC;

ca. WAWW 15 LLC;

cb. WAWW 16 LLC;

cc. WAWW 18 LLC;

cg. WAWW 21 LLC; and

ch. WAWW 22 LLC.

(BI25)  All interest held by or on behalf of Scott W. Rothstein, in the following corporations and entities, and assets held by or owed e.g., rents, to same:

(a) The 2009 Scott W. Rothstein Revocable Trust;

(b) REC Group, LLC;

(c) REN Group, LLC;

(d) REP Group, LLC;

(e) RES Group, LLC;

(f) RET Group, LLC;

(g) REV Group, LLC;

(i) BFHI, LLC;

(j) BFH1, LLC;

(l) CCCN, LLC;

(n) Cha Cha Cha, Inc.;

(v) MLC 350 LLC;

(ab) Rothstein Family, Ltd.;[5]

(ad) SPAC Investments, LLC;

(ae) TB22 Mario's Inc.;

(af) TB22N, LLC;

(ag) TLBN, LLC;

(ai) WAWW13, LLC;

---

[5]     Previously dismissed from Preliminary Order of Forfeiture.  DE 457.

(am) Rothstein Rosenfeldt Adler, P.A. located in Florida; and

(an) Rothstein Rosenfeldt Adler, P.A. located in Venezuela.

35.     All other business entities not specifically addressed herein above, but identified for forfeiture in the Preliminary Order of Forfeiture, will be addressed under a separate final order of forfeiture.

### Contributions

36.     After publication and direct written notice was provided, a number of verified petitions and/or claims were filed against some or all of the contributions identified for forfeiture in the Preliminary Order of Forfeiture.  As all claims have been addressed by the Court or through stipulation of the parties, and in accordance with 21 U.S.C. § 853(n)(7), the United States shall have clear title to the following contributions:

(C1)    $6,000 in campaign contributions made to Alex Sink;

(C2)    $40,000 in campaign contributions made to Republican Party of Florida, "Florida" account;

(C3)    $10,000 in campaign contributions to Republican Party of Florida, "Federal" account;

(C4)    $90,000 in campaign contributions to Republican Party of Florida;

(C5)    $5,000 in campaign contributions to Republican Party of Florida;

(C6)    $800,000 Charitable Donation to Joe DiMaggio Children's;

(C7)    $1,000,000 Charitable Donation to Holy Cross Hospital;

(C8)    $9,600 in campaign contributions to Governor Charlie Crist; and

(C9)    All funds voluntarily turned over to the United States (IRS/FBI), since on or about October 28, 2009.

## Miscellaneous

37.     After publication and direct written notice was provided, a number of verified petitions and/or claims were filed against some or all of the miscellaneous assets identified for forfeiture in the Preliminary Order of Forfeiture.  As all claims have been addressed by the Court or through stipulation of the parties, and in accordance with 21 U.S.C. § 853(n)(7), the United States shall have clear title to the following miscellaneous assets:

> (M1)   All premiums paid by or on behalf of Scott W. Rothstein, to Massachusetts Mutual Life Insurance Company, as set forth in Case No. 09-61915-CIV-JORDAN (SDFL); and
>
> (M3)   All property, other than "funds," including watches and cars, voluntarily turned over to the United States (IRS/FBI) since in or about October 28, 2009.

## Conclusion

Title 21, United States Code, Section 853(n)(2), provides, in pertinent part, that "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States . . . may, within thirty days of the final publication of notice or his receipt of [direct written] notice . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property."  Title 21, United States Code, Section 853(n)(7) provides that "[f]ollowing the court's disposition of all petitions filed under this subsection . . . the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee."

Accordingly, based upon the foregoing, the evidence of record, and for good cause shown, it is hereby

**ORDERED** that the motion of the United States for Final Order of Forfeiture is **GRANTED**. It is further

**ORDERED** that all right, title and interest in the following assets and/or the proceeds from the sale of the following assets is hereby forfeited to and title vested in the United States of America pursuant to to18 U.S.C. §§ 1963, 982(a)(1), and 981(a)(1)(C):

### Real Properties

1.    **30 Isla Bahia Drive, Fort Lauderdale, Florida 33316 - RP04**

Also known as:

> Lot 63, ISLA BAHIA, according to the Plat thereof, as recorded in Plat Book 47, page 27, of the Public Records of Broward County, Florida.

a. Agents of the Internal Revenue Service, or the United States Marshal, or any other duly authorized law enforcement official, may seize and take immediate possession of RP04, exercising any and all incidents of ownership with respect thereto, and the property shall be sold and disposed of in accordance with the law.  The proceeds from the sale shall be disbursed as follows:

> i. Payment to the United States of all costs associated with the seizure, maintenance, and sale;
>
> ii. Payment to the Broward County Tax Collector of all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon; and
>
> iii. Payment to Rodney T. Sarkela (mortgage holder) of the outstanding principal due in the amount of $4,380,751.23 plus interest at the rate of 7% per annum from October 1, 2009, until paid; late fees in the amount of $1,480.30

per month from October 1, 2009, until paid;
and $28,171.30 for insurance advances.

2.     **350 SE 2nd Street, #2840, Fort Lauderdale, Florida - RP06**

Also known as:

Condominium Unit No. 2840 in 350 LAS OLAS PLACE, a
Condominium, according to the Declaration of Condominium
thereof, recorded April 25, 2005, under Clerk's File No.
104935648 in Official Records Book 39502, Page 529, of
the Public Records of Broward County, Florida as amended
and/or supplemented from time to time.

a. Agents of the Internal Revenue Service, or the United States Marshal,

or any other duly authorized law enforcement official, may seize and take immediate

possession of RP06, exercising any and all incidents of ownership with respect thereto,

and the property shall be sold and disposed of in accordance with the law.  The

proceeds from the sale shall be disbursed as follows:

i. Payment to the United States of all costs associated
with the seizure, maintenance, and sale;

ii. Payment to the Broward County Tax
Collector of all outstanding ad valorem taxes,
assessments, and liens, if any, accrued up to
the date of the entry of the final order of
forfeiture, together with any interest accrued
thereon; and

iii. Payment to 350 Las Olas Place
Condominium Association in accordance with
the terms of the Stipulation and Settlement
Agreement entered into between the United
States and 350 Las Olas Place Condominium
Association.  DE 665.

3.     **380 Carrington Drive, Weston, Florida 33326 - RP07**

Also known as:

Lot 24, Block A, SECTOR 4 NORTH, according to the Plat
thereof, recorded in Plat Book 153, page 46, of the Public
Records of Broward County, Florida.

37

a. Agents of the Internal Revenue Service, or the United States Marshal, or any other duly authorized law enforcement official, may seize and take immediate possession of RP07, exercising any and all incidents of ownership with respect thereto, and the property shall be sold and disposed of in accordance with the law. The proceeds from the sale shall be disbursed as follows:

> i. Payment to the United States of all costs associated with the seizure, maintenance, and sale; and

> ii. Payment to the Broward County Tax Collector of all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

4. **2133 Imperial Point Drive, Fort Lauderdale, Florida 33308 - RP08**

Also known as:

> Lot 11, Block 22, IMPERIAL POINT 1st SECTION, according to the Plat thereof, as recorded in Plat Book 53, page 44, of the Public Records of Broward County Florida.

a. Agents of the Internal Revenue Service, or the United States Marshal, or any other duly authorized law enforcement official, may seize and take immediate possession of RP08, exercising any and all incidents of ownership with respect thereto, and the property shall be sold and disposed of in accordance with the law. The proceeds from the sale shall be disbursed as follows:

> i. Payment to the United States of all costs associated with the seizure, maintenance, and sale; and

> ii. Payment to the Broward County Tax Collector of all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

5.    **10630 NW 14th Street, Apt. 110, Plantation, Florida 33322 - RP10**

Also known as:

> Condominium Parcel No. 201, Optima Village 1-"C", a
> condominium according to the Declaration of Condominium
> thereof, as recorded in Official Records Book 17188, at
> Page 289, of the public records of Broward County, Florida,
> together with an undivided interest in the common elements
> appurtenant thereto as set forth in said declaration.

a. Agents of the Internal Revenue Service, or the United States Marshal, or any

other duly authorized law enforcement official, may seize and take immediate

possession of RP10, exercising any and all incidents of ownership with respect thereto,

and the property shall be sold and disposed of in accordance with the law.  The

proceeds from the sale shall be disbursed as follows:

> i. Payment to the United States of all costs associated
> with the seizure, maintenance, and sale;
>
> ii. Payment to the Broward County Tax
> Collector of all outstanding ad valorem taxes,
> assessments, and liens, if any, accrued up to
> the date of the entry of the final order of
> forfeiture, together with any interest accrued
> thereon; and
>
> iii. Payment to Optima Village 1 Condominium
> Association in accordance with the terms of the
> Stipulation and Settlement Agreement entered
> into between the United States and Optima
> Village 1 Condominium Association.  DE 664.

6.    **227 Garden Court, Lauderdale by the Sea, Florida 33308 - RP11**

Also known as:

> A portion of Lot 4, Block 5 of the Plat of Silver Shores
> Section of Lauderdale by the Sea, as recorded in Plat Book
> 28, page 39, of the Public Records of Broward County,
> Florida.
>
> Begin at the Southeast Corner of said Lot 4; Thence North

along the East Line of said Lot 4, a Distance of 79.37 Feet;
Thence West along the East Projection of a Proposed Party
Wall a Distance of 37.75 Feet; Thence South along the
Center of a Proposed Party Wall a Distance of 79.37 feet to
the South Line of said Lot 4; Thence East a Distance of
35.75 Feet to the Point of Beginning.

Together with boat dockage space # 3 as and when
constructed.

a. Agents of the Internal Revenue Service, or the United States Marshal,

or any other duly authorized law enforcement official, may seize and take immediate

possession of RP11, exercising any and all incidents of ownership with respect thereto,

and the property shall be sold and disposed of in accordance with the law. The

proceeds from the sale shall be disbursed as follows:

> i. Payment to the United States of all costs associated
> with the seizure, maintenance, and sale; and

> ii. Payment to the Broward County Tax
> Collector of all outstanding ad valorem taxes,
> assessments, and liens, if any, accrued up to
> the date of the entry of the final order of
> forfeiture, together with any interest accrued
> thereon.

7. **1012 East Broward Boulevard, Fort Lauderdale, Florida 33301 - RP13**

Also known as:

> The land referred to in this report is situated in the County of
> Broward, State of Florida, and is described as: The West
> 100' of Lots 1 and 2, Block 17, Beverly Heights, as recorded
> in Plat Book 1, Page 30 of the public records of Broward
> County, Florida.

a. Agents of the Internal Revenue Service, or the United States Marshal,

or any other duly authorized law enforcement official, may seize and take immediate

possession of RP13, exercising any and all incidents of ownership with respect thereto,

and the property shall be sold and disposed of in accordance with the law. The

proceeds from the sale shall be disbursed as follows:

> i. Payment to the United States of all costs associated with the seizure, maintenance, and sale; and
>
> ii. Payment to the Broward County Tax Collector of all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

8. **1198 N. Old Dixie Highway, Boca Raton, Florida 33431 - RP17**

Also known as:

> Lots 1 through 12, Block 2, PEARL CITY, according to the Plat thereof , as recorded in Plat Book 6, page 18, of the Public Records of Palm Beach County, Florida, Less that portion conveyed to the City of Boca Raton in Official Records Book 4043, page 756, together with that portion of N.E. 12th Street between North Dixie Highway and N.E. 1st Avenue as vacated and abandoned in Official Records Book 4043, page 751, all of the Public Records of Palm Beach County, Florida.

a. Agents of the Internal Revenue Service, or the United States Marshal, or any other duly authorized law enforcement official, may seize and take immediate possession of RP17, exercising any and all incidents of ownership with respect thereto, and the property shall be sold and disposed of in accordance with the law. The proceeds from the sale shall be disbursed as follows:

> i. Payment to the United States of all costs associated with the seizure, maintenance, and sale;
>
> ii. Payment to the Palm Beach County Tax Collector of all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon, and in accordance with the Stipulation and Settlement Agreement entered into between the United States and the Palm Beach County Tax Collector; and
>
> iii. Payment to Athan Charles Prakas pursuant to the Notice of Claim and Verified Petition.  DE 317.

9.    **151 East 58th Street, Apt. 42D, New York, New York 10022 - RP19**

Also known as:

> The Condominium Unit (the "Unit") in the premises known as
> Beacon Court Condominium and by the street number 151
> East 58th Street, Borough of Manhattan, City, County and
> State of New York, said Unit being designated and
> described as Residential Unit No. 42D in the declaration
> ("Declaration") establishing a plan for condominium
> ownership of said premises under Article 9-B of the Real
> Property Law of the State of New York (the "Condominium
> Act'"), dated February 8, 2005 and recorded in the New York
> County office of the Register of The City of New York (the
> "City Register's Office") on March 9, 2005, CRFN
> 20053000139245, and also designated as Tax Lot(s) 1065
> in Block 1313 of Section 5 of the Borough of Manhattan on
> the Tax Map of the Real Property Assessment Department
> of The City of New York and on the Floor Plans of said
> building, certified by Peter Claman, Registered Architect, on
> March 4, 2005, and filed in the Real Property Assessment
> Department of the City of New York on March 3, 2005 as
> Condominium Plan No. 1350-A also filed in the City
> Register's Office on March 9, 2005, CRFN
> 20053000139246.

a.  Agents of the Internal Revenue Service, or the United States Marshal, or any

other duly authorized law enforcement official, may seize and take immediate

possession of RP19, exercising any and all incidents of ownership with respect thereto,

and the property shall be sold and disposed of in accordance with the law.  The

proceeds from the sale shall be disbursed as follows:

> i. Payment to the United States of all costs associated
> with the seizure, maintenance, and sale;
>
> ii. Payment to the New York County Tax
> Collector of all outstanding ad valorem taxes,
> assessments, and liens, if any, accrued up to
> the date of the entry of the final order of
> forfeiture, together with any interest accrued
> thereon; and
>
> iii. Payment to The Residential Board of
> Managers of Beacon Court Condominium in

42

accordance with the terms of the Stipulation
and Settlement Agreement entered into
between the United States and The Residential
Board of Managers of Beacon Court
Condominium.  DE 694.

10.  **11 Bluff Hill Cove Farm, Narragansett, Rhode Island 02882 - RP20**

Also known as:

Lots 1 and 2 on that certain Plat entitled "Record Plan. Bluff
Hill Cove Farms - Private Compound"Assessors Plat R-1. lot
103, Narragansett, Rhode Island: prepared by DiPrete
Engineering Associates, Inc. (the "Plat") recorded in Book
11, at Page 46 of the land evidence records of the Town of
Narragansett, along with an undivided 2/3 interest in the
open space lot (lot 4) depicted on said Plat. - such 2/3
interest attaching 1/3 each of lots 1 and 2.

a. Agents of the Internal Revenue Service, or the United States Marshal, or any

other duly authorized law enforcement official, may seize and take immediate

possession of RP20, exercising any and all incidents of ownership with respect thereto,

and the property shall be sold and disposed of in accordance with the law. The proceeds

from the sale shall be disbursed as follows:

i. Payment to the United States of all costs associated
with the seizure, maintenance, and sale; and

ii. Payment to the Town of Narragansett of all
outstanding ad valorem taxes, assessments,
and liens, if any, accrued up to the date of the
entry of the final order of forfeiture, together
with any interest accrued thereon, and in
accordance with the Stipulation and Settlement
Agreement entered into between the United
States and the Town of Narragansett.  DE 644.

11.  **15 Bluff Hill Cove Farm, Narragansett, Rhode Island 02882 - RP21**

Also known as:

Lot 1 on that certain Plat entitled "Record Plan, Bluff Hill
Cove Farms - Private Compound" Assessors Plat R-1, lot
103, Narragansett, Rhode Island; prepared by DiPrete
Engineering Associates, Inc. (the "Plat") recorded in Book

11, at Page 46 of the land evidence records of the Town Narragansett, along with an undivided 1/3 interest in the open space lot (lot 4) depicted on said plat.

a. Agents of the Internal Revenue Service, or the United States Marshal, or any other duly authorized law enforcement official, may seize and take immediate possession of RP21, exercising any and all incidents of ownership with respect thereto, and the property shall be sold and disposed of in accordance with the law. The proceeds from the sale shall be disbursed as follows:

i. Payment to the United States of all costs associated with the seizure, maintenance, and sale;

ii. Payment to the Town of Narragansett of all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon, and in accordance with the Stipulation and Settlement Agreement entered into between the United States and the Town of Narragansett. DE 644; and

iii. Payment to Michael Kent of the outstanding principal due in the amount of $1,489,009.03; plus interest at the rate of 7% per annum from February 25, 2009, until paid; and subject to verification, costs and/or protective advances, including insurance payments, reasonably and appropriately made by Michael Kent to protect his interest in RP21.

12. **353 4th Avenue, Unit 12-H, Brooklyn, New York 11215 - RP22**

Also known as:

The Condominium Unit (the "Unit") in the condominium known as the Novo Condominium (the "Condominium"), comprised of the land described on Schedule A annexed hereto and made a part hereof (the "Land") and the building known by the 353 Fourth Avenue, Brooklyn, New York 11215 (the "Building"), said Unit being designated and described as Unit N. 12H in that certain declaration dated March 7. 2008, made by the Grantor under Article 9-B of the Real Property Law of the State of New York (the

44

"Condominium Act"), establishing a plan for condominium ownership of the Building and the Land upon which the Building is situated, which declaration was recorded in the Office of the Register of the City of New York, County of Kings (the "City Register's Office"), on 21st day of April 2008 under CRFN: *20082000157863* (such declaration and any amendments; thereto being referred to hereinafter, collectively, as the "Declaration"); said Unit also being designated as Tax Lot 1116 in Block 981 on the Tax Map of the Real Property Assessment Department of the City of New York for the Borough of Brooklyn and on the floor plans of the Building (the "Floor Plans"), certified by Bricolage Designs, on the 4th day of March, 2008, and filed in with the Real Property Assessment Department of the City of New York on the 21st day of April, 2008, as Condominium Plan No. 2027 and also filed in the City Register's Office, County of Kings as Condominium Map No. 2027 under CRFN 20082000157864.

a. Agents of the Internal Revenue Service, or the United States Marshal, or any other duly authorized law enforcement official, may seize and take immediate possession of RP22, exercising any and all incidents of ownership with respect thereto, and the property shall be sold and disposed of in accordance with the law.  The proceeds from the sale shall be disbursed as follows:

> i. Payment to the United States of all costs associated with the seizure, maintenance, and sale;
>
> ii. Payment to the New York County Tax Collector of all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon; and
>
> iii. Payment to Novo Condominium Association of the outstanding and unpaid common charges which, as of May 11, 2010, were $5,227.23, and which accrue at the rate of $461.32 per month, until paid.

13.   **All those shares of capital stock in Bleecker & 11th Owners Corporate attributable to, and the proprietary lease for, Apartment 1C, 290 W. 11th Street, New York, New York 10014, which are held in the name of Russell and Katie Adler - RP23**

a. Agents of the Internal Revenue Service, or the United States Marshal, or any

other duly authorized law enforcement official, may seize and take immediate

possession of RP23, exercising any and all incidents of ownership with respect thereto,

and the property shall be sold and disposed of in accordance with the law.  The

proceeds from the sale shall be disbursed as follows:

> i. Payment to the United States of all costs associated with the seizure, maintenance, and sale;
>
> ii. Payment to the New York County Tax Collector of all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon; and
>
> iii. Payment to Bleecker & 11th Owners Corporate for all the unpaid common charges for RP23 which as of December 15, 2010, are $9,391.60, and which accrue at a rate of $699.60 per month, until paid, in accordance with the Stipulation and Settlement Agreement entered into between the United States and Bleecker & 11th Owners Corporate.  DE 698.

### Vehicles and Vessels

(VV1)  1990 Red Ferrari F40 Coupe, VIN: ZFFMN34A5L0087066;

(VV2)  2009 White Bentley Convertible, VIN: SCBDR33W29C059672;

(VV3)  2008 Yellow McLaren Mercedes Benz SLR, VIN: WDDAK76F98M001788;

(VV4)  2007 Black Limousine Ford Expedition, VIN: 1F1FK15557LA59223;

(VV5)  2008 Red Ferrari 430 Spider, VIN: ZFFEW59A380163011;

(VV6)  2007 Silver Rolls Royce Convertible, VIN: SCA1L68557UX23044;

(VV7)  2006 Silver Hummer H1, VIN: 137PH84396E220665;

(VV8) 2008 Cadillac Escalade, VIN: 1GYEC63858R234458;

(VV9) 1967 Red Convertible Corvette, VIN: 194677S104745;

(VV10) 2008 Black Bugatti Veyron EB 16.4, VIN: VF9SA25C28M795153;

(VV12) 2006 Red Ferrari F430 Spider, VIN: ZFFEW59A560148863;

(VV13) 2008 Chevrolet Corvette, VIN: 1G1YY26W485120085;

(VV15) 2009 Blue Gray Maserati Granturismo Coupe, VIN: ZAMGJ45A090042326;

(VV16)  2009 White Mercedes Benz, VIN WDBSK71F59F149477;

(VV17) 2007 87' Warren, Hull # WAR87777B707;

(VV18) 33' Aquariva, Hull # XFA33R74G405;

(VV19) 2009 11' Yamaha Jet Ski, Hull # YAMA3661I809;

(VV20) 2009 11' Yamaha VS, Hull # YAMA3626I809;

(VV21) 2009 11' Yamaha VS, Hull #YAMA2679G809;

(VV22) 1999 55' Sea Ray 540 Sundancer, SERY0500I899;

(VV23) 2009 Yamaha Jet Ski, Hull # YAMA4288K809; and

(VV 24) 2010 White Lamborghini lp-670sv, VIN: ZHWBU8AHXALA03837.

After deducting the costs and expenses of the sale of VV1-VV10, VV12, VV15, and VV17-VV24, and the outstanding liens having been paid, the net proceeds from the sale of these vehicles and vessels, is approximately $5,620,012.00.

## Tangibles

(T1)   Approximately 304 pieces of jewelry, watches, necklaces and earrings; with the exception of eight watches identified in DE 457 and six items of jewelry identified in DE 552 Ex. A, which were dismissed from the Preliminary Order of Forfeiture pursuant to Court Orders [DE's 457, 552 Ex. A];

(T2)   16 DuPont Lighters;

(T3)   3 pieces sports memorabilia;

(T4)   $271,160 in United States currency;

(T5)   $1,500 in United States currency;

(T6)   Approximately $29,900.00 in American Express Gift Cards;

(T7)   $50,000 in American Express Gift Cards;

(T8)   5 additional watches turned over to the United States by Les Stracher; and

(T9)   Guitar collection of Scott W. Rothstein.

## Bank Accounts

a. approximately $1,270,302.32 contained in or derived from (BA1) Fidelity Investments Stock Account, in the name of Scott W. Rothstein;

b. approximately $484,900.88 contained in or derived from (BA2) Gibraltar Bank account 50010085;

c. approximately $255.16 contained in or derived from (BA3) Gibraltar Bank account 50010093;

d. approximately $43,707.90 contained in or derived from (BA4) Gibraltar Bank account 50012053;

e. up to the amount of $16,000,000.00 contained in or derived from (BA6) bank account 178780211819923220000187 at Banque Populaire, Morocco, in the name of Scott Rothstein;

f. up to the amount of $2,000,000.00 contained in or derived from (BA7) a bank account at Banque Populaire, Morocco, in the name of Ahnick Khalid;

g. up to the amount of $1,000,000.00 contained in or derived from (BA8) a bank account at Banque Populaire, Morocco, in the name of Steve Caputi;

h. approximately $250,085.00 contained in or derived from (BA10) Toronto Dominion Bank, N.A. account 6861011556;

i. approximately $64,970.00 contained in or derived from (BA12) Toronto Dominion Bank, N.A. account 6860422200 in the name of DJB Financial Holding;

j. approximately $11,887.60 contained in or derived from (BA13) Toronto Dominion Bank, N.A. account 6860755757 in the name of RRA Sports and Entertainment LLC;

k. approximately $25,216.27 contained in or derived from (BA14) Toronto Dominion Bank, N.A. account 6860755781 in the name of RRA Goal Line Management, LLC;

l. approximately $23,406.16 contained in or derived from (BA16) Toronto Dominion Bank, N.A. account 6861076906;

m. approximately $14,657.80 contained in or derived from (BA17) Toronto Dominion Bank, N.A. account 6861011614; and

n. approximately $2,835,449.01 contained in or derived from (BA 18) Toronto Dominion Bank, N.A. account 6860291274 in the name of Rothstein Rosenfeldt Adler, P.A., Operating Account;

o. approximately $52,749.68 contained in or derived from (BA19) Toronto Dominion Bank, N.A. account 6861076922.

p. funds contained in or derived from (BA20) Schwyzer Kantonalbank account #CH75 0077700530742040 in the name of Jewel Cruises Holding AG, Wollerau, Switzerland;

## Business Interests

(BI1)   Stock certificates, if issued, or the beneficial interest in such shares, of 50,000 shares of capital stock, in Gibraltar Private Bank & Trust, a federally chartered stock savings association, purchased in or about September 2009 by GBPT, LLC, a Delaware limited liability company, by its manager, Bahia Property Management, LLC, a Delaware limited liability company, by its co-manager, Scott W. Rothstein;

(BI3) Broward Bank of Commerce;

(BI7) Café Iguana, Pembroke Pines, Florida;

(BI9) Renato Watches;

(BI10) Edify LLC;

(BI12) Sea Club Ocean Resort Hotel, LLC;

(BI15) RRA Sports & Entertainment, LLC;

(BI19) Iron Street Management, LLC;

(BI21) 1198 Dixie LLC;

(BI24) All equity interest held by or on behalf of Scott W. Rothstein, in the following corporations and entities:

    b.     235 GC LLC;

    c.     350 LOP#2840 LLC;

d.      353 BR LLC;

f.      708 Spangler LLC;

g.      1012 Broward LLC;

h.      1198 Dixie LLC;

j.      2133 IP LLC;

k.      15158 LLC;

z.      Broward Financial Holdings, Inc.;

ah.     DJB Financial Holdings LLC;

ar.     Kendall Sports Bar;

au.     NRI 11 LLC;

av.     NRI 15 LLC;

bd.     RRA Sports and Entertainment, LLC;

be.     RSA 11th Street;

bf.     RW Collections LLC;

bh.     Scorh LLC;

bm.     WPBRS, LLC;

bq.     WAWW 4 LLC;

bu.     WAWW 8 LLC;

bv.     WAWW9 LLC;

bw.     WAWW10 LLC;

bx.     WAWW 11, LLC;

by.     WAWW 12, LLC;

bz.     WAWW 14, LLC;

cc.     WAWW17 LLC; and

ce.     WAWW19 LLC.

(BI25)   All interest held by or on behalf of Scott W. Rothstein, in the following corporations and entities, and assets held by or owed, e.g., rents, to same:

    (o)   Fifth Court Financial, LLC;

    (p)   GBPT LLC;

    (q)   Iron Street Management, LLC;

    (aa)   Renato Watches, Inc.; and

    (ac)   Sea Club Ocean Resort Hotel, Inc.

## Contributions

(C1)   $6,000 in campaign contributions made to Alex Sink;

(C2)   $40,000 in campaign contributions made to Republican Party of Florida, "Florida" account;

(C3)   $10,000 in campaign contributions to Republican Party of Florida, "Federal" account;

(C4)   $90,000 in campaign contributions to Republican Party of Florida;

(C5)   $5,000 in campaign contributions to Republican Party of Florida;

(C6)   $800,000 Charitable Donation to Joe DiMaggio Children's;

(C7)   $1,000,000 Charitable Donation to Holy Cross Hospital;

(C8)   $9,600 in campaign contributions to Governor Charlie Crist; and

(C9)   All funds voluntarily turned over to the United States (IRS/FBI), since on or about October 28, 2009.

## Miscellaneous

(M1)   All premiums paid by or on behalf of Scott W. Rothstein, to Massachusetts Mutual Life Insurance Company, as set forth in Case No. 09-61915-CIV-JORDAN (SDFL); and

(M3)   All property, other than "funds," including watches and cars, voluntarily turned over to the United States (IRS/FBI) since on or about October 28, 2009.

(hereinafter collectively referred to as "forfeited property").

It is further **ORDERED** that the forfeited property shall be disposed of according to law and that the following property is dismissed from the Preliminary Order of Forfeiture:

### Vehicles and Vessels

(VV25) Mercedes Benz S65 VR Byturbo, VIN: WDDEJ79XX8A015189.

### Business Interests

(B14) Bova Ristorante;

(B15) Bova Cucina;

(B16) Bova Prime;

(BI24) All equity interest held by or on behalf of Scott W. Rothstein, in the following corporations and entities:

    a. 29 Bahia LLC;

    l. AANG LLC;

    q. Bahia Property Management LLC;

    r. Boat Management LLC;

    t. BOVA Prime LLC;

    u. BOVA Restaurant Group LLC;

    v. The BOVA Group LLC;

    w. BOVA Smoke LLC;

    x. BOVCU LLC;

    y. BOVRI LLC;

    ai. DYMMU, LLC;

    aj. Full Circle Fort Lauderdale LLC;

    ak. Full Circle Trademark Holdings LLC;

    al. GHW1 LLC;

ap. JRCL, LLC;

ay. PK Adventures LLC;

az. PK's Wild Ride Ltd.;

ba. Rothstein Family Foundation;

bg. S & KEA, LLC;

bi. Tipp LLC;

bk. Walter Family , LLC;

bl. Walter Industries, LLC;

bo. WAWW 2 LLC;

br. WAWW 5 LLC;

bs. WAWW 6 LLC;

bt. WAWW 7 LLC;

ca. WAWW 15 LLC;

cb. WAWW 16 LLC;

cc. WAWW 18 LLC;

cg. WAWW 21 LLC; and

ch. WAWW 22 LLC.

(BI25) All interest held by or on behalf of Scott W. Rothstein, in the following

corporations and entities, and assets held by or owed, e.g., rents, to same:

(a) The 2009 Scott W. Rothstein Revocable Trust;

(b) REC Group, LLC;

(c) REN Group, LLC;

(d) REP Group, LLC;

(e) RES Group, LLC;

(f) RET Group, LLC;

(g) REV Group, LLC;

(i) BFHI, LLC;

(j) BFH1, LLC;

(l) CCCN, LLC;

(n) Cha Cha Cha, Inc.;

(v) MLC 350 LLC;

(ad) SPAC Investments, LLC;

(ae) TB22 Mario's Inc.;

(af) TB22N, LLC;

(ag) TLBN, LLC;

(ai) WAWW13, LLC;

(am) Rothstein Rosenfeldt Adler, P.A. located in Florida; and

(an)  Rothstein Rosenfeldt Adler, P.A. located in Venezuela.

The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

**DONE AND ORDERED,** in Chambers, at Fort Lauderdale, Florida this 1st day of February, 2011.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to counsel of record.