UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA,

v.

SCOTT W. ROTHSTEIN,

    Defendant.
_____/

## SECOND FINAL ORDER OF FORFEITURE

THIS CAUSE came before the Court on the United States' Motion for Second Final Order of Forfeiture [D.E. 742 ] ("Motion"). The Court has considered the Motion and is otherwise advised in the premises.[1]

1.    On April 19, 2010, this Court entered a Preliminary Order of Forfeiture and Judgment wherein it forfeited the interest of Scott W. Rothstein (hereinafter "Defendant" or "Rothstein") in the property identified on Exhibit A attached therein to the United States (hereinafter the "preliminarily forfeited property") and entered a money judgment against Defendant in the amount of $1.2 billion. *See* D.E. 134.

2.    In accordance with 21 U.S.C. § 853(n) and 18 U.S.C. § 1963(l),[2] notice of forfeiture was published on May 5, 2010. Proof of Publication was filed with the Clerk of

---

[1]    No party has filed a response and the time for filing a response has passed.

[2]    The forfeiture provisions of 18 U.S.C. § 1963(l) parallel the provisions of 21 U.S.C. § 853(n) and are applicable to the RICO forfeiture ordered, in part, by the Court in this case. For ease of reference, only the provisions of 21 U.S.C. § 853(n) are addressed herein.

the Court on June 6, 2010. D.E. 275.

3. Also in accordance with 21 U.S.C. § 853(n), direct written notice of forfeiture was provided to all persons and entities known to have an alleged interest in the preliminarily forfeited property.

4. Verified petitions were filed by a number of Petitioners against some or all of the preliminarily forfeited property. All petitions have been addressed by the Court or through stipulation of the parties.

5. On February 1, 2011, the Court entered a First Final Order of Forfeiture whereby certain assets were dismissed, certain interests were recognized, and certain assets were finally forfeited. See D.E. 708.

6. The First Final Order of Forfeiture remains in full force and effect as to all matters contained therein and the entry of the subject Second Final Order of Forfeiture does not affect the validity thereof.

## Real Properties

7. After publication and direct written notice was provided, a number of verified petitions and/or claims were filed against some or all of the real properties identified for forfeiture in the Preliminary Order of Forfeiture. As all claims have been addressed by the Court or through stipulation of the parties, and in accordance with 21 U.S.C. § 853(n)(7), the United States shall have clear title to the following real properties subject to the pertinent claim(s), if any, recognized below:

8. **708 Spangler Boulevard, Bay 1, Hollywood, Florida 33301 (hereinafter RP12)**

   a. RP 12 is titled in the name of 708 Spangler LLC, a Delaware limited liability company.

   b. 708 Spangler LLC was served with a copy of the Preliminary Order of Forfeiture by hand delivery to the Delaware Secretary of State.

   c. In addition, a copy of the Preliminary Order of Forfeiture was sent via Certified Mail, Return Receipt Requested, to DJ Capital Club, LLC; c/o William R. Scherer, Jr., Conrad & Scherer, LLP, Counsel for DJ Capital Club, LLC, P.O. Box 14723, Fort Lauderdale, FL 33302.

   d. The above-referenced entities did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired. Thus, the above-referenced entities' interest in RP12 is extinguished.

   e. In addition, a copy of the Preliminary Order of Forfeiture was sent to D3 Capital Club, LLC. D3 Capital Club, LLC filed a Notice of Claim and Verified Petition on June 1, 2010. [D.E. 231]. The District Court dismissed the Petition of D3 Capital Club, LLC on July 26, 2010. [D.E. 452].

   f. The United States acknowledges and agrees to pay Portside Association, Inc. the unpaid maintenance fees for RP12 which, as of February 4, 2011, were $1,635.00, and which accrue at the rate of $600.00 per quarter, until paid.

   g. Finally, the United States acknowledges and agrees to pay the Broward County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any,

accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

9. **350 S.E. 2nd Street, Commercial Unit 2, Fort Lauderdale, Florida(hereinafter RP15)**

 a. RP15 is titled in the name of BOSM Holdings LLC, a Delaware limited liability company.

 b. BOSM Holdings LLC was served with a copy of the Preliminary Order of Forfeiture by hand delivery to the Delaware Secretary of State.

 c. The above-referenced entity did not petition the Court for a hearing to adjudicate the validity of its alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of its alleged interest in the property has expired. Thus, the above-referenced entity's interest in RP15 is extinguished.

 d. In addition, a copy of the Preliminary Order of Forfeiture was sent to 350 Las Olas Place Condominium Association. 350 Las Olas Place Condominium Association filed a Notice of Claim and Verified Petition on May 28, 2010. [D.E. 221]. The United States acknowledged and agreed to pay 350 Las Olas Place Condominium Association as set forth in the Stipulation and Settlement Agreement entered into between the United States and 350 Las Olas Place Condominium Association [D.E. 665], and as approved by the Court. [D.E. 669].

 e. Finally, the United States acknowledges and agrees to pay the Broward County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any,

accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

10. **361 SE 9th Lane, Boca Raton, Florida 33432 (hereinafter RP16)**

   a. RP16 is titled in the name of JB Boca M Holdings, LLC.

   b. A diligent search and inquiry reveals that JB Boca M Holdings, LLC does not exist.

   c. Scott W. Rothstein confirmed that JB Boca M Holdings, LLC was fictitious and does not exist.

   d. The grantors on the deed to JB Boca M Holdings, LLC, have waived claim to RP16 and have executed a Quit Claim Deed in favor of the United States.

   e. A copy of the Preliminary Order of Forfeiture was sent via Certified Mail, Return Receipt Requested, to Randall E. Stofft Architects, P.A., 3100 W. Burbank Blvd., Suite 101, Burbank, CA 91505.

   f. The above-referenced entity did not petition the Court for a hearing to adjudicate the validity of its alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of its alleged interest in the property has expired. Thus, the above-referenced entity's interest in RP16 is extinguished.

   g. The United States acknowledges and agrees to pay Mizner Lake Estates Homeowners' Association, Inc. for maintenance, assessments, and other reasonable expenses that have accrued or may accrue on RP16 up to the date of the sale, excluding attorney's fees, if any.

h. Finally, the United States acknowledged and agreed to pay the Palm Beach County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon, as set forth in the Stipulation and Settlement Agreement entered into between the United States and the Palm Beach County Tax Collector [D.E. 694], and as approved by the Court. [D.E. 697].

11. **<u>1299 N. Federal Highway, Boca Raton, Florida (hereinafter RP 18)</u>**

a. RP18 is titled in the name of 1299 Federal LLC, a Delaware limited liability company.

b. 1299 Federal LLC was served with a copy of the Preliminary Order of Forfeiture by hand delivery to the Delaware Secretary of State.

c. In addition, a copy of the Preliminary Order of Forfeiture was sent via Certified Mail, Return Receipt Requested to G3 Construction, 900 N.E. 3rd Avenue, Boca Raton, Florida.

d. The above-referenced entities did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired. Thus, the above-referenced entities' interest in RP18 is/are extinguished.

e. Currently of record against RP18 is an Assignment of Mortgage recorded in Official Records Book 22897, Page 1484, of the Public Records of Palm Beach County, Florida, in favor of WAWW17, LLC ("WAWW17"), a Florida limited liability company. WAWW17 was served with a copy of the Preliminary Order of Forfeiture by Certified Mail,

Return Receipt Requested, to Corpdirect Agents, Inc.

f. WAWW17 did not petition the Court for a hearing to adjudicate the validity of its alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of its alleged interest in the property has expired. Thus, WAWW17's interest in RP18, and the mortgage recorded thereon, are extinguished.[3]

g. Finally, the United States acknowledged and agreed to pay the Palm Beach County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon, as set forth in the Stipulation and Settlement Agreement entered into between the United States and the Palm Beach County Tax Collector [D.E. 694], and as approved by the Court. [D.E. 697].

12. The only other real property not specifically addressed herein above (or in the First Final Order of Forfeiture), but identified for forfeiture in the Preliminary Order of Forfeiture, is RP24. RP24 encompasses a 9.9% interest in an entity that holds title to RP24. RP24 will be addressed under a separate motion for final order of forfeiture.

## Vehicles and Vessels

13. After publication and direct written notice was provided, a number of verified petitions and/or claims were filed against some or all of the vehicles and vessels identified for forfeiture in the Preliminary Order of Forfeiture. As all claims have been addressed by the Court or through stipulation of the parties, and in accordance with 21 U.S.C. §

---

[3] On February 1, 2011, a Final Order of Forfeiture was entered forfeiting, and vesting clear title to, WAWW17, to the United States. [D.E. 708].

853(n)(7), the United States shall have clear title to the following vessel subject to the claim recognized below:

> (VV14) 2009 Chevrolet Corvette Z06, VIN: 1G1YZ26E995111923 or the proceeds derived from the sale therefrom; except that 38.6% of the net proceeds from the sale shall be returned to prior title holder, which percentage reflects the prior title holder's superior interest in VV14.

14. Upon further review of the records and other related information considered with respect to Rothstein's interest in the preliminarily forfeited vehicles and vessels, the United States has determined that following vehicles should not be forfeited and should be dismissed from the Preliminary Order of Forfeiture:

> (VV26) 2009 RED BMW CONVERTIBLE,
> VIN: WBALM53529E160836); and
>
> (VV27) 2009 MERCEDES BENZ SLK 350 CONVRTBL (Sic)
> VIN:WDBWK58F19F190779.

### **Business Interests**

15. After publication and direct written notice was provided, a number of verified petitions and/or claims were filed against certain business interests identified for forfeiture in the Preliminary Order of Forfeiture. As all claims have been addressed by the Court or stipulation of the parties, and in accordance with 21 U.S.C. § 853(n)(7), the United States shall have clear title to Scott W. Rothstein's interest in the following:

(BI22) Scott W. Rothstein's equity interest in and rents derived from 1299 Federal LLC;

(BI24) All equity interest held by or on behalf of Scott W. Rothstein in the following corporations and entities:

> i. 1299 Federal LLC; and

      s.    BOSM Holdings LLC.

16. Upon further review of the records and other related information considered with respect to Rothstein's interest in the preliminarily forfeited business interests, the United States has determined that Rothstein's business interest in the following entities should not be forfeited and should be dismissed from the Preliminary Order of Forfeiture:

(BI11) Scott W. Rothstein's interest in V Georgio Vodka;

(BI14) Scott W. Rothstein's interest in Kip Hunter Marketing;

(BI20) Scott W. Rothstein's interest in Africat Equity IG Decide;

(BI24) All equity interest held by or on behalf of Scott W. Rothstein in the following corporations and entities:

      e.    10630 #110 LLC;

      o.    ABT Investments LLC;

      p.    Advanced Solutions;

      aa.    CI07 LLC;

      ab.    CI08 LLC;

      ac.    CI16 LLC;

      ad.    CI27 LLC;

      an.    ILK3 LLC;

      ao.    IS Management, LLC;

      aq.    Judah LLC;

      as.    Kip Hunter Marketing LLC;

      ax.    PRCH LLC;

      bb.    RRA Consulting LLC;

  bj. VGS LLC;

  bp. WAWW 3, LLC;

  cf. WAWW20 LLC; and

  ci. JB Boca M Holdings LLC.

(BI25) All interest held by or on behalf of Scott W. Rothstein in the following corporations and entities, and assets held by or owed, e.g. rents, to same:

  m. CCM LLC;

  r. JB Boca Holdings, LLC;

  aj. VGS1, LLC; and

  ak. V Georgio Spirits, LLC.

17. All other business entities not specifically addressed herein above (or in the First Final Order of Forfeiture), but identified for forfeiture in the Preliminary Order of Forfeiture, will be addressed under a separate motion for final order of forfeiture.

## Conclusion

Title 21, United States Code, Section 853(n)(2), provides, in pertinent part, that "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States...may, within thirty days of the final publication of notice or his receipt of [direct written] notice...petition the court for a hearing to adjudicate the validity of his alleged interest in the property." Title 21, United States Code, Section 853(n)(7) provides that "[f]ollowing the court's disposition of all petitions filed under this subsection...the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee."

Accordingly, based upon the foregoing, the evidence of record, and for good cause

shown, it is hereby

**ORDERED AND ADJUDGED** that the United States' Motion for Second Final Order of Forfeiture [D.E. 742 ] is **GRANTED**.

It is **FURTHER ORDERED AND ADJUDGED** that all right, title and interest in the following assets and/or the proceeds from the sale of the following assets is hereby forfeited to and title vested in the United States of America pursuant to to18 U.S.C. §§ 1963, 982(a)(1), and 981(a)(1)(C):

### Real Properties

1. **708 Spangler Boulevard, Bay 1, Hollywood, Florida 33301 - RP12**

Also known as:

> Bay 1 of PORTSIDE, an Association according to the Declaration of Covenants, Conditions and Restrictions of Portside recorded in Official Records Book 37171, Pages 1158-1225, of the Public Records of Broward County, Florida, more particularly described as follows:
>
> A portion of Lots 1 and 2, Block 2, HARBOR VIEW, according to the Plat thereof, as recorded in Plat Book 10, Page 5, of the Public Records of Broward County, Florida, and being more fully described as follows:
>
> Commencing at a point on the East line of said Lot 2, said point being 25.00 feet South of the Northeast corner of said Lot 2, thence South 90° 00' 00" West, on the South right-of-way line of State Road #84, a distance of 20.52 feet, thence South 00° 00' 00" West, a distance of 15.72 feet to the Point of Beginning, thence continuing
>
> South 00° 00" 00" West, a distance of 7.25 feet, thence North 90° 00" 00" East, a distance of 12.59 feet; thence South 00° 00' 00" West, a distance of 24.40 feet; thence South 90° 00" 00" West, a distance of 29.92 feet; thence North 00° 00' 00" East, a distance of 7.66 feet, thence South 90° 00' 00" West, a distance of 31.74 feet, thence North 00° 00' 00" East, a

distance of 24.00 feet; thence North 90° 00" 00" East, a distance of 49.07 feet to the Point of Beginning.

Said lands situate lying and being Broward County, Florida.

a. Agents of the Internal Revenue Service, or the United States Marshal, or any other duly authorized law enforcement official, may seize and take immediate possession of RP12, exercising any and all incidents of ownership with respect thereto, and the property shall be sold and disposed of in accordance with the law. The proceeds from the sale shall be disbursed as follows:

> i. Payment to the United States of all costs associated with the seizure, maintenance, and sale;
>
> ii. Payment to the Broward County Tax Collector of all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon; and
>
> iii. Payment to Portside Association, Inc. of the unpaid maintenance fees which, as of February 4, 2011, were $1,635.00, and which accrue at the rate of $600.00 per quarter, until paid.

## 2. **350 S.E. 2nd Street, Commercial Unit 2, Fort Lauderdale, Florida - RP15**

Also known as:

Unit No. CU-2 (Commercial Unit 2) in 350 LAS OLAS PLACE, A CONDOMINIUM, according to the Declaration of Condominium thereof, recorded April 25, 2005, under Clerk's File No. 104935648, in Official Records Book 39502 Page 529, of the Public Records of Broward County Florida.

a. Agents of the Internal Revenue Service, or the United States Marshal, or any other duly authorized law enforcement official, may seize and take immediate possession of RP15, exercising any and all incidents of ownership with respect thereto, and the property

shall be sold and disposed of in accordance with the law. The proceeds from the sale shall be disbursed as follows:

> i. Payment to the United States of all costs associated with the seizure, maintenance, and sale;
>
> ii. Payment to the Broward County Tax Collector of all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon; and
>
> iii. Payment to 350 Las Olas Place Condominium Association in accordance with the terms of the Stipulation and Settlement Agreement entered into between the United States and 350 Las Olas Place Condominium Association. D.E. 665.

3. **361 SE 9th Lane, Boca Raton, Florida 33432 - RP16**

Also known as:

Lot 5, MIZNER LAKE ESTATES P.U.D., according to the Plat thereof as recorded in Plat Book 79, Page 67, Public Records of Palm Beach County Florida.

a. Agents of the Internal Revenue Service, or the United States Marshal, or any other duly authorized law enforcement official, may seize and take immediate possession of RP16, exercising any and all incidents of ownership with respect thereto, and the property shall be sold and disposed of in accordance with the law. The proceeds from the sale shall be disbursed as follows:

> i. Payment to the United States of all costs associated with the seizure, maintenance, and sale;
>
> ii. Payment to the Palm Beach County Tax Collector of all outstanding ad valorem taxes,

assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon, and in accordance with the Stipulation and Settlement Agreement entered into between the United States and the Palm Beach County Tax Collector; and

iii. Payment to Mizner Lake Estates Homeowners' Association, Inc. for maintenance, assessments, and other reasonable expenses that have accrued or may accrue on RP16 up to the date of the sale, excluding attorney's fees, if any.

4. **1299 N. Federal Highway, Boca Raton, Florida - RP 18**

Also known as:

All that portion of the South 62.50 feet of the East ½ of Lot 8, and the North 20 feet of the East ½ of Lot 9, in Block 1 of RICKARD'S SUBDIVISION, as recorded in Plat Book 7, at page 34, of the Public Records of Palm Beach County, Florida, lying west of the existing right-of-way line of U.S. Highway No. 1.

a. Agents of the Internal Revenue Service, or the United States Marshal, or any other duly authorized law enforcement official, may seize and take immediate possession of RP18, exercising any and all incidents of ownership with respect thereto, and the property shall be sold and disposed of in accordance with the law. The proceeds from the sale shall be disbursed as follows:

i. Payment to the United States of all costs associated with the seizure, maintenance, and sale; and

ii. Payment to the Palm Beach County Tax Collector of all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon, and in accordance with the Stipulation and

Settlement Agreement entered into between the United States and the Palm Beach County Tax Collector.

### Vehicles and Vessels

(VV14) 2009 Chevrolet Corvette Z06, VIN: 1G1YZ26E995111923 or the proceeds derived from the sale therefrom; except that 38.6% of the net proceeds from the sale shall be returned to prior title holder, which percentage reflects the prior title holder's superior interest in VV14.

### Business Interests

(BI22) Scott W. Rothstein's equity interest in and rents derived from 1299 Federal LLC;

(BI24) All equity interest held by or on behalf of Scott W. Rothstein in the following corporations and entities:

    i.    1299 Federal LLC; and

    s.    BOSM Holdings LLC.

(hereinafter collectively referred to as "forfeited property"). It is further

It is **FURTHER ORDERED AND ADJUDGED** the forfeited property shall be disposed of according to law and that the following property is dismissed from the Preliminary Order of Forfeiture:

### Vehicles and Vessels

(VV 26) 2009 RED BMW CONVERTIBLE, VIN: WBALM53529E160836; and

(VV27)  2009 MERCEDES BENZ SLK 350 CONVRTBL (sic)

    VIN:WDBWK58F19F190779.

## Business Interests

(BI11) Scott W. Rothstein's interest in V Georgio Vodka;

(BI14) Scott W. Rothstein's interest in Kip Hunter Marketing;

(BI20) Scott W. Rothstein's interest in Africat Equity IG Decide;

(BI24) All equity interest held by or on behalf of Scott W. Rothstein in the following corporations and entities:

- e. 10630 #110 LLC;
- o. ABT Investments LLC;
- p. Advanced Solutions;
- aa. CI07 LLC;
- ab. CI08 LLC;
- ac. CI16 LLC;
- ad. CI27 LLC;
- an. ILK3 LLC;
- ao. IS Management, LLC;
- aq. Judah LLC;
- as. Kip Hunter Marketing LLC;
- ax. PRCH LLC;
- bb. RRA Consulting LLC;
- bj. VGS LLC;
- bp. WAWW 3, LLC;
- cf. WAWW20 LLC; and
- ci. JB Boca M Holdings LLC;

16

(BI25) All interest held by or on behalf of Scott W. Rothstein in the following corporations and entities, and assets held by or owed, e.g. rents, to same:

    m.    CCM LLC;

    r.    JB Boca Holdings, LLC;

    aj.    VGS1, LLC; and

    ak.    V Georgio Spirits, LLC.

The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

**DONE AND ORDERED,** in Chambers, at Fort Lauderdale, Broward County, Florida this 10th day of May, 2011.

_____
JAMES I. COHN
UNITED STATES DISTRICT JUDGE