UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA,

    Plaintiff,
v.

SCOTT W. ROTHSTEIN,

    Defendant.
_____/

### CHAPTER 11 TRUSTEE'S MOTION TO VACATE SECOND FINAL ORDER OF FORFEITURE [D.E.757]

Herbert Stettin ("Stettin" or the "Trustee"), the Chapter 11 Trustee of Rothstein Rosenfeldt Adler P.A., (the "Debtor" or "RRA"), by and through undersigned counsel, hereby moves to vacate for lack of subject matter jurisdiction the Court's *Second Final Order of Forfeiture* [D.E. 757].[1] All issues relating to the criminal forfeiture are now on appeal before the Eleventh Circuit in *Stettin v. United States*, 11-10676-B (11th Cir. 2011) (the "Appeal"). As the Eleventh Circuit now has jurisdiction, this Court is without authority to take any further action relating to the criminal forfeiture, including entering the *Second Final Order of Forfeiture*.

### FACTUAL BACKGROUND

1.    On November 10, 2009, an involuntary bankruptcy proceeding was commenced RRA. *In re Rothstein Rosenfeldt Adler P.A.*, 09-34791 (Bankr. S.D. Fla. 2009) (the "Bankruptcy Case"). Thereafter, Trustee Stettin was appointed as the Chapter 11 Trustee of RRA [Bankruptcy Case D.E. 35].

---

[1] Unless otherwise noted all "D.E." references are to *United States v. Rothstein*, 09-60331-COHN.

3678073-4

2.      On December 1, 2009, the government charged Scott W. Rothstein ("Rothstein"), by way of information, with various crimes relating to his operation of a Ponzi scheme [D.E. 1] (the "Criminal Information"). The Criminal Information contained a forfeiture count.

3.      On January 27, 2010, Rothstein pled guilty to the counts in the Criminal Information [D.E. 69].

4.      On April, 19, 2010, months after Rothstein pled guilty and shortly before the Court-imposed deadline [D.E. 113], the government sought and obtained the Preliminary Order of Forfeiture [D.E. 134].

5.      Following the entry of the Preliminary Order of Forfeiture the Trustee filed his verified claims [D.E. 192] (the "Trustee's Claims"), wherein he asserted a superior interest to Rothstein's in a many of the assets listed in the Preliminary Order of Forfeiture.

6.      Upon motion by the government, the Court dismissed the Trustee's Claims to all assets except for certain bank accounts held in the name of RRA. *See Order Granting In Part and Denying In Part United States' Motion to Dismiss Chapter 11 Trustee's Verified Claims and Petition* [D.E. 400] (the "Dismissal Order").

7.      Thereafter, on August 16, 17 and 20, 2010, the Court held ancillary forfeiture proceedings with respect to third party claims to funds on deposit in the RRA accounts.

8.      At the conclusion of the evidentiary hearings, the Court entered judgment in favor of the Trustee in respect of certain funds on deposit in the RRA accounts, while disbursing other funds to other claimants, and allowing the government to forfeit the balance. *See Order Re: 21 U.S.C. §* 21 U.S.C. 853(n) [D.E. 579], as amended (the "853(n) Order").

9.      On November 12, 2010, the Trustee filed a Notice of Appeal with respect to the various Orders affecting his interests in the forfeited properties including the 853(n) Order [D.E. 650]. The government moved to dismiss the appeal taking the position that these Orders

constituted non-final orders and that the appeal was not ripe until a final order of forfeiture had been entered. *See* United States' Motion to Dismiss Appeal for Lack of Appellate Jurisdiction, *Stettin v. United States*, 10-15324-B (11th Cir. Dec. 9, 2010)

10. On March 8, 2011, the Eleventh Circuit dismissed that appeal because it challenged "a preliminary order of forfeiture under 21 U.S.C. § 853(n), and does not seek to challenge a final order of forfeiture, nor had one been entered when the notice of appeal was filed." *Stettin v. United States*, 10-15324-B (11th Cir. Mar. 8, 2011).

11. On February 1, 2011, this Court entered the First Final Order of Forfeiture [D.E. 708]. The government took the position with the Trustee's counsel that the First Final Order of Forfeiture constituted a final order for purposes of appeal.

12. On February 8, 2011, the Trustee filed a second *Notice of Appeal* [D.E. 709] of the First Final Order of Forfeiture and all of the prior orders, including the Dismissal Order and the 853(n) Order. The government did not challenge the appellate court's jurisdiction to entertain the appeal.

13. On April 4, 2011, the Trustee filed his initial brief with the Eleventh Circuit. In the Appeal, the Trustee challenges the Dismissal Order, the 853(n) Order and the First Final Order of Forfeiture. Specifically, the Trustee seeks review of:

   (a) Whether the district court erred by failing to make any findings as to the criminal defendant's legal interest in each asset subject to criminal forfeiture.

   (b) Whether the district court erred by failing to enter summary judgment on the Trustee's claims to the RRA bank accounts.

   (c) Whether the district court erred by dismissing the Trustee's verified constructive trust claims to assets subject to forfeiture.

(d) Whether the district court violated the due process rights of the Trustee by denying him any opportunity to challenge the nexus between the property and offense that would make the property subject to forfeiture.

(e) Whether the district court erred by allowing the government to present on a motion for reconsideration evidence and arguments that it had not presented at the ancillary hearing.

All of these issues were fully and finally adjudicated by the prior Orders entered by this Court.

14.     On June 1, 2011, the government filed its Answer brief in the Eleventh Circuit. The government's filing of its appeal brief constitutes its admission that the Court's First Final Order of Forfeiture [D.E. 708] was and is a final order. In fact, the government expressly conceded that "it was intention of the district court, and the parties involved in the [Appeal], that the first final order of forfeiture entered in this case be final and appealable under 28 U.S.C. §1291 when it was entered." *See* Government Answer Brief at p. 14 of 80.  Now, in its Answer Brief, the government claims that is "unsure whether the order, as issued, is indeed final and appealable under §1291." *Id.*  It now suggests that the appellate court should stay the appeal.

16.     The government has admitted that the Trustee's "claims to properties not identified in [the First Final Order of Forfeiture] were dismissed in earlier orders that were incorporated by reference in the [First Final Order of Forfeiture]." *Id.* The Court is without authority to enter the Second Final Order of Forfeiture while the appeal of the underlying orders is pending.

## ARGUMENT

"The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 638

(11th Cir. 2010)[2]. Applying this principle, the Seventh Circuit held that a district court was without jurisdiction after an appeal had been lodged to correct a restitution award against a criminal defendant where it had erroneously entered the restitution award as $4,900,000 instead of $4,290,000. *See United States v. Ali*, 619 F.3d 713, 722 (7th Cir. 2010). By analogy, this Court is now without jurisdiction to enter a Second Final Order of Forfeiture to expand upon those assets already ordered forfeit in the First Final Order of Forfeiture. For purposes of appeal, there can be only one final order.[3]

The government has improperly asked this Court to enter sequential orders relating to the forfeiture of assets, when the underlying decisions upon which these subsequent "final orders" are based are all subject of the Appeal pending before the Eleventh Circuit. Indeed, in its recent brief the government implicitly acknowledges that this Court was divested of authority to enter the Second Final Order of Forfeiture because the Second Final Order of Forfeiture is premised upon prior Orders that are presently on appeal. The entry of the Second Final Order of Forfeiture interferes with the Eleventh Circuit's consideration and adjudication of the issues raised in the Appeal.

The Trustee objects to the entry of multiple "final" orders of forfeiture. In any event, should the government wish to pursue further forfeiture proceedings before this Court, the proper procedure would be for the government to seek corrective remand from the Eleventh Circuit. *See United States v. Ali*,

---

[2] The Trustee acknowledges that there is an exception to this rule where the act of the trial judge is one in aid of appellate jurisdiction, that is, the action facilitates as opposed to interferes with the appellate court's process. *See United States v. Martinez*, 763 F.2d 1297, 1308 & n.11 (11th Cir. 1985). This exception does not apply here because the Trustee can adequately challenge he factual and legal basis for all forfeiture decisions made by this Court in the Appeal that is now pending. Therefore, entry of the Second Final Order of Forfeiture will not aid the appellate process.

[3] Fed. R. Crim. P. 32.2(c)(2), is unambiguous. It provides, in relevant part, that "[w]hen the ancillary proceeding ends, the court must enter **a** final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." *Id.* (emphasis added). The Rule does not contemplate multiple "final" orders.

3678073-4

*supra*. Alternatively, the government could avail itself of the procedure described in Fed. R. Civ. P. 62.1, Fed. R. App.P 12.1, and 11th Cir. R. 12.-1 by which a party may seek an indicative ruling from the district court while an appeal is pending. These rules collectively lay out the procedures to request an indicative ruling from this Court and the manner to inform the Eleventh Circuit of such a request. Pursuant to Fed. R. Civ. P. 62.1(a) this Court could have: (1) deferred ruling on the motion to enter the Second Final Order of Forfeiture; (2) denied the motion; or (3) state that it would either grant the motion if the court of appeals remands for that purpose or certifies that the motion raises a substantial issue. Upon the entry of an indicative ruling by the district court, the appellate court would then determine whether a stay of appeal and/or remand is warranted. The government, however, failed to follow the correct procedures. As a result, this Court has no choice but to vacate the Second Final Order of Forfeiture.

WHEREFORE, the Trustee respectfully requests that the Court vacate the Second Final Order of Forfeiture and grant such other and further relief to which the Trustee is entitled and is otherwise just and proper under the circumstances.

Respectfully Submitted,

BERGER SINGERMAN, P.A.
*Counsel for Chapter 11 Trustee*
200 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Telephone:   (305) 755-9500
Facsimile:   (305) 714-4340

By:   */s/ Paul Steven Singerman*
        Paul Steven Singerman
        singerman@bergersingerman.com
        Florida Bar No. 378860
        Sharon Kegerreis
        skegerreis@bergersingerman.com
        Florida Bar No. 852732
        Isaac Marcushamer
        imarcushamer@bergersingerman.com
        Florida Bar No. 0060373

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of June, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and therefore the foregoing has been furnished on such date via the Court's CM/ECF system to all electronic filing participants in this case.

*/s/ Paul Steven Singerman*

Paul Steven Singerman
