UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA

vs.

SCOTT W. ROTHSTEIN,

      Defendant.
_____/

## ORDER GRANTING MOTION TO VACATE SECOND FINAL ORDER OF FORFEITURE

This matter is before the Court on the Chapter 11 Trustee's Motion to Vacate Second Final Order of Forfeiture [DE 762] ("Motion"). The Court has reviewed the Motion, the Government's Response in Opposition to Chapter 11 Trustee's Motion to Vacate Second Final Order of Forfeiture [DE 768] ("Response"), the Trustee's Reply [DE 771], the docket in the case, and is otherwise advised in the premises.

In the Motion, the Trustee asserts that because "the Eleventh Circuit now has jurisdiction, this Court is without authority to take any further action relating to the criminal forfeiture, including entering the Second Final Order of Forfeiture."[1] Motion at 1. The United States, in its Response, submits that "[t]he district court's power to act pending appeal depends both on the type of issue before it and what is on appeal." Response at 5. More specifically, the United States acknowledges that "the filing of a

---

[1] The Court is mindful of the contradiction in entering multiple "final" orders of forfeiture. Notwithstanding, no party filed a response to the United States' Motion for First Final Order of Forfeiture [DE 700], which did not dispose of all the assets subject to forfeiture, nor did any party file a response to the United States' Motion for Second Final Order of Forfeiture [DE 742]. The Court therefore inferred that no party objected to the case proceeding in this manner. The Court recognizes, however, that the issue of subject matter jurisdiction, or lack thereof, may be raised at any time.

notice of appeal divests the trial court of jurisdiction 'over those aspects of the case involved in the appeal.'" Id. (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)).  The United States, however, contends that the Second Final Order of Forfeiture is not involved in the appeal.  See id. at 7 ("The assets that are the subject of the Second Final Order of Forfeiture do not in any way alter the substantive issues that are currently before the Eleventh Circuit in connection with the entry of the First Final Order of Forfeiture.").

The Court disagrees.  The Trustee asserted a claim to several properties listed in the Second Final Order of Forfeiture.  Compare Chapter 11 Trustee's Verified Claims and Petition for Adjudication of Interests [DE 192] ("Verified Petition"), with Second Final Order of Forfeiture [DE 757].  More recently, the Trustee appealed several of this Court's rulings, including the Court's Order Granting in Part and Denying in Part United States' Motion to Dismiss Chapter 11 Trustee's Verified Claims and Petition [DE 400] ("Dismissal of Verified Petition").  After the Trustee appealed those rulings to the Eleventh Circuit, this Court entered the Second Final Order of Forfeiture.  The Court now recognizes that it lacked subject matter jurisdiction to enter the Second Final Order of Forfeiture.  Indeed, if the Trustee prevails on its appeal, the Court will likely have to reallocate the assets listed in the Second Final Order of Forfeiture.  As the Trustee aptly points out, the Second Final Order of Forfeiture "references and necessarily depends upon the prior findings of this Court."  Reply at 771.  The appeal therefore divested this Court of jurisdiction to enter the Second Final Order of Forfeiture.  See Griggs, 459 U.S. at 58.

Accordingly, it is **ORDERED AND ADJUDGED** that the Chapter 11 Trustee's Motion to Vacate Second Final Order of Forfeiture [DE 762] is **GRANTED**. The Second Final Order of Forfeiture [DE 757] is **VACATED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of June, 2011.

JAMES I. COHN
United States District Judge