

**ORDERED in the Southern District of Florida on August 15, 2011.**

John K. Olson, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

IN RE:                              CASE NO. 06-12420-BKC-JKO
                                    CHAPTER 7

JAMES P. DRISCOLL,

       Debtor.
_____/

### ORDER GRANTING MOTION TO APPROVE ENTRY OF: (1) AGREED FINAL SUMMARY JUDGMENT AGAINST THE DEFENDANT, ROBERT C. FURR, SUCCESSOR CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF JAMES P. DRISCOLL AND (2) AGREED ORDER GRANTING THE UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Robert C. Furr's, Successor Chapter 7 Trustee of the Bankruptcy Estate of James P. Driscoll Motion to Approve Entry of: (1) Agreed Final Summary Judgment Against the Defendant, Robert C. Furr, Successor Chapter 7 Trustee of the Bankruptcy Estate of James P. Driscoll and (2) Agreed Order Granting the United States of America's Motion for Summary Judgment (D.E. #787) ("the Motion") in the adversary proceeding number 10-03653-JKO. The Court, having considered the Motion, being advised as

1



to the agreement of the parties, having noted that no objections have been filed, and otherwise being fully advised in the premises, it is:

**ORDERED AND ADJUDGED** as follows:

1. The Motion to Approve Entry of: (1) Agreed Final Summary Judgment Against the Defendant, Robert C. Furr, Successor Chapter 7 Trustee of the Bankruptcy Estate of James P. Driscoll and (2) Agreed Order Granting the United States of America's Motion for Summary Judgment (D.E. #787) is GRANTED.

2. The proposed Agreed Order Granting United States of America's Motion for Summary Judgment and proposed Agreed Final Summary Judgment Against the Defendant, Robert C. Furr, Successor Chapter 7 Trustee of the Bankruptcy Estate of James P. Driscoll are being filed in the adversary proceeding contemporaneously with the filing of this Order.

###

**Submitted by:**

Grisel Alonso, Esq.
Assistant United States Attorney
U.S. Attorney's Office
99 NE 4th Street, Suite 300
Miami, FL  33132
Tel. No. (305) 961-9310
Fax No. (305) 530-7139
grisel.alonso@usdoj.gov

Grisel Alonso, Esq., Assistant United States Attorney, who is directed to serve a copy herein upon all interested parties.

- Alberta L. Adams    aadams@mpdlegal.com, jnelson@mpdlegal.com
- Grisel Alonso    grisel.alonso@usdoj.gov, julie.barranco@usdoj.gov
- Marc P Barmat    ndixon@furrcohen.com, mbarmat@furrcohen.com
- Mariane L Dorris    bankruptcynotice@lseblaw.com
- Manuel Farach    mfarach@richmangreer.com, cfeld@richmangreer.com;cgottlieb@richmangreer.com
- Robert C Furr    trustee@furrtrustee.com,

  FL21@ecfcbis.com;rcfurr@ecf.epiqsystems.com
- Gregory M Garno    ggarno@gjb-law.com, gjbecf@gjb-law.com
- John L. Heller    john.heller@marcumllp.com, fl03@ecfcbis.com
- Phillip M. Hudson III    pmhudson@arnstein.com, rkcummings@arnstein.com;jtunis@arnstein.com;hbabcock@arnstein.com;hpiloto@arnstein.com;akang@arnstein.com
- Phillip M. Hudson III    pmhudson@arnstein.com, rkcummings@arnstein.com;jtunis@arnstein.com
- Rachael Amy Kamons    rachael.a.kamons@usdoj.gov, Southern.Taxcivil@usdoj.gov
- Mark A Levy    mark.levy@brinkleymorgan.com, sandra.gonzalez@brinkleymorgan.com
- Laudy Luna    ll@lgplaw.com, sql@lgplaw.com
- Glenn D Moses    gmoses@gjb-law.com, gjbecf@gjb-law.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- David Samole    das@kttlaw.com, mc@kttlaw.com;ycc@kttlaw.com
- Reggie David Sanger    ecfmail@reggiedsangerpa.com, rdsoffice@gmail.com
- Carlos E. Sardi    csardi@gjb-law.com, gjbecf@gjb-law.com;ekelly@gjb-law.com
- Chapman L Smith    csmith@csmithassoc.com
- Harris K Solomon    harris.solomon@brinkleymorgan.com, kaley.lombardo@brinkleymorgan.com

Served via U.S. Mail:
Brett Devereux Divers
100 N Tampa St #2010
Tampa, FL 33602

Brandon Jonathon Held
100 N Tampa St #2010
Tampa, FL 33602

Andrew C Lourie
2 S Biscayne Blvd 35 FL
Miami, FL 33131



**ORDERED in the Southern District of Florida on August 15, 2011.**

John K. Olson, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Case No. 06-12420-BKC-JKO |
| | Chapter 7 |
| JAMES P. DRISCOLL, | |
|      Debtor(s)._____/ | |
| UNITED STATES OF AMERICA | Adv. No. 10-03653-JKO |
|      Plaintiff, | |
| vs. | |
| ROBERT C. FURR, Chapter 7 Trustee | |
| and James P. Driscoll | |
|      Defendant._____/ | |
| ROBERT C. FURR, SUCCESSOR | |
| TRUSTEE, and THE UNITED STATES | |
| OF AMERICA *ex rel.* ROBERT C. FURR, | |
| SUCCESSOR TRUSTEE | |
|      Third Party Plaintiff, | |
| vs. | |
| LIBERTY MUTUAL INSURANCE | |
| COMPANY AND MARIKA TOLZ | |
|      Third Party Defendants._____/ | |

1

## AGREED ORDER GRANTING UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** came before the Court upon the Plaintiff, United States of America's Motion for Summary Judgment (D.E. #108) ("the Motion") in the adversary proceeding number 10-03653-JKO. The Court, having considered the Motion and supporting evidence, being advised as to the agreement of the parties, having noted that no objections have been filed, and having separately entered an Order Granting Motion to Approve Entry of (1) Agreed Final Summary Judgment Against the Defendant, Robert C. Furr, Successor Chapter 7 Trustee of the Bankruptcy Estate of James P. Driscoll and (2) Agreed Order Granting the United States of America's Motion for Summary Judgment in the main case number 06-12420-BKC-JKO and otherwise being fully advised in the premises, makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. On June 6, 2006, James P. Driscoll filed a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code in the bankruptcy case styled *In re James P. Driscoll*, Case No. 06-12420-BKC-JKO ("the Bankruptcy Case").

2. On June 7, 2006, Marika Tolz ("Tolz") was appointed to serve as Chapter 7 Trustee of the Estate.

3. On June 15, 2010, Robert C. Furr ("Furr") was appointed as the Successor Chapter 7 Trustee of the Estate following the resignation of Tolz.

4. On October 18, 2010, the United States commenced the instant adversary action.

5. On November 4, 2010, Furr filed his Answer to Adversary Complaint and Third Party Complaint.

2

## FACTS SUPPORTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

6. The United States, acting through the United States Marshals Service ("the Marshals"), engaged the services of Tolz through her company, State Wide Realty Corp., to assist the Marshals in administering certain businesses and assets forfeited in *United States v. Scott W. Rothstein*, Case No. 09-60331-CR-COHN (S.D. Fla.) ("the Rothstein Case").

7. One of the assets sought for forfeiture was a $1,000,000.00 charitable donation made to Holy Cross Hospital by or through Scott W. Rothstein. A Preliminary Order of Forfeiture and Judgment was entered in the Rothstein Case forfeiting all of Scott W. Rothstein's right, title and interest in that charitable donation as well as in the other named assets.

8. Tolz was authorized to hold in escrow for the Marshals the forfeited $1,000,000.00 charitable donation made to Holy Cross Hospital until a Final Order of Forfeiture was entered in the Rothstein Case.

9. On April 21, 2010, Dale S. Webber, Esq., counsel for Holy Cross Hospital, received wire transfer instructions from Tolz' office for the transmission of the $1,000,000.00 into an account titled Marika Tolz General Trust Account, maintained at First Citizens Bank, Hollywood, FL 33020, Account Number xxxxx4401 ("the First Citizens Account").

10. On May 18, 2010, the 4401 Account had beginning balance of $399.52. That same day, the following checks were deposited:

   1. Check #104 from Monticello 856 LLC Bank of America Account ending #5589 for $275,000.00;

   2. Check #1846 from State Wide Financial Services Bank Atlantic Account ending #6760 for $100,000.00;

   3. Check #1847 from State Wide Financial Services Bank Atlantic Account ending #6760 for $856.00;

   4. Check #101 from Wilkinson Bank of America Account

3

ending #5824 for $192,000.00; and,

5. Check #195 from Douglas Centre RB-Gem LLC Bank of America Account ending #5877 for $400,000.00.

11. On May 18, 2010, the 4401 bank statement showed a $968,255.52 balance.

12. On May 19, 2010, all Tolz bankruptcy accounts were frozen. On May 21, 2010, the following deposit items were returned and Bank of America refused to honor the following items:

1. Check #104 from Monticello 856 LLC Bank of America Account ending #5589 for $275,000.00;

2. Check #101 from Wilkinson Bank of America Account ending #5824 for $192,000.00; and,

3. Check #195 from Douglas Centre RB-Gem LLC Bank of America Account ending #5877 for $400,000.00.

13. On May 20, 2010, Holy Cross Hospital, through Buchanan Ingersoll & Rooney, P.C., wire transferred the sum of $1,000,000.00 to the First Citizens Bank.

14. On May 20, 2010, the First Citizens Account had a daily balance of $1,000,389.52. The next day, May 21, 2010, the First Citizens Account had a daily balance of $133,299.52.

15. On May 20, 2010, check number 2485 issued by Tolz from the First Citizens Account in the amount of $967,856.00 "the Driscoll Check" for deposit into this Estate's Bank of America, N.A. Account Number xxxxx4028 ("the Estate Account") was posted to the First Citizens Account.

16. Following the discovery of the withdrawal of the Driscoll Check from the First Citizens Account, the Marshals made demand upon Tolz to remit the sum of $1,000,000.00 wire transferred into the First Citizens Account. Tolz failed to turn over the funds to the Marshals.

4

17. In June, 2010, the Marshals terminated its contract with Tolz d/b/a State Wide Realty Corp.

18. On March 3, 2011, Tolz was charged by way of Information with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 in *United States v. Marika Tolz*, Case No. 11-20160-CR-MARTINEZ (S.D. Fla.) ("the Criminal Case").

19. On May 5, 2011, Tolz pled guilty in the Criminal Case and admitted to causing the Diverted Funds to be used to satisfy a previously issued check in the amount of $967,856.00 and replace monies that Tolz misappropriated from the Estate Account.

20. There were no withdrawals from the Estate Account after the Driscoll Check. The funds represented by the Driscoll Check, plus interest, were transferred by Furr from the Estate Account into the Estate's Money Market Account, Bank of America, N.A. Account Number xxxxx4255. The funds represented by the Driscoll Check, plus accrued interest, remain on deposit in the Account Number xxxx4255.

21. The Marshals is not indebted or liable to the Estate.

22. Furthermore, the Estate has not provided anything of value to the Marshals.

## CONCLUSIONS OF LAW

### A. Standard of Review

23. Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." The Supreme Court held that Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied,* 108 S. Ct. 1028 (1988). The Court further stated that "Rule 56 (c) therefore requires a non-moving party to go beyond the pleadings and by [its] own affidavits or by the `depositions, answers to interrogatories, and admissions on file' designate `specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. By its very terms, this standard provides that the mere existence of "*some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), *cert. denied,* 107 S. Ct. 1955 (1987).

### B. Unjust Enrichment

24. In Florida, the elements of a cause of action for unjust enrichment are: "(1) the Plaintiff has conferred a benefit on the Defendant; (2) the Defendant has knowledge of the benefit; (3) the Defendant has accepted and retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the Defendant to retain the benefit without paying fair value." *Media Services Group, Inc. v. Bay Cities Communications, Inc.*, 237 F.3d 1326, 1330-31 (11th Cir. 2001); *citing Swindell v. Crowson*, 712 So.2d 1162, 1163 (Fla. 2d DCA 1998); *United States v. Shibata*, 133 F.Supp.2d 1311, 1316 (M.D. Fla. 2000).

25. The sum of $866,600.48 ("the Diverted Funds") [1] was wrongfully transferred from the forfeited $1,000,000.00 charitable donation which was to be held in escrow by Tolz for the Marshals until a Final Order of Forfeiture was entered in the Rothstein Case, and deposited into the Driscoll Estate.

26. The United States has conferred a benefit on the Estate. Without the Diverted Funds, the Estate would have been overdrawn by the sum of $866,600.48. The Estate, through Tolz, had knowledge of the transfer and deposit of the Diverted Funds into the Estate Account. In this case, the Estate has retained the Diverted Funds since they were wrongfully transferred and deposited into the Estate Account on May 20, 2010. It would be inequitable for the Estate to retain the benefit of the Diverted Funds and not reimburse the United States. There was no legitimate basis for the transfer of the Diverted Funds into the Estate Account as the Marshals was not indebted to the Estate.

---

[1] The amount of the Diverted Funds is calculated as follows: $100,856.00 was deposited by Ms. Tolz from Statewide Realty into the 4401 Account on May 18, 2010 and there was a $399.52 balance in the 4401 Account prior to that deposit. Florida law is clear that when funds are commingled in a bank account, FIFO must be applied to trace the use of commingled funds. Section 670.504, Florida Statutes, provides:

> 670.504 Order in which items and payment orders may be charged to account; order of withdrawals from account.—
>
> (1) If a receiving bank has received more than one payment order of the sender or one or more payment orders and other items that are payable from the sender's account, the bank may charge the sender's account with respect to the various orders and items in any sequence
>
> .
> (2) In determining whether a credit to an account has been withdrawn by the holder of the account or applied to a debt of the holder of the account, credits first made to the account are first withdrawn or applied.

Thus, the maximum amount of the Diverted Funds is $866,600.48 (the $967,856.00 amount of the Driscoll Check less the $101,255.52 in prior funds in the 4401 Account under FIFO).

7

27. Based upon the foregoing, the United States has established its claim for unjust enrichment. Accordingly, the United States is entitled to Summary Judgment on Count II of its Adversary Complaint.

Based upon the foregoing Findings of Fact and Conclusions of Law, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff, the United States of America's Motion for Summary Judgment (D.E. 108) is hereby **GRANTED**.

2. A separate Final Summary Judgment in accordance with Fed.R.Civ.P. 54(b) shall be entered contemporaneously.

3. The Driscoll Estate is hereby directed to transfer the sum of $866,600.48 to the United States of America, on the date said Final Summary Judgment becomes final and non-appealable.

4. The balance of the claims of the United States of America in connection with matters alleged in the Adversary Complaint, including without limitation claims for any additional civil damages, pre-judgment interest, costs and attorneys' fees are dismissed, with prejudice.

5. The Court reserves jurisdiction to address all matters relating to the Third Party Complaint.

###

**Submitted by:**

Grisel Alonso, Esq.
Assistant United States Attorney
U.S. Attorney's Office
99 NE 4th Street, Suite 300
Miami, FL  33132

Tel. No. (305) 961-9310
Fax No. (305) 530-7139
grisel.alonso@usdoj.gov

Grisel Alonso, Esq., Assistant United States Attorney, who is directed to serve a copy herein upon all interested parties.

Served via ECF and/or U.S. Mail:
- Alberta L. Adams    aadams@mpdlegal.com, jnelson@mpdlegal.com
- Grisel Alonso    grisel.alonso@usdoj.gov, julie.barranco@usdoj.gov
- Marc P Barmat    ndixon@furrcohen.com, mbarmat@furrcohen.com
- Manuel Farach    mfarach@richmangreer.com, cfeld@richmangreer.com;cgottlieb@richmangreer.com
- Laudy Luna    ll@lgplaw.com, sql@lgplaw.com

Served via U.S. Mail:
Brett Devereux Divers
100 N Tampa St #2010
Tampa, FL 33602

Brandon Jonathon Held
100 N Tampa St #2010
Tampa, FL 33602

Andrew C Lourie
2 S Biscayne Blvd 35 FL
Miami, FL 33131



**ORDERED in the Southern District of Florida on August 15, 2011.**

John K. Olson, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Case No. 06-12420-BKC-JKO |
| | Chapter 7 |
| JAMES P. DRISCOLL, | |
| _____Debtor(s)._____ / | |
| UNITED STATES OF AMERICA | Adv. No. 10-03653-JKO |
| Plaintiff, | |
| vs. | |
| ROBERT C. FURR, Chapter 7 Trustee and James P. Driscoll | |
| _____Defendant._____ / | |
| ROBERT C. FURR, SUCCESSOR TRUSTEE, and THE UNITED STATES OF AMERICA *ex rel.* ROBERT C. FURR, SUCCESSOR TRUSTEE | |
| Third Party Plaintiff, | |
| vs. | |
| LIBERTY MUTUAL INSURANCE COMPANY AND MARIKA TOLZ | |
| _____Third Party Defendants._____ / | |

1

## AGREED FINAL SUMMARY JUDGMENT AGAINST THE DEFENDANT, ROBERT C. FURR, SUCCESSOR CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF JAMES P. DRISCOLL

**THIS CAUSE** came before the Court upon the Plaintiff, United States of America's Motion for Summary Judgment (D.E. 108) ("the Motion") against the Defendant, Robert C. Furr, the Successor Trustee of the Estate of James P. Driscoll. The Court, having considered the Motion and supporting evidence, and having separately entered an Order Granting Motion to Approve Entry of (1) Agreed Final Summary Judgment Against the Defendant, Robert C. Furr, Successor Chapter 7 Trustee of the Bankruptcy Estate of James P. Driscoll and (2) Agreed Order Granting the United States of America's Motion for Summary Judgment in the main case number 06-12420-BKC-JKO and an Agreed Order Granting the United States of America's Motion for Summary Judgment in this adversary proceeding, the findings of which are adopted and incorporated herein by reference, and otherwise being fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff, the United States of America, is entitled as a matter of law to the entry of Final Summary Judgment in its favor and against the Defendant, Robert C. Furr, the Successor Trustee of the Estate of James P. Driscoll in the amount of $866,600.48.

2. Plaintiff, the United States of America, shall recover from the Defendant, the sum of $866,600.48 that shall bear interest at the legal rate as prescribed by 28 U.S.C. § 1961, for which let execution issue forthwith.

3. Payment on this judgment shall be made by check made payable to the U.S. Marshals Service, c/o Grisel Alonso, Assistant United States Attorney, 99 NE 4th Street, Suite

2

300, Miami, FL 33132. Upon receipt of the amount set forth in paragraph 2 above, including interest thereon, the United States of America shall file an acknowledgment that the Judgment against the Defendant has been satisfied in full.

4. The balance of the claims of the United States of America in connection with matters alleged in the Adversary Complaint, including without limitation claims for any additional civil damages, pre-judgment interest, costs and attorneys' fees are dismissed, with prejudice.

5. The Court reserves jurisdiction to address all matters relating to the Third Party Complaint.

###

**Submitted by:**
Grisel Alonso, Esq.
Assistant United States Attorney
U.S. Attorney's Office
99 NE 4th Street, Suite 300
Miami, FL 33132
Tel. No. (305) 961-9310; Fax No. (305) 530-7139
grisel.alonso@usdoj.gov

**Copy to:**

Grisel Alonso, Esq., Assistant United States Attorney, who is directed to serve a copy herein upon all interested parties.

Served via ECF and/or U.S. Mail:
- Alberta L. Adams    aadams@mpdlegal.com, jnelson@mpdlegal.com
- Grisel Alonso    grisel.alonso@usdoj.gov, julie.barranco@usdoj.gov
- Marc P Barmat    ndixon@furrcohen.com, mbarmat@furrcohen.com
- Manuel Farach    mfarach@richmangreer.com, cfeld@richmangreer.com;cgottlieb@richmangreer.com
- Laudy Luna    ll@lgplaw.com, sql@lgplaw.com

Served via U.S. Mail:

| | | |
|---|---|---|
| Brett Devereux Divers | Brandon Jonathon Held | Andrew C Lourie |
| 100 N Tampa St #2010 | 100 N Tampa St #2010 | 2 S Biscayne Blvd 35 FL |
| Tampa, FL 33602 | Tampa, FL 33602 | Miami, FL 33131 |

3



**ORDERED in the Southern District of Florida on August 15, 2011.**

John K. Olson, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Case No. 06-12420-BKC-JKO |
| | Chapter 7 |
| JAMES P. DRISCOLL, | |
| Debtor(s). / | |
| UNITED STATES OF AMERICA | Adv. No. 10-03653-JKO |
| Plaintiff, | |
| vs. | |
| ROBERT C. FURR, Chapter 7 Trustee and James P. Driscoll | |
| Defendant. / | |
| ROBERT C. FURR, SUCCESSOR TRUSTEE, and THE UNITED STATES OF AMERICA *ex rel.* ROBERT C. FURR, SUCCESSOR TRUSTEE | |
| Third Party Plaintiff, | |
| vs. | |
| LIBERTY MUTUAL INSURANCE COMPANY AND MARIKA TOLZ | |
| Third Party Defendants. / | |

1

## AGREED FINAL SUMMARY JUDGMENT AGAINST THE DEFENDANT, ROBERT C. FURR, SUCCESSOR CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF JAMES P. DRISCOLL

**THIS CAUSE** came before the Court upon the Plaintiff, United States of America's Motion for Summary Judgment (D.E. 108) ("the Motion") against the Defendant, Robert C. Furr, the Successor Trustee of the Estate of James P. Driscoll. The Court, having considered the Motion and supporting evidence, and having separately entered an Order Granting Motion to Approve Entry of (1) Agreed Final Summary Judgment Against the Defendant, Robert C. Furr, Successor Chapter 7 Trustee of the Bankruptcy Estate of James P. Driscoll and (2) Agreed Order Granting the United States of America's Motion for Summary Judgment in the main case number 06-12420-BKC-JKO and an Agreed Order Granting the United States of America's Motion for Summary Judgment in this adversary proceeding, the findings of which are adopted and incorporated herein by reference, and otherwise being fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff, the United States of America, is entitled as a matter of law to the entry of Final Summary Judgment in its favor and against the Defendant, Robert C. Furr, the Successor Trustee of the Estate of James P. Driscoll in the amount of $866,600.48.

2. Plaintiff, the United States of America, shall recover from the Defendant, the sum of $866,600.48 that shall bear interest at the legal rate as prescribed by 28 U.S.C. § 1961, for which let execution issue forthwith.

3. Payment on this judgment shall be made by check made payable to the U.S. Marshals Service, c/o Grisel Alonso, Assistant United States Attorney, 99 NE 4th Street, Suite

300, Miami, FL 33132. Upon receipt of the amount set forth in paragraph 2 above, including interest thereon, the United States of America shall file an acknowledgment that the Judgment against the Defendant has been satisfied in full.

4. The balance of the claims of the United States of America in connection with matters alleged in the Adversary Complaint, including without limitation claims for any additional civil damages, pre-judgment interest, costs and attorneys' fees are dismissed, with prejudice.

5. The Court reserves jurisdiction to address all matters relating to the Third Party Complaint.

###

**Submitted by:**
Grisel Alonso, Esq.
Assistant United States Attorney
U.S. Attorney's Office
99 NE 4th Street, Suite 300
Miami, FL 33132
Tel. No. (305) 961-9310; Fax No. (305) 530-7139
grisel.alonso@usdoj.gov

**Copy to:**

Grisel Alonso, Esq., Assistant United States Attorney, who is directed to serve a copy herein upon all interested parties.

Served via ECF and/or U.S. Mail:
- Alberta L. Adams    aadams@mpdlegal.com, jnelson@mpdlegal.com
- Grisel Alonso    grisel.alonso@usdoj.gov, julie.barranco@usdoj.gov
- Marc P Barmat    ndixon@furrcohen.com, mbarmat@furrcohen.com
- Manuel Farach    mfarach@richmangreer.com, cfeld@richmangreer.com;cgottlieb@richmangreer.com
- Laudy Luna    ll@lgplaw.com, sql@lgplaw.com

Served via U.S. Mail:

| Brett Devereux Divers | Brandon Jonathon Held | Andrew C Lourie |
| 100 N Tampa St #2010 | 100 N Tampa St #2010 | 2 S Biscayne Blvd 35 FL |
| Tampa, FL 33602 | Tampa, FL 33602 | Miami, FL 33131 |