# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60331-CR-COHN

UNITED STATES OF AMERICA,

     Plaintiff,

v.

SCOTT W. ROTHSTEIN,

     Defendant.

_____/

## IRA SOCHET INTER VIVOS REVOCABLE TRUST AND INVESTORS RISK ADVANTAGE, LP's MOTION TO AMEND RESTITUTION CLAIM AMOUNT

Restitution claimants and victims Ira Sochet Inter Vivos Revocable Trust and Investors Risk Advantage, LP (the "Sochet Entities") by and through undersigned counsel, and pursuant to 18 U.S.C. § 3664(d)(5), hereby file this Motion to Amend Restitution Claim Amount, and in support thereof state as follows:

### I.       Relevant Factual Background and Procedural History

1.     This case was initiated on December 1, 2009, with the filing of an Information as to Scott W. Rothstein. [D.E. 1].

2.     As part of these proceedings, the United States of America quickly sought to have the assets of Scott. W. Rothstein forfeited and liquidated, for distribution to his victims, pursuant to 18 U.S.C. § 3664. *See, e.g,*, [D.E. 1]; [D.E. 34]; [D.E. 82]; [D.E. 90].

3.     In order to participate in the restitution procedure as an allowed victim entitled to claim restitution funds, the Sochet Entities were provided with a victim questionnaire by the United States.  The Sochet Entities completed the victim questionnaire which detailed their losses, and returned the questionnaire to the United States before the deadline to do so expired.

4.      On August 30, 2010, this Court conducted a final restitution hearing.  As a result of that hearing, this Court ordered that restitution be provided to the victims identified by the United States as having allowed claims.  [D.E. 598; adopting D.E. 589].

5.      The Sochet Entities have an allowed claim as victims in this proceeding.

6.      The Sochet Entities are also claimants in the RRA bankruptcy proceedings, case number 09-34791.  In a time frame which proceeded concurrently with the forfeiture proceedings in the instant case, the trustee in the bankruptcy proceeding filed separate adversary proceedings against the Sochet Entities.

7.      The Sochet Entities and the Trustee settled both of the adversary proceedings amicably, and the Bankruptcy Court entered an order approving the settlement on November 30, 2011.  A true and correct copy of the Bankruptcy Court's order is attached as Exhibit "**A**", Case No. 09-34791 [D.E. 2416].  A true and correct copy of the joint motion filed by the Sochet Entities and the trustee to approve the settlement is attached hereto as Exhibit "**B**", Case No. 09-34791 [D.E. 2214].

8.      The settlement between the Trustee and the Sochet Entities required the Sochet Entities to pay the Trustee $25 million.  These monies were actually paid to the Trustee on or about December 15, 2011, more than one year after this Court entered its order approving and allowing the Sochet Entities' restitution claims.  This $25 million payment was caused and/or necessitated by defendant Rothstein's actions.

## II.      Legal Discussion[1]

---

1.      As with any exercise of Court authority, there is a threshold requirement that this Court have jurisdiction to enter an Order.  The Sochet Entities note that the trustee has appealed certain orders in this case, in particular Docket Entries 708; 637; 579; 578; 400; and 305.  In the context of restitution proceedings, an appeal of an order may divest the district court of authority to substantively modify the appealed order.  *U.S. v. Patel*, 2009 WL 3232792 (W.D. La. 2009).  The Trustee has *not* appealed the Order adopting the list of approved claimants and claim amounts, [D.E. 598, adopting D.E. 589].  Thus, notwithstanding the Trustee's appeal of other Orders, it appears that this Court still

On or about March 28, 2011, the United States of America issued a letter setting forth the instructions for claiming supplemental losses. Those instructions provide that pursuant to 18 U.S.C. § 3664(d)(5), if a victim subsequently discovers further losses, said victim shall have 60 days after discovery of those losses to petition the court for an amended restitution order. As discussed above, the Sochet Entities recently made a payment to the trustee pursuant to the settlement agreement between those parties. Accordingly, the Sochet Entities now seek to amend their restitution claim to include this subsequent further loss, which accrued well after this Court's order approving claims and within the last sixty days. The Sochet Entities do so based upon the forfeiture/restitution statute itself as well as the case law interpreting said statute.

18 U.S.C. 3664(d)(5) provides in relevant part as follows:

> If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

Here, the loss was not discovered until after the Court entered its restitution order and therefore constitutes a subsequently discovered loss. Moreover, the loss was not actually incurred until December, 2011, at the time it was paid, and therefore it constitutes a further loss.

The clawback action by the Trustee was not filed until September 2011. Until that action was filed and subsequently settled, the Sochet Entities' additional losses were only speculative. At the time of Rothstein's sentencing, there was a possibility that the Trustee might sue the Sochet Entities on various theories. The potential losses stemming from any such lawsuit would have been anyone's guess[2]. A restitution claim based on these speculative additional losses

---

retains jurisdiction to modify the unappealed Order approving claimants and claim amounts, [D.E. 598, adopting D.E. 589].

[2] In fact, early in this case, the Trustee had suggested he might pursue claims against the Sochet Entities in excess of $200 million. Even as filed, the adversary complaints against the Sochet Entities sought approximately $123

would have been improper. *U.S. v. Matt*, 38 Fed. Appx. 446 (9th Cir. 2002) (holding that the statutory restitution claim does not allow for restitution based on speculation and not proof, but that the victim is free to amend the restitution claim at a later date to include subsequent further losses).  Where, at the time of sentencing, additional losses are a mere possibility, there is not sufficient proof to allow the inclusion of those losses in the original restitution claim.  *U.S. v. Follet*, 269 F.3d 996, 1002 (9th Cir. 2001).

After the settlement, these additional losses created by the clawback action came into existence and were liquidated.  Furthermore, it was not until December 15, 2011, when the Sochet Entities made the payment to the Trustee that the Sochet Entities had actually realized, or "discovered" these subsequent further losses and could proceed to attempt to amend their restitution claim.  At any time prior, and even more so at the time the Sochet Entities' restitution claim was originally approved, the clawback action by the Trustee had only been threatened and any potential losses would have been speculative.  This interpretation is consistent with the remedial purposes of the statute in allowing victims to receive "full restitution."  In addition to requiring the Sochet Entities to timely petition this Court to amend its restitution claim, the statute also imposes a "good cause" requirement on the Sochet Entities to explain why the additional amount was not included in their initial claim.

Allowing this subsequent further loss is also consistent with the underlying purpose of the restitution statute itself.  In *Dolan v. United States*, 130 S.Ct. 2533 (2010), the Supreme Court discussed the timing elements of the restitution statute, and stated that they should be liberally construed to give full force and effect to the statute's remedial purposes.  "The statute's text places primary weight upon, and emphasizes the importance of, imposing restitution upon those

---

million, exclusive of interest.  Any restitution claim based on these speculative losses would have proved to be well over the actual losses sustained by the Sochet Entities as a result of the Trustee's lawsuits.

convicted of certain federal crimes." *Id.* at 2539. "The Act goes on to provide that restitution shall be ordered 'in the full amount of each victim's losses' and 'without consideration of the economic circumstances of the defendant.'" *Id.* "The statute seeks primarily to assure that victims of a crime receive *full* restitution." *Id.* (emphasis supplied). Discussing the timing requirements of the section of 18 U.S.C. 3664(d)(5) this motion travels under, the Court stated "[t]he sentence imposes no time limit on the victim's subsequent discovery of losses. Consequently, a court might award restitution for those losses long after the original sentence was imposed . . . [t]hat fact, along with the Act's main substantive objectives, is why we say that the Act's efforts to secure speedy determination of restitution is *primarily* designed to help victims of crime secure prompt restitution…."

There is scant case law discussing the "good cause" requirement in the context of 18 U.S.C. 3664(d)(5). *See, e.g., U.S. v. Patel*, 2009 WL 3232792 (W.D. La. 2009) (finding good cause where a victim did not receive timely notice); *U.S. v. Eisenberg*, 2008 WL 2605125 (S.D.N.Y. 2008). Case law discussing the requirement, however, indicates that the bar is low and may not even require a hearing. *Eisenberg* 2008 WL 2605125 at *5, (stating, [an affidavit] is a sufficient answer to the defendant's inquiry and there is no need to pursue the matter through a hearing"). Where the United States does not list an entire restitution claim because it is unable to ascertain the exact loss at the time, a later proof of loss from a victim satisfies the good cause requirement. *See, U.S. v. Minor*, 2009 WL 4405922 (W.D. N.C. 2009). Here, the Sochet Entities can satisfy the good cause requirement because they were not aware of the losses they would incur as a result of the adversary proceedings instituted by the Trustee until those proceedings were settled and the Sochet Entities made the payment to the Trustee. All of these

5

circumstances, including the filing of the adversary proceedings, occurred well after this Court entered its order on the restitution claims.

### III.   <u>Conclusion</u>

The Sochet Entities through this motion have timely invoked the procedure in 18 U.S.C. 3664(d)(5) to amend their restitution claim.  As a result, this Court should amend the final order of restitution, and provide that the Sochet Entites' claim be increased by $25,000,000.00 substantially in the form of the proposed order which is attached hereto as Exhibit "**C**."

The Movant has been in communications with the Assistant U.S. Attorneys in this matter regarding the relief sought in this Motion.  The United States of America has not yet had an opportunity to arrive at a final decision as to whether it objects to the relief sought herein.  The parties anticipate they will continue to discuss the issues raised in this Motion even after it has been filed.  The Movant is only filing this Motion at this time to comply with the time limits set forth in 18 U.S.C. § 3664 and will continue to work with the United States of America to address any objections it may have.

WHEREFORE, the Sochet Entities respectfully request that this Court enter the attached proposed order increasing the restitution claim of the Sochet Entities by $25,000,000.00.   In order to effectuate this Order, the Sochet Entities further request that this Court direct the United States of America to supply the appropriate VNS identification number, and appropriate increased amount of restitution to the Clerk of Court.

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 24th day of January, 2012, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and therefore the foregoing has been furnished on such date via the Court'S CM/ECF system to all electronic

filing participants in this case.  A copy was also sent via U.S. Mail to Alison W. Lehr, Assistant

U.S. Attorney, 99 N.E. 4th Street, Miami, FL 33132.

/s/ Lawrence A. Gordich
LAWRENCE A. GORDICH, ESQ.
Florida Bar No. 378097
MELISSA ALAGNA, ESQ.
Florida Bar No. 40555
*Attorneys for the Sochet Entities*
SEGALL GORDICH, P.A.
801 Brickell Avenue, Suite 900
Miami, FL 33131
Tel: (305) 755-4930
Fax: (305) 438-7438