UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60331-CR-COHN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SCOTT W. ROTHSTEIN,

    Defendant.
_____/

### IRA SOCHET INTER VIVOS REVOCABLE TRUST AND INVESTORS RISK ADVANTAGE, LP's REPLY TO GOVERNMENT'S RESPONSE

    Restitution claimants and victims Ira Sochet Inter Vivos Revocable Trust and Investors Risk Advantage, LP (the "Sochet Entities") by and through undersigned counsel hereby file their Reply to the *Government's Response to Ira Sochet Inter Vivos Revocable Trust and Investors Risk Advantage, L.P.'s Motion to Amend Restitution Claim* (D.E. 800) and state as follows:

    By way of clarification, the $25 million paid to the Bankruptcy Trustee to resolve the adversary proceedings against the Sochet Entities resolved avoidance claims brought by the Trustee to recover preferential and fraudulent transfers. Even before these adversaries were filed, the Sochet Entities were net losers of Rothstein's Ponzi scheme. This is evidenced by the proof of claim filed by the Sochet Trust on or about April 5, 2011, which is attached hereto as Exhibit "A." This proof of claim which was allowed by the Bankruptcy Court's Order Granting the Motion to Approve Settlement (Case No. 09-34791, D.E. 2416) establishes that the Sochet Trust lost $43,034,178.67 as part of Rothstein's scheme. Furthermore, at the hearing on the motion to approve the settlement, the Trustee testified that, in entering into the settlement, he took into consideration that the Sochet Entities were net losers for about $43 million. Relevant portions of the transcript of the testimony given before the Bankruptcy Court on November 28, 2011 are attached hereto as Exhibit "B."

    The settlement with the Trustee served to put the Sochet Entities $25 million further into the negative. The Trustee did not seek to clawback fictitious profits, of which the Sochet Entities received none. Instead, the Trustee sought to recover any payments made to the Sochet Entities, even those that served only to return the principal invested by the Sochet Entities. Therefore, the $25 million the Sochet Entities paid into the RRA bankruptcy estate as part of the settlement represented paid-in principal that had been returned to the Sochet Entities. The Sochet Entities were net losers and did not receive any profits or winnings from

1

their investments in the Rothstein Ponzi scheme and, therefore, there were no such profits available for the Trustee to attempt to clawback.

The Court set a response date of February 10, 2012 for the Sochet Entities' Motion to Amend Restitution Claim. Only one response was filed: the Government's response addressed above. Therefore, it appears no other parties in this matter have an objection to the relief requested in the Motion.

WHEREFORE, the Sochet Entities respectfully request this Court grant its Motion to Amend Restitution Claim.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of February, 2012, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and therefore the foregoing has been furnished on such date via the Court'S CM/ECF system to all electronic filing participants in this case. A copy was also sent via U.S. Mail to Alison W. Lehr, Assistant U.S. Attorney, 99 N.E. 4th Street, Miami, FL 33132.

/s/ Lawrence A. Gordich
LAWRENCE A. GORDICH, ESQ.
Florida Bar No. 378097
MELISSA ALAGNA, ESQ.
Florida Bar No. 40555
*Attorneys for the Sochet Entities*
SEGALL GORDICH, P.A.
801 Brickell Avenue, Suite 900
Miami, FL 33131
Tel: (305) 755-4930
Fax: (305) 438-7438