UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60331-CR-COHN

UNITED STATES OF AMERICA

vs.

SCOTT W. ROTHSTEIN,

          Defendant.
_____/

GOVERNMENT'S MOTION TO WITHDRAW ITS
MOTION FOR REDUCTION OF SENTENCE

COMES NOW the United States of America, by and through its undersigned Assistant United States Attorney, and hereby moves to withdraw its Motion for Reduction of Sentence and for Stay of Ruling which was filed on June 8, 2011 (DE 767).

On January 27, 2010, the defendant entered his plea of guilty in this case (DE 67). At the time of entry of this plea, the government retained its sole, unreviewable and binding discretion as to whether it would file a motion in the future to reduce the defendant's sentence based upon his cooperation with the government (see DE 73-76, under seal).[1] On June 9, 2010, the defendant was sentenced (DE 291). On June 8, 2011, the government filed a Motion for Reduction of Sentence and Stay of Ruling (DE 767). The aforesaid Motion was filed as a protective or placeholder motion in light of the fact that the one-year anniversary of the defendant's sentencing was about to expire. As noted in that Motion, while Rule 35(b)(2), Fed. R.Crim.P., allows a Rule 35 motion to be made more than one year after sentencing in the case where a defendant was in the process of attempting to cooperate with the government, "the instant motion is filed in an

---

1. Simultaneously herewith, the government is filing an unopposed motion to unseal DE 73-76.

abundance of caution to preserve this Court's jurisdiction under Fed.R.Crim.P. 35(b)(l), and to permit the Court to consider all of the defendant's cooperation in order to determine the appropriateness of a reduction of the defendant's sentence" (DE 767, p. 2, ¶ 5).  In that Motion, the government also expressly reserved its right to withdraw it "if, in the judgment of the United States, the defendant should fail to comply with the terms of his plea agreement, fail to testify truthfully, or falsely implicate any person or entity" (DE 767, p. 2, ¶ 7).  In the judgment of the United States, the defendant provided false material information to the government and violated the terms of his plea agreement.  Therefore, in the exercise of its sole discretion, the government moves to withdraw the previously filed motion.

In United States v. Hartwell, 448 F.3d 707 (4th Cir. 2006), as in the instant case, the government filed a Rule 35(b) motion within one year of the defendant's sentencing, which the court characterized as a "'placeholder,' intended to preserve the government's ability to seek a sentence reduction for Hartwell after he completed his cooperation and after the government was able to evaluate his assistance and provide full information to the district court." Id. at 718. Thereafter, based upon the government's judgment that the defendant had been untruthful in an affidavit which he filed with the court, the government moved to withdraw the Rule 35 motion. In affirming the district court's order granting the motion to withdraw and denying the defendant's motion for an evidentiary hearing, the Fourth Circuit held that "the language giving the government 'sole discretion' to file a Rule 35(b) motion also includes the discretion to file a motion to withdraw it."  Id.

Similarly, in United States v. Shropshire, 278 Fed.Appx. 520 (6th Cir. 2008), the government filed a Rule 35(b) motion on the defendant's behalf within one year of the defendant's sentencing, which the court characterized as a "saving" motion in order to protect the defendant's

2

ability to receive a downward departure in the event his ongoing assistance was deemed to be substantial.  Id. at 523.  Thereafter, the government moved to withdraw the Rule 35(b) motion based upon its inability to verify the defendant's purported cooperation with state law enforcement officers and its belief that the defendant had provided false information to federal authorities.  In upholding the district court's order granting the government's motion and denying the defendant an evidentiary hearing, the Sixth Circuit noted that, in the absence of any unconstitutional motives on the part of the government, the court "does not review for bad faith when the decision to file a motion vests within the sole discretion of the government."  Id. at 526.[2]  See also, United States v. Emerson, 349 F.3d 986, 988 (7th Cir. 2003) (affirming district court order granting government's motion to withdraw its placeholder Rule 35(b) motion and denying an evidentiary hearing, finding that the government retained 'sole discretion" as to whether to file the motion); United States v. Keller, 185 Fed.Appx. 290 (4th Cir. 2006) (affirming district court order granting government's

---

2. This rule follows the decision in Wade v. United States, 504 U.S. 181 (1992).  There, the Court was determining the ability of the district court to reduce a defendant's sentence pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e) based upon the defendant's alleged substantial assistance where the government refused to file a motion to that effect.  The Court noted that, in both of those sections, "the condition limiting the court's authority gives the Government a power, not a duty, to file a motion where the defendant has substantially assisted."  Id. at 185. The Court further held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive.  Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's religion or race.  It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing.  Nor would additional but generalized allegations of improper motive."  Id. at 185-86.  See also, Murphy v. United States, 634 F.3d 1303, 1313 (11th Cir. 2011) ("the Government has virtually unfettered discretion to determine whether the defendant rendered substantial assistance and whether to file [a sentence reduction] motion"), citing United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000) (the government's Rule 35(b) decision can be questioned "only to the extent that the government ... exercise[d] that power, or fail[ed] to exercise that power, for an unconstitutional motive"); United States v. Forney, 9 F.3d 1482, 1501 (11th Cir. 1993) ("the courts are precluded from intruding into prosecutorial discretion").

motion to withdraw its "conditional" Rule 35(b) motion, finding that "the Government retained absolute discretion as to whether to pursue a Rule 35(b) motion"); United States v. Farmer, 382 Fed.Appx. 303, 305 (4th Cir. 2010) (affirming district court order granting government's motion to withdraw placeholder Rule 35(b) motion and denying an evidentiary hearing after the defendant completed his cooperation but was disciplined by prison authorities for possessing marijuana, holding that, notwithstanding the government's prior representation that the defendant had provided assistance and that the Rule 35(b) motion was ripe for disposition, "such a representation does not affect the Government's discretion to withdraw its motion prior to the court ruling on the motion").

WHEREFORE, based upon the above and foregoing, the government respectfully moves to withdraw the previously filed Motion for Reduction of Sentence (DE 767).

The undersigned has consulted with Marc S. Nurik, attorney for the defendant, who advised that the defendant objects to the Court's granting the instant motion.

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

BY:   /s/ Lawrence D. LaVecchio
LAWRENCE D. LaVECCHIO
ASSISTANT U.S. ATTORNEY
Florida Bar No 0305405
E-mail: lawrence.lavecchio@usdoj.gov
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7255
Fax: (954) 356-7230

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on September 26, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                BY:    /s/ Lawrence D. LaVecchio
                        LAWRENCE D. LaVECCHIO
                        ASSISTANT U.S. ATTORNEY