UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60331-CR-COHN

UNITED STATES OF AMERICA

v.

SCOTT W. ROTHSTEIN,

           Defendant.
_____/

GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO THE GOVERNMENT'S
MOTION TO WITHDRAW ITS MOTION FOR REDUCTION OF SENTENCE

    COMES NOW the United States of America, by and through its undersigned Assistant United States Attorney, and hereby replies to the defendant's Response to the Government's Motion to Withdraw its Motion for Reduction of Sentence (DE 948).

    The defendant's Response misapprehends the standards which this Court must apply to the issue before it. This is not a situation where the government has asserted that the defendant breached his plea agreement in an effort to relieve itself of its obligations under that agreement, as was the case in United States v. Titus, 547 Fed.Appx. 464 (5th Cir. 2013) and the cases relied upon therein as cited by the defendant, in which event an evidentiary showing by the government might be required. Rather, the government herein is lawfully exercising its discretion, consistent with the terms of the plea agreement and with the terms of its previously filed motion for reduction of sentence. Rather than attempting to abrogate the plea agreement, the government is simply complying with its terms.

    Prior to entry of his guilty plea in this case, the defendant entered into a plea agreement with the government (DE 69). Incorporated by reference into that plea agreement was a letter

agreement, executed by the parties, which stated, inter alia, that the defendant would cooperate fully, by providing "truthful and complete information," when called upon by the government, including during interviews.  The agreement further provided that, if "in the sole and unreviewable judgment" of the government it is deemed appropriate, the government may move the Court to reduce the defendant's sentence based upon his cooperation.  In that agreement, the defendant further acknowledged and agreed that the government was not required to file any such motion, and that the government's "assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding" in determining whether to file any such motion (DE 75-1).  Thereafter, as the one-year anniversary of the defendant's sentencing approached, the government, at the defendant's request, filed a place-keeping Rule 35 motion "in an abundance of caution to preserve this Court's jurisdiction under Fed.R.Crim.P. 35(b)(1)," which the government expressly reserved the right to withdraw "if, in the judgment of the United States, the defendant should fail to comply with the terms of his plea agreement, fail to testify truthfully, or falsely implicate any person or entity," a condition to which the defendant agreed by his joining in the motion (DE 767).  Consequently, both in the plea agreement, and in the placeholder Rule 35 motion, the government retained its absolute discretion to determine the truthfulness and completeness of the defendant's cooperation and to decide whether to seek a reduction of his sentence on that basis.[1]

The thrust of the defendant's Response is that, because the defendant's plea agreement did not provide that the government could move to withdraw any subsequently filed motion for

---

1. As set forth in the government's Motion to Withdraw Its Motion for Reduction of Sentence, the government's discretion in this regard is circumscribed only to the extent that the government not render its decision based upon an unconstitutional motive (DE 938, p. 3, n. 2).  The defendant has not alleged, and cannot maintain, that the government's decision in this case is the product of an unconstitutional motive, such as race or religion.

reduction of sentence, the government is therefore prohibited from doing so, citing United States v. Padilla, 186 F.3d 136 (2d Cir. 1999). However, in light of the fact that, in the instant case, the government's place-keeper Rule 35 motion retained the government's discretion to withdraw it, Padilla is inapplicable. As the district court observed in United States v. Hartwell, 302 F. Supp. 2d 609 (E.D. Va. 2004), aff'd, 448 F.3d 707 (4th Cir. 2006):

> In United States v. Padilla, 186 F.3d 136 (2nd Cir.1999), the Second Circuit refused to allow the United States to withdraw an already filed motion for downward departure. Applying basic contract principles, the court noted that, although the operative plea agreement gave the United States wide authority respecting the decision to file or withhold originally a motion for downward departure, the agreement was silent as to the prosecution's ability to withdraw such a motion once one was already filed. Citing the decision in United States v. Dixon, 998 F.2d 228 (4th Cir.1993), the Second Circuit stated that the United States, as drafter, was "'responsible for imprecisions or ambiguities'" in the plea agreement. Padilla, 186 F.3d at 142 (quoting Dixon, 998 F.2d at 230). Because the United States neglected to reserve expressly in the plea agreement its right to withdraw an already filed motion for a downward departure, the court refused to imply such a right. Id. However, because the motion filed in this case did reserve to the United States the ability to withdraw its Rule 35(b) motion, the Padilla case is inapposite.

Id. at 616 n.3. As set forth above, in the instant case the government's place-keeper Rule 35 motion specifically reserved to the United States the ability to withdraw it, a condition to which the defendant agreed by joining in that motion.

Moreover, the undersigned has been unable to discover any reported case outside of the Second Circuit which has adopted the holding and reasoning of Padilla. In fact, the Eleventh Circuit has rejected that reasoning. In United States v. Jackson, 635 Fed.Appx. 657 (11th Cir. 2015), the government withdrew a motion for reduction of sentence that had been filed pursuant to USSG § 5K1.1 after learning that the defendant had engaged in additional criminal conduct. On appeal, the defendant argued that the government breached the plea agreement by withdrawing its § 5K1.1 motion, even though no provision of the agreement allowed it to do so. In rejecting

the defendant's argument, the court reasoned as follows:

> Mr. Jackson argues that the plea agreement did not permit the government to file and then withdraw a § 5K1.1 motion and attempts to distinguish Forney [United States v. Forney, 9 F.3d 1492 (11th Cir. 1993] by arguing that the government in Forney refused to file a § 5K1.1 motion, whereas here, the government filed one and then subsequently withdrew it. Mr. Jackson's position thus hinges on demonstrating that the language of the plea agreement draws (or at a minimum implies) a distinction between the government's refusal to file a motion recommending a reduction in sentence and its withdrawal of one. Mr. Jackson points to no language in the agreement creating such a distinction, fails to identify what practical purpose such a distinction would serve, and cites no legal authority for his position. Needless to say, we find his argument unpersuasive.
>
> The conditional language of the plea agreement only obliges the government to consider whether Mr. Jackson's cooperation warranted a motion recommending a downward departure in sentence. See Forney, 9 F.3d at 1499–00. It imposes no limitation on how the government may choose to exercise that discretion and draws no distinction between filing a motion for downward departure and later withdrawing a motion so filed. Indeed, it is difficult to imagine what would form the basis for such a distinction. In both situations the government would have considered whether Mr. Jackson's cooperation warranted a reduced sentence and decided that—as a direct result of Mr. Jackson's subsequent criminal activity—it did not. The government would have fulfilled its obligations under the terms of the plea agreement either way.

Id. at 660 [emphasis the Court's].   See also United States v. Haynes, 579 Fed.Appx. 473, 477 (6th Cir. 2014) ("Haynes claims that the government could not withdraw its Rule 35(b) motion under the terms of the plea agreement because it failed to reserve its right to do so in the agreement itself. But so holding would require us to ignore completely the very substance of the government's 'protective' Rule 35(b) motion"); United States v. Hartwell, 448 F.3d 707, 717-19 (4th Cir. 2006) (rejecting claim that, because under the plea agreement the government did not retain discretion to withdraw a previously filed sentence reduction motion, it was precluded from doing so). Therefore, insofar as defendant bases his argument on the alleged lack of a provision in his plea agreement specifically allowing the government to withdraw a subsequently filed motion to reduce

4

sentence, that argument fails. Consequently, defendant's tortured attempt to distinguish on this basis the cases cited by the government in its Motion to Withdraw (DE 938) also fails.[2]

The defendant asserts that, because he had already rendered substantial assistance at the time the place-holding motion was filed, this sets his situation apart from those other cases in which the government was allowed to withdraw such a previously filed motion. As noted in the government's initial Motion to Withdraw Its Motion for Reduction of Sentence, in challenging the the government's refusal to proceed with a sentence reduction motion, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." Wade v. United States, 504 U.S. 181, 185-186 (1992) (DE 938, n.2). Further, the decisions in United States v. Hartwell, supra, and United States v. Farmer, 382 Fed.Appx. 303 (4th Cir. 2010), reject this argument. In Farmer, the Court explained the following:

> On appeal, we held that the plea agreement language in Hartwell-i.e., "in its sole discretion"-gave the Government the discretion of whether to pursue a Rule 35 motion and also included the discretion to withdraw it. Id. at 718. We further held that the Government's language in its memorandum supporting its Rule 35(b) motion, representing that Hartwell had provided assistance and his sentence should be reduced, did not alter the Government's discretion. See Id. at 719. Finally, we held that because the Government had the discretion to withdraw its motion, "the district court did not abuse its discretion in denying Hartwell an evidentiary hearing." Id. at 720.
>
> We find Farmer's appeal wholly analogous to Hartwell. Here, the Government did not obligate itself to file a Rule 35 motion in the plea agreement and, indeed, expressly retained its discretion to pursue (or not) a Rule 35 motion. See J.A. 15. (specifying that "the Government is not

---

2. Defendant further attempts to distinguish Hartwell based upon the assertion that Hartwell agreed that, if he failed to fulfill his responsibilities to the government, the government could withdraw its Rule 35 motion without objection by the defendant. In the instant case, the defendant specifically joined in the place-keeping Rule 35 motion, which provided that the government "expressly reserves the right to withdraw this motion if, in the judgment of the United States, the defendant should fail to comply with the terms of his plea agreement, fail to testify truthfully, or falsely implicate any person or entity" (DE 767). Therefore, the defendant herein, like Hartwell, was adequately warned of the consequences of his agreement.

>promising to move for departure pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e) or Fed.R.Crim.P. 35") (emphasis added). This discretion to file a Rule 35(b) motion, therefore, likewise gave the Government the discretion to withdraw such a motion. See Hartwell, 448 F.3d at 718. Further, like Hartwell, the Government represented that Farmer had provided assistance and that the Rule 35(b) motion was ripe for disposition. However, as we held in Hartwell, such a representation does not affect the Government's discretion to withdraw its motion prior to the district court ruling on the motion.
>
>Finally, because we hold that the Government retained its discretion to withdraw its Rule 35 motion, we do not believe the district court abused its discretion in not holding an evidentiary hearing in this case. Accordingly, the district court did not err in allowing the Government to withdraw its Rule 35 motion.

Id. at 305–06.

Rothstein's case is wholly analogous to Farmer and Hartwell. The plea agreement did not obligate the government to file a sentence reduction motion, and expressly retained its discretion to pursue, or not to pursue, the motion. The discretion to file the motion gives the government the discretion to withdraw it. Further, as in Farmer and Hartwell, while the motion in this case initially represented that the defendant had provided assistance, that representation does not affect the government's discretion to withdraw the motion prior to it being ruled upon by the district court.

WHEREFORE, based upon the above and foregoing, the government respectfully urges that the Court grant summarily its Motion to Withdraw the previously filed Motion for Reduction of Sentence (DE 938).

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

BY:   /s/ Lawrence D. LaVecchio
LAWRENCE D. LaVECCHIO
ASSISTANT U.S. ATTORNEY
Florida Bar No 0305405
E-mail: lawrence.lavecchio@usdoj.gov
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7255
Fax: (954) 356-7230

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on February 16, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

BY:   /s/ Lawrence D. LaVecchio
LAWRENCE D. LaVECCHIO
ASSISTANT U.S. ATTORNEY