UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60331-CR-COHN

UNITED STATES OF AMERICA

v.

SCOTT W. ROTHSTEIN,

Defendant.

_____/

FILED BY _____ D.C.

FEB 28 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

DEFENDANTS MOTION FOR LEAVE TO FILE SUR-REPLY AND INCORPORATED MEMORANDUM OF LAW

Defendant, Scott W. Rothstein, ("Rothstein"), appearing pro se the limited purpose of filing this motion and in an abundance of caution to preserve Defendants right to file a sur-reply, if this court so allows, and pursue it to rule 7.1 (C) S.D.Fla.L.R. and rule 47, Fed.R.Crim.Pro., files this Defendants motion for leave to file Sur-reply and in support thereof states as follows:

I am the Defendant in the above matter. I was advised by my attorney, Marc Nurik, on February 20th 2018, that the Government had filed its Reply To My Memorandum Of Law in opposition to the Governments motion to withdraw on February 16th 2018. We were scheduled to speak later that day to discuss the Governments reply and our possible sur-reply. Due to circumstances beyond or control, as a direct result of the special security conditions of my confinement in combination with Mr. Nuriks extremely busy schedule, we were unable to speak and have yet to be able to speak to discuss the reply. As of the filing of this Motion, I have yet to receive a copy of the reply for my review. However, I was able to have someone read me the reply over the phone on February 21st 2018. It is clear from the contents of the reply that a sur-reply is warranted. As I continue to be unable to speak with counsel, I am filing this Motion for this limited purpose.

The matter currently pending before this court, the Governments motion to withdraw the previously filed rule 35 motion, raises substantial constitutional issues including due process concerns, as well as significant issues of law pertaining to the interpretation of plea agreements and a Defendant's right under controlling 11th Circuit case law to be able to rely on the plain meaning of the language of his or her plea agreement. United States v. Titus 547 Fed.Appx. 464 (5th Cir. 2013); United States v. Castaneda, 162 F.3D 832 (5th Cir. 1998). Additionally, the Governments motion raises issues yet to be specifically addressed by the 11th Circuit with regard to withdrawal of a motion for reduction of sentence for substantial assistance.

Defendant is respectfully requesting leave to file a Sur-reply for the following reasons: A: the Governments reply raises new issues not previously raised in its initial motion. United States v. Carter, 506 N Fed.Appx. 853 (S.D.Fla. 2013). In example, the Governments motion to withdraw specifically states that it is basing its motion on a violation of the plea agreement by the Defendant. Now, in its reply, the Government is arguing that this motion is not based upon a breach of the plea agreement but is purely a matter of the Governments discretion. The language of the original motion specifically states otherwise: "in the judgement of the United States, the defendant provided false material information to the Government and violated the terms of his plea agreement. Therefore, in the exercise of its sole discretion, the Government moves to withdraw the previously filed Motion." Government motion to withdraw page two. (Emphasis added). In plain English this says that in the Governments judgement the Defendant breached the plea agreement and as a result (ie. use of the word " therefore") the Government is exercising its discretion to move to withdraw the rule 35. If the Government were not arguing breach by the Defendant, then there would have been no reason for the Government to raise the issue of a violation of the terms of the plea agreement in their motion withdraw. The Government clearly wishes to now avoid the issue of violation/breach of the plea agreement because they did not argue, and have no, facts sufficient to establish a breach of the plea agreement by a preponderance of

the evidence. The Governments new position is disingenuous, and the Defendant should be afforded the opportunity to address this issue in a sur-reply. As a further example of the Government raising new issues in its reply, the Government is now arguing, for the first time, that the fact that Defendants attorney joined in the original rule 35 motion, somehow means the Defendant himself consented to a modification of the terms of his plea agreement to include giving the Government the discretion to withdraw the rule 35. Defendant never consented to such a modification of his plea agreement and never consented to inclusion of this language in the rule 35 motion. Not only did the Government never raise this issue in its original motion to withdraw, but moreover, this argument by the Government is a blatant misstatement of controlling black writer contract law as applied to plea agreements. A plea agreement is a contract between the government and a criminal defendant. Thus, any modifications to the terms of the agreement require the specific consent of the Government and the Defendant. Defendant should be afforded the opportunity to address these new issues in a sur-reply. B: as an additional basis for leave to file a Sur-reply the Government has raised a new case, <u>United States v. Jackson</u>, 635 Fed.Appx. 657 (11th Cir. 2015), not previously raised by either party. Defendant did not raise the case because it was not raised by the Government in their motion and is, most importantly, factually inapplicable to the present case. However, the Government is now raising the case in a manner that wholly misrepresents to this court the factual basis upon which the court reached its decision, omitting critical facts from its argument. The Government cites to <u>Jackson</u> for its erroneous proposition that the discretion to file a rule 35 somehow includes the discretion to withdraw it, even where the controlling plea agreement fails to adequately warn the Defendant of this potential consequence. That is not what <u>Jackson</u> holds. In <u>Jackson</u> the plea agreement specifically warned the Defendant that if he engaged in any additional criminal conduct he would not be entitled to consideration under the substantial assistance provision of his plea agreement. <u>Jackson</u> plea agreement 7-8; <u>Jackson</u> at 660. <u>Jackson</u> then engaged in the explicitly prohibited conduct and admitted this fact to a federal agent. The

Government moved to withdraw his 5k1.1 as a result of this violation. This warning in the Jackson plea agreement complies with the 11th Circuit mandate of Hunter, Copeland, and Jefferies that the agreement must adequately warn the Defendant of the consequences of his plea. United States v. Hunter, 835 F.3B 1320 (11th Cir. 2016); United Sates v. Copeland, 381F.3D. 1101 (11th Cir. 2012 4); United States v. Jefferies, 908F.2D 1520 (11th Cir 1990). And that is exactly the type of warning completely absent from the Rothstein plea agreement. The Rothstein plea agreement contains no language warning him of the specific conduct which could result in his rule 35 being withdrawn. Yet the Government, in its reply, attempts an end run around this critical factual difference between the Jackson case and the present case by blatantly failing to advise this court of the fact that the Jackson court reached its ruling, in significant part, based upon this critical factual distinction from the present case. Given the Governments wholesale failure to properly and fully advise this court of the facts underlying the Jackson holding, the Defendant should be afforded the opportunity to fully address this issue in a sur-reply.

No party will be unfairly prejudiced should this motion be granted. If this motion is denied, the Defendant will suffer unfair prejudiced as he will be prohibited from addressing critical new issues and critical misrepresentations of law in fact made by the Government in its reply.

The Defendant is unable to represent to this court whether the Government has any objection to this motion for leave to file Sur-reply as the Defendant has no means of communicating with the AUSA assigned to this matter.

Defendant is respectfully requesting 20 days from the filing of this Motion within which to file his Sur-reply, based upon the difficulties of communicating with his attorney due to the security conditions of his confinement in combination with Mr. Nurik's extremely busy schedule.

WHEREFORE, for all of the reasons set forth herein, the Defendant respectfully requests that this court grant him leave to file a Sur-reply, to the Governments reply, within 20 days of the filing of this Motion.

Respectfully submitted,

SR

Scott W. Rothstein
Pro se for a limited purpose
C/O I.M.S
320 First Street, Northwest
Room 528
Washington DC, 20534

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this motion for leave to file sur-reply has been sent via United States mail to Mr. Lawrence D. LaVecchio, AUSA, this 28th day of February 2018.

Dated: 28th of February 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60331-CR-COHN

UNITED STATES OF AMERICA

v.

SCOTT W. ROTHSTEIN,

        Defendant.

_____/

PROPOSED ORDER ON DEFENDANTS MOTION FOR LEAVE TO FILE SUR-REPLY

        This cause is before this court upon Defendant's motion for leave to file Sur-reply. The court has carefully considered the arguments of the parties, and being otherwise fully advised in the premises, it is ordered and adjudged that the Defendants leave to file Sur-reply is granted. Defendant shall have up through and including March 20th 2018 to file his Sur-reply.

        Done and ordered in chambers at Ft. Lauderdale, Broward County, Florida, this ____ day of _____ 2018.

_____
James I. Cohn
United States District Court Judge