UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60331-CR-COHN



UNITED STATES OF AMERICA

vs.

SCOTT W. ROTHSTEIN,

    Defendant.

_____/

DEFENDANT'S SUR-REPLY IN RESPONSE

TO GOVERNMENT'S REPLY

    Defendant, Scott W. Rothstein, ("Rothstein"), appearing pro se for the limited purpose of filing this Sur-Reply, states as follows:

    I am the Defendant in the above-styled matter. As a direct result of the special security conditions of my confinement in combination with Mr. Nurik's extremely busy schedule, I have been unable to communicate with my attorney to coordinate the filing of this Sur-Reply. Thus, I am appearing pro se for this limited purpose. I continue to be represented by Mr. Nurik.

    The Government's Reply specifically alleges: "[t]his is not a situation where the government has asserted that the defendant breached his plea agreement in an effort to relieve itself of its obligations under [the plea] agreement..." Government's Reply p.1. That is a blatant misrepresentation of the key allegation of Government's Motion to Withdraw. In its original Motion, the Government alleges: "[i]n the judgment of the United States, the defendant provided false material information to the government and violated the terms of his plea

agreement. Therefore, in the exercise of its sole discretion, the government moves to withdraw the previously filed motion." Government Motion p.2. (emphasis added). This allegation can only be reasonably construed as follows: the government believes that defendant breached the plea agreement by providing false, material information and as a result of this breach (ie. use of the word "therefore") the government believes it is now authorized to exercise its discretion to move to withdraw the Rule 35, and that this Court has absolutely no say in the matter; the government's judgment controls. (ie. use of the word "sole" to define the level of discretion). Clearly, the government alleged a breach of the agreement and now, in a transparent attempt to avoid its burden of having to prove by a preponderance of the evidence a material breach, is arguing that the terms of the plea agreement give the government the discretion to withdraw the motion. The government's position as to what they originally alleged is disingenous and the government's interpretation of the language of the terms of the plea agreement is wrong.

In its Reply, the government argues that it is acting "consistent with the terms of the plea agreement and with the terms of its previously filed motion for reduction of sentence." Government Reply p.1. A careful review of the incorporated letter agreement reveals that the government reserved unto itself two distinct discretionary acts. First, the discretion to evaluate the defendant's cooperation. Second, the discretion to file or not file defendant's Rule 35. see Letter Agreement. The government lays out these two discretionary functions in excruciating detail, never once, in any manner whatsoever, reserving unto itself the discretion to move to withdraw the Rule 35 once they have exercised their other two discretionary functions and have filed it.

2

It is not as if the government did not know what language to use to reserve the right to move to withdraw the Rule 35. They included the language they should have put in the plea agreement, had they wanted to reserve this third discretionary function, in the Rule 35 motion. see Rule 35 Motion ¶ 7. That act, of course, begs the question: if, as the government is arguing, the discretion to withdraw the Rule 35 did not need to be explicitly set forth in the Plea Agreement, why did the government decide to include that explicit language in the Rule 35, nearly a year and a half later? The law controlling modification of the terms of a plea agreement mandates that defendant explicitly consent to any modification. Kuhne v. Florida Dept. of Corrections, et. al., 745 F2d 1091 (11th Cir. 2016). Defendant herein never gave any such consent and thus, inclusion of the language in paragraph 7 of the Rule 35 is nothing more than an unlawful, unilateral attempt to modify the plea agreement's terms to include a term the government either decided not to include or neglected to include in the original plea agreement. id. The law in the 11th Circuit is clear: a plea agreement must adequately warn the defendant of the consequences of his plea. United States v. Hunter, 835 F3d 1320, 1324 (11th Cir. 2016), citing United States v. Jeffries, 908 F2d 1520, 1523 (11th Cir. 1990). The plea agreement is absent any language reserving the discretion to withdraw the Rule 35 to the government resulting in a trifecta of issues fatal to the government's position: 1. The plea agreement fails to adequately warn defendant of this critical consequence in violation of Hunter and Jeffries; 2. The plea agreement must be interpreted based upon what it actually says, not what it might have said if the government could have foreseen the future. United States v. Melton, 861 F3d 1320 (11th Cir. 2017); and 3. Where the government neglects to include language to reflect the government's alleged intention, this Court does not have

3

the power to fill in the gap. United States v. Copeland, 381 F3d 1101, 1109 (11th Cir. 2004); see also United States v. Al-Arian, 514 F3d 1184, 1191-93 (11th Cir. 2008) (When a plea agreement is unambiguous, courts will not read into the agreement terms that were not agreed upon with specificity, even when the defendant misunderstood the agreement). Buyer's remorse on the part of the government does not justify rewriting the terms of the plea agreement. Melton. In sum, the 1st Circuit said it best in Newbert; where the government has a clear idea as to what certain language does or does not cover, the government should say as much in the plea agreement. United States v. Newbert, 504 F3d 180, 186 (1st Cir. 2007).

In its Reply, the government incorrectly argues that because Defendant's attorney joined in the Rule 35 Motion, that constitutes a lawful modification of the terms of the plea agreement. Government Reply p.3. Paragraph 8 of the Rule 35 motion states: "Marc S. Nurik, attorney for the defendant, joins in the filing of this motion." Motion For Reduction of Sentence ¶8. This paragraph says nothing about the defendant consenting to the modification of the terms of his plea agreement. It says what it says, nothing more. Since the plea agreement is a contract between the government and the defendant, any modification requires consent and a meeting of the minds of the parties to the contract whose rights and responsibilities are sought to be affected by the modification. Fodere v. Lorenzo, et.al., 2011 U.S. Dist LEXIS 10908 (S.Dist.Fla. 2011)(King,J.) citing Dows v. Nike, Inc., 846 So. 2d 595, 603 (Fla. 4thDCA 2003). There is absolutely no evidence in the record and the government can not point to one single fact evidencing a meeting of the minds between the government and the defendant wherein the defendant agreed to a modification of the terms of his plea agreement to give the government the discretion to withdraw

4

his Rule 35. There is no evidence in the record and the government can not point to one single fact establishing that such a modification was ever even presented to the defendant for consideration. Entering into a plea agreement involves the waiver of significant constitutional rights. see <u>Copeland</u>; see also <u>Jeffries</u>. To adequately warn the defendant, and to obtain the consent of the defendant and achieve a meeting of the minds where, as here, the government would have been seeking to have the defendant agree to a modification of the terms of his plea agreement to include a new term which could result in defendant forfeiting completely his right to have his filed Rule 35 heard by the court, must require more than the government inserting the term into a motion and having defense counsel join in the motion. see <u>Kuhne</u> <u>supra</u>, <u>Fodere</u> <u>supra</u>, <u>Hunter</u> <u>supra</u>, <u>Melton</u> <u>supra</u>, <u>Copeland</u> <u>supra</u>, and <u>Jeffries</u> <u>supra</u>. The drafters of the Constitution, the Bill of Rights, and our jurists who have given us our case law expect that our prosecutors will insure that the process of pleading guilty will always be a solemn, careful decision, where the criminal defendant can read the terms of his plea agreement and understand the consequences of his plea--that this process will never be a guessing game for the defendant as he surrenders many constitutional rights. see <u>id</u>. see also United States v. Ganz, 806 F.Supp 1567 (S.F.Fla. Nov.17,1992)(Highsmith, J.)(as trustee of the people, the government is held to a higher standard...). And finally, defense counsel merely joining in the Rule 35 motion can not possibly serve as a lawful modification of the plea agreement given the merger clause of plea agreement. Specifically, paragraph 16 of the plea agreement states: "this is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings, unless contained in a letter from the United States

5

Attorney's Office executed by all the parties and counsel prior to the change of plea." Plea Agreement ¶16. Paragraphs 7 & 8 of the Rule 35 can not possibly be found to be in compliance with the merger clause and thus, can not constitute a lawful modification.

In its Reply, the government alleges that the filed Rule 35 was merely a "place-keeping" motion, filed in an abundance of caution to preserve this Court's jurisdiction under Fed.R.Crim.P.35(b)(1). Government Reply p.2. This is a blatant misrepresentation of the purpose of the Rule 35. Paragraph 5 of the Rule 35 states: "...the instant motion is filed in an abundance of caution to preserve this Court's jurisdiction under Fed.R.Crim.P. 35(b)(1) **and** to permit the Court to consider all of the defendant's cooperation in order to determine the appropriateness of a reduction of the defendant's sentence." Rule 35 Motion ¶5. (emphasis added). Taken as a complete statement, in conjunction with the fact that the introductory paragraph of the Rule 35 Motion specifically states that the government is "...mov[ing] the Court for a reduction of the sentence of defendant Scott W. Rothstein, based upon the defendant having provided substantial assistance to the government...and...to stay any ruling on this motion until the defendant's cooperation is complete," the government's intent is clear: they have exercised the two discretionary functions reserved to them in the Plea Agreement,(first, evaluating defedant's cooperation and determining that it constitutes substantial assistance and second, moving the court for a sentence reduction for defendant under Rule 35),but they want to have the court stay the Rule 35 so the court can assess all of defendant's cooperation at once, and they want to make sure they preserve the court's jurisdiction to do so. Just as important as what the government included in the Rule 35, is what they did not say in the Motion.

6

For example, the government never once used the term "place-keeper" or "place-holder" or "saving motion" or anything even slightly resembling one of these terms. If the government truly considered the Rule 35 to be a mere "place-keeper," there are perhaps several dozen ways they could have made that clear to the Court. The government could have done exactly what the government did in several of the cases relied upon by the government; they could have simply stated that the Rule 35 was <u>only</u> being filed to toll the running of any time limits. see <u>Hartwell</u> at 711; see also <u>Shropshire</u> at 522. In the present case, the government did nothing of the sort because they knew that the defendant had clearly earned his Rule 35 (among other things, prior to the filing of the Rule 35 eight targets that defendant cooperated against had been charged and four had already pled guilty; and defendant had engaged in extremely dangerous undercover work) and the government simply did not want to have the court consider defendant's cooperation piecemeal.

In its Reply, the government alleges that with regard to its Motion to Withdraw, its discretion can only be challenged based upon an unconstitutional motive. Government Reply fn.1, citing Government Motion to Withdraw, fn.2. This is a blatant misrepresentation of the law and has no application to the facts of this case. These two government footnotes refer to <u>Wade v. United States</u>, 504 US 181, 118 L.Ed. 2d 524, 112 S.Ct. 1840 (1992). However, <u>Wade</u> has absolutely no application to the present case. As established in defendants Opposition Memorandum and herein supra, this is a breach of plea agreement case, not a refusal to file case. A careful reading of <u>Wade</u> reveals that the Court addressed a very specific question:"whether district courts may subject the Government's <u>refusal to file</u> a [motion for sentence reduction] to review for constitutional

7

violations." <u>Wade</u> at 183.(emphasis added). The <u>Wade</u> court found that with regard to sentence reduction motions, the government has the power, but not a duty , to file a motion when a defendant has substantially assisted. <u>Wade</u> at 185. The <u>Wade</u> court then issued a very specific holding: "...we hold that federal district courts have authority to review a prosecutor's <u>refusal to file</u> a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutioal motive." <u>id</u>. at 185-86. (emphasis added). In the case at bar, the government had already exercised its discretion, determining that the defendant had rendered substantial assistance, and filed a Rule 35 motion seeking a reduction in defendant's sentence. In a case arising out of the Southern District of Florida. the 11th Circuit held that Wade applies when the government <u>does not file a motion for substantial assistance</u> and the defendant challenges that decision. <u>United States v Uribe</u>, 486 Fed.Appx. 823,826 (11th Cir. 2012). <u>In that specific instance</u>, the courts are precluded from intruding into prosecutorial discretion, except where there is an allegation of unconstitutional motive. <u>id</u>. citing United States v. Forney, 9 F3d 1492, 1501-02 (11th Cir. 1993). That is not the case here. In the case at bar, the government is attempting to exercise a power they do not have by moving to withdraw the Rule 35, alleging that defendant violated (breached) the terms of his plea agreement. This allegation implicates 5th Amendment due process concerns. see <u>Reyes v. United States</u>, 2011 US Dist LEXIS 71498 (S.D.Fla. 2011)(Cohn,J.)citing <u>Reed v. United States</u>, 304 Fed. Appx. 807,809 (11th Cir. 2008), citing <u>United States v Harvey</u>, 869 F2d 1439,1443-44 (11th Cir 1989). The holding of <u>Wade</u> has no bearing on the present case. Additionally, the governments reliance on <u>Murphy v United States</u>, 634 F3d 1303,1313 (11th Cir 2011) and <u>United States v Nealy</u>, 232 F3d 825,831 (11th Cir 2000), raised in

8

footnote 1 of government's Reply by referring to footnote 2 of government's Motion to Withdraw similarly have absolutely no application to the case at bar as they pertain to the governments discretion to determine whether a defendant has rendered substantial assistance and the discretion determine whether to file a sentence reduction motion. id.

In its Reply, the government cites to United States v Hartwell, 302 F.Supp.2d 609 (E.D.Va.2004), aff'd 448 F3d 707)(4th Cir. 2006) in an attempt to undermine the usefulness of the Second Circuit's opinion in United States v Padilla, 186 F.3d 136 (2d Cir. 1999), relied upon by the defendant herein for the proposition that the government should not be permitted to withdraw the Rule 35 where the plea agreement does not expressly reserve that right to the government. id., see also Defendant's Opposition Memorandum, p.10. However, the government's reliance on Hartwell for this purpose is misplaced. In Padilla, in a factual scenario analagous to the present case, the court held that the government is prohibited from withdrawing a previously filed 5k1.1 motion because that right was not specifically enumerated in the plea agreement. see Padilla.(emphasis added). In the case at bar the government is alleging that because "...the government's place-keeper Rule 35 motion retained the government's discretion to withdraw it, Padilla is inapplicable," and they cite to Hartwell as support. Government Reply p.3. Hartwell offers the government no refuge. While the government Reply correctly states that Hartwell found Padilla to be "inapposite" because the motion filed in Hartwell did reserve to the government the ability to withdraw the Rule 35, what the government has again neglected to advise this court is that in Hartwell the court found that Hartwell, himself, had explicitly agreed to the language giving the government the right to withdraw his Rule 35. Hartwell at 711.

No such agreement has ever existed between the government and this defendant. Moreover, what the government has also failed to tell this court is that in Hartwell, the plea agreement itself specifically stated that if Hartwell "failed to fulfill completely all of his obligations under this plea agreement, the United States may seek release from any or all of its obligations under [the] plea agreement. id.at 710. The Rothstein plea agreement contains no such language, whatsoever. see Plea Agreement.

In its Reply, the government incorrectly argues that the 11th Circuit has rejected the reasoning of Padilla, citing to United States v Jackson, 635 Fed.Appx. 657 (11th Cir. 2015) in support. The government quotes from Jackson at length in an attempt to bolster its argument that the discretion to file a Rule 35 implicitly gives the government the sole discretion to withdraw the Rule 35, even when the plea agreement does not reserve that specific right to the government. Government Reply p.3-4, citing Jackson at 660. Again, we find the government carefully picking and choosing language from a case, ignoring language fatal to their position. What the government has neglected to tell this court is that in concluding that the government did not breach its plea agreement with Jackson when it moved to withdraw its 5k1.1 motion, the Jackson court stated: "[t]he government complied with the plea agreement when it moved to withdraw its 5k1.1 motion. The plea agreement clearly specifies that if Mr. Jackson engaged in any additional criminal conduct he would not be entitled to consideration under the substantial assistance provision of his agreement." Jackson at 660. That is exactly the language missing from the Rothstein plea agreement. And the fact that the Rothstein plea agreement is absent any such language is fatal to the governments position.

10

CONCLUSION

The government's argument, in its simplest form, is this: under the terms of the plea agreement the government not only has the sole discretion to evaluate defendant's cooperation and the sole discretion to determine whether or not to file his Rule 35, but also has the sole discretion to determine whether defendant has materially breached his plea agreement and the sole discretion to move to withdraw it. According to the government, the letter agreement/cooperation agreement promises defendant absolutely nothing and this court has abdicated all decision making authority to the government whose decision-making shall control. However, the plain and ordinary meaning of the language of the agreement reveals an objective, reasonable interpretation: once the government exercises the two discretionary functions it specifically reserved to itself and files the Rule 35, it incurs an obligation to defendant to allow the Rule 35 to be heard by the court; the government, of course, has the right under the agreement to advise the court as to the good and the bad as relates to the quantity and quality of the cooperation. The government is now attempting to avoid its obligation by claiming the agreement promises defendant nothing. The Third Circuit, citing the 5th and 7th Circuits, weighed in on such an absurd proposition. "The government will not be allowed to avoid the obligation it...incurred by claiming now that the language [of the agreement] promises nothing to the defendant." United States v. Swinehart, 614 F2d 853,858 (3rd Cir. 1980), citing United States v Bowler, 585 F2d 851,854 (7th Cir. 1978). The trial court must consider the plea bargain in light of the important constitutional rights being waived by the defendant. Swinehart at 858 citing Jones v. Estelle, 584 F2d 687 (5th Cir. 1978). The position taken by the government would render the plea bargain illusory. United States v. Hernandez, 996 F2d 62, 65-66 (5th Cir. 1993). The government's

argument means, at its essence, that the defendant in this case, who had literally repeatedly placed his life in jeopardy to earn a sentence reduction, knowingly entered into a plea agreement where the government retained unfettered discretion to evaluate his cooperation, unfettered discretion to file or not file his Rule 35, and the unfettered discretion to withdraw the Rule 35, depite defendant having clearly provided substantial assistance. Why would any criminal defendant enter into a plea agreement which could be interpreted as promising him nothing? In 2001, the 8th Circuit made an extremely insightful observation relevant to what the government is attempting to do here. The court stated: "The 1998 amendment to Rule 35(b) is not a mechanism to string a defendant along once the government has concluded he has already satisfied his obligation under a plea agreement-indefinitely holding a departure motion over his head like Damocles' sword. see Fed.R.Crim.P 35(b) advisory committe note discussing purpose of amendment; United States v. Novak, 217 F3d 566,572 n.13 (8th Cir. 2000)(discussing the purpose of a Rule 35(b) motion). Under the approach advocated by the government, the government could get a guilty plea, pre-sentencing substantial assistance, plus [the defendant's] efforts toward providing post-sentencing substantial assistance, and a full sentence under the guidelines-all without fulfilling its own promise under the agreement." United States v. Johnson, 241 F3d 1049 (8th Cir. 2001). While the goal of encouraging a defendant's further cooperation is certainly a legitimate government goal, once the government determines that a defendant has rendered substantial assistance and exercises its discretion and files a Rule 35, the government's fulfillment of its own obligation under the plea agreement becomes paramount. Johnson citing Santobello v New York, 404 US 257, 92 S.Ct. 495, 30 L.Ed. 427 (1971). Given all of the above, the government should be required to perform and move forward with the defendant's Rule 35.

12

WHEREFORE, for all of the reasons set forth herein and in Defendant's Opposition Memorandum, Defendant respectfully requests that this Court enter an Order denying Government's Motion to Withdraw and requiring the government to fully advise this Court as to all of the details of defendant's cooperation so that a hearing on the previously filed Rule 35 may be set and heard.

Respectfully submitted,

Dated: March 21, 2018

Scott W. Rothstein, pro se for a limited purpose
c/o I.M.S.
320 First Street, N.W.
Room 528
Washington, D.C. 20534

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Sur-Reply was sent via United States Mail to Lawrence D. LaVecchio, AUSA, this 21 day of March, 2018.

Scott W. Rothstein