UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA,

v.

SCOTT W. ROTHSTEIN,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon the Government's Motion to Withdraw its Motion for Reduction of Sentence [DE 938] (the "Motion"). The Court has considered the Motion, Defendant Scott Rothstein's Response [DE 948], the Government's Reply [DE 949], and Defendant's Sur-Reply [DE 952],[1] and is otherwise advised in the premises. As the Motion presents a question of law, an evidentiary hearing is unwarranted. Therefore, for the reasons stated herein, the Court will grant the Motion, permit the Government to withdraw its Motion for Reduction of Sentence, and deny Defendant's request for an evidentiary hearing.

### I.    BACKGROUND

On January 27, 2010, Defendant Scott Rothstein pled guilty to RICO conspiracy, conspiracy to commit money laundering, conspiracy to commit mail and wire fraud, and two counts of wire fraud. DE 67. Prior to entry of his guilty plea, Rothstein entered into a plea agreement with the Government. DE 69. That plea agreement incorporated by

---

[1] In light of the special security conditions of Defendant's confinement and the effect of same on his ability to confer with his counsel, the Court will grant Defendant's Motion for Leave to File Sur-Reply in Excess of 10 pages [DE 953] and deny the Government's Motion to Strike Defendant's Sur-Reply and Motion for Leave to File Sur-Reply in Excess of 10 Pages [DE 954] so that Defendant may fully present his position.

reference a Cooperation Agreement executed by the parties.  DE 75.  Pursuant to the Cooperation Agreement, Rothstein was to fully cooperate with the Government by, *inter alia*, "providing truthful and complete information and testimony."  DE 75-1.  The Cooperation Agreement specifically states that "[i]f in the sole and unreviewable judgment" of the Government, Rothstein's "cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from *the advisory sentence* calculated under the Sentencing Guidelines," the Government may move the Court to reduce Rothstein's sentence based upon his cooperation.  Id. (emphasis in original).  Rothstein, however, expressly acknowledged and agreed in the Cooperation Agreement that the Government was not required to file any such motion, and that the Government's "assessment of the nature, value, truthfulness, completeness, and accuracy of [Rothstein's] cooperation shall be binding" with respect to the determination of whether to file any such motion.  Id.  On June 9, 2010, this Court sentenced Rothstein to a fifty year term of imprisonment.  DE 290.

On June 8, 2011—the eve of the one-year anniversary of Rothstein's sentencing—the Government filed a Motion for Reduction of Sentence and for Stay of Ruling pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure (the "Rule 35 Motion").  DE 767.  In the Rule 35 Motion, the Government sought a reduction of Rothstein's sentence "based upon [Rothstein] having provided substantial assistance to the government in the investigation and/or prosecution of others," but because Rothstein's cooperation was still ongoing, the Government requested that the Court stay any ruling on the Rule 35 Motion until the completion of Rothstein's cooperation.  Id.

The Government explained that while Rule 35(b)(2)(B) allows a motion for reduction of sentence to be made more than one year after sentencing with regards to information provided by the defendant to the Government within one year of sentencing but which did not become useful to the Government until later, the Rule 35 Motion was "filed in an abundance of caution to preserve this Court's jurisdiction under Fed.R.Crim.P. 35(b)(1), and to permit the Court to consider all of [Rothstein's] cooperation in order to determine the appropriateness of a reduction of [Rothstein's] sentence." Id. ¶ 5. Critically, in the Rule 35 Motion, the Government stated that it "expressly reserves the right to withdraw this motion if, in the judgment of the United States, [Rothstein] should fail to comply with the terms of his plea agreement, fail to testify truthfully, or falsely implicate any person or entity." Id. ¶ 7. Rothstein's counsel joined in the filing of the Rule 35 Motion. Id. ¶ 8.

On September 26, 2017, the Government filed the instant Motion seeking to withdraw the previously filed Rule 35 Motion because, "[i]n the judgment of the United States, [Rothstein] provided false material information to the government and violated the terms of his plea agreement." DE 938 at 2. The Government argues that its discretion as to whether or not to file the Rule 35 Motion also includes the discretion to withdraw the Rule 35 Motion, and that in the plea agreement and the Rule 35 Motion it expressly retained its absolute discretion to determine the truthfulness and completeness of Rothstein's cooperation and to decide whether to seek a reduction of his sentence on the basis of his cooperation. Rothstein denies that the Government's discretion to file the Rule 35 Motion includes the discretion to withdraw it. He argues that the Government cannot withdraw the Rule 35 Motion because the plea agreement does not expressly state that the Government may withdraw any such motion once it is

3

filed.  Rothstein also argues that the Government has failed to sufficiently allege facts demonstrating a breach of the plea agreement, and that he is entitled to an evidentiary hearing on the question of his alleged breach.

## II.     DISCUSSION

The issue before the Court is whether the Government may withdraw its previously filed Rule 35 Motion when (a) the Government indisputably had sole discretion as to whether to file it in the first instance; and (b) the Rule 35 Motion—which Rothstein's counsel joined in filing—expressly reserved for the Government the right to withdraw it if, in the Government's sole judgment, Rothstein provided false information to the Government or violated the terms of his plea agreement.  To state the issue is essentially to resolve it.  The Government clearly may withdraw the Rule 35 Motion.

As the Government notes, several courts have held that the discretion to file a Rule 35 motion includes the discretion to later withdraw that motion.  See, e.g., United States v. Hartwell, 448 F.3d 707, 718 (4th Cir. 2006); Shropshire v. United States, 278 Fed. Appx. 520, 527 (6th Cir. 2008).  The Eleventh Circuit itself has refused to draw a distinction between the Government's decision not to file a substantial-assistance motion and its withdrawal of a previously filed motion.  See United States v. Jackson, 635 Fed. Appx. 657, 660 (11th Cir. 2015).  The defendant in Jackson, like Rothstein, executed a plea agreement in which the Government expressly retained its discretion to decide whether it would file a motion for downward departure pursuant to U.S.S.G. §5K1.1.  The Government made the motion and then, upon learning that the defendant had committed additional criminal conduct, moved to withdraw the motion.  Like Rothstein, the Jackson defendant argued that while the Government could have

4

declined to make a motion in the first instance, nothing in the plea agreement permitted it to withdraw a motion already made.  The Eleventh Circuit rejected the defendant's argument, declaring that:

> Mr. Jackson's position . . . hinges on demonstrating that the language of the plea agreement draws (or at a minimum implies) a distinction between the government's refusal to file a motion recommending a reduction in sentence and its withdrawal of one.  Mr. Jackson points to no language in the agreement creating such a distinction, fails to identify what practical purpose such a distinction would serve, and cites no legal authority for his position.  Needless to say, we find his argument unpersuasive.
>
> The conditional language of the plea agreement only obliges the government to *consider* whether Mr. Jackson's cooperation warranted recommending a downward departure in sentence.  It imposes no limitation on how the government may choose to exercise that discretion and draws no distinction between filing a motion for downward departure and later withdrawing a motion so filed.  Indeed, it is difficult to imagine what would form the basis for such a distinction.  In both situations the government would have considered whether Mr. Jackson's cooperation warranted a reduced sentence and decided that—as a direct result of Mr. Jackson's subsequent criminal activity—it did not.  The government would have fulfilled its obligations under the terms of the plea agreement either way.

Id. at 660 (citation omitted).

The Eleventh Circuit's reasoning in Jackson applies equally here.  Nothing in Rothstein's plea agreement or the Cooperation Agreement draws or implies a distinction between the Government's refusal to file a Rule 35 motion and its withdrawal of one.  Moreover, in the Rule 35 Motion itself, the Government expressly reserved the right to withdraw the motion if, in its judgment, Rothstein "should fail to comply with the terms of his plea agreement, fail to testify truthfully, or falsely implicate any person or entity."  DE 767 ¶ 7.  While Rothstein argues that he did not agree to that language, he cannot overcome the fact that his attorney expressly joined in the filing of the Rule 35 Motion.  This adequately put Rothstein on notice of the potential consequences of his

5

untruthfulness. See, e.g., Link v. Wabash R. Co., 370 U.S. 626, 634 (1962) (explaining that in "our system of representative litigation . . . each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'") (quotation omitted). Accordingly, as Rothstein does not allege that the Government is acting with an unconstitutional motive,[2] the Government is clearly entitled to withdraw its Rule 35 Motion.

     Rothstein's arguments to the contrary are unavailing. First, Rothstein claims that the Government is attempting to unilaterally declare a breach of the plea agreement by Rothstein in order to relieve itself of its own obligations under that agreement. He contends that this is improper, since the Government can only void the agreement if it proves a breach by a preponderance of the evidence. DE 948 at 3 (citing United States v. Titus, 547 F. App'x 464 (5th Cir. 2013)). But where Rothstein errs is in assuming that the Government is in fact attempting to relieve itself of its obligations. It is not. The Government is instead acting pursuant to discretionary authority which the Cooperation Agreement, incorporated into the plea agreement, expressly grants. Under the clear terms of the Cooperation Agreement, the Government retained sole, unfettered discretion to decide whether or not to make a Rule 35 motion. Declining to make the motion—or withdrawing a previously filed motion, which has the same effect—is thus a valid discretionary choice and cannot constitute a breach of the Agreement. Accordingly, the Government need not prove that Rothstein breached the plea agreement to justify its withdrawal of the Rule 35 Motion.

---

[2] See United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000) (stating that the government's Rule 35(b) decision can be questioned "only to the extent that the government ... exercise[d] that power, or fail[ed] to exercise that power, for an unconstitutional motive").

6

Rothstein relies primarily upon United States v. Padilla, 186 F.3d 136 (2d Cir. 1999), a case addressing a situation where the Government, after learning that the defendant had committed additional crimes during the pendency of his cooperation, attempted to withdraw a previously submitted motion for a downward departure pursuant to U.S.S.G. § 5K1.1. Id. at 138-39. The Second Circuit held that the defendant's plea agreement did not permit such a withdrawal. Id. at 140-41. The relevant language in the Padilla plea agreement directed that "if [the Government] determines that Mr. Padilla has provided substantial assistance . . . . [it] *will* file a motion pursuant to Section 5K1.1." Id. (emphasis added). The Agreement was silent on the issue of whether the Government could withdraw a motion that it had already filed. Id. at 141. The Second Circuit determined that the agreement should be construed strictly against the Government, and that, given the mandatory nature of the Government's obligation to file a 5K1.1 motion upon a finding that the defendant had sufficiently cooperated, it could not withdraw the motion it had offered after initially making such a finding. Id.

Padilla is factually inapposite, since the Cooperation Agreement made the decision to file a motion for reduced sentence explicitly discretionary—rather than mandatory—regardless of the sufficiency of Rothstein's cooperation. This distinction also disposes of another of Rothstein's contentions: that once the Government asserted in the Rule 35 Motion that Rothstein had (to date) rendered substantial assistance, the Government became permanently locked into that position. DE 948 at 6-7. That argument does not help Rothstein, since, even if the Government were to believe

(presently and at all times past) that Rothstein has substantially cooperated, it still has no obligation to make a motion on his behalf.

The other case that Rothstein primarily relies upon, In re Arnett, 804 F.2d 1200 (11th Cir. 1986), stands for the unremarkable propositions that a plea agreement must involve a defendant's "voluntary, knowing, intelligent" waiver of his constitutional rights,[3] and that the Government must adhere strictly to the terms of the plea agreement. Id. at 1203-04.  Both conditions are met here.  Rothstein's waiver of rights was knowing, since the Government's discretion to decide whether or not to make a motion on his behalf was explicitly provided for in the clear, unambiguous language of the Cooperation Agreement which he executed.  And, by withdrawing the Rule 35 Motion, the Government merely exercised that discretion in full compliance with the terms of the Cooperation Agreement.

### III.     CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

1. The Government's Motion to Withdraw its Motion for Reduction of Sentence [DE 938] is **GRANTED**.  The Government's Motion for Reduction of Sentence and for Stay of Ruling [DE 767] is hereby withdrawn.

2. Defendant's Motion for Leave to File Sur-Reply in Excess of 10 pages [DE 953] is **GRANTED**.

---

[3] Rothstein also cites United States v. Hunter, 835 F.3d 1320, 1324 (11th Cir. 2016), for the related proposition that, since a plea agreement involves the waiver of substantial constitutional rights, it must adequately warn the defendant of the consequences of his plea.  While a clearly correct statement of law, Hunter does not advance Rothstein's position.

8

     3.     The Government's Motion to Strike Defendant's Sur-Reply and Motion for Leave to File Sur-Reply in Excess of 10 Pages [DE 954] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of April, 2018.

_/s/ James I. Cohn_
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF