# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 29, 2019

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 18-11796-EE
Case Style: USA v. Scott Rothstein
District Court Docket No: 0:09-cr-60331-JIC-1

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 18-11796

_____

District Court Docket No.
0:09-cr-60331-JIC-1

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

versus

SCOTT W. ROTHSTEIN,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: September 30, 2019
For the Court: DAVID J. SMITH, Clerk of Court
By: Djuanna H. Clark

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11796
Non-Argument Calendar
_____

D.C. Docket No. 0:09-cr-60331-JIC-1

UNITED STATES OF AMERICA,

                                                                  Plaintiff-Appellee,

versus

SCOTT ROTHSTEIN,

                                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 30, 2019)

Before TJOFLAT, WILLIAM PRYOR and GRANT, Circuit Judges.

TJOFLAT, Circuit Judge:

Scott Rothstein, a federal prisoner, appeals the District Court's grant of the Government's motion to withdraw a prior motion made pursuant to Federal Rule of Criminal Procedure 35, which allows the Government to recommend a reduction in sentence if the defendant "provided substantial assistance in investigating or prosecuting another person." Rothstein argues (1) that his plea agreement with the Government did not give the Government any discretion to withdraw a Rule 35 motion, and (2) that he should have been entitled to an evidentiary hearing in the District Court on the Government's motion to withdraw. Neither of Rothstein's arguments are meritorious. We affirm the judgment of the District Court.

I.

A criminal information filed on December 1, 2009, charged Scott Rothstein, a former attorney and chairman of a law firm, with using his firm to perpetuate a Ponzi scheme. Rothstein was charged with: racketeering, in violation of 18 U.S.C. § 1962(d); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 1349; and two counts of wire fraud, in violation of 18 U.S.C. § 1343.

Rothstein would eventually plead guilty to all the above counts, but before doing so, he entered into a written cooperation agreement with the Government. In the agreement, Rothstein promised to cooperate by:

> (a) providing truthful and complete information and testimony, and producing documents, records, and other evidence, when called upon by [the Government], whether in interviews, before a grand jury, or at any trial or other court proceeding;
>
> (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by [the Government]; and
>
> (c) if requested by [the Government], working in an undercover role to contact and negotiate with others suspected and believed to be involved in criminal misconduct under the supervision of, and in compliance with, law enforcement officers and agents.

Rothstein agreed that the Government would have "sole and unreviewable" discretion to determine the "quality and significance" of Rothstein's cooperation in any investigation or prosecution. The agreement stated that, if the Government evaluated Rothstein's cooperation favorably, it "may . . . make a motion . . . [under] Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing . . . recommending that the defendant's sentence be reduced," but noting that "nothing in this Agreement may be construed to require [the Government] to file any such motion." Rothstein moved to have the cooperation agreement filed under seal, and stated in his motion that the agreement "is intended to be part of the Plea Agreement in this matter."

On June 9, 2010, the District Court sentenced Rothstein to 600 months' imprisonment and three years of subsequent supervised release.

Almost one year later, on June 8, 2011, the Government filed a motion for reduction of sentence under Rule 35. The motion stated that while Rothstein's "cooperation is not yet complete and will not be complete within one year of [his] initial sentencing," the Government was filing this motion "in an abundance of caution" to "preserve this Court's jurisdiction under Fed. R. Crim. P. 35(b)(1)."[1] Accordingly, the Government asked the Court not to rule on this motion until the Government filed a motion to hold a hearing to "advise the Court of the nature, extent, and value of [Rothstein's] cooperation." Further, the motion indicated that the Government "expressly reserves the right to withdraw this motion if, in the judgment of the [Government], [Rothstein] should fail to comply with the terms of his plea

---

[1] A Rule 35(b)(1) motion to reduce a sentence for "substantial assistance" must be made by the government within one year of sentencing. Rule 35 motions can be made after one year, but they must comport with the heightened showing required by 35(b)(2). A judge may only reduce a sentence on a motion made more than one year after sentencing if the defendant's "substantial assistance" involved:

(A) information not known to the defendant until one year or more after sentencing;
(B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b)(2). The Government's anticipatory filing under Rule 35(b)(1) within the one-year limit was therefore to prevent the need to satisfy one of these more stringent criteria.

4

Case 0:09-cr-60331-JIC   Document 969   Entered on FLSD Docket 10/29/2019   Page 7 of 17
Case: 18-11796   Date Filed: 09/30/2019   Page: 5 of 15

agreement, fail to testify truthfully, or falsely implicate any person or entity." Rothstein's attorney joined in the filing of the motion.

More than six years passed. At some point during this period, the Government concluded that Rothstein "provided false material information to [the Government] and violated the terms of his plea agreement." Accordingly, on September 26, 2017, it moved to withdraw the Rule 35 motion that had not yet been considered by the District Court. The Government reiterated its "sole discretion" to evaluate Rothstein's cooperation and its "expressly reserved . . . right to withdraw" the Rule 35 motion, which it described as a "placeholder motion" intended to prevent the expiration of the one-year time limit after sentencing for Rule 35(b)(1) motions. Rothstein disputed that the Government had the power to withdraw the motion and requested, at a minimum, that the District Court hold an evidentiary hearing on the matter. The District Court granted the Government's request and withdrew the substantial-assistance motion over Rothstein's objections.

Rothstein appealed. He principally contends that the Government breached the cooperation agreement because any discretion that the Government reserved for itself in that agreement ended when the Government filed its "placeholder" Rule 35 motion in June 2011. If the

5

Government wanted to give itself the right to withdraw a Rule 35 motion, Rothstein argues, it "should have included [it]" in the cooperation agreement. He contends that because the word "withdraw" is not to be found within the language of the cooperation or plea agreements, the Government could not, consistent with the agreement, withdraw an already-filed Rule 35 motion. Without such language, Rothstein says, he was not adequately warned that the Government could withdraw a substantial-assistance motion. Finally, Rothstein argues that the District Court needed to hold an evidentiary hearing to determine whether Rothstein had actually breached the cooperation agreement, in light of his assertion that he provided "extraordinary assistance" to the Government's investigation. Since the Government had no discretion to withdraw the Rule 35 motion, the argument goes, it would have needed to present proof establishing by a preponderance of the evidence that Rothstein had materially breached his plea agreement.

In response, the Government contends that the cooperation agreement made it clear that there was no guarantee that the Government would file a Rule 35 motion – it promised only to consider whether to do so if it determined that Rothstein had provided "complete and truthful information." In its view, Rothstein's argument that language about withdrawal actually

6

had to be included in the cooperation agreement "imposes a rigidly literal approach" that conflicts with "common-sense constructions of contract law [and] with the majority of case law regarding this issue."  Further, the Government contends that Rothstein was adequately placed on notice of the possibility of withdrawal because the Government's Rule 35 motion, which was signed by Rothstein's own attorney, "expressly stated that [the Government] reserved the right to withdraw the motion" under certain circumstances.  The Government reiterates, too, that the Rule 35(b)(1) motion was really just a "placeholder motion" to preserve the one-year time limitation, and that the motion explicitly indicated that the substantiality of Rothstein's cooperation could not yet be evaluated at the time of filing.  Finally, the Government quickly dispenses with Rothstein's request for an evidentiary hearing, noting that this case presents a "purely legal question" that would only require a hearing if there were an allegation that the Government refused to file, or withdrew, a substantial-assistance motion based on an unconstitutional motive, like race or religion.

II.

Whether the Government has breached a plea agreement is reviewed *de novo* by this Court.  *United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004).

Rothstein concedes that the Government would have had the discretion to choose not to file the Rule 35 motion.  This Court has not yet determined whether, in the instant set of circumstances, there is any analytical difference between the Government withdrawing a previously filed Rule 35 motion, and the Government refusing to file a Rule 35 motion at all.[2]  Rothstein points to no authority indicating that we should imply a distinction between the two.  Other circuits that have addressed the issue have disagreed with Rothstein's interpretation.  *See United States v. Hartwell*, 448 F.3d 707, 718 (4th Cir. 2006) ("We conclude that the language giving the government 'sole discretion' to file a Rule 35(b) motion also includes the discretion to file a motion to withdraw it"); *see also Stropshire v. United States*, 278 F. App'x 520, 526–27 (6th Cir. 2008) (finding that the District Court did not err in granting the government's motion to withdraw a Rule 35 motion because "[t]he government was not in any way obligated by the plea agreement to file a Rule 35(b) motion");

---

[2] In an unpublished opinion, we held that the District Court did not err in granting the government's motion to withdraw a previously-filed motion under U.S.S.G. § 5K1.1, the substantial-assistance provision of the federal sentencing guidelines. *United States v. Jackson*, 635 F. App'x 657 (11th Cir. 2015) (unpublished). Just like Rothstein, the defendant in *Jackson* argued that the government could not withdraw a substantial-assistance motion when no provision of the plea agreement explicitly allowed it to do so. *Id.* at 658–59. We declined to find any distinction "between the government's refusal to file a motion recommending a reduction in sentence and its withdrawal of one." *Id.* at 660. "[E]ither way," we stated, "[t]he government would have fulfilled its obligations under the terms of the plea agreement" to "*consider* whether [defendant's] cooperation warranted a [substantial-assistance motion]." *Id.*

8

*United States v. Emerson*, 349 F.3d 986, 987–88 (7th Cir. 2003) (affirming the grant of a motion to withdraw a Rule 35(b) motion where the motion had been filed to avoid the one-year deadline, but the government later determined that the defendant's cooperation had not been substantial assistance).

Rothstein claims that *United States v. Padilla*, 186 F.3d 136 (2d Cir. 1999), is the most persuasive authority applicable to this case. *Padilla* found error where a District Court allowed the government to withdraw a substantial-assistance motion, but differs from our facts in three important respects. First, the plea agreement in that case stated that the government "*will*" file a substantial-assistance motion if the defendant provided the requisite cooperation. *Padilla*, 186 F.3d at 141. In our case, the Government provided no such affirmative promise in Rothstein's cooperation agreement, only a promise to consider whether to do so. Second, in *Padilla*, the government advised the District Court that it had concluded that the defendant's assistance had been substantial. *Id.* at 139. Under our facts, the Government explicitly told the District Court that it could not yet evaluate whether Rothstein's assistance was substantial. Finally, *Padilla*'s agreement specifically enumerated the consequences if the defendant breached the plea agreement – and it was integral to the Second

9

Circuit's analysis that withdrawal of a substantial-assistance motion was not listed as a possible consequence. *Id.* at 142.  Rothstein's cooperation agreement contained no such specific delineation of potential consequences, aside from the general observation that the Government could choose in its discretion not to file a Rule 35 motion.

Rothstein lists in his brief a variety of plea agreements in other cases that he would have found to be "adequate" in this case.  Notably, none of the plea agreements that he cites to expressly list withdrawal as a possibility once the government has made a substantial-assistance motion.  Finding the right to withdraw such a motion in the text of these agreements relies on the same type of inferential analysis of the agreement that Rothstein argues is impermissible here.  Furthermore, Rothstein can point to no authority that *requires* the express delineation of any possible consequence of misbehavior in a plea agreement when the defendant is clearly made aware of the government's unfettered discretion to evaluate whether the defendant deserves a lesser sentence.

Rothstein's arguments that in *his* agreement the Government was required to expressly include a "right to withdraw" are unavailing.  "A plea agreement is, in essence, a contract between the Government and a criminal defendant." *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999).

The terms of a plea agreement are interpreted based on what a defendant "could have reasonably understood the terms of his plea agreement to mean." *United States v. Rewis*, 969 F.2d 985, 988 (11th Cir. 1992). In doing so, this court will not apply a "hyper-technical" or "rigidly literal" approach to interpreting the language. *Id.* (quoting *United States v. Jefferies*, 908 F.2d 1520, 1523 (11th Cir. 1990)). A strained, artificial reading of the agreement does not comport with a reasonable defendant's expectations when signing a deal with the government.

Rothstein argues that he understood the Government's retention of sole discretion to decide whether to file a Rule 35 motion, without more, to preclude any similar discretion to withdraw a filed Rule 35 motion. This claim is unsupported by a rational interpretation of the agreement and by the record. As a general rule, the government has a "power, not a duty, to file a motion when a defendant has substantially assisted." *Wade v. United States*, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843 (1992); *see also United States v. McNeese*, 547 F.3d 1307, 1309 (11th Cir. 2008) (applying this principle to a motion under Rule 35(b)). The government's refusal to exercise that power may only be questioned if the government's decision is based on an unconstitutional motive. *United States v. Nealy*, 232 F.3d 825, 831 (11th

Cir. 2000).³ This Court has emphasized its unwillingness to intrude on the prosecutorial discretion provided to the government in making substantial-assistance motions. *See United States v. Forney*, 9 F.3d 1492, 1501 n.4 (11th Cir. 1993).

The cooperation agreement that Rothstein signed fully retains this level of discretion for the Government – that is, "sole and unreviewable." It is true that the agreement says nothing about *withdrawal* of a Rule 35 motion. But we see nothing in the plain language of this agreement that counsels us to limit the Government's discretion when it comes to withdrawing a motion.⁴ Holding that the Government had implicitly relinquished the power to withdraw a placeholder motion would use a technicality to intrude on prosecutorial discretion in this field in a manner

---

³ Rothstein makes no allegation that the Government's withdrawal of its Rule 35 motion here was based on any unconstitutional motive, such as race or religion.

⁴ Consider the Rule 35 motion's language: "Upon completion of the defendant's cooperation, the government will file a motion for a hearing at which time the government will advise the Court of the nature, extent, and value of the defendant's cooperation." Suppose, hypothetically, that instead of withdrawing the Rule 35 motion, the Government informed the Court that, in the Government's discretion, Rothstein's "assistance" was not at all useful to the Government's investigation and no downward variance in sentencing was warranted. Surely this would be permitted by the cooperation agreement, which gives the Government the "sole and unreviewable" discretion to evaluate the substantiality of Rothstein's assistance and to communicate that evaluation to the District Court. Rothstein's implicit argument that the Government was permitted to do the latter but not the former relies on technicality and evinces an untenable, "rigidly literal" interpretation of the cooperation agreement, one that this Court refuses to endorse. *See Rewis*, 969 F.2d at 988.

that this Court has continually refused to do.  *See, e.g.*, *Forney*, 9 F.3d at 1501 n.4; *McNeese*, 547 F.3d at 1309; *Nealy*, 232 F.3d at 831.

Rothstein's argument claiming that he was not "warned" of the Government's discretion to withdraw the motion is likewise unavailing.  The Government's Rule 35 motion, which was joined by Rothstein through the assent of his attorney, specifically stated that the Government "expressly reserve[d] the right to withdraw this motion" if Rothstein breached his plea agreement, falsely testified, or falsely implicated any person.  Second, that same motion indicated that Rothstein's "cooperation is not yet complete," "[s]ome of the information provided . . . has not yet become useful to the government," and requested that the District Court "stay any ruling on the instant motion" until the Government informed the Court that Rothstein's cooperation was complete.  These reservations by the Government would have put Rothstein on notice that the Government was *not* relinquishing all further discretion with respect to the future of this motion.  Rothstein cannot credibly claim that he had no idea that withdrawal was a possibility.

III.

A district court's denial of an evidentiary hearing is reviewed for abuse of discretion.  *United States v. Brown*, 441 F.3d 1330, 1349–50 (11th Cir. 2006).  "An evidentiary hearing is not required where none of the

critical facts are in dispute and the facts as alleged by the defendant if true would not justify the relief requested." *United States v. Smith*, 546 F.2d 1275, 1279–80 (5th Cir. 1977) (quoting *United States v. Poe*, 462 F.2d 195, 198 (5th Cir. 1972)).[5]

An evidentiary hearing to allow Rothstein to present evidence that he complied with the cooperation agreement, as he requests, is unwarranted. We are faced with the purely legal question of whether the Government had full discretion to withdraw its Rule 35 motion based on its own unreviewable evaluation of Rothstein's assistance to the investigation – and we concluded that the Government did have this discretion. No facts that Rothstein can allege regarding his *actual* level of cooperation would disturb the Government's unilateral conclusion that his help was insufficient to warrant a substantial-assistance motion. *See also Wade*, 504 U.S. at 185, 112 S. Ct. at 1844 ("[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing.")  Therefore, the District Court did not abuse its discretion in denying Rothstein's request for an evidentiary hearing.

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the creation of the Eleventh Circuit on September 30, 1981.

IV.

For the foregoing reasons, the District Court's order is

**AFFIRMED.**