UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60331-CR-COHN

UNITED STATES OF AMERICA

v.

SCOTT W. ROTHSTEIN,

Defendant.
_____/

JOINT MOTION TO VACATE RESTITUTION ORDER

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and files this Motion to Vacate the Restitution Order previously entered by this Court and hereby asserts that the victims in this case have received full restitution for their losses.

1. On June 9, 2010, the defendant was sentenced by this Court after having pled guilty to an Information charging him with RICO Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 19556(h) (Count 2); Conspiracy to Commit Mail Fraud and Wire Fraud in violation of 18 U.S.C. § 1349 (Count 3); and Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts 4 and 5) (DE 290, 291). The basis for these charges was an investment fraud and Ponzi scheme conducted by the defendant between 2005 and 2009.

2. On August 31, 2010, an Amended Judgment and Commitment Order was entered by this Court in which the defendant was ordered to pay restitution in the amount of $363,172,140.26 (DE 593).

3.    Since the Court's original sentence, the victims who were owed restitution pursuant to this Court's Amended Judgment have received restitution in full from other sources in connection with civil proceedings, civil settlements, bankruptcy proceedings, and the distribution of assets seized by the government in connection with this and related criminal cases (See, DE 937). Consequently, pursuant to 18 U.S.C. § 3664(o)(1)(A), and in accordance with 18 U.S.C. § 3664(j)(2), the defendant's restitution amount should be reduced by those amounts which the victims have already recovered.    See also, In re Amy Unknown, 701 F.3d 749, 770 (5th Cir. 2012) ("The use of joint and several liability does not mean that [the victim] may 'recover more than her total loss: [rather,] once she collects the full amount of her losses from one defendant, she can no longer recover from any other.'"), quoting United States v. Burgess, 684 F.3d 445, 461-62 (4th Cir. 2012), reversed and vacated on other grounds, In re Unknown, 2014 WL 2597929 (5th Cir. 2014); United States v. Fast, 709 F.3d 712, 727 (8th Cir. 2013) (Shepherd, J., concurring in part) (traditional joint and several liability principles "would prevent victims from recouping more than the 'full amount' of their losses since a defendant ordered to pay restitution could introduce evidence that the victim had already collected some or all of that restitution from a defendant in a different case").

5.    Based upon the fact that full restitution had been realized by the victims in this case, restitution orders which had been entered against other defendants for their participation in the same fraud activity as Rothstein in related cases were later vacated.    See, United States v. Debra Villegas, Case. No. 10-60126-CR-ZLOCH (DE 58); United States v. Stephen Caputi, Case. No. 11-60124-CR-ZLOCH (DE 36); United States v. Curtis Renie, Case No. 11-60123-CR-DIMITROULEAS (DE 80); United States v. William Corte, Case No. Case No. 11-60123-CR-

DIMITROULEAS (DE 68); <u>United States v. Howard Kusnick</u>, Case No. 11-60125-CR-MARRA (DE 23).   Other defendants in related cases who otherwise would have been subject to the Mandatory Victims Restitution Act based upon their participation in Rothstein's investment scheme were not held liable for restitution based upon the fact that, by the time they were sentenced, full restitution had been realized by the victims.   See, <u>United States v. Douglas Bates</u>, Case No. 13-60291-CR-MIDDLEBROOKS (DE 58); <u>United States v. Christina Kitterman</u>, Case No. 13-60220-CR-HURLEY (DE 93); <u>United States v. Irene Shannon</u>, Case No. 14-60081-CR-ROSENBAUM (DE 39; DE 41; DE 43); <u>United States v. Frank Preve</u>, Case No. 14-60159-CR-COHN (DE 40; DE 41, pp. 3-4, 57); <u>United States v. Richard Pearson</u>, Case No. 14-60229-CR-MARRA (DE 43); <u>United States v. Frank Spinosa</u>, Case No. 14-60257-CR-BLOOM (DE 58; DE 60, pp. 50, 58); <u>United States v. Michael Szafranski</u>, Case No. 15-60010-CR-DIMITROULEAS DE 65).

6.     The undersigned has consulted with Marc Nurik, counsel for the defendant, and is authorized to represent that the defendant joins in the instant Motion.

WHEREFORE, given that restitution in this case has been realized by the victims in full, the parties respectfully request that the Court grant the foregoing Motion and vacate the restitution

order previously imposed against the defendant.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY


BY:   /s/ Lawrence D. LaVecchio
LAWRENCE D. LaVECCHIO
Assistant U.S. Attorney
Florida Bar No 0305405
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 660-5788


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on October 22, 2021, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.


/s/ Lawrence D. LaVecchio
LAWRENCE D. LaVECCHIO
ASSISTANT U.S. ATTORNEY

4